1  Harvey L. Leiderman (SBN 55838)
   David S. Reidy (SBN 225904)
2  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
3  San Francisco, CA 94111-3922

4  **Mailing Address:**
   P.O. Box 7936
5  San Francisco, CA 94120-7936

6  Telephone:    (415) 543 8700
   Facsimile:    (415) 391 8269
7
   Attorneys for Defendants
8  AMIT CHOUDHURY, and
   AMISIL HOLDINGS, LTD.
9

**ORIGINAL FILED**

AUG 1 6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH GREWAL, an individual,

        Plaintiff,

vs.

AMIT CHOUDHURY, an individual; AMISIL HOLDINGS, LTD., a Cyprus corporation; and DOES ONE to FORTY,

        Defendants.

Case No. C 07 4218

**DEFENDANT AMIT CHOUDHURY'S NOTICE OF REMOVAL**

MEJ

**TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN FRANCISCO:**

    NOTICE IS HEREBY GIVEN that Defendant Amit Choudhury ("Choudhury") hereby removes the above-captioned action from the Superior Court of California, San Francisco County, to the United States District Court for the Northern District of California. Removal is warranted under 28 U.S.C. Section 1441, as explained more fully below, because this action is a diversity action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332.

1.  On July 19, 2007, Plaintiff Elizabeth Grewal ("Plaintiff") filed a complaint against Choudhury, Amisil Holdings, Ltd. ("Amisil") and Does 1 through 40, in the Superior Court of the State of California, County of San Francisco, which was docketed as Case No. CGC-07-465312. A copy of the complaint is attached hereto as Exhibit A.

2.  A copy of the summons is attached hereto as Exhibit B.

3.  As conceded in the Complaint, Plaintiff was, at the time of the filing of this action, and still is an individual domiciled in San Francisco, California.

4.  Choudhury was, at the time of the filing of this action, and still is an individual domiciled in Chicago, Illinois.

5.  Amisil was, at the time of the filing of this action, and still is a Cyprus corporation with its principal place of business in Hamilton, Bermuda.

6.  The above-entitled action is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. §1332, and is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.  The filing of this Notice of Removal is timely under 28 U.S.C. § 1446.

8.  In accordance with 28 U.S.C. § 1446(d), Choudhury is filing a copy of this Notice of Removal with the Superior Court of California, County of San Francisco and is serving a copy upon Plaintiff's counsel.

9.  "Intra-District Assignment": Pursuant to Local Rule 3-2(c), this action should be assigned to the San Francisco headquarters of the Court because a substantial part of the events which give rise to the alleged claims occurred in a county therein.

DATED: August 16, 2007

REED SMITH LLP

By _____
David S. Reidy
Attorneys for Defendants
AMIT CHOUDHURY, and
AMISIL HOLDINGS, LTD.

E. JEFFREY BANCHERO (SBN 93077)
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff
Elizabeth Grewal

**ENDORSED**
**FILED**
San Francisco County Superior Court

JUL 19 2007

GORDON PARK-LI, Clerk
BY: PARAM NATT
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET
DEC 21 2007 -9:00 AM
DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA
CITY AND COUNTY OF SAN FRANCISCO

ELIZABETH GREWAL, an individual,

    Plaintiff,

    v.

AMIT CHOUDHURY, an individual;
AMISIL HOLDINGS, LTD., a Cyprus
Corporation, and DOES ONE to FORTY,

    Defendants.

) CASE NO. CGC-07-465312
)
) COMPLAINT
)
) Promissory Note, Common Counts – Money
) Had And Received For Money Lent,
) Account Stated, and Open Book Account,
) Fraud, and Claims To Set Aside Fraudulent
) Conveyances.
)
) Jury Trial Demanded
)

Plaintiff alleges:

## BACKGROUND ALLEGATIONS

1. Plaintiff Elizabeth Grewal is an individual who resides in the San Francisco Bay Area. She was born in California and is a U.S. Citizen.

2. Defendant Amit Choudhury ("Choudhury") is an individual with residences in Chicago, Illinois and San Francisco, California. Defendant Amisil Holdings, Ltd. ("Amisil Holdings") is a corporation organized under the laws of Cyprus, purportedly with an office in Hamilton, Bermuda. Plaintiff is informed and believes and on that basis alleges that Choudhury owns shares of stock in Amisil Holdings; owns a controlling interest in Amisil Holdings; and is an

Complaint     1

Exhibit A

the City and County of San Francisco. Amisil Holdings is presently litigating a case that it filed in the U.S. District Court for the Northern District of California. The case is entitled *Amisil Holdings, Ltd. v. Clarium Captial Management*, LLC, et al., No. C06-5255 MJJ.

3. Plaintiff met Choudhury in the early 1990s while the two of them were enrolled at the Kellogg School of Management (Northwestern University) in Chicago, Illinois. After receiving his M.B.A. from the Kellogg School, Choudhury founded several companies, including Finexa, Inc., a company that develops application software for portfolio-management reporting, and Pinnacle Partners Capital, L.P., a "hedge fund." Both companies operated in San Francisco. Plaintiff worked with Choudhury at Finexa, Inc. Choudhury developed a close friendship with plaintiff and used this relationship to convince plaintiff to lend him a large sum of money, as further described, below. Plaintiff is informed and believes, and on that basis alleges, that Choudhury approached other friends and persons with whom he did business with requests that they lend him money; in some cases, they did.

4. Although Choudhury has promised plaintiff on several occasions – most recently in May, 2007 – that he would repay plaintiff the money that she lent to him, he has not done so. To the contrary, plaintiff is informed and believes, and on that basis alleges, that he is winding down his companies in San Francisco. For example, Finexa, Inc. and Pinnacle Partners Capital, L.P. – Choudhury's "hedge fund" – are no longer active companies in good standing. Choudhury is a Canadian citizen of Indian descent with family ties in Canada and India. On many occasions, Choudhury has boasted to plaintiff that he holds assets "offshore" and can easily move assets offshore. In 2006, Choudhury was married to a woman who resides in Chicago, Illinois. Choudhury should be considered a flight risk from California and the United States.

5. On or about December 13, 2000, plaintiff caused $880,000.00 to be wired from her brokerage account to a bank account in the name of, or controlled by, Choudhury.

Complaint                                              2

6. On or about January 2, 2001, Choudhury executed a "Term Promissory Note" in which he promised to pay plaintiff "the sum of $1,000,000 USD (One Million US Dollars)." The promissory note provides for interest at an annual rate of 4%, and that such interest "shall be calculated and payable upon maturity of this Note upon expiration of the term, which is deemed to be Five years" – *i.e.*, January 2, 2006. The promissory note provides that it was "[m]ade at San Francisco, California, this 2nd day of January, 2001." Choudhury was a resident of San Francisco when he executed the promissory note. Performance under the terms of the promissory note was to take place in San Francisco. A true copy of the promissory note is attached hereto as Exhibit A and incorporated herein by this reference.

7. Plaintiff has demanded that Choudhury repay the money that she lent to him and otherwise that he perform under the terms of the promissory note. Choudhury has refused to repay the money or otherwise perform under the terms of the promissory note.

8. The true names and capacities, whether individual, corporate, representative, or otherwise, of defendants Doe One through Doe Forty, inclusive, are unknown to plaintiff, who, therefore, sues these defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when they are ascertained.

## FIRST CAUSE OF ACTION
(Against Defendant Choudhury Only – Promissory Note)

9. Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if set forth at length herein.

10. Choudhury failed to pay the principal and interest due under the promissory note attached hereto as Exhibit A at its maturity, and has failed and refused to pay any portion of this indebtedness since that time. By the terms of the promissory note, there is now due, owing, and

unpaid from Choudhury to plaintiff the sum of one million dollars ($1,000,000), together with interest on the unpaid principal balance according to proof from January 2, 2001, until paid.

## SECOND CAUSE OF ACTION
(Against all Defendants – Common Count – Money Had and Received for Money Lent)

11. Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if set forth at length herein.

12. Defendants became indebted to plaintiff within the last two years for money lent by plaintiff to defendants at defendants' request. The amount lent was $880,000.

13. No part of the above sum has been paid although demand has been made therefore, and there is now due, owing, and unpaid from defendants the amount of $880,000 plus interest thereon at the legal rate.

## THIRD CAUSE OF ACTION
(Against all Defendants – Common Count – Money Had and Received by Defendants for the Use and Benefit of Plaintiff)

14. Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if set forth at length herein.

15. Defendants became indebted to plaintiff within the last two years for money had and received by defendants for the use and benefit of plaintiff. The amount of indebtedness is $880,000.00.

16. No part of the above sum has been paid although demand has been made therefore, and there is now due, owing, and unpaid from defendants the amount of $880,000 plus interest thereon at the legal rate.

Complaint 4

## FOURTH CAUSE OF ACTION
(Against All Defendants – Common Count – Account Stated)

17. Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if set forth at length herein.

18. Within the last four years, an account was stated in writing and orally by and between plaintiff and defendants and on such statement a balance of $880,000 was found due to plaintiff from defendants. Defendants agreed to pay plaintiff this balance.

19. No part of the above sum has been paid although demand has been made therefore, and there is now due, owing, and unpaid from defendants the amount of $880,000 plus interest thereon at the legal rate.

## FIFTH CAUSE OF ACTION
(Against all Defendants – Common Count – Open Book Account)

20. Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if set forth at length herein.

21. Within the last four years, defendants became indebted to plaintiff on an open book account for money due in the sum of $880,000 for money plaintiff lent to defendants, which defendants agreed to repay.

22. No part of the above sum has been paid although demand has been made therefore, and there is now due, owing, and unpaid from defendants the amount of $880,000 plus interest thereon at the legal rate.

## SIXTH CAUSE OF ACTION
(Against Defendant Choudhury Only – Fraud – Promise Without Intent to Perform)

23. Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if set forth at length herein.

Complaint    5

24.     Prior to December 13, 2000, defendant Choudhury made a promise about a material matter without any intention of performing it. Specifically, Choudhury promised that if plaintiff lent money to him, he would repay plaintiff the amount lent, plus interest.

25      Choudhury's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it. At the time plaintiff acted, plaintiff was unaware of Choudhury's intention not to perform the promise. Plaintiff aced in justifiable reliance upon the promise. Specifically, on or about December 13, 2000, plaintiff caused $880,000 to be transferred by wire from her Charles Schwab & Co., Inc. account to a bank account in Choudhury's name or controlled by Choudhury expressly in reliance on Choudhury's promise that he would repay the money to plaintiff, with interest.

26.     Because of plaintiff's reliance upon defendant's conduct, plaintiff has suffered damages in the amount of $880,000 plus interest thereon according to proof.

27.     In doing the acts alleged herein, Choudhury acted in conscious and intentional disregard for plaintiff's rights and acted with oppression, fraud, and malice so as to entitle plaintiff to recover punitive and exemplary damages against Choudhury in an amount deemed by the trier of fact to be sufficient to punish, deter, and make an example of Choudhury.

## SEVENTH CAUSE OF ACTION

(Against All Defendants – Fraudulent Transfer With Actual Intent
to Hinder, Delay, or Defraud Creditors – Calif. Code of Civil Proc. § 3439 et seq.)

28.     Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 and 24 through 26 as if set forth at length herein.

29.     At all times mentioned herein, plaintiff has been the holder of claims against defendants arising from plaintiff's loan of money to defendants and from the promissory note, Exhibit A hereto. The amount owed to plaintiff on these claims exceeds $1,000,000. Defendants

have paid no part of the amount owing to plaintiff, and the amount owing, which consists of principal and interest, is now due, owing, and unpaid.

30. As of on or about December 13, 2000, and thereafter, defendant Choudhury was in possession and control of at least $880,000 which plaintiff transferred to a bank account in the name of, or controlled by, Choudhury. Plaintiff is informed and believes and on that basis alleges that Choudhury transferred these monies to defendant Amisil Holdings.

31. Plaintiff is informed and believes and on that basis alleges that Choudhury made the transfer or transfers of these monies to Amisil Holdings with an actual intent to hinder, delay, or defraud creditors, including plaintiff. Plaintiff's belief is based on:

   a. Choudhury's transfer of the monies to a corporation he is affiliated with or controls, Calif. Code of Civil Proc. §3439.04(b)(2);

   b. Choudhury's concealment of the transfer or transfers, Calif. Code of Civil Proc. §3439.04(b)(3);

   c. The fact that plaintiff has demanded payment from Choudhury and threatened suit, Calif. Code of Civil Proc. §3439.04(b)(4);

   d. Choudhury's transfer of all or substantially all of his assets, Calif. Code of Civil Proc. §3439.04(b)(5);

   e. Choudhury's removal and concealment of his assets, Calif. Code of Civil Proc. §3439.04(b)(7);

   f. The value of the consideration received by Choudhury was not reasonably equivalent to the value of the money transferred, Calif. Code of Civil Proc. §3439.04(b)(8);

   g. Choudhury was insolvent or became insolvent shortly after the transfer or transfers were made, Calif. Code of Civil Proc. §3439.04(b)(9); and

   h. Choudhury's awareness of his debt to plaintiff.

32. Plaintiff is informed and believes and on that basis alleges that defendant Amisil Holdings received the transfer or transfers of money from Choudhury with knowledge that Choudhury intended to hinder, delay, or defraud creditors, including plaintiff. Defendants agreed and knowingly and willfully conspired between themselves to hinder, delay, and defraud plaintiff in the collection of her claim against defendants. Defendants did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged herein.

33. As a proximate result of the wrongful acts herein alleged, plaintiff has been generally damaged in the amount of $880,000 plus interest thereon according to proof.

34. In doing the acts alleged herein, defendants acted in conscious and intentional disregard for plaintiff's rights and acted with oppression, fraud, and malice so as to entitle plaintiff to recover punitive and exemplary damages against defendants in an amount deemed by the trier of fact to be sufficient to punish, deter, and make an example of defendants.

### EIGHTH CAUSE OF ACTION

(Against All Defendants – Fraudulent Transfer Without Receiving Reasonably Equivalent Value – Calif. Code of Civil Proc. § 3439 et seq.)

35. Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 and 24 through 26 as if set forth at length herein.

36. Plaintiff is informed and believes, and on that basis alleges, that defendant Choudhury transferred monies to defendant Amisil Holdings as alleged herein without receiving, if anything, a reasonably equivalent value in exchange for the transfer or transfers.

37. Plaintiff is informed and believes, and on that basis alleges, that at the time of this transfer or these transfers, Choudhury was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or

transaction. Choudhury believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

38. As a proximate result of the wrongful acts herein alleged, plaintiff has been generally damaged in the amount of $880,000 plus interest thereon according to proof.

39. In doing the acts alleged herein, defendants acted in conscious and intentional disregard for plaintiff's rights and acted with oppression, fraud, and malice so as to entitle plaintiff to recover punitive and exemplary damages against defendants in an amount deemed by the trier of fact to be sufficient to punish, deter, and make an example of defendants.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Elizabeth Grewal prays for judgment against defendants as follows:

a. For compensatory and general damages according to proof;

b. For an order setting aside the transfer or transfers from Choudhury to Amisil Holdings to the extent necessary to satisfy plaintiff's claims;

c. For an order attaching the assets of Choudhury now in the possession of Amisil Holdings to the extent necessary to satisfy plaintiff's claims;

d. For an injunction restraining further disposition of assets by defendants or of their proceeds until such time as defendants' liability to plaintiff has been satisified;

e. For a declaration that Amisil Holdings is a constructive trustee of the assets it received from Choudhury, and that such assets are held in constructive trust for the benefit of plaintiff;

f. For punitive and exemplary damages according to proof;

g. For the costs of suit herein; and

h. For such other and further relief as the Court may deem just and proper.

1  Dated: July 19, 2007        KASTNER | BANCHERO LLP

                                By: _____
                                    E. Jeffrey Banchero
                                    Attorneys for Plaintiff
                                    Elizabeth Grewal

AMIT CHOUDHURY

2000 VAN NESS AVENUE, SUITE 500 - SAN FRANCISCO, CALIFORNIA 94109 - TEL: 415.364.3700 - FAX: 415.364.3710

## TERM PROMISSORY NOTE

FOR VALUE RECEIVED Amit Choudhury ("Debtor") unconditionally promises to pay to the order of Elizabeth Eilert Grewal, ("Lender") on demand at San Francisco, California, the sum of $1,000,000 USD (One Million US Dollars). Debtor agrees to pay interest from the date of this Term Promissory Note on the said sum or the amount from time to time remaining unpaid at the rate per annum (calculated based on a 365 day year), which is equal to 4.0%. Such interest shall be calculated and payable upon maturity of this Note upon expiration of the term, which is deemed to be Five years.

The principal and interest of this Term Promissory Note shall be paid in US dollars without set-off or counterclaim.

Made at San Francisco, California, this 2nd day of January, 2001.

Debtor:                                          Lender:

_____                          _____
(Amit Choudhury)                                 (Elizabeth Eilert Grewal)

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMISIL HOLDINGS, Ltd.
Anil Chowdhup An individual
Amis Hding LTD A Cyprus [illegible handwriting] he to fort

RC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ELIZABETH GREWAL
AL Individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court
400 McAllister
San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):*
CGC-07-465312

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
E. Jeffrey Banchero (SBN 93077), Kastner, Banchero LLP, 20 California Street, 7th Floor
San Francisco, CA 94111 phone: (415) 398-7000, Fax: (415) 616-7000

DATE: JUL 19 2007     Clerk, by  P. NATT  , Deputy
(Fecha)      Gordon Park-Li     (Secretario)     (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

Exhibit B

| | SUM-100 |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)*<br>**NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>~~AMISIL HOLDINGS, Ltd.~~<br>Anil Choudhup An individual<br>Amis Hding LHP ACyprus<br>~~YOU ARE BEING SUED BY PLAINTIFF:~~ Some to fort<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>ELIZABETH GREWAL<br>AL Individual | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

RC

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco Superior Court<br>400 McAllister<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-07-465312 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
E. Jeffrey Banchero (SBN 93077), Kastner, Banchero LLP, 20 California Street, 7th Floor
San Francisco, CA 94111 phone: (415) 398-7000, Fax: (415) 616-7000

DATE: JUL 19 2007       Gordon Park-Li  Clerk, by ___P. NATT___, Deputy
*(Fecha)*                                *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br>3. ☐ on behalf of *(specify):*<br>   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)<br>         ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)<br>         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)<br>         ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |
|---|---|

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.  www.USCourtForms.com |

# PROOF OF SERVICE

Re: *Grewal v. Chodhury*, SFSC No. CGC-076-465312, USDC Northern No. _____

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On **August 16, 2007**, I served the following document(s) by the method indicated below:

**DEFENDANT AMIT CHOUDHURY'S NOTICE OF REMOVAL**

☒    by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

ERNEST JEFFREY BANCHERO, ESQ.
KASTNER / BANCHERO LLP
20 CALIFORNIA STREET, 7TH FLOOR
SAN FRANCISCO, CA 94111
(415) 398-7000
**GREWAL, ELIZABETH (PLAINTIFF)**

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **August 16, 2007**, at San Francisco, California.

_____
Victoria Fedoroff

DOCSSFO-12487794.18/16/07 1:35 PM