1  Harvey L. Leiderman (SBN 55838)
   HLeiderman@ReedSmith.com
2  David S. Reidy (SBN 225904)
   DReidy@ReedSmith.com
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA  94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA  94120-7936

7  Telephone:   (415) 543-8700
   Facsimile:    (415) 391-8269
8
   Attorneys for Defendants
9  AMIT CHOUDHURY
   and AMISIL HOLDINGS, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMIT CHOUDHURY, an individual; AMISIL HOLDINGS, LTD., a Cyprus corporation; and DOES ONE to FORTY,<br><br>Defendants. | Case No.: C-07-4218 CRB<br><br>**DEFENDANTS' NOTICE OF MOTIONS AND MOTIONS TO DISMISS ALL PLAINTIFF'S CLAIMS AGAINST AMISIL HOLDINGS, LTD., AND PLAINTIFF'S CLAIMS FOR FRAUD AND FRAUDULENT TRANSFER AGAINST AMIT CHOUDHURY, AND TO STRIKE IMMATERIAL MATTER FROM THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [FRCP 12(B)(6), (F)]; PROPOSED ORDER**<br><br>Date:          October 12, 2007<br>Time:         10:00 a.m.<br>Place:        Courtroom 8, 19th Floor<br><br>Compl. Filed:  July 19, 2007<br>Trial Date:    None<br><br>*Honorable Charles R. Breyer* |

NOTICE OF MOTIONS AND MOTIONS TO DISMISS/ STRIKE          Case No. C-07-4218 CRB

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 12, 2007, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Amit Choudhury ("Choudhury") and Amisil Holdings, Ltd. ("Amisil") (collectively, "Defendants") will and hereby do move to dismiss the following claims contained in Plaintiff's Complaint on file in this action:

- Amisil moves to dismiss the "Second, Third, Fourth and Fifth Causes of Action" for Common Counts (Money Had and Received, Account Stated and Open Book Account);
- Choudhury moves to dismiss the "Sixth Cause of Action" (Fraud);
- Choudhury and Amisil move to dismiss the "Seventh and Eighth Causes of Action" (Fraudulent Transfer).

Defendants' Motions to Dismiss are brought pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP," or "Rules") on the grounds that the Complaint fails to state any claim upon which relief can be granted against Amisil, and fails to plead fraud or fraudulent transfer against either Choudhury or Amisil with the particularity required by law.

Defendants also will and hereby do move to strike immaterial, impertinent and scandalous matter from the Complaint, as follows:

- Paragraph 3, lines 13-15: *"Plaintiff is informed and believes, and on that basis alleges, that Choudhury approached other friends and persons with whom he did business with requests that they lend him money; in some case, they did."*
- Paragraph 4, lines 17-25: *"To the contrary, plaintiff is informed and believes, and on that basis alleges, that he is winding down his companies in San Francisco…Choudhury is a Canadian Citizen of Indian descent with family ties in Canada and India…In 2006, Choudhury was married to a woman who resides in Chicago, Illinois. Choudhury should be considered a flight risk from California and the United States."*

Defendants' Motion to Strike is brought pursuant to Rule 12(f) on the grounds that these allegations are immaterial to the claims asserted against Defendants in the Complaint, and are impertinent and scandalous.

Defendants' Motions are based upon this Notice and the Motions, the Memorandum of Points and Authorities attached hereto, the pleadings on file with the Court in this matter, and upon such other and further argument and evidence as the Court may consider at the hearing on these Motions.

DATED: August 31, 2007

REED SMITH LLP

By /s/ Harvey L. Leiderman
    Harvey L. Leiderman

Attorneys for Defendants
AMIT CHOUDHURY, and
AMISIL HOLDINGS, LTD.

MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case presents a single breach of contract claim, but it has been larded up to look like an international potboiler. Plaintiff Grewal alleges that she lent Defendant Choudhury $880,000 seven years ago and he didn't repay it. Grewal also alleges that Choudhury later signed a promissory note for $1 million (the "Note") and owes *that* amount instead of the $880,000. There is no allegation of any consideration having been paid for the Note, or any explanation for the $120,000 difference between the Note and the amount Grewal says she actually lent Choudhury. Notwithstanding that defect, though, Plaintiff does manage to allege a simple breach of contract claim and that should be enough to get Plaintiff her day in court.

Not satisfied with seeking plain vanilla contract damages, however, Plaintiff then concocts four "common count" claims against a company, Defendant Amisil, to whom she does not even allege having made a loan; adds a smear on Choudhury's ancestry and marital status; and heaps on a topping of unsupported fraud claims, hoping to spin her simple contract case into a confection of other charges. The claims against Defendant Amisil, the deficient tort claims against both Defendants and the personal smear on Defendant Choudhury should all be stricken.

The Complaint fails to state facts sufficient to state "common count" claims against Amisil or fraud claims against Choudhury or Amisil. This bloated Complaint should be trimmed back to the only real dispute between Plaintiff Grewal and Defendant Choudhury, a disagreement over an $880,000 loan. The rest of the claims and irrelevant material should be dismissed and stricken.

## II. THE COMPLAINT'S ALLEGATIONS AND FACTUAL OMISSIONS

The Complaint is not verified. It alleges that, on or about December 13, 2000, Plaintiff wired $880,000 from her brokerage account to an account controlled by Choudhury. Complaint, ¶5. On or about January 2, 2001, Choudhury allegedly executed the Note, agreeing to pay Plaintiff the sum of $1 million, plus interest, upon maturity of the Note in January, 2006. Complaint, ¶6, Ex. A. Plaintiff fails to allege that she ever actually loaned Choudhury $1 million, or gave any consideration

whatsoever for the $1 million Note. Plaintiff alleges that she demanded repayment [Complaint, ¶7], but does not specify when or how. Nonetheless, Plaintiff alleges that Choudhury "has refused to repay the money or otherwise perform under the terms of the [Note]." Complaint, ¶8.

The Complaint does not allege that Plaintiff loaned or gave any money or other consideration to Defendant Amisil, although the Second, Third, Fourth and Fifth "causes of action," for "common counts", are stated as "[a]gainst all Defendants."

In addition to her breach of contract and "common count" claims, Plaintiff asserts three fraud causes of action: the "Sixth Cause of Action," for fraud against Choudhury; and the "Seventh and Eighth Causes of Action" for fraudulent transfer, against both Defendants. The Complaint states generally that Choudhury made a promise at some time to repay Plaintiff without intending to perform on that promise. Complaint, ¶¶23-27. The only specific promises alleged in the Complaint, however, are the "promise" contained in the January 2001 Note, and an alleged promise made by Choudhury in May 2007 that he would repay Plaintiff. Complaint, ¶¶4, 6.

Finally, the Complaint avers that at an unstated time Choudhury transferred an unstated amount of money to Amisil with an intent to hinder Plaintiff's recovery of the money she allegedly lent to him. *See* Complaint, ¶¶28-39. The Complaint alleges that Plaintiff's "belief" that such a transfer occurred is based on the conclusory allegation that a transfer occurred – a circular argument that otherwise lacks any factual support in the Complaint. *See* Complaint, ¶31(a)-(e). The Complaint also states no facts whatsoever to support the blanket assertion that "the value of the consideration received by Choudhury was not reasonably equivalent to the value of the money transferred," or that "Choudhury was insolvent" when a transfer allegedly occurred. Complaint ¶31(f)-(g). Plaintiff alleges that Amisil "received the transfer…with knowledge that Choudhury intended to hinder, delay, or defraud creditors, including Plaintiff," but again provides no facts to support this boilerplate. Complaint, ¶32.

The Complaint nowhere contains any allegation of wrongdoing by Amisil.

///

///

///

### III. APPLICABLE LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

Rule 9(b) provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Although fraudulent intent may be pleaded generally, courts have interpreted Rule 9(b) to require a party asserting a claim for fraud to state the time, place, and specific content of the purported false representations, as well as the identities of the parties to the fraud. *Miscellaneous Serv. Workers v. Philco-Ford Corp.*, 661 F. 2d 776, 782 (9th Cir. 1986). Rule 9(b) also requires particular averments regarding each defendants' participation in the alleged fraudulent scheme. *Semegen v. Weidner*, 780 F.2d 7272, 731 (9th Cir. 1981); *Burns v. Ledbetter*, 583 F. Supp 1050, 1051-52 (S.D. Cal. 1984).

Failure to plead allegations of fraud with the factual specificity required by Rule 9 is a sufficient ground for a motion to dismiss. *Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1108 (9th Cir. 2003). Moreover, while allegations of material fact in the complaint are generally taken as true, mere conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Associated Gen. Contractors v. Met. Water Dist. of S. Cal.*, 159 F. 3d 1178, 1181 (9th Cir. 1998). Facts disclosed in exhibits also trump any inconsistent allegations in the challenged complaint. *Durning v. First Boston Corp.*, 815 F. 2d 1265, 1267 (9th Cir. 1987) (court may disregard allegations in the complaint if contradicted by facts established by reference to documents attached as exhibits to the complaint).

///
///
///
///
///

## IV. ARGUMENT

### A. The Complaint Fails to Properly Allege "Common Count" Claims Against Amisil

Plaintiff asserts four "common counts" against Defendant Amisil: "Second Cause of Action" (Common Count – Money Had and Received for Money Lent); "Third Cause of Action" (Common Count – Money Had and Received by Defendants for the Use and Benefit of Plaintiff); "Fourth Cause of Action" (Common Count – Account Stated); "Fifth Cause of Action" (Common Count – Open Book Account). At bare minimum, these claims would all require a showing that Plaintiff actually gave something of value to Amisil -- but the Complaint is wholly silent on this essential element.

The Complaint only alleges that Plaintiff lent defendant *Choudhury*, an individual, $880,000. Complaint, ¶5. Plaintiff does not allege that she ever gave any money or other value to defendant Amisil, a company. Without such a factual allegations, the Complaint's "Second, Third, Fourth and Fifth Causes of Action" fail to state any claim upon which relief can be granted against Amisil, and should therefore be dismissed as to Amisil. Rule 12(b)(6).

### B. The Complaint Fails to Allege Facts to Support Fraud Claims Against Choudhury

To establish a cognizable claim for fraud under California state law, a plaintiff must allege and prove the *facts* that establish the following elements:

(1) misrepresentation;

(2) scienter (knowledge of falsity);

(3) intent to induce reliance;

(4) justifiable reliance; and

(5) damages.

*Girard v. Ball*, 125 Cal. App. 3d 772, 783 (1981).[1] Every element of a cause of action for fraud must be alleged both factually and specifically – the policy of liberal construction of pleadings may *not* be

---

[1] California substantive law applies to Plaintiff's claims in this case, removed here on diversity grounds. *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980) (applying the *Eire* doctrine.)

invoked to sustain a pleading which is defective in this regard. *Hall v. County of Los Angeles Dept. of Adoptions*, 47 Cal. App. 3d 898, 904 (1975). Allegations of fraud against a corporation must further specify the identity of the person who made the misrepresentation at issue, his or her authority to speak on behalf of the corporation, and when and to whom the representation was made. *Tarmann v. State Farm Mutual Auto Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991).

As in any claim for fraud, the pleading party must allege that it actually and justifiably relied on the alleged promise to its detriment. *Ostayan v. Serrano Reconveyance Co.*, 77 Cal. App. 4th 1411, 1419 (2000). This means that a plaintiff "must place his or her finger squarely and directly upon whatever dereliction is relied on ... the mere use of [conclusory] terms is not enough." *Lavine v. Jessup*, 161 Cal. App. 2d 59, 69 (1958) (finding complaint fatally uncertain where plaintiff attempted to "create a general impression that the defendants' acts" were wrongful without identifying the *specific facts* giving rise to the claims).

Here, Plaintiff attempts to assert a fraud claim against Choudhury based on an alleged promise made sometime "prior to December 13, 2000" "without any intention of performing it." Complaint, ¶24. Plaintiff offers no factual basis to establish when such a promise was made, what the promise was or defendant's nefarious intention never to perform it.

Even minimal federal and state pleading requirements cannot be met by simply parroting the form-book elements of a cause of action. Conclusory statements in the Complaint are insufficient as a matter of law to overcome the requirements of specific fraud pleading. *Id.* At 69. The fraud claim in the Complaint ("Sixth Cause of Action") should be dismissed. FRCP 9(b), 12(b)(6).

California courts have long condemned the practice of attempting to turn simple breaches of contract into coercive tort claims. *See, e.g., Aas v. Superior Court*, 24 Cal. 4th 627, 643 (2000) and *Erlich v. Menzes*, 21 Cal. 4th 543, 551 (1999) (recognizing that conduct appropriately alleged as a breach of contract becomes tortious only when it also violates an independent duty). In *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 696 (1988), the court held that where the relationship between the parties is fundamentally contractual in nature, contract claims, not tort claims, are the appropriate remedy. Plaintiff's Complaint asserts at most a garden variety breach of contract claim.

The patently improper attempt to heap on tort remedies without any specific factual allegations of fraud (the "Sixth Cause of Action") should be dismissed.

### C. The Complaint Fails to Properly Allege Any Fraudulent Transfer

Under California's Uniform Fraudulent Transfer Act ("UFTA"), Civil Code §3439 *et seq.*, a transfer of property can be invalid either because of actual fraud (Civ. Code §3439.04(a)), or constructive fraud (*id.*, §§3439.04(b), 3439.05). *Mejia v. Reed*, 31 Cal. 4th 657, 661 (2003).

To establish actual fraud, the creditor must show that the transfer was made with "actual intent to hinder, delay, or defraud any creditor of the debtor." *Id.*, at 664; Civ. Code §3439.04(a). There are two forms of constructive fraud under the UFTA:

> Civil Code section 3439.04, subdivision (b) provides that a transfer is fraudulent if the debtor did not receive reasonably equivalent consideration and either "(1) Was engaged or about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (2) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due." Civil Code section 3439.05 provides that a transfer is fraudulent as to an existing creditor if the debtor does not receive reasonably equivalent value and "was insolvent at that time or ... became insolvent as a result of the transfer...."

*Mejia*, 31 Cal. 4th at 669.

Whether actual or constructive fraud is alleged, therefore, the plaintiff must plead the *facts* necessary to establish the elements of wrongful transfer. All that Plaintiff alleges here, however are a bunch of fill-in-the-blanks from the form-books: that Choudhury transferred money to Amisil with an intent to hinder Plaintiff's recovery; that the "value of the consideration received by Choudhury was not reasonably equivalent to the value of the money transferred;" that "Choudhury was insolvent;" and that Amisil "received the transfer...from Choudhury with knowledge that Choudhury intended to hinder, delay, or defraud creditors, including Plaintiff." Complaint, ¶¶28-39.

Facts? None. A flawed Complaint? Most certainly. *See, Miscellaneous Serv. Workers*, 661 F. 2d 776, 782 (the time, place and specifics of fraud must be alleged). *See also* FRCP 9(b) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.") *Accord, Hall, supra,* 47 Cal. App. 3d at 904.

Plaintiff's claims for fraudulent transfer (the "Seventh and Eight Causes of Action) are insufficient as a matter of law and should be dismissed.

### D. Plaintiff's Immaterial and Scandalous Allegations Should be Stricken

Not content with asserting a single breach of contract claim, Plaintiff inflames this simple dispute with xenophobic innuendo entirely immaterial to her claim. Rule 12(f) is designed to eliminate such improper rant from a litigant's pleadings. *See, Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993).

Paragraph 4, lines 18-25, insinuates that because Choudhury allegedly is a "Canadian citizen of Indian descent with family ties in Canada and India," who has "boasted to Plaintiff that he holds assets 'offshore' and can easily move assets offshore," and "married a woman who resides in Chicago, Illinois," he therefore "should be considered a flight risk from California and the United States." Choudhury's ethnicity and marital choice is completely irrelevant to Plaintiff's breach of contract claim. These allegations appear to be included only out of personal animus and would be inadmissible at trial. *See,* Fed. Rules Evid. 402 (irrelevant evidence is inadmissible); 403 (even relevant evidence may be excluded where there is a danger of unfair prejudice, confusion of the issues, waste of time, etc.). The allegation that Choudhury is a "flight risk" is also a transparent attempt to incite suspicion based on Choudhury's ethnicity. Plaintiff's fantasy is belied by her own admission that she has known Choudhury since the "early 1990s," that he has operated companies in San Francisco since then, that she herself worked for one of them in San Francisco and has developed a "close friendship" with Choudhury, and that Amisil, a company that plaintiff alleges is controlled by Choudhury, is actively litigating a case in this very Court right now. Complaint ¶¶2,3.

Paragraph 3, lines 13-15 of the Complaint gratuitously alleges that "Choudhury approached other friends and persons with whom he did business with requests that they lend him money; in some cases, they did." This allegation has no bearing whatsoever on Plaintiff's breach of contract claim against Choudhury. Plaintiff does not assert any claims on behalf of any third parties, and does not allege that she is entitled to recover any money given to Choudhury by any third party, that she relied on whatever they did, or that she was harmed in any way by some other alleged loans. As

—10—

NOTICE OF MOTIONS AND MOTIONS TO DISMISS/STRIKE        Case No. C-07-4218 CRB

such, these allegations are *non sequitur* to Plaintiff's claims and should be stricken. *See, Fogerty*, 984 F.2d at 1527.

The cited allegations in Paragraphs 3 and 4 of the Complaint are impertinent, immaterial and scandalous matters that are contradicted by plaintiff's own statements and should be stricken from the Complaint. *Fogerty*, 984 F.2d at 1527; Rule 12(f).

## V. CONCLUSION

The Federal Rules of Civil Procedure are "intended to be construed and administered to secure the just, speedy, and inexpensive determination of every action." Rule 1. Rules 12(b)(6), 12(f) and 9(b) need to be administered here to separate fact from fantasy for the balance of this litigation. Plaintiff claims to have lent money to Defendant Choudhury and wants it back. Defendant is prepared to join that claim and defend against it. The rest of this pleading is grossly deficient, misstated and improper. Plaintiff should not be permitted to proceed on this basis, pushing phony claims and triggering tangential discovery for the next 18 months before trial. Failure to require more of Plaintiff now will prove costly in time, money and resources for months to come.

Defendants respectfully request that for the sound reasons stated in these Motions, all claims contained in Plaintiff's Complaint be dismissed as to Amisil; that Plaintiff's Sixth, Seventh and Eighth Causes of Action be dismissed as to Choudhury; and that this Court strike the improper allegations specified herein.

DATED: August 31, 2007

REED SMITH LLP

By /s/ Harvey L. Leiderman
   Harvey L. Leiderman

Attorneys for Defendants
AMIT CHOUDHURY, and
AMISIL HOLDINGS, LTD.

DOCSSFO-12488825.4