1  E. JEFFREY BANCHERO (SBN 93077)
   KASTNER | BANCHERO LLP
2  20 California Street, Seventh Floor
   San Francisco, California 94111
3  Telephone: (415) 398-7000
   Facsimile: (415) 616-7000
4
5  Attorneys for Plaintiff
   ELIZABETH GREWAL
6
7
8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10
11  ELIZABETH GREWAL, an individual,          CASE NO. C-07-4218 CRB
12              Plaintiff,
13         v.                                 **PLAINTIFF ELIZABETH GREWAL'S
                                              OPPOSITION TO DEFENDANTS'
14  AMIT CHOUDHURY, an individual;            MOTIONS TO DISMISS ALL
    AMISIL HOLDINGS, LTD., a Cyprus           PLAINTIFF'S CLAIMS AGAINST
15  Corporation, and DOES ONE to FORTY,       AMISIL HOLDINGS, LTD., AND
                                              PLAINTIFF'S CLAIMS FOR FRAUD
16              Defendants.                    AND FRAUDULENT TRANSFER
                                              AGAINST AMIT CHOUDHURY, AND
17                                            TO STRIKE IMMATERIAL MATTER
                                              FROM THE COMPLAINT**
18
19                                            Date:   October 26, 2007
                                              Time:   10:00 A.M.
20                                            Place:  Courtroom 8, 19th Floor
21                                            Complaint Filed:  July 19, 2007
                                              Trial Date:  None
22
23                                            (Before Hon. Charles R. Breyer)
24
25
26
27
28
                                        -1-
PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS AND TO STRIKE
Case No. C-07-4218 CRB

1

**INTRODUCTION**

2      Plaintiff, Elizabeth Grewal ("Grewal"), submits this memorandum in opposition to the

3   motion of defendants Amit Choudhury ("Choudhury") and Amisil Holdings, Ltd. ("Amisil") to

4   dismiss all claims against Amisil and the claims for fraud and fraudulent transfer against

5   Choudhury.  The motion is based on a single argument – that certain of the claims in the complaint

6   are pleaded with insufficient particularity under the requirements of Rule 9(b) of the Federal Rules

7   of Civil Procedure.  Defendants also move under Rule 12(f) to strike eleven lines from the

8   complaint on grounds that they are "immaterial and scandalous" (Memo. in Supp., p. 10:3).

9   Because plaintiff's claims meet the requisite pleading requirements of Rule 9(b) and the material

10   defendants move to strike relates to those claims, the motions should be dismissed in their entirety.

11      Choudhury "is an individual" who "owns shares of stock" and a "controlling interest" in

12   Amisil.  (Compl., p. 1:23, 28.)  On "December 13, 2000, plaintiff caused $880,000 to be wired

13   from her brokerage account to a bank account in the name of, or controlled by, Choudhury."

14   (Compl., p. 2:27-28.)  Some two weeks later, "Choudhury executed a 'Term Promissory Note' in

15   which he promised to pay plaintiff 'the sum of $1,000,000 USD (One Million US Dollars)' " and

16   "interest at an annual rate of 4%," which was " 'payable upon maturity of this Note upon expiration

17   of the term, which is deemed to be Five years' – *i.e.,* January 2, 2006."  (Compl., p. 3:1-6.)

18   Choudhury then "transferred these monies [the $880,000] to defendant Amisil Holdings."  (Compl.,

19   p. 7:6-7.)

20      "Plaintiff has demanded that Choudhury repay the money that she lent to him and otherwise

21   that he perform under the terms of the promissory note."  (Compl., p. 3:11-12.)  Despite the

22   demand, "Choudhury has refused to repay the money or otherwise to perform under the terms of

23   the promissory note."  (Compl., p. 3:12-13.)

24      On July 19, 2007, plaintiff filed this lawsuit in the Superior Court of California for the City

25   and County of San Francisco to recover the monies she loaned to Choudhury.  On August 16, 2007,

26   defendants removed the case to this Court and, on August 31, 2007, filed these motions.

27

28

PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS AND TO STRIKE
Case No. C-07-4218 CRB

Defendants do not deny that Grewal loaned $880,000 to Choudhury almost seven years ago, that he signed the one-million dollar promissory note, or that he has failed to repay the debt, which, with interest, today amounts to more than $1,000,000.  They assert, rather, that "[t]here is no allegation of any consideration having been paid for the Note" (Memo. in Supp., p. 4: 7-8), and characterize the lawsuit as a "disagreement over an $880,000 loan."  (Memo. in Supp., p. 4:20-21.)

It is difficult to see what the "disagreement" amounts to – the money was lent, was not paid back, and is now due and owing.  Plaintiff has knowledge (and has alleged) that Choudhury transferred the money she lent him to a family-owned corporation, Amisil, which is "organized under the laws of Cyprus" "with an office in Hamilton, Bermuda."  (Compl., p. 1:25-26.)

The complaint is pleaded with specific particularity and no portion of it should be stricken, as we now show.

## ARGUMENT

**A.    The Common Counts Against Amisil Are Pleaded Correctly And In Any Event Are Not Subject To Dismissal For An Alleged Lack Of Specificity.**

Amisil contends that the common counts require a showing that plaintiff "actually gave something of value to Amisil" and that the complaint is "wholly silent on this "essential element." (Memo. in Supp., p. 7:8-10.)

To the contrary, this is precisely what the complaint alleges.  The common count for money had and received for money lent (Second Cause of Action) alleges that "defendants" (*i.e.*, Choudhury *and* Amisil) "became indebted to plaintiff" "for money lent by plaintiff to defendants at defendants' request."  (Compl. ¶12.)  The Third Cause of Action alleges that "[d]efendants became indebted to plaintiff for money had and received by defendants for the use and benefit of plaintiff." (Compl. ¶15.)   The Fourth Cause of Action alleges than "an account was stated in writing and orally by and between plaintiff and defendants and on such statement a balance of $880,000 was found due to plaintiff from defendants."  (Compl. ¶18.)  The Fifth Cause of Action alleges that "defendants became indebted to plaintiff on an open book account for money due in the sum of

PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS AND TO STRIKE
Case No. C-07-4218 CRB

1    $880,000 for money plaintiff lent to defendants, which defendants agreed to repay." (Compl.

2    ¶21.)[1]

3         Under relevant California authority, these allegations are sufficient to support common

4    counts against Amisil.[2] "A common count alleges in substance that the defendant became indebted

5    to the plaintiff in a certain stated sum, for some consideration such as 'money had received by the

6    defendant for the use of the plaintiff," or for 'goods, wares and merchandise sold and delivered by

7    plaintiff to defendant," or 'for work and labor performed by plaintiff'; and that no part of the sum

8    has been paid. 4 B. Witkin, *California Procedure*, § 518 at 608-09 (4th ed. 1997). "A common

9    count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a

10   sum certain, or for the reasonable value of services, goods, etc., furnished. It makes no difference

11   in such a case that the proof shows the original transaction to be an express contract, a contract

12   implied in fact, or a quasi-contract." *Utility Audit Co. v. City of Los Angeles*, 112 Cal. App. 4th

13   950, 958 (2003); *see also Kawasho International (U.S.A.) v. Lakewood Pipe Service, Inc.*, 152 Cal.

14   App. 3d 785, 793 (1983). "In an action for money had and received it is generally necessary for the

15   plaintiff to prove only his right to the money and the defendant's possession; and any facts,

16   circumstances or dealings from which it appears that the defendant has in his hands money of the

17   plaintiff which he ought in justice and conscience to pay over to him, are competent evidence to

18   support the action." *County of Santa Cruz v. McLeod*, 189 Cal. App. 2d 222, 228 (1961) (citations

19   omitted).

20        It is axiomatic, in any event, that in California – whether a complaint is filed in state court

21   or, as here, filed in state court and removed to federal court – a common count is "good against

22   special as well as general demurrers" or against a motion to dismiss under Rule 12(b)(6). 4 B.

23   Witkin, *California Procedure* § 514 at 604 (4th ed. 1997); *see generally Moya v. Northrup* (1970)

24

25   [1]  Paragraph 5 of the complaint, which is incorporated by reference within each of the common
     counts (Compl. ¶¶ 11, 14, 17 & 20), states that "[o]n or about December 13, 2000, plaintiff caused
26   $880,000 to be wired from her brokerage account to a bank account in the name of, or controlled
     by, Choudhury." Paragraphs 30 and 31 allege that, thereafter, "Choudhury transferred these
27   monies to defendant Amisil Holdings."

28   [2]  Amisil concedes that California law applies to plaintiff's claims. (Opp., p. 7:25 & fn. 1.)

PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS AND TO STRIKE
Case No. C-07-4218 CRB

1   10 Cal.App.3d 278, 279 ("A pleading which is sufficient as a common count *is not generally*

2   *subject to general demurrer or to special demurrer on the ground of uncertainty*") (emphasis

3   added); *Pike v. Zadig* (1915) 171 Cal. 273, 276 ("If the question were new, there might be good

4   ground for saying that the common counts [are not sufficiently specific to] comply with the

5   provision of our Code of Civil Procedure … . But the practice of pleading in this form has been too

6   long established in this state to be now open to question").

7          The common counts against Amisil should not be dismissed.

8          **B.      Grewal Has Pleaded Fraud With The Requisite Particularity.**

9          Choudhury claims that Grewal has not met her burden of pleading fraud with the

10  particularity required by Rule 9(b).  But, Choudhury misconstrues (and overstates) the relevant

11  pleading requirements.  (Memo. in Supp., p. 7:26.)  Rule 9(b) requires that the "circumstances

12  constituting fraud or mistake shall be stated with particularity," but "[m]alice, intent, knowledge,

13  and other condition of mind of a person may be averred *generally*."  Fed. R. Civ. P. 9(b) (emphasis

14  added); *Walling v. Beverly Enterprises*, 476 F.2d 393, 397-398 (9th Cir. 1973).  Rule 9(b) "only

15  requires the identification of the circumstances constituting fraud so that the defendant can prepare

16  an adequate answer from the allegations" – the rule does *not* require the pleading of "evidence."

17  *Walling*, 476 F.2d at 397; *see also* 5A Wright & Miller, *Federal Practice & Procedure* § 1298 (3rd

18  ed. 2004) (Rule 9(b) pleading requirements do not render the principles of simplicity set forth in

19  Rule 8 inapplicable to pleadings alleging fraud, and the two rules must be read together.)

20         Plaintiff alleges that prior to December 13, 2000, which was before Choudhury executed the

21  promissory note, "Choudhury made a promise about a material matter without any intention of

22  performing it.  Specifically, Choudhury promised that if plaintiff lent money to him, he would

23  repay plaintiff the amount lent, plus interest."  (Compl., p. 6:1-3.)  This allegation and the

24  allegations that follow within the cause of action (Compl., p. 6:4-12) are sufficiently particular,

25  because they set forth the time, place, and content of the false representation and put Choudhury on

26  notice of the misconduct so that he "can prepare an adequate answer" to the claim.  *See Walling*,

27

28

PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS AND TO STRIKE
Case No. C-07-4218 CRB

1  476 F.2d at 397; *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1986); *Miscellaneous Service*

2  *Workers, Drivers & Helpers v. Philco-Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981).

3       Defendants argue that the complaint "at most" asserts a "garden variety breach of contract

4  claim" (Memo. in Supp., p. 8:27) and that "California courts have long condemned the practice of

5  attempting to turn simple breaches of contract into coercive tort claims." (Memo. in Supp., p. 8:21-

6  22.) But, plaintiff pleads *promissory fraud – i.e.*, a promise with no intention to perform. Under

7  California authority that defendants fail to cite, let alone explain, such a claim is actionable,

8  regardless of whether it is pleaded in conjunction with a claim sounding in contract.

9           It is a familiar rule that where the plaintiff contracted in reliance on fraud of the
10          defendant, he may elect either the contract remedy (restitution based on
           rescission) or the tort remedy (affirmance and damages). Where the defendant
11          makes a promise without intending to perform, and later fails or refuses to
           perform, *he is guilty of the tort of fraud as well as of the breach of contract*.
12

13  3 B. Witkin, *California Procedure* §148 at 218 (4th ed. 1996) (citations omitted); *Las Palmas*

14  *Associates v. Las Palmas Center Associates*, 235 Cal. App. 3d 1220, 1238-1239 (1991) ("A

15  promise to do something necessarily implies the *intention to perform*, and, where such an intention

16  is absent, there is an implied misrepresentation of fact, which is actionable fraud") (citations

17  omitted, emphasis in original).

18       The allegation that Choudhury promised that "if plaintiff lent money to him, he would repay

19  plaintiff the amount lent, plus interest" and that he made the promise "without any intention of

20  performing it" (Compl., p. 6:1-5) is sufficient to support a claim of promissory fraud. 5 B. Witkin,

21  *California Procedure* §684 at 143 (4th ed. 1997) ("the averment that the representation was made

22  *with the intent to deceive the plaintiff*, or any other allegation with similar purport, is sufficient" to

23  plead fraud) (emphasis in original). The fraud claim should not be dismissed.[3]

24

25

26  [3]  Although Grewal has pleaded sufficient particulars to sustain her fraud claim, if the Court is
    inclined to dismiss the claim pursuant to Fed. R. Civ. P. 9(b), it should do so with leave to amend.
27  *See United States ex rel. Lee v. Smithkline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001)
    (leave to amend should be granted unless the pleading cannot possibly be cured by the allegation of
28  other facts).

PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS AND TO STRIKE
Case No. C-07-4218 CRB

1

### C.    The Complaint Properly Alleges A Fraudulent Transfer.

2      Defendants' motion to dismiss Grewal's seventh and eighth causes of action rests on the

3 same faulty reading of Rule 9(b)'s particularity requirements.  The motion cites no legal authority

4 for the proposition that plaintiff's fraudulent transfer claims are insufficiently "specific."

5      Under Calif. Civil Code § 3439.04, "a transfer made … by a debtor [*i.e.,* Choudhury] is

6 fraudulent as to a creditor [*i.e.,* Grewal] … if the debtor made the transfer … as follows:  (1) With

7 actual intent to hinder, delay, or defraud any creditor with the debtor [or] (2) Without receiving a

8 reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:

9      (1)  Was engaged or was about to engage in a business or a transaction for which the

10 remaining assets of the debtor were unreasonably small in relation to the business or transaction.

11     (2)  Intended to incur, or believed or reasonably should have believed that he or she would

12 incur, debts beyond his or her ability to pay as they became due."

13     The statute enumerates eleven "factors" to consider in determining whether the transferor

14 had "actual intent" to hinder, delay, or defraud creditors.  These factors include "whether the debtor

15 retained possession or control of the property transferred after the transfer" (§3439.04(b)(2);

16 "whether the transfer … was disclosed or concealed" (§3439.04(b)(3); and "whether the debtor

17 removed or concealed assets" (§3439.04(b)(7).

18     In the Seventh Cause of Action, plaintiff alleges that "Choudhury made the transfer or

19 transfers of these monies [the $880,000] to Amisil Holdings with an actual intent to hinder, delay,

20 or defraud creditors …, " and she states that the allegation is based on eight of the eleven factors set

21 forth in §3439.04(b).  (Compl., p. 7:9-28).  In the Eighth Cause of Action, plaintiff alleges that at

22 the time of the transfer, "Choudhury was engaged or was about to engage in a business or a

23 transaction for which his remaining assets were unreasonably small in relation to the business or

24 transaction," and that he "believed or reasonably should have believed that he would incur debts

25 beyond his ability to pay as they became due."  (Compl., p. 8:26-9:2.)

26     These allegations are sufficient to plead claims under the California Uniform Fraudulent

27 Transfer Act, Civil Code §3439 *et seq.,* even if the requirements of Rule 9 (b) are applied to the

28

PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS AND TO STRIKE
Case No. C-07-4218 CRB

pleading, as defendants assert.  (Memo. in Supp. 9:26-28.)  *Cf. Walling,* 476 F.2d 393, 397-398 (9th Cir. 1973); and see other authorities set forth in section B, *supra.*  As summarized by Wright & Miller in their treatise on federal practice:

> [I]t is inappropriate to focus exclusively on the fact that Rule 9(b) requires particularity in pleading the circumstances of fraud.  This is too narrow an approach and fails to take account of the general simplicity and flexibility contemplated by the federal rules and the many cases construing them; in a sense, therefore, *the rule regarding the pleading of fraud does not require absolute particularity or a recital of the evidence, especially when some matters are beyond the knowledge of the pleader and can only be developed through discovery.*

5A Wright & Miller, *Federal Practice & Procedure* §1298 at 192 (3rd ed. 2004) (emphasis added); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987) (Rule 9(b) "may be relaxed as to matters peculiarly within the opposing party's knowledge"; "exception exists where, as in cases of corporate fraud, the plaintiffs cannot be expected to have personal knowledge of facts constituting the wrongdoing") (citations omitted); *Maldonado v. Dominguez,* 137 F.3d 1, 9 (1st Cir. 1998) ("we also cannot expect plaintiffs to plead 'fraud with complete insight' before discovery is complete").

Here, surely, the evidentiary facts demonstrating the transfer of monies from Choudhury to Amisil are within the possession of defendants, as are the facts plaintiff will adduce in discovery to support the "factors" to determine Choudhury's "actual intent" as set forth in subsections (2) through (5) and (7) through (9) in Civil Code §3439.04(b).  (Compl., p. 7:11-28.)  For this reason, and because plaintiff's fraudulent transfer claims are sufficient to put defendants on notice, the claims are pleaded with sufficient particularity.  The motion to dismiss the claims should be denied.

## D.    Defendants' Motion to Strike Lacks Merit.

Defendants move to strike certain allegations in the complaint that they characterize as "xenophobic innuendo."  (Memo. in Supp. 10:5.)  But, in fact, these allegations relate to the causes of action in the complaint, and they should not be stricken.

A motion under Rule 12(f) is a "drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions

PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS AND TO STRIKE
Case No. C-07-4218 CRB

1   under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted." 5C

2   Wright & Miller, *Federal Practice & Procedure* §13808 at 394 (3rd ed. 2004); *Colaprico v. Sun*

3   *Microsystems*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) ("motions to strike should not be granted

4   unless the matter to be stricken could have no possible bearing on the subject matter of the

5   litigation").  In determining whether particular statements in a complaint constitute impertinent,

6   scandalous, or immaterial allegations, the statements "must be viewed as part of a 'mosaic' to see if

7   these statements, in the aggregate, creating a misleading impression." *Id.* at 1340 (citations

8   omitted).

9          The allegations in paragraph 3, lines 13-15 are relevant to plaintiff's claims for fraud and

10  breach of contract, because they relate to the manner in which Choudhury obtained the $880,000

11  from plaintiff and describe a relevant pattern of conduct.

12         The allegations in paragraph 4, lines 18-25 of the complaint are germane, because they

13  relate to the "mosaic" of plaintiff's fraud and fraudulent conveyance causes of action, and they

14  support pre-judgment attachment or other pre-judgment remedies available to plaintiff.  They also

15  bear on plaintiff's concern that Choudhury and Amisil would evade service or that Amisil would

16  contest personal jurisdiction in California.

17         Certainly it cannot be said that these allegations have "no possible bearing" on the litigation

18  or create a "misleading impression" when read, not as separate statements, but in the context of the

19  complaint as a whole.  Defendants elsewhere complain that plaintiff is not specific with her

20  allegations and then, in the motion to strike, complain that she is all too specific and seek to strike

21  allegations of specific misconduct.

22         For these reasons, the motion to strike should be denied.

### **CONCLUSION**

24         For all of the foregoing reasons, plaintiff, Elizabeth Grewal, respectfully requests that this

25  Court deny defendants' motion to dismiss claims against Amisil Holdings, Ltd. and plaintiff's

PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS AND TO STRIKE
Case No. C-07-4218 CRB

1  claims for fraud and fraudulent transfer against Amit Choudhury, and deny defendants' motion to

2  strike immaterial matter from the complaint.

3

4  DATED:  October 5, 2007                    KASTNER | BANCHERO LLP

5

6                                              By:  _____/s/_____

7                                                   E. JEFFREY BANCHERO

8                                              Attorneys for Plaintiff
                                               ELIZABETH GREWAL

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO MOTIONS TO DISMISS AND TO STRIKE
Case No. C-07-4218 CRB