Harvey L. Leiderman (SBN 55838)
HLeiderman@ReedSmith.com
David S. Reidy (SBN 225904)
DReidy@ReedSmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:     (415) 543-8700
Facsimile:     (415) 391-8269

Attorneys for Defendants
AMIT CHOUDHURY
and AMISIL HOLDINGS, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual,<br><br>          Plaintiff,<br><br>     vs.<br><br>AMIT CHOUDHURY, an individual; AMISIL HOLDINGS, LTD., a Cyprus corporation; and DOES ONE to FORTY,<br><br>          Defendants. | Case No.: C-07-4218 CRB<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO DISMISS ALL PLAINTIFF'S CLAIMS AGAINST AMISIL HOLDINGS, LTD., AND PLAINTIFF'S CLAIMS FOR FRAUD AND FRAUDULENT TRANSFER AGAINST AMIT CHOUDHURY, AND TO STRIKE IMMATERIAL MATTER FROM THE COMPLAINT**<br><br>Date:          October 26, 2007<br>Time:          10:00 a.m.<br>Place:         Courtroom 8, 19th Floor<br><br>Compl. Filed:  July 19, 2007<br>Trial Date:    None<br><br>*Honorable Charles R. Breyer* |

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

REPLY MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. C-07-4218 CRB

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Amit Choudhury ("Choudhury") and Amisil Holdings, Ltd. ("Amisil") submit this reply memorandum of points and authorities in support of their motion to dismiss and motion to strike ("Motion").

## I.    THE COMPLAINT DOES NOT SATISFY FEDERAL NOTICE PLEADING STANDARDS

The U.S. Supreme Court has recently clarified the standard for notice pleading under the Federal Rules of Civil Procedure ("FRCP"):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).

*Twombly* confirms that notice pleading does not require courts "to accept as true a legal conclusion couched as a factual allegation," and that *"factual allegations must be enough to raise a right to relief above the speculative level." Id.*, at 1965 (emphasis added) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). Blanket statements of liability are not sufficient:

> Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.

*Twombly*, at fn. 3. Plaintiff's Complaint fails to meet this standard in several respects.

### A.    Plaintiff Fails to Allege Any Facts to Support Her Fraudulent Transfer Claims

Plaintiff's Complaint contains little more than the "labels and conclusions" held insufficient by the Supreme Court. Plaintiff's claims for fraudulent transfer, for example, contain nothing more than a "formulaic recitation of the elements" of the cause of action, which the high court has held *"will not do." Id.* at 1965. There are simply no facts alleged to back up Plaintiff's blanket assertion

that a fraudulent transfer occurred.  This is clearly illustrated by examining the statutory factors for

fraudulent transfer, as set forth in Section 3439.04 of the California Code of Civil Procedure

("CCP"), and comparing those factors side-by-side with the only relevant "allegations" of Plaintiff's

Complaint:

| Statutory Factors per Code of Civil Procedure §3439.04(b) | "Allegations" of Complaint re Fraudulent Transfer |
|---|---|
| | ¶31: "Plaintiff is informed and believes … that Choudhury made the transfer … with an actual intent to hinder, delay, or defraud creditors, including plaintiff.  Plaintiff's belief is based on: |
| §3439.04(b) (2) Whether the debtor retained possession or control of the property transferred after the transfer. | ¶31(a) Choudhury's transfer of the monies to a corporation he is affiliated with or controls; |
| (3) Whether the transfer or obligation was disclosed or concealed. | (b) Choudhury's concealment of the transfer or transfers; |
| (4) Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit. | (c) the fact that plaintiff has demanded payment from Choudhury and threatened suit; |
| (5) Whether the transfer was of substantially all the debtor's assets. | (d) Choudhury's transfer of all or substantially all of his assets; |
| (7) Whether the debtor removed or concealed assets. | (e) Choudhury's removal and concealment of his assets; |
| (8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred. | (f) The value of the consideration received by Choudhury was not reasonably equivalent to the value of the money transferred; |
| (9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred. | (g) Choudhury was insolvent or became insolvent shortly after the transfer or transfers were made; |

Plaintiff tacitly concedes the absence of factual pleading in her Complaint, but complains that

the "facts" concerning a *suspected* transfer "are within the possession of defendants."  Opp. at 8.  Of

course, the admission that Plaintiff's fraudulent transfer claims are entirely lacking in evidentiary

support runs afoul of the representation to the Court that "to the best of [counsel's] knowledge,

REPLY MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. C-07-4218 CRB

1  information, and belief, *formed after an inquiry reasonable under the circumstances,...*the factual

2  contentions [of the Complaint] have evidentiary support..." FRCP Rule 11(b)(3) (emphasis added.)

3      Without factual allegations to back up the claim that a wrongful transfer occurred, these

4  causes of action should not have been asserted. In the absence of factual pleading, the fraudulent

5  transfer claims fail as a matter of law and should be dismissed. FRCP 12(b)(6); 9(b).

6      **B.    Plaintiff's "Common Counts" Against Amisil Lack Any Factual Support**

7      Plaintiff's common counts against Amisil are similarly flawed. Plaintiff argues that common

8  counts are "good against ...demurrers or against a motion to dismiss"; this presumes, of course, that

9  the common count (like any other cause of action) is properly alleged. Indeed, Plaintiff concedes in

10 her Opposition that the common count for "money had and received" must allege "*in substance* that

11 the defendant became indebted to the plaintiff in a certain stated sum." Opp. at 4:3-8.

12     Again and again, Plaintiff argues that the "substance" of her common counts is satisfied with

13 one word: "defendants" "(*i.e.*, Choudhury *and* Amisil)." Opp. at 3. The simple use of a plural noun,

14 however, is not enough to raise Plaintiff's claims against Amisil above the "speculative" level;

15 indeed the Complaint does little more than attempt to create a "suspicion" of liability by Amisil for

16 Choudhury's alleged debt. *See Twombly*, 127 S.Ct. at 1965.

17     The only *specific* allegations of the Complaint actually contradict the blanket assertions of

18 Amisil's liability under the common counts. The Complaint alleges that, on or about December 13,

19 2000, Plaintiff wired $880,000 from her brokerage account to an account controlled *by Choudhury*.

20 Complaint, ¶5. Then, on or about January 2, 2001, *Choudhury* allegedly executed a promissory note

21 ("Note"), agreeing to pay Plaintiff the sum of $1 million, plus interest, upon maturity of the Note in

22 January, 2006. Complaint, ¶6, Ex. A. Plaintiff expressly alleges that her payment and the Note were

23 related. Complaint, ¶7. Thus, the Complaint only alleges that money was paid to the individual

24 defendant, Choudhury, not to the corporate defendant, Amisil. No facts are alleged sufficient to

25 establish any "common count" against Amisil.

26     It is a well-settled principle of pleading that conclusory allegations of law and unwarranted

27 inferences are insufficient to defeat a motion to dismiss. *Associated Gen. Contractors v. Met. Water*

28 *Dist. of S. Cal.*, 159 F. 3d 1178, 1181 (9th Cir. 1998). Furthermore, facts disclosed in exhibits

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

-4-

1    supersede any inconsistent allegations in the complaint. *Durning v. First Boston Corp.*, 815 F. 2d

2    1265, 1267 (9th Cir. 1987). Here, the specific allegations of the Complaint concerning Plaintiff's

3    claimed loan to Choudhury, as well as the Note attached as an exhibit to the Complaint, directly

4    contradict the otherwise unsupported assertion of "common counts" against Amisil. These claims

5    should be dismissed as against Amisil. FRCP 12(b)(6).

6    **C.    <u>Plaintiff Fails to Plead Fraud by Choudhury</u>**

7    The factual elements of a cause of action for promissory fraud are: (1) a promise made

8    regarding a material fact without any intention of performing it; (2) the existence of the intent at the

9    time of making the promise; (3) the promise was made with intent to deceive or with intent to induce

10    the party to whom it was made to enter into the transaction; (4) the promise was relied on by the

11    party to whom it was made; (5) the party making the promise did not perform; (6) the party to whom

12    the promise was made was injured. *Muraoka v. Budget Rent-A-Car, Inc.*, 160 Cal. App. 3d 107, 119

13    (1984). Each of these elements must be alleged *both factually and specifically. Hall v. County of*

14    *Los Angeles Dept. of Adoptions*, 47 Cal. App. 3d 898, 904 (1975).

15    Plaintiff attempts to dispense with these pleading requirements for fraud with a formulaic

16    recitation of the elements, with no factual support, simply concluding that Choudhury "made a

17    promise about a material matter without any intention of performing it." Complaint, ¶¶24-25. This

18    does not satisfy federal notice pleading standards. *See Twombly*, 127 S.Ct. at 1964-1965.

19    The Court of Appeal has noted "the danger of grafting tort liability on what ordinarily should

20    be a breach of contract action." *Las Palmas Associates v. Las Palmas Center Associates*, 235 Cal.

21    App. 3d 1220, 1238 (1991). In *Las Palmas*, the Court of Appeal upheld a finding of promissory

22    fraud on the basis of the defendants' subsequent conduct in systematically attempting to avoid

23    honoring contractual guaranties by constantly changing their reasons for doing so. *Id.*, at 1239-1240.

24    The Court noted in this regard that a defendant's conduct subsequent to the promise could

25    demonstrate fraudulent intent, and held that, in every case, "*something more than nonperformance is*

26    *required* to prove the defendant's intent not to perform his promise." *Id.*, at 1239 (emph. added).

27    Here, Plaintiff offers nothing more than alleged nonperformance. Without more, Plaintiff cannot

28    prove her promissory fraud claim.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

–5–

1    The Court of Appeal has flatly rejected the suggestion "that proof that a promise was made

2    and that it was not fulfilled is sufficient to prove fraud":

3    >    This is not, and has never been, a correct statement of the law, and we
     >    disapprove the cases cited to the extent they suggest otherwise.
4    >    Rather, something more than nonperformance is required to prove the
     >    defendant's intent not to perform his promise.

5

6    *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30 (1985) (citations omitted).  Here, all Plaintiff alleges is

7    that Choudhury made a promise sometime "prior to December 13, 2000," without more.  Complaint,

8    ¶24.  Without some *factual* allegation beyond mere nonperformance, tossing in a boilerplate "lack of

9    intent to keep his promise" is not sufficient to convert a breach of oral contract claim into a tort

10   claim.  *Id*.  Despite Plaintiff's attempt to raise a suspicion of liability for fraud, the Complaint sets

11   forth the elements of a claim for breach of contract, nothing more.  Plaintiff's fraud claim against

12   Choudhury should therefore be dismissed.  FRCP 12(b)(6); 9(b).

13

14   **II.    PLAINTIFF'S IMMATERIAL ALLEGATIONS SHOULD BE STRICKEN**

15   Plaintiff argues that the allegations contained in Paragraphs 3 and 4 of the Complaint,

16   concerning Choudhury's ethnicity, marital status, and alleged attempts to borrow money from

17   others, are part of the "mosaic of [her] fraud and fraudulent conveyance causes of action."  Opp., at

18   8.  Plaintiff concedes, therefore, that these allegations have no bearing on the breach of contract

19   claim.  Since the "mosaic" of innuendo and xenophobia Plaintiff attempts to piece together

20   accompanies only boilerplate elements of claims cut and pasted from a pleading manual, these

21   immaterial allegations should be stricken from the Complaint along with the baseless claims they

22   attempt to color.  FRCP 12(f).

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REPLY MEMORANDUM OF POINTS AND AUTHORITIES          Case No. C-07-4218 CRB

III.   **CONCLUSION**

Defendants respectfully request that this Court grant the Motion and dismiss the unnecessary and improper claims and allegations in Plaintiff's Complaint.

DATED:  October 22, 2007

REED SMITH LLP

By _____
David S. Reidy
Attorneys for Defendants
AMIT CHOUDHURY, and
AMISIL HOLDINGS, LTD.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DOCSSFO-12492586.2

–7–

**CERTIFICATE OF SERVICE**

Re:  *Grewal v. Chodhury*, USDC Northern District, Case No. C-07-4218 CRB

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA  94111-3922.  On October 12, 2007, I served the following document(s) by the method indicated below:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS TO DISMISS ALL PLAINTIFF'S CLAIMS AGAINST AMISIL HOLDINGS, LTD. , AND PLAINTIFF'S CLAIMS FOR FRAUD AND FRAUDULENT TRANSFER AGAINST AMIT CHOUDHURY, AND TO STRIKE IMMATERIAL MATTER FROM THE COMPLAINT**

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

**For Plaintiff, Elizabeth Grewal**

Ernest Jeffrey Banchero, Esq.
Kastner / Banchero LLP
20 California Street , 7th Floor
San Francisco, CA 94111
Tel:  (415) 398-7000

      I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on October 12, 2007, at San Francisco, California.

*Corinne Cadon*
_____
Corinne Cadon