United States District Court<br/>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual, | No. C 07-04218 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| AMIT CHOUDHURY, an individual; AMISIL HOLDINGS, LTD., a Cyprus corporation; and DOES ONE to FORTY, | |
| Defendants. | |

This is a state law breach of contract and fraud action arising from Defendant Amit Choudhury's ("Choudhury") alleged failure to pay Plaintiff Elizabeth Grewal $1 million under the terms of a Promissory Note executed by the parties. See Complaint ¶ 6. Plaintiff also names Amisil Holdings, LTD ("Amisil") as a defendant, claiming Choudhury fraudulently transferred money that he owes Plaintiff to Amisil. See Complaint ¶ 28-39. Defendants successfully removed this case to federal court on the ground of diversity jurisdiction pursuant to 28 U.S.C. 1332 on August 16, 2007. Defendants have moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants base their motion on Plaintiff's alleged failure to satisfy notice pleading standards under Rule 8(a) for the "common counts" against Amisil, and under Rule 9(b) for the fraud claim against Choudhury and the fraudulent transfer claims against both defendants. Defendants have also moved to strike several allegations in the complaint as they relate to Choudhury pursuant to

Federal Rule of Civil Procedure 12(f).  For the reasons stated herein, the motion to dismiss is GRANTED with leave to amend, and the motion to strike is DENIED.

The hearing scheduled for 10:00 a.m. on Friday, October 26 is VACATED.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) will be granted if the pleading fails to state a cognizable legal theory or if it fails to allege sufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  For purposes of a motion to dismiss, the court will "presume all reasonable inferences in favor of the non-moving party."  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  However, mere conclusions couched as factual allegations are not sufficient to state a cause of action.  Papasan v. Allain, 478 U.S. 265, 286 (1986).  If the plaintiff is unable to cure the defect by amendment, then courts may dismiss a complaint without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Such motions are disfavored and rarely granted.  See, e.g., Sapiro v. Encompass Ins., 221 F.R.D. 513, 516-17 (N.D. Cal. 2004).

## DISCUSSION

A.    Counts Two, Three, Four & Five: Common Counts

Counts Two, Three, Four and Five against Defendant Amisil are dismissed with leave to amend pursuant to Federal Rule of Civil Procedure 8(a).  The basic requirement for a proper complaint is that the complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The pleadings need only give fair notice of the pleader's claims so that opposing parties can respond, undertake discovery, and prepare for trial.  Conley v. Gibson, 355 U.S. 41, 47-48 (1957).  In California, the essential elements for a common count are (1) a statement of indebtedness in a certain

sum; (2) consideration (i.e., goods sold); and (3) non-payment. Farmers Ins. Exchange v. Zerin, 53 Cal. App. 4th 445, 460 (1997). Because the common counts against Amisil do not specify what, if any, direct consideration Plaintiff gave Amisil, those counts are dismissed with leave to amend.

### B. Counts Six, Seven & Eight: Fraud and Fraudulent Transfer

Counts Six, Seven and Eight are dismissed with leave to amend pursuant to Federal Rule of Civil Procedure 9(b). Under Rule 9(b), an averment of fraud should state with particularity the circumstances constituting the fraud. Fed. R. Civ. P. 9(b). "Under California law, the elements needed to establish fraud are (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damages." G. Hirsch & Co., Inc. v. Amerisourcebergen Corp., 2006 WL 1348568 (N.D. Cal. May 17, 2006) (citing Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996)). The Ninth Circuit has interpreted Rule 9(b) to require that "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citations and quotations omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Neubronner v. Milken, 6 F.3d 666, 671-72 (9th Cir. 1993). Plaintiff has failed to adequately place Defendants on notice of the "particular misconduct" which is alleged to constitute the fraud and the fraudulent transfer. Accordingly, Counts Six, Seven and Eight are dismissed with leave to amend.

///

3

C.  Motion to Strike

The allegations in the complaint as they relate to Choudhury's ethnicity, martial status and alleged attempts to borrow money from others fail to rise to the level required to grant a Rule 12(f) motion. Accordingly, the motion to strike is DENIED.

**IT IS SO ORDERED.**

Dated: October 25, 2007

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

4