Harvey L. Leiderman (SBN 55838)
David S. Reidy (SBN 225904)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Defendants
AMIT CHOUDHURY
and AMISIL HOLDINGS, LTD.


E. Jeffrey Banchero (SBN 93077)
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual,<br><br>                        Plaintiff,<br><br>       vs.<br><br>AMIT CHOUDHURY, an individual; AMISIL HOLDINGS, LTD., a Cyprus corporation; and DOES ONE to FORTY,<br><br>                        Defendants. | Case No.: C-07-4218 CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER THEREON**<br><br>CMC Date:   November 30, 2007<br>Time:          8:30 a.m.<br>Place:         Courtroom 8, 19th Floor<br><br>Compl. Filed:   July 19, 2007<br>Trial Date:     None<br><br>*Honorable Charles R. Breyer* |

The parties hereto, Plaintiff Elizabeth Grewal ("Plaintiff") and Defendants Amit Choudhury ("Choudhury") and Amisil Holdings, Ltd. ("Amisil"), collectively referred to herein as the "Parties," hereby submit this Joint Case Management Statement and [Proposed] Case Management Order and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule l6-10(b).

**JOINT CASE MANAGEMENT STATEMENT**

A.  Description of the case: (The parties may attach additional pages to this statement.)

1.  A brief description of the events underlying the action:

This case arises out of an alleged transfer of $880,000 from Plaintiff to Choudhury on or about December 13, 2000. Plaintiff alleges the money was a loan, and also alleges that on January 2, 2001, Choudhury executed a promissory note ("Note") agreeing to pay Plaintiff the sum of $1 million, plus interest, upon maturity of the Note in January, 2006. Choudhury contends the money was investment capital. Plaintiff's fraud allegations against Choudhury and Amisil, as well as common counts against Amisil, were dismissed by the Court on October 25, 2007, with leave to amend.

2.  The principal factual issues which the parties dispute:

The principal factual disputes are:

a. Did the Plaintiff make an $880,000 loan or investment?.

b. Did Defendant Choudhury procure a loan from Plaintiff Grewal fraudulently?

c. Did Grewal fraudulently induce Choudhury into signing the Note?

d. Was there adequate consideration for the Note?

3.  The principal legal issues which the parties dispute:

The principal legal issues are:

a. Does Defendant Choudhury owe any money to Plaintiff Grewal?

b. Does Plaintiff Grewal owe any money to Defendant Choudhury?

c. Is the Note invalid, void and unenforceable?

– 2 –
JOINT CASE MANAGEMENT STATEMENT
DOCSSFO-12492715.1

B.  Alternative Dispute Resolution:

The parties have discussed settlement, and are also amenable to mediation.

## [PROPOSED] CASE MANAGEMENT ORDER

Pursuant to Fed.R.Civ.P. 16, the Court conducted a case management conference on November 30, 2007, and ORDERS as follows:

A.  <u>ADR Program:</u>

1.  The parties are hereby referred to mediation.

2.  The parties shall file their ADR certification by the date assigned by the initial case management schedule received from the Clerk of the Court, pursuant to Civil L.R. 16-8.

B.  <u>Jury or Court Trial:</u>

Plaintiff requests a jury trial

C.  <u>Pretrial Motions:</u>

1.  All pretrial motions shall be filed in accordance with Civil L.R. 7.  A motion shall be noticed pursuant to Civil L.R. 7-2 without calling the Court.  Civil law and motion is heard on Thursday mornings at 10:00 a.m.

D.  <u>Discovery:</u>

1.  The parties shall abide by the Court's standing order regarding discovery and dispute procedures.

E.  <u>Deadlines:</u>

**Plaintiff proposes:**

Completion of non-expert discovery:  March 3, 2008

Disclosure of experts and initial expert reports due:  February 4, 2008

Rebuttal expert reports due:  February 18, 2008

Completion of expert discovery: April 1, 2008

Last day to file dispositive motions:  April 1, 2008

Last day to set hearing on dispositive motions: May 2, 2008

Pretrial Conference:  May 2, 2008

1  Trial: May 12, 2008

2  **Defendant proposes:**

3  Completion of non-expert discovery: May 5, 2008

4  Disclosure of experts and initial expert reports due: April 7, 2008

5  Rebuttal expert reports due: April 21, 2008

6  Completion of expert discovery: June 2, 2008

7  Last day to file dispositive motions: June 2, 2008

8  Last day to set hearing on dispositive motions: July 1, 2008

9  Pretrial Conference: July 1, 2007

10  Trial: July 9, 2008

12  1. Expert disclosure must be made with respect to a person who is either (a) specifically retained or specially employed to provide expert testimony pursuant to Federal Rule of Evidence 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

16  **2. A party or counsel has a continuing duty to supplement the disclosure of expert witnesses when required under Federal Rule of Civil Procedure 26(e)(1).**

18  F.  Limitation on Testimony by Expert Witnesses:

19  1. Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition.

23  2. Unless application is made prior to the close of expert discovery, each party is limited to calling only one expert witness in each discipline involved in the case.

25  3. Any party objecting to the admissibility of the testimony of person disclosed as an expert witness must file a written motion *in limine* to exclude the testimony no later than the deadline set in this order for filing motions *in limine*.

28  G.  Discovery:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1. Pursuant to Federal Rule of Civil Procedure 16(b) and Civil L.R. 26-2, a discovery request or stipulation that calls for responses or depositions after the discovery cut-off date are not enforceable except by order of the Court and upon a showing of good -cause.

2. Pursuant to Civil L.R. 26-2, no motions to compel discovery may be filed later than 10 days after the discovery cut-off date.

J. <u>Exchange and filing of Trial Papers:</u>

1. By _____ (60 days before trial) lead counsel who will try the case shall meet and confer with respect to the preparation and content of the joint pretrial conference statement and shall exchange (but not file or lodge) the papers described in paragraph 2 below.

2. By _____ (45 days before trial) counsel shall file the papers described in Federal Rule of Civil Procedure 26(a)(3) and a joint pretrial conference statement including the following:

(A) Substance of the Action: A brief description of the substance of claims and defenses which remain to be decided.

(B) Relief Prayed: A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of damages.

(C) Undisputed Facts: A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

(D) Disputed Factual Issues: A plain and concise statement of all disputed factual issues which remain to be decided.

(E) Agreed Statement: A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(F) Stipulations: A statement of stipulations requested or proposed for pretrial or trial purposes.

(G) Witness list: A list of all witnesses to be called for trial.  The parties shall submit a page, length detailed summary of the substance of the proposed testimony of each witness, which

shall also specify to which disputed fact the testimony relates and an estimate of the time required for direct and cross examination of each prospective witness.

(H) Exhibit list: A list of all exhibits to be offered at trial.  The exhibit list shall list each proposed exhibit by its number or alphabetical letter, description and sponsoring witness.  All documents shall be authenticated prior to trial.

(I) Estimated Time of Trial: An estimate of the number of hours needed for the presentation of each party's case.

(J) Settlement: A statement summarizing the status of the parties' settlement negotiations.

**<u>No party shall be permitted to offer any witness or exhibit in its ease in chief that is not disclosed in its witness or exhibit list without leave of the Court for good cause shown.</u>**

3.   Motions *in limine*: Counsel are directed to meet and confer to resolve any evidentiary disputes prior to filing motions in limine.  Any motions *in limine* shall be filed _____ (30 days prior to trial).  Any Opposition to motions *in limine* shall be filed _____ (21 days prior to trial).  These matters will be deemed submitted on the papers without oral argument, unless the Court orders otherwise.

4.   Trial Briefs: Counsel shall file trial briefs setting forth the applicable legal standard, pursuant to Ninth Circuit authority, all significant disputed issues of law, including foreseeable procedural and evidentiary issues by 7 days prior to trial.

5.   Joint Proposed Voir Dire (Jury Trial Only): Counsel should submit a **joint** set of requested voir dire to be posed by the Court by 7 days prior to trial.  Any voir dire questions on which counsel cannot agree shall be submitted separately by 7 days prior to trial.  Counsel will be allowed brief follow-up voir dire after the Court's questioning.

6.   Joint Proposed Jury Instructions (Jury Trial Only): Jury instructions § 1.01 through § 2.02 and § 3.01 through § 3.15 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (1998 Edition) will be given absent objection.  Counsel shall submit a joint set of additional proposed jury instructions by 7 days prior to trial.  The instructions shall be ordered in a logical sequence, together with a table of contents.  Any instruction on which counsel cannot agree shall be marked as "disputed," and shall be included within the jointly

submitted instructions and accompanying table of contents, in the place where the party proposing the instruction believes it should be given. Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on separate sheets directly following the disputed instruction. The Court prefers that all jury instructions conform to the Manual of Model Civil Jury Instructions for the Ninth Circuit.

If possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed jury instructions on a computer disk in WordPerfect format. The disk label shall include the name of the parties, the case number and be entitled "Proposed Jury Instructions."

At the close of Defendant's case in chief, the Court shall hear oral argument on the disputed jury instructions and will then render its rulings.

7. Proposed Verdict Forms, Joint or Separate (Jury Trial Only): Counsel shall submit any **joint** proposed verdict forms and shall submit their separate verdict forms by 7 days prior to trial. Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed verdict forms on a computer disk in WordPerfect. The disk label shall include the name of the parties, the case number and be entitled "Proposed Verdict Forms."

8. Proposed Findings of Fact and Conclusions of Law (Court Trial Only): Counsel shall submit **joint** proposed findings of facts by 7 days prior to trial. Counsel shall submit separately a copy of their disputed findings of fact and conclusions of law by 7 days prior to trial. Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed findings of fact on a computer disk in WordPerfect. The disk label shall include the name of the parties, the case number and be entitled "Joint Proposed Findings of Facts."

K. <u>Final Pretrial Conference:</u>

1. On _____ the Court shall hold a final pretrial conference to address any outstanding trial issues.

L. <u>Trial Date:</u>

1. The trial shall commence [with jury selection taking place] on _____. The trial shall last 5 days.

2. For any documents, including the deposition of a witness testifying at trial, which will be shown presented to a witness **but will not be admitted into evidence**, counsel shall bring the original plus three clean copies of the documents. The original document will be handed to the Court during testimony, and the clean copies of the document will be given to the witness during the examination and to opposing counsel.

3. Counsel shall maintain their own exhibits during trial. Exhibits are to be premarked with exhibit tags stapled to the upper lefthand corner. If a photo or chart is being used as an exhibit, the exhibit tag should be placed on the back side of the exhibit. **The Court will only admit premarked, exhibits which were listed on the earlier filed exhibit list.**

Plaintiff shall mark the exhibits numerically; Defendant shall mark the exhibits alphabetically. The exhibit markers shall each contain the name and number of the case, the number or alphabetical letter of the exhibit, and blank spaces to accommodate the date admitted and the Deputy Clerk's initials.

4. On the day of trial; counsel shall bring the original premarked exhibits, a copy of then premarked exhibits for opposing counsel and two binders which contain a copy of each side's premarked exhibits for the Court. **The premarked exhibit binders are to be designated with label dividers.** The premarked exhibit binders will be given to the Courtroom Deputy on the morning of the trial.

M. Jury Selection:

1. The Jury Commissioner will summon 20 to 25 prospective jurors. The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.

Voir dire will be asked of sufficient venire persons that eight (or more for a lengthy trial) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

The Court will then take cause challenges, and discuss hardship claims from the individual jurors, at side bar. The Court will inform the attorneys which hardship claims and cause challenges will be granted, but will not announce those dismissals until the process is

completed. Each attorney may then list in writing up to three peremptory challenges. The attorneys will review each other's lists and then submit them to the clerk.

      Then, from the list of jurors in numerical order, the Court will strike the persons with meritorious hardships, those excused for cause, and those challenged peremptorily. The Court will then call the first eight people in numerical sequence remaining. These people will be the jury. All jurors remaining at the close of the case will deliberate. There are no alternates.

N.   Sanctions:

Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16(f).

O.   Transcripts:

      Counsel who wants to receive a daily transcript shall contact Robert Stuart, Supervisor Court Reporting Services, at (415) 522-2079, at least ten days in advance of the trial date.

      If any video or tape recording equipment or demonstrative devices will be used, a signed order will need to be obtained at least ten days in advance of the trial date for the items to clear security.

DATED: November 2, 2007                REED SMITH LLP


By  /s/
    David S. Reidy
    Attorneys for Defendants
    AMIT CHOUDHURY
    and AMISIL HOLDINGS, LTD.


DATED: November 2, 2007                KASTNER | BANCHERO LLP


By  /s/
    E. Jeffrey Banchero, Esq.
    Attorneys for Plaintiff
    ELIZABETH GREWAL

**SO ORDERED:**

DATED: _____, 2007

_____
Hon. Charles R. Breyer
United States District Court Judge