E. JEFFREY BANCHERO (SBN 93077)
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000
Email: ejb@kastnerbanchero.com

Attorneys for Plaintiff
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>AMIT CHOUDHURY, an individual,<br><br>        Defendant. | CASE NO. C-07-4218 CRB<br><br>**FIRST AMENDED COMPLAINT FOR FRAUD AND DECEIT, RECOVERY ON A PROMISSORY NOTE, AND COMMON COUNTS**<br><br>JURY TRIAL DEMANDED<br><br>(Before Hon. Charles R. Breyer) |

Plaintiff alleges:

## BACKGROUND ALLEGATIONS

1.      Plaintiff Elizabeth Grewal is an individual who resides in the San Francisco Bay Area.  She was born in California and is a U.S. Citizen.

2.      Defendant Amit Choudhury ("Choudhury") is an individual with residences in Chicago, Illinois and San Francisco, California.

3.      Plaintiff met Choudhury in the early 1990s while the two of them were enrolled at the Kellogg School of Management (Northwestern University) in Chicago, Illinois.  After receiving his M.B.A. from the Kellogg School, Choudhury founded several companies, including Finexa, Inc.,

**First Amended Complaint**                                   CASE NO. C-07-4218 CRB

1   a company that developed application software for portfolio-management reporting, and Pinnacle

2   Partners Capital, L.P., a "hedge fund."  Both companies operated in San Francisco.

3        4.      In the late 1990s, Choudhury learned that plaintiff had inherited a substantial amount

4   of stocks and bonds from her mother when plaintiff's mother died.  Choudhury provided advice to

5   plaintiff on which securities to hold and which to sell and, in June 2000, Choudhury hired plaintiff

6   to work at Finexa, Inc.  Choudhury developed this employment relationship and a close friendship

7   with plaintiff and used these relationships to convince plaintiff to lend him a large sum of money, as

8   further described, below.  Plaintiff is informed and believes, and on that basis alleges, that

9   Choudhury approached other friends and persons with whom he did business with requests that they

10  lend him money.

11       5.      On or about December 13, 2000, plaintiff caused $880,000.00 to be wired from her

12  brokerage account to a bank account in the name of, or controlled by, Choudhury.

13       6.      On or about January 2, 2001, Choudhury executed a "Term Promissory Note" in

14  which he promised to pay plaintiff "the sum of $1,000,000 USD (One Million US Dollars)."  The

15  promissory note provides for interest at an annual rate of 4%, and that such interest "shall be

16  calculated and payable upon maturity of this Note upon expiration of the term, which is deemed to

17  be Five years" – i.e., January 2, 2006.  The promissory note provides that it was "[m]ade at San

18  Francisco, California, this 2nd day of January, 2001."  Choudhury was a resident of San Francisco

19  when he executed the promissory note.  Performance under the terms of the promissory note was to

20  take place in San Francisco.  A true copy of the promissory note is attached hereto as Exhibit A and

21  incorporated herein by this reference.

22       7.      Although Choudhury has promised plaintiff on several occasions – most recently in

23  May, 2007 – that he would repay plaintiff the money that she lent to him, he has not done so.  To the

24  contrary, plaintiff is informed and believes, and on that basis alleges, that he is winding down his

25  companies in San Francisco.  For example, Finexa, Inc. and Pinnacle Partners Capital, L.P. –

26  Choudhury's "hedge fund" – are no longer active companies in good standing.  Choudhury is a

27  Canadian citizen of Indian descent with family ties in Canada and India.  On many occasions,

28  Choudhury has boasted to plaintiff that he holds assets "offshore" and can easily move assets

2

1    offshore.  In 2006, Choudhury was married to a woman who resides in Chicago, Illinois.

2    Choudhury should be considered a flight risk from California and the United States.

3        8.    Choudhury promised to repay plaintiff the money that she loaned him, orally and in

4    writing, but at the time he made these promises, he had no intention of keeping them.  The promises

5    were false when made.  Plaintiff has demanded that Choudhury repay the money that she lent to him

6    and otherwise that he perform under the terms of the promissory note.  Choudhury has refused to

7    repay the money or otherwise perform under the terms of the promissory note.

8

9                    **FIRST CAUSE OF ACTION**

10                 (Fraud and Deceit – Promise Without Intent to Perform)

11        9.    Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if

12    set forth at length herein.

13        10.    On September 1, 2000, plaintiff and her husband, Hardev Grewal, had dinner with

14    Choudhury at the Millennium restaurant, which was located on McAllister Street in San Francisco,

15    California.  At this dinner, Choudhury stated that if plaintiff loaned him money, he would repay the

16    money to her with interest that would "come back to her tax free."  Choudhury stated to plaintiff that

17    he was residing in the United States on the authority of an "investor visa" and that, because he was

18    not a citizen of the United States, he would place the money plaintiff loaned to him "offshore."

19    Because the money was "outside the country," Choudhury explained, he would repay whatever

20    principal plaintiff loaned to him and "gift" her the interest directly from a non-U.S. citizen, which

21    would mean plaintiff would receive the money "tax free."  This idea, or scheme, of transferring

22    money from the United States to an offshore entity and returning it to a lender "tax free" was an idea

23    that Choudhury discussed with Finexa, Inc.'s CFO.  At this September 1, 2000, dinner with plaintiff

24    at Millennium restaurant, Choudhury stated he could "guarantee" plaintiff "4% interest," but that it

25    "could be more."

26        11.    In reliance on these promises by Choudhury, during the period from September to

27    early December 2000, plaintiff sold certain of the securities that she had inherited from her mother

28    to raise cash for the loan to Choudhury.  In reliance on these promises by Choudhury, on or about

**First Amended Complaint**                                    CASE NO. C-07-4218 CRB

December 13, 2000, plaintiff caused $880,000 to be transferred by wire from her Charles Schwab & Co., Inc. account to a bank account in Choudhury's name or controlled by Choudhury.  This transfer of money was expressly made in reliance on Choudhury's promises (as set forth in ¶10, above,) that he would repay the money to plaintiff, with interest.

12.     At the time Choudhury made the promises to plaintiff set forth in paragraph 10, above, he had no intention of performing them.  Specifically, when Choudhury spoke to plaintiff on September 1, 2000, he had no intention of repaying money plaintiff would lend to him; no intention of paying plaintiff interest on the money; and no intention of setting up an account or other loan vehicle that would allow plaintiff to earn interest "tax free."

13.     In furtherance of a scheme to defraud plaintiff, Choudhury executed a promissory note to plaintiff on or about January 2, 2001, and presented the note (¶6, above) to plaintiff.  At the time Choudhury executed the promissory note and presented it to plaintiff, he had no intention of paying plaintiff the amount stated in the promissory note.

14.     Choudhury's promises without any intention of performance were made in bad faith and with the intent to defraud and induce plaintiff to rely upon them.  Choudhury's promises induced plaintiff to loan him $880,000.  At the time plaintiff made the loan, plaintiff was unaware of Choudhury's intention not to perform on the promises.

15.     Plaintiff's reliance on defendant's promises was justifiable.  As a result, plaintiff has suffered damages in the amount of $880,000 plus interest thereon according to proof.

16.     In doing the acts alleged herein, Choudhury acted in conscious and intentional disregard for plaintiff's rights and acted with oppression, fraud, and malice so as to entitle plaintiff to recover punitive and exemplary damages against Choudhury in an amount deemed by the trier of fact to be sufficient to punish, deter, and make an example of Choudhury.

## SECOND CAUSE OF ACTION

(Promissory Note)

17.     Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if set forth at length herein.

**First Amended Complaint**                                                                 CASE NO. C-07-4218 CRB

18.    Choudhury failed to pay the principal and interest due under the promissory note attached hereto as Exhibit A at its maturity, and has failed and refused to pay any portion of this indebtedness since that time.  By the terms of the promissory note, there is now due, owing, and unpaid from Choudhury to plaintiff the sum of one million dollars ($1,000,000), together with interest on the unpaid principal balance according to proof from January 2, 2001, until paid.

### THIRD CAUSE OF ACTION

(Common Count – Money Had and Received for Money Lent)

19.    Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if set forth at length herein.

20.    Defendant became indebted to plaintiff within the last two years for money lent by plaintiff to defendants at defendant's request.  The amount lent was $880,000.

21.    No part of the above sum has been paid although demand has been made therefore, and there is now due, owing, and unpaid from defendant the amount of $880,000 plus interest thereon at the legal rate.

### FOURTH CAUSE OF ACTION

(Common Count – Money Had and Received
by Defendant for the Use and Benefit of Plaintiff)

22.    Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if set forth at length herein.

23.    Defendant became indebted to plaintiff within the last two years for money had and received by defendant for the use and benefit of plaintiff.  The amount of indebtedness is $880,000.00.

24.    No part of the above sum has been paid although demand has been made therefore, and there is now due, owing, and unpaid from defendants the amount of $880,000 plus interest thereon at the legal rate.

**First Amended Complaint**                                                                 CASE NO. C-07-4218 CRB

**FIFTH CAUSE OF ACTION**

(Common Count – Account Stated)

25.     Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if set forth at length herein.

26.     Within the last four years, an account was stated in writing and orally by and between plaintiff and defendant and on such statement a balance of $880,000 was found due to plaintiff from defendant.  Defendant agreed to pay plaintiff this balance.

27.     No part of the above sum has been paid although demand has been made therefore, and there is now due, owing, and unpaid from defendant the amount of $880,000 plus interest thereon at the legal rate.

**SIXTH CAUSE OF ACTION**

(Common Count – Open Book Account)

28.     Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if set forth at length herein.

29.     Within the last four years, defendant became indebted to plaintiff on an open book account for money due in the sum of $880,000 for money plaintiff lent to defendant, which defendant agreed to repay.

30.     No part of the above sum has been paid although demand has been made therefore, and there is now due, owing, and unpaid from defendant the amount of $880,000 plus interest thereon at the legal rate.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Elizabeth Grewal prays for judgment against defendants as follows:

a.     For compensatory and general damages according to proof;

b.     For punitive and exemplary damages according to proof;

**First Amended Complaint**                                          CASE NO. C-07-4218 CRB

1    c.    For the costs of suit herein; and

2    d.    For such other and further relief as the Court may deem just and proper.

3

4  Dated:  November 9, 2007            KASTNER | BANCHERO LLP

5

6                                      By: _____/s/_____
7                                          E. Jeffrey Banchero

8                                          Attorneys for Plaintiff
9                                          Elizabeth Grewal

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**First Amended Complaint**                                      CASE NO. C-07-4218 CRB