Harvey L. Leiderman (SBN 55838)
David S. Reidy (SBN 225904)
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:  (415) 543-8700
Facsimile:   (415) 391-8269

Attorneys for Defendant
AMIT CHOUDHURY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>AMIT CHOUDHURY, an individual,<br><br>    Defendant. | Case No.: C-07-4218 CRB<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Hon. Charles R. Breyer |

## ANSWER

Defendant Amit Choudhury ("Choudhury") hereby answers the allegations of the First Amended Complaint ("Complaint") filed in this action by Plaintiff Elizabeth Grewal ("Plaintiff"). Unless expressly admitted herein, Choudhury lacks sufficient information to admit or deny the allegations of the Complaint and on that basis denies the allegations.

### BACKGROUND ALLEGATIONS

1.  Answering Paragraph 1 of the Complaint, Choudhury lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies the allegations.

2.  Answering Paragraph 2 of the Complaint, Choudhury admits that he resides in Chicago, Illinois. Except as expressly admitted herein, Choudhury denies the allegations of Paragraph 2.

3.  Answering Paragraph 3 of the Complaint, Choudhury denies that Finexa, Inc. ("Finexa") was a company that sold application software for portfolio management reporting, but rather admits that Finexa sold software for financial planning. Choudhury further denies that he was the founder of Pinnacle Partners Capital, L.P. ("Pinnacle"), but admits that he was *one* of the initial investors and owners. Except as otherwise expressly clarified or denied herein, Choudhury admits the remaining allegations of Paragraph 3.

4.  Answering Paragraph 4 of the Complaint, Choudhury admits that he learned in the late 1990s from Plaintiff that she had received an inheritance from her deceased mother. Choudhury admits that Plaintiff discussed her inheritance with him, but denies that he told Plaintiff which securities to hold and which to sell. Choudhury admits that Plaintiff was hired to work at Finexa in or around June 2000. Except as expressly admitted herein, Choudhury denies the allegations of Paragraph 4.

5.  Answering Paragraph 5 of the Complaint, Choudhury lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies the allegations.

6.  Answering Paragraph 6 of the Complaint, Choudhury admits that, sometime before January 2, 2001, he signed a document entitled "Term Promissory Note" ("Note"). Choudhury admits that the document attached as Exhibit A to the Complaint appears to be a true and correct copy of the Note, and that the document speaks for itself. Choudhury admits that he had a residence in San Francisco when he signed the Note. Except as expressly admitted herein, Choudhury lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 6, and on that basis denies those allegations.

7.  Answering Paragraph 7 of the Complaint, Choudhury admits that Pinnacle Partners Capital, L.P., is no longer an active company in good standing. Choudhury admits that he lives with his wife in Chicago, Illinois, that he is a Canadian citizen and that he has family connections in

India, among other countries. Except as expressly admitted herein, Choudhury denies the allegations of Paragraph 7.

8. Answering Paragraph 8 of the Complaint, Choudhury admits that Plaintiff has demanded payment of certain amounts of money from him. Except as expressly admitted herein, Choudhury denies the allegations of Paragraph 8.

### FIRST "CAUSE OF ACTION"

9. Answering Paragraph 9 of the Complaint, Choudhury repeats and realleges each of his answers to Paragraphs 1 through 8, above, as though the same were set forth in full herein.

10. Answering Paragraph 10 of the Complaint, Choudhury denies the allegations contained therein.

11. Answering Paragraph 11 of the Complaint, Choudhury lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies the allegations.

12. Answering Paragraph 12 of the Complaint, Choudhury denies the allegations contained therein.

13. Answering Paragraph 13 of the Complaint, Choudhury denies the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, Choudhury denies the allegations contained therein.

15. Answering Paragraph 15 of the Complaint, Choudhury denies the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, Choudhury denies the allegations contained therein.

### SECOND "CAUSE OF ACTION"

17. Answering Paragraph 17 of the Complaint, Choudhury repeats and realleges each of his answers to Paragraphs 1 through 8, above, as though the same were set forth in full herein.

18. Answering Paragraph 18 of the Complaint, Choudhury denies the allegations contained therein.

### THIRD "CAUSE OF ACTION"

1    19.   Answering Paragraph 19 of the Complaint, Choudhury repeats and realleges each of
2  his answers to Paragraphs 1 through 8, above, as though the same were set forth in full herein.
3    20.   Answering Paragraph 20 of the Complaint, Choudhury denies the allegations
4  contained therein.
5    21.   Answering Paragraph 21 of the Complaint, Choudhury denies the allegations
6  contained therein.

### FOURTH "CAUSE OF ACTION"

8    22.   Answering Paragraph 22 of the Complaint, Choudhury repeats and realleges each of
9  his answers to Paragraphs 1 through 8, above, as though the same were set forth in full herein.
10    23.   Answering Paragraph 23 of the Complaint, Choudhury denies the allegations
11  contained therein.
12    24.   Answering Paragraph 24 of the Complaint, Choudhury denies the allegations
13  contained therein.

### FIFTH "CAUSE OF ACTION"

15    25.   Answering Paragraph 25 of the Complaint, Choudhury repeats and realleges each of
16  his answers to Paragraphs 1 through 8, above, as though the same were set forth in full herein.
17    26.   Answering Paragraph 26 of the Complaint, Choudhury denies the allegations
18  contained therein.
19    27.   Answering Paragraph 27 the Complaint, Choudhury denies the allegations contained
20  therein.

### SIXTH "CAUSE OF ACTION"

22    28.   Answering Paragraph 28 of the Complaint, Choudhury repeats and realleges each of
23  his answers to Paragraphs 1 through 8, above, as though the same were set forth in full herein.
24    29.   Answering Paragraph 29 of the Complaint, Choudhury denies the allegations
25  contained therein.
26    30.   Answering Paragraph 30 of the Complaint, Choudhury denies the allegations
27  contained therein.
28  ///

## AFFIRMATIVE DEFENSES TO EACH "CAUSE OF ACTION"

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

31.  Choudhury states as an affirmative defense that Plaintiff's Complaint, and each separately stated cause of action contained therein, fails to state facts sufficient to constitute any cognizable claim against Choudhury.

### SECOND AFFIRMATIVE DEFENSE

### (Uncertainty)

32.  Choudhury states as an affirmative defense that Plaintiff's claims are fatally uncertain, ambiguous and unintelligible.

### THIRD AFFIRMATIVE DEFENSE

### (Performance)

33.  Choudhury states as an affirmative defense that his obligations, if any, to Plaintiff have been fully performed.

### FOURTH AFFIRMATIVE DEFENSE

### (Lack of Consideration)

34.  Choudhury states as an affirmative defense that his obligations, if any, to Plaintiff were excused due to a failure of consideration.

### FIFTH AFFIRMATIVE DEFENSE

### (Offset)

35.  Choudhury states as an affirmative defense that he is entitled to offsets in an amount to be ascertained upon proof at time of trial, but which might diminish or defeat Plaintiff's claims against Choudhury.

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

36.  Choudhury states as an affirmative defense that Plaintiff's claims are barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

37. Choudhury states as an affirmative defense that Plaintiff's claims are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

38. Choudhury states as an affirmative defense that Plaintiff's claims are barred by applicable statutes of limitations..

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

39. Choudhury states as an affirmative defense that Plaintiff's claims are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

40. Choudhury states as an affirmative defense that Plaintiff's claims are barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

41. Choudhury states as an affirmative defense that Plaintiff failed to mitigate her damages, if any, and that her claims are thereby barred or diminished in an amount to be ascertained upon proof at time of trial.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

42. Choudhury states as an affirmative defense that Plaintiff would be unjustly enriched if allowed to recover on her Complaint.

///

///

///

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent)

43. Choudhury states as an affirmative defense that Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint, including Choudhury's alleged non-payment of amounts that Plaintiff alleges are owed to her.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Excuse of Non-Performance)

44. Choudhury states as an affirmative defense that his duty to perform, if any, was excused as a result of Plaintiff's pre-existing breach or failure to perform her obligations to Choudhury.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure of Conditions Precedent)

45. Choudhury states as an affirmative defense that his duty to perform, if any, was excused due to the failure of conditions precedent to the alleged obligations.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Justification and Privilege)

46. Choudhury states as an affirmative defense that his alleged conduct was privileged and/or justified, whether as a result of Plaintiff's breach, or failure to perform conditions of her alleged agreement with Choudhury, or otherwise.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Fraudulent Inducement)

47. Choudhury states as an affirmative defense that his agreements with Plaintiff, if any, were procured by fraud and are therefore unenforceable against Choudhury.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

48. Choudhury states as an affirmative defense that Plaintiff's damages, if any, were caused and/or contributed to, in whole or in part, through the acts, conduct, omissions, activities,

carelessness, recklessness, negligence and/or intentional misconduct of Plaintiff herself, and not through any acts or conduct by Choudhury.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Contributory Fault)

49.   Choudhury states as an affirmative defense that Plaintiff's damages, if any, were caused and/or contributed to, in whole or in part, through the acts, conduct, omissions, activities, carelessness, recklessness, negligence and/or intentional misconduct of third parties, and not through any acts or conduct by Choudhury.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Lack of Actionable Misrepresentation)

50.   Choudhury states as an affirmative defense that Plaintiff's claims against him are barred by the lack of any actionable misrepresentation by Choudhury.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Actionable Concealment)

51.   Choudhury states as an affirmative defense that Plaintiff's claims against him are barred by the lack of any actionable concealment by Choudhury.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Lack of Justifiable Reliance)

52.   Choudhury states as an affirmative defense that Plaintiff's claims against him are barred because Plaintiff's reliance on any statements, representations or facts allegedly made or concealed by Choudhury, was not reasonable or justifiable under the circumstances.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Reservation of Rights)

53.   Choudhury states that he has insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, affirmative defenses available. Choudhury therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that such defenses are applicable.

1  **WHEREFORE**, Choudhury prays for judgment as follows:

2      1.    That Plaintiff take nothing by reason of her Complaint against him;

3      2.    For his costs of suit herein, including reasonable attorneys' fees; and

4      3.    For such other and further relief as this Court deems just and proper.

DATED: December 3, 2007

REED SMITH LLP

By_____
David S. Reidy
Attorneys for Defendant
AMIT CHOUDHURY