| | |
|---|---|
| 1 | Harvey L. Leiderman (SBN 55838) |
|   | David S. Reidy (SBN 225904) |
| 2 | REED SMITH LLP |
|   | Two Embarcadero Center, Suite 2000 |
| 3 | San Francisco, CA 94111-3922 |
| 4 | **Mailing Address:** |
|   | P.O. Box 7936 |
| 5 | San Francisco, CA 94120-7936 |
| 6 | Telephone:  (415) 543-8700 |
|   | Facsimile:  (415) 391-8269 |
| 7 | |
|   | Attorneys for Defendant/Counter-Claimant |
| 8 | AMIT CHOUDHURY |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ELIZABETH GREWAL, an individual, | | Case No.: C-07-4218 CRB |
| Plaintiff, | | **DEFENDANT AMIT CHOUDHURY'S COUNTER-CLAIM FOR PROMISSORY FRAUD AGAINST ELIZABETH GREWAL** |
| vs. | | |
| AMIT CHOUDHURY, an individual, | | |
| Defendant. | | Hon. Charles R. Breyer |
| AMIT CHOUDHURY, an individual, | | |
| Counter-Claimant, | | |
| vs. | | |
| ELIZABETH GREWAL, an individual, | | |
| Counter-Defendant. | | |

Pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, Defendant and Counter-Claimant Amit Choudhury ("Choudhury") hereby complains against Plaintiff and Counter-Defendant Elizabeth Grewal ("Grewal") as follows:

– 1 –

COUNTER-CLAIM

## PARTIES

1. Choudhury is an individual residing in Chicago, Illinois.

2. Choudhury is informed and believes that Grewal is an individual residing in Menlo Park, California.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) because defendant Grewal resides in this district and is subject to personal jurisdiction here, and a substantial part of the events giving rise to the claims herein occurred in this district.

## BACKGROUND ALLEGATIONS

5. Choudhury and Grewal met while both of them were enrolled in graduate school at the Kellogg School of Management at Northwestern University in Chicago, Illinois. Choudhury received his M.B.A. from Northwestern in 1994. In 2000, Choudhury founded Finexa, Inc. ("Finexa"), a company set up to sell financial planning software, in San Francisco, California. Choudhury was also one of the initial investors and owners of Pinnacle Partners Capital, L.P. ("PPC"), a hedge fund.

6. Between 1994 and 2000, Choudhury and Grewal kept in contact. During this time period, Grewal routinely asked Choudhury for informal advice on financial planning and personal matters, including her decision to marry Hardev Grewal, who, like Choudhury, is of Indian descent. In or around 1999, Grewal informed Choudhury that her mother had passed away, leaving her with an inheritance consisting of securities and other funds. Grewal asked Choudhury for advice on how to invest the money. Choudhury shared his views with Grewal on ways she might decide on different types of investments. Choudhury neither sought nor received any compensation for this, or any other views he shared with Grewal.

7. In January 2000, Grewal sought and became a limited partner in PPC, by making an initial capital contribution of $100,000. In or around June - July, 2000, Finexa hired Grewal as

1  Director of Marketing. In or around September 2000, Grewal also invested $50,000 in FXI
2  Investments, LLC, a company whose sole purpose was to invest in Finexa.
3      8.    In or around November 2000, at a time when the U.S. equities markets were booming
4  and investors were seeking (and receiving) outsize returns, Grewal approached Choudhury and
5  asked if he would assist her in investing part of her inheritance. Choudhury agreed. In or around
6  early December 2000, Grewal specifically told Choudhury that she wanted to give him $1,000,000
7  to invest as he saw fit. Choudhury agreed to accept the funds but made no guarantee as to the
8  prospective returns or success of the proposed investment at that time.
9      9.    On or about December 13, 2000, Choudhury received the sum of $880,000 from
10 Grewal, which was the first installment of the total $1,000,000 that Grewal wanted Choudhury to
11 invest for her.
12     10.   In or around the second half of December 2000, Grewal asked Choudhury to sign a
13 promissory note promising to pay her $1,000,000, plus interest, at a future date. Choudhury agreed,
14 based on Grewal's commitment to provide the balance of the $1,000,000 investment capital.
15     11.   On or before January 2, 2001, Choudhury prepared a document entitled "Term
16 Promissory Note" ("Note"), a true and correct copy of which appears to be attached as Exhibit A to
17 Grewal's First Amended Complaint on file in this action. The Note provides that Choudhury would
18 pay Grewal the sum of $1,000,000, plus annual interest at a rate of 4%, "for value received." The
19 "value," or consideration for the Note refers to the $1,000,000 which Grewal agreed to transfer to
20 Choudhury. The Note further states that the principal and interest would be payable upon maturity
21 of the Note in five years – on or after January 2, 2006.
22     12.   On or before January 2, 2001, Grewal asked Choudhury to sign the Note based on the
23 express representation that the $120,000 would be forthcoming, and Choudhury signed the Note in
24 reliance on that promise. Choudhury's reliance on Grewal's promise was justified and reasonable
25 considering that Grewal was Choudhury's friend and acquaintance; that she had previously furnished
26 $880,000 in investment capital; that she was an employee of Finexa; and that she was already an
27 investor in PPC and Finexa.
28

13. Choudhury is informed and believes, and based thereon alleges, that, unbeknownst to him at the time, Grewal did not have the additional $120,000 in investible funds and, further, that she did not intend to transfer the promised additional $120,000 in investment capital to Choudhury when she asked him to sign the Note.

14. Choudhury is informed and believes, and based thereon alleges, that Grewal deliberately misrepresented her intention to provide the additional $120,000 in order to induce Choudhury to sign the Note.

15. After signing the Note, Choudhury again asked Grewal to provide the remaining $120,000 in investment capital, but Grewal refused.

16. Six years later, on or about January 2, 2007, Choudhury received a letter from Grewal demanding payment of $1,000,000 plus interest pursuant to the Note. Then, in July 2007, Grewal initiated this lawsuit seeking repayment under the Note by filing a complaint in San Francisco Superior Court. The action was subsequently removed to this Court.

17. By inducing Choudhury to sign the Note and attempting to enforce the Note, Grewal has caused Choudhury to suffer damages, including without limitation the loss of his own capital, as well as attorneys fees and costs incurred in defending this action.

18. Choudhury is informed and believes, and based thereon alleges, that Grewal acted with malicious intent when she took advantage of Choudhury's trust and friendship in inducing him to sign the Note based on a false promise. Choudhury is therefore entitled to recover punitive and exemplary damages against Grewal in an amount sufficient to punish and deter Grewal for her fraudulent conduct.

## FIRST CLAIM FOR RELIEF

### (Promissory Fraud)

19. Choudhury repeats and realleges each of the allegations in Paragraphs 1 through 18, above, as though the same were set forth in full herein.

20. As alleged herein, Grewal promised Choudhury that she would provide a total of $1,000,000 in investment capital. After furnishing $880,000, Grewal promised that the additional $120,000 was forthcoming, and induced Choudhury to sign the Note based on that promise.

21. Grewal had neither the capability nor the intention of furnishing the additional investment capital, and made the representation with the specific, malicious intent of fraudulently inducing Choudhury to sign the Note.

22. Choudhury was not aware of the falsity of Grewal's promise to provide the additional $120,000, and reasonably and justifiably relied on that promise when he signed the Note. As a result, the Note was procured by fraud and is therefore void and unenforceable.

23. Choudhury has suffered damages according to proof resulting from Plaintiff's fraudulent procurement of the Note, including without limitation compensatory, general and exemplary damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Choudhury prays for judgment as follows:

1. For compensatory and general damages according to proof;
2. For punitive damages;
3. For costs of suit herein; and
4. For such other and further relief as this Court deems just and proper.

DATED: December 3, 2007

REED SMITH LLP

By _____
David S. Reidy
Attorneys for Defendant/Counter-Claimant
AMIT CHOUDHURY