E. JEFFREY BANCHERO (SBN 93077)
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000
Email: ejb@kastnerbanchero.com

Attorneys for Plaintiff
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>AMIT CHOUDHURY, an individual,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIM | CASE NO. C-07-4218 CRB<br><br>**PLAINTIFF'S ANSWER TO COUNTERCLAIM**<br><br>(Before Hon. Charles R. Breyer) |

**ANSWER**

Plaintiff, Elizabeth Grewal ("Grewal") hereby answers the allegations of Defendant Amit Choudhury's Counter-Claim for Promissory Fraud Against Elizabeth Grewal. Unless expressly admitted herein, the allegations of the counterclaim are denied.

1. Answering paragraph 1 of the complaint, Grewal lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies the allegations.

2. Answering paragraph 2 of the complaint, Grewal admits the allegations of paragraph 2.

1    3.   Answering paragraphs 3 of the complaint, Grewal admits that she is a resident of the State of California. Except as expressly admitted herein, Grewal denies the allegations of paragraph 3.

4.   Answering paragraph 4 of the complaint, Grewal admits that she resides in this judicial district and is subject to personal jurisdiction here. Except as expressly admitted herein, Grewal denies the allegations of paragraph 4.

5.   Answering paragraph 5 of the complaint, Grewal admits that she met Amit Choudhury ("Choudhury") while both of them were enrolled in graduate school at the Kellogg School of Management at Northwestern University in Chicago, Illinois, and that Choudhury attended Northwestern in 1994. Grewal lacks sufficient information to admit or deny the remaining allegations of paragraph 5, and on that basis denies the allegations.

6.   Answering paragraph 6 of the complaint, Grewal admits that she was, at times, "in contact" with Choudhury in the second half of the 1990s; that she would, at times, discuss personal matters with Choudhury; and that Choudhury is of Indian descent. Grewal also admits that she informed Choudhury of her mother's death and that he offered her advice about the inheritance she received from her mother, which included stocks and bonds. Grewal admits that Choudhury did not seek or receive any compensation for views he shared with Grewal. Except as expressly admitted herein, Grewal denies the allegations of paragraph 6.

7.   Answering paragraph 7 of the complaint, Grewal admits that she purchased a limited partnership interest in Pinnacle Partners Capital, L.P. in the amount of $100,000. Grewal admits that she was hired by Finexa in June or July, 2000, and that her title was Director of Marketing. Grewal also admits that she invested $50,000 in the company she was working for, which she believed was Finexa. Except as expressly admitted herein, Grewal denies the allegations of paragraph 7.

8.   Answering paragraph 8 of the complaint, Grewal denies the allegations of paragraph 8.

1       9.      Answering paragraph 9 of the complaint, Grewal admits that Choudhury received $880,000 from Grewal on December 13, 2000.  Except as expressly admitted herein, Grewal denies the allegations of paragraph 9.

        10.     Answering paragraph 10 of the complaint, Grewal admits that she asked Choudhury to sign a promissory note.  Except as expressly admitted herein, Grewal denies the allegations of paragraph 10.

        11.     Answering paragraph 11 of the complaint, Grewal admits that Choudhury prepared the "Term Promissory Note," a copy of which is attached as Exhibit A to Grewal's First Amended Complaint.  Grewal admits that the note provides that Chouldhury would pay Grewal $1,000,000 plus interest at a rate of 4% per annum "for value received," and that the principal and interest would be payable upon maturity of the note "upon expiration of the term, which is deemed to be Five years."  Grewal also admits that the note provides that it was "[m]ade" on January 2, 2001.  Except as expressly admitted herein, Grewal denies the allegations of paragraph 11.

        12.     Answering paragraph 12 of the complaint, Grewal denies the allegations of paragraph 12.

        13.     Answering paragraph 13 of the complaint, Grewal admits that she did not promise to transfer an additional $120,000 to Choudhury in December, 2000 or at any time.  Except as expressly admitted herein, Grewal denies the allegations of paragraph 13.

        14.     Answering paragraph 14 of the complaint, Grewal denies the allegations of paragraph 14.

        15.     Answering paragraph 15 of the complaint, Grewal denies the allegations of paragraph 15.

        16.     Answering paragraph 16 of the complaint, Grewal admits the allegations of paragraph 16.

        17.     Answering paragraph 17 of the complaint, Grewal denies the allegations of paragraph 17.

        18.     Answering paragraph 18 of the complaint, Grewal denies the allegations of paragraph 18.

19. Answering paragraph 19 of the complaint, Grewal repeats and realleges each of her answers to paragraphs 1 through 18, above, as if set forth in full herein.

20. Answering paragraph 20 of the complaint, Grewal denies the allegations of paragraph 20.

21. Answering paragraph 21 of the complaint, Grewal denies the allegations of paragraph 21.

22. Answering paragraph 22 of the complaint, Grewal denies the allegations of paragraph 22.

23. Answering paragraph 23 of the complaint, Grewal denies the allegations of paragraph 23.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

24. The counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

25. Relief on the counterclaim, including the purported claim for promissory fraud, is barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (Failure of Consideration)

25. Grewal's obligations to Choudhury, if any, were excused because of a failure of consideration.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

26. Relief on the counterclaim, including the purported claim for promissory fraud, is barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**
**(Statute of Frauds)**

27. Relief on the counterclaim, including the purported claim for promissory fraud, is barred by the statute of frauds.

**SIXTH AFFIRMATIVE DEFENSE**
**(Waiver)**

28. Relief on the counterclaim, including the purported claim for promissory fraud, is barred by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

29. Relief on the counterclaim, including the purported claim for promissory fraud, is barred by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Unjust Enrichment)**

30. Choudhury would be unjustly enriched if allowed to recover on the counterclaim.

**NINTH AFFIRMATIVE DEFENSE**
**(Lack of Justifiable Reliance)**

31. Relief on the counterclaim, including the purported claim for promissory fraud, is barred because Choudhury's alleged reliance on statements or other representations allegedly made by Grewal was not reasonable or justifiable.

\\\

1     **WHEREFORE**, plaintiff Elizabeth Grewal prays for judgment on the counterclaim as follows:

    a.    That Choudhury take nothing by reason of the counterclaim;

    b.    For her costs of suit herein; and

    c.    For such other and further relief as this Court deems just and proper.

Dated: December 21, 2007        KASTNER | BANCHERO LLP

                                    By:     /s/
                                          E. Jeffrey Banchero
                                          Attorneys for Plaintiff
                                          Elizabeth Grewal