| | |
|---|---|
| 1 | Harvey L. Leiderman (SBN 55838) |
| | HLeiderman@ReedSmith.com |
| 2 | David S. Reidy (SBN 225904) |
| | DReidy@ReedSmith.com |
| 3 | REED SMITH LLP |
| | Two Embarcadero Center, Suite 2000 |
| 4 | San Francisco, CA 94111-3922 |

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   (415) 543-8700
Facsimile:    (415) 391-8269

Attorneys for Defendant
AMIT CHOUDHURY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMIT CHOUDHURY, an individual,<br><br>Defendant. | Case No.: C-07-4218 CRB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON PROMISSORY NOTE AND COMMON COUNT FOR MONEY LENT**<br><br>Date:  May 23, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 8, 19th Floor |
| AMIT CHOUDHURY, an individual,<br><br>Counter-Claimant,<br><br>vs.<br><br>ELIZABETH GREWAL, an individual,<br><br>Counter-Defendant. | Compl. Filed:  July 19, 2007<br>Trial Date:  August 18, 2008<br><br>*Honorable Charles R. Breyer* |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## TABLE OF CONTENTS

|     |     |                                                                    | Page |
|-----|-----|--------------------------------------------------------------------|------|
| I.  |     | INTRODUCTION                                                       | 1    |
| II. |     | STATEMENT OF MATERIAL FACTS                                        | 2    |
| III.|     | ARGUMENT                                                           | 6    |
|     | A.  | The Promissory Note Is Unenforceable                               | 6    |
|     | B.  | The Parties Dispute Whether the $880,000 Was "Money Lent"          | 9    |
|     | C.  | Plaintiff's Attempted Interest Calculation is Fatally Flawed       | 10   |
| IV. |     | CONCLUSION                                                         | 11   |

# TABLE OF AUTHORITIES

**CASES**

*California v. Green,*
    399 U.S. 149 (1970).................................................................................................8

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986).................................................................................................10

*Donovan v. BRL Corporation,*
    26 Cal. 4th 261 (2001)............................................................................................6, 7

*Elsinore Union v. Kastorff,*
    54 Cal. 2d 380 (1960)...............................................................................................7

*Gribble v. Mauerhan,*
    188 Cal. App. 2d 221 (1961)....................................................................................8

*Lockwood v. Wolf Corp.,*
    629 F.2d 603 (9th Cir. 1980)....................................................................................8

*McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
    33 Cal. 3d 816 (1983).............................................................................................10

*Zuckerman v. Pacific Savings Bank,*
    187 Cal. App. 3d 1394 (1986)...............................................................................6, 7

**STATUTES**

Cal. Civ. Code §1550..........................................................................................................6, 8

Cal. Civ. Code §1565..........................................................................................................6, 8

Cal. Civ. Code §1567(5).................................................................................................6, 8-9

Cal. Civ. Code §1568..........................................................................................................6, 9

Cal. Civ. Code §1577..........................................................................................................6, 9

Cal. Civ. Code §1916.12-2...............................................................................................10, 11

**RULES**

Fed. R. Evid. 201(b)(2).........................................................................................................8

Fed. R. Evid. 801(d)(2).........................................................................................................8

Defendant Amit Choudhury ("Defendant") submits this memorandum of points and authorities in opposition to Plaintiff's Motion for Summary Judgment on Promissory Note and Common Count for Money Lent ("Plaintiff's Motion").

## I. INTRODUCTION

Defendant has argued from the start of this case that the central and, indeed, *only* dispute at issue involves the nature of a December 2000 transfer of $880,000 from Plaintiff to Defendant. That the money was transferred is not, and has never been, in dispute. What *is* in dispute, is the question of whether the transfer was a loan or an investment.

Plaintiff seeks to enforce a promissory note for $1,000,000, even though she never provided Defendant with that amount. In fact, it is undisputed that Defendant prepared the Note under the mistaken belief that Plaintiff intended to transfer the full $1,000,000. Plaintiff even admitted under oath that the principal amount of what she claims to have lent Defendant was $880,000, not $1,000,000. She further admitted that the Note did not reflect her understanding of the parties' agreement when she signed it. Neither party believes the Note reflects any actual transaction that ever materialized. The Note lacks mutual consent as to the principal it recites and is unenforceable, and Plaintiff's Second "Cause of Action" to enforce the Note therefore fails as a matter of law.

In her Third "Cause of Action," Plaintiff alleges that the $880,000 was a loan, which Defendant failed to pay back. But Plaintiff's own testimony contradicts this characterization. Plaintiff testified that she transferred the money after receiving a "pitch" from Defendant concerning "offshore investments" with "tax-free" returns – concepts that suggest an investment. Indeed, Defendant denies asking Plaintiff for the money and disputes that it was ever intended to be a loan, though he at all times hoped to be able to return her initial investment. These fundamental factual disputes preclude summary judgment in Plaintiff's favor on her Third Cause of Action for Money Lent. This dispute should proceed to trial so that a jury can decide from the evidence whether the money was meant as an investment or a loan.

Plaintiff's Motion should be denied in its entirety.

## II. STATEMENT OF MATERIAL FACTS

While many material facts are undisputed in this case, many of the material facts critical to Plaintiff's motion are genuinely disputed and, for that reason, the Motion must be denied.

**The following facts are undisputed by the parties:**

1. Prior to December 2000, Plaintiff and Defendant discussed that Plaintiff would transfer $1,000,000 to Defendant. (Declaration of Amit Choudhury filed in support of Defendant's Motion for Summary Judgment, Doc. 34 ("Choudhury Decl."), at ¶3.)

2. On December 13, 2000, Plaintiff transferred to Defendant the sum of $880,000. Memorandum of Points and Authorities In Support of Plaintiff's Motion for Summary Judgment ("Pl. Mot.") at 3.

3. At the time he received the $880,000, Defendant expected to receive an additional $120,000 to make up the sum of $1,000,000, as had been discussed. (Choudhury Decl. at ¶6.) Plaintiff admits that the amount she discussed transferring to Defendant in September 2000 was $1,000,000. (Deposition of Elizabeth Grewal ("Grewal Depo.") at 186:6-19; 189:8-13.)[1]

4. Prior to the transfer, Defendant and Plaintiff did not agree to a fixed rate of return on the funds, but discussed the possibility that Plaintiff might receive "4 percent, possibly more." (Grewal Depo. at 192:10-11.) Plaintiff understood that the return, if any, would be determined by the results of Defendant's "legal off shore investing." (*Id.* at 199:11-14.) At the time the transfer occurred, Plaintiff understood that the "principal" was $880,000. (*Id.* at 226:2-7.)

5. Before the funds were transferred, Defendant prepared a document entitled "Term Promissory Note" ("Note"). (Choudhury Decl. at ¶4; Ex. A.) The Note recites that Defendant would pay Plaintiff the sum of $1,000,000, plus annual interest at a rate of 4%, "for value received," upon maturity of the Note in five years. (*Id.*; Pl. Mot. at 5.) Defendant believed that the "value" referred to in the Note was the full sum of $1,000,000, which he had not received when he prepared the Note. (Choudhury Decl. at ¶4.)

---

[1] Defendant has previously submitted Plaintiff's complete deposition transcript to the Court, pursuant to the Court's April 28, 2008 Order (Doc. 46). *See* Doc. 48. Defendant is informed that Defendant's complete deposition transcript has also been submitted. *See* Doc. 47.

OPPOSITION MEMORANDUM OF POINTS AND AUTHORITIES                    Case No. C-07-4218 CRB

6.      The Note was dated January 2, 2001, but was not signed by either Defendant or Plaintiff on that date; in fact, Defendant signed the Note in late December 2000, and Plaintiff signed the Note after January 2, 2001. (Choudhury Decl. at ¶¶5, 7.) Defendant dated the Note January 2, 2001, for convenience, because that was the first business day of the new year. (*Id.* ¶7.)

7.      Plaintiff received and signed the Note in mid-January, 2001. (Grewal Depo. at 223:10-18; 224:10-14.) At the time she transferred the $880,000 to Defendant, therefore, Plaintiff did not have the Note. (*Id.* at 224:15-18.) When she signed the Note, Plaintiff questioned Defendant as to why it recited $1,000,000, instead of $880,000, and was told that the Note had been prepared before Defendant received any money. (*Id.* at 229:9-230:17; 240:2-11.)

8.      Plaintiff believed that the obligation created by the Note was for a principal of $880,000 – not $1,000,000 – plus some amount of interest thereon. (*Id.* at 226:2-7.) In a subsequent Notice of Entry of Judgment dissolving Plaintiff's marriage to Hardev Grewal, filed with the San Mateo County Superior Court in Action No. 078582, Plaintiff listed the Note as an asset to be assigned to her as her separate property. (*See* Declaration of David S. Reidy filed in support of Defendant's Motion for Summary Judgment, Doc. 35 ("Reidy Decl."), ¶3, Ex. B, at 20008.) There, Plaintiff described the Note as follows: "Note due from Amit Choudhury, *with a balance of $880,000* due and payable in 2006." (*Id.* [emphasis added].) Plaintiff signed the dissolution notice on November 11, 2005. (*Id.*) In personal notes prepared in the summer of 2007, before filing this lawsuit, Plaintiff also "tracked" what she believed to be the terms of the alleged loan. Plaintiff expressly recorded the principal owing as $880,000. (Grewal Depo. at 249:21-250:15; 251:16-252:13; Depo. at Ex. 55.)

9.      In a contemporaneous December 23, 2000, email to Plaintiff, Choudhury suggested a source of the remaining $120,000 he expected to receive from Plaintiff to complete her $1,000,000 transfer, as recited in the Note. (*See* Doc. No. AC039-040, produced by Defendant in this Action, Supplemental Declaration of Amit Choudhury ("Supp. Choudhury Decl."), ¶3, Ex. A.) Defendant suggested that Plaintiff use $120,000 from her investment in a fund managed by Defendant to make up the balance of the $1,000,000 she had agreed to transfer to Defendant. (*Id.*)

- 3 -

**Plaintiff relies on the following "facts" which are actually *disputed* by the parties:**

1. Plaintiff argues that "Choudhury did not express the slightest disagreement about the note during the five years before the note came due or, indeed, at any time prior to this lawsuit." Pl. Mot. at 1. Plaintiff also claims that although Defendant expected an additional $120,000, "there is no writing to this effect." *Id.* at 2. These statements are incorrect, and disputed.

- Defendant was directly expressing his expectation of receiving the full principal stated in the Note in his December 23, 2000 email, when he suggested a way for Plaintiff to obtain the additional $120,000. (*See* Supp. Choudhury Decl. ¶3, Ex. A.) The email is contemporaneous, written evidence of Defendant's expectation that he would receive the full sum of $1,000,000.
- Plaintiff admits that the amount she discussed transferring to Defendant in September 2000 was $1,000,000. (Grewal Depo. at 186:6-19; 189:8-13.)
- Neither Plaintiff nor Defendant believed the Note was enforceable as to the $1,000,000 principal. Plaintiff herself questioned why the note stated $1,000,000 instead of $880,000 (Grewal Depo. at 229:9-230:17), and treated the Note as memorializing an $880,000 obligation both in her court-filed divorce settlement (Reidy Decl. ¶3, Ex. B, at 20008), as well as in her handwritten notes prepared before she filed this litigation (Grewal Depo. at Ex. 55).

2. Plaintiff claims that "for over seven years [Choudhury] and Grewal treated the promissory note *and nothing else* as the terms of their agreement." Pl. Mot. at 1 (emphasis added). Plaintiff's own admissions contradict this assertion.

- As set forth above, Plaintiff repeatedly acknowledged that the $1,000,000 stated in the Note was not what she believed to be the amount due. Plaintiff listed the Note in her court-filed divorce papers as having "a balance of $880,000 due and payable in 2006." (Reidy Decl. ¶3, Ex. B, at 20008.)
- In her personal notes prepared in the summer of 2007, Plaintiff again recorded the principal of the Note as $880,000. (Grewal Depo. at Ex. 55.)

3. Plaintiff states that "Choudhury's note promises 4% interest and an additional $120,000 over five years." (Pl. Mot. at 1.) The Note says nothing of the kind. (*See* Note, Pl. Mot. at 5.)

4. Plaintiff states that Defendant was "not mistaken as to the object of the [Note]." The evidence clearly shows, however, that when Defendant prepared the Note, he intended it to memorialize a transaction that never materialized.

- Defendant believed that the "value" referred to in the Note was the full sum of $1,000,000, which he had not received when he prepared the Note. (Choudhury Decl. at ¶4.)
- Defendant's December 23, 2000, email also confirms his expectation that he would receive an additional $120,000. (Supp. Choudhury Decl. ¶3, Ex. A.)

5. Plaintiff claims that on "March 30, 2001, Choudhury authorized Golden Gate Bank to use his $1 million certificate of deposit, which the bank was holding as collateral, to pay off Finexa's loan." (Pl. Mot. at 4.) But the deposition testimony offered in support of this "fact" *directly contradicts Plaintiff's assertion.*

- When asked in his deposition about the March 30, 2001 letter, purportedly authorizing Golden Gate Bank to use the collateral to pay off the Finexa loan, Defendant testified that he had not prepared the letter and did not sign it:

  Q. Did you send this facsimile and letter to Mr. Plotner on March 30, 2001?

  **A. I did not.**

  Q. Do you recognize the handwriting on the first page of Exhibit 4?

  **A. Yes.**

  Q. Whose handwriting is that?

  **A. It belongs to Ana Ramirez.**

  […]

  Q. Did you write this letter –

  **A. No.**

  Q. -- that is attached as the second page of Exhibit 4?

1     A. No.

2     Q. Who wrote it?

3     A. **I don't know.**

4     Q. Did you read this letter before you signed it?

5     A. **I didn't sign it. That's an electronic signature.**

(Choudhury Depo. at 40:13-41:9.) In view of this testimony, Plaintiff cannot defy the evidence and simply declare that Defendant authorized the collateral to be used. The evidence is clearly to the contrary.

In sum, the question of whether the $880,000 was an investment or a loan remains very much disputed. What is *not* disputed is that even if Plaintiff believed the money was a loan, even she did not believe the principal was $1,000,000, because that was neither agreed to nor given. As such, the Note does not reflect the parties' intentions.

### III. ARGUMENT

#### A. The Promissory Note Is Unenforceable

As set forth in Defendant's pending motion for summary judgment, the Promissory Note fails for lack of mutual consent as to the stated principal of $1,000,000.

Fundamentally, all contracts require mutual consent, or a "meeting of the minds" as to the object of the contract. Civ. Code §§ 1550, 1565; *Zuckerman v. Pacific Savings Bank*, 187 Cal. App. 3d 1394, 1405 (1986). A lack of mutual consent provides a basis for summary adjudication of a claim upon the contract. *See e.g., id.*; *Donovan v. BRL Corporation*, 26 Cal. 4th 261, 270-271 (2001). Consent to a contract is not real or free when obtained through mistake, where the consent would not have been given had the mistake not existed. *See* Civ. Code §§1567(5), 1568; *Donovan*, 26 Cal. 4th at 278. Mistake of fact is defined as follows:

> Mistake of fact is a mistake ... consisting in: 1. An *unconscious ignorance or forgetfulness of a fact past or present, material to the contract*; or, 2. Belief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed.

Civ. Code §1577 (emphasis added).

Thus, the unconscious ignorance of a fact material to the contract precludes a finding of mutual consent, and it is well-settled that a mistake as to the price or amount at issue in a contract satisfies this requirement. *See, e.g., Elsinore Union v. Kastorff*, 54 Cal. 2d 380 (1960) (contractor's bid rescinded on grounds that bid erroneously stated an inaccurate, lower price, even though bidding agency had accepted bid and contractor had verified the amount); *Zuckerman*, 187 Cal. App. 3d at 1405; *Donovan*, 26 Cal. 4th at 278-280 (car dealership's ignorance of the fact that car advertisement listed the wrong price constituted a mistake of fact as to a material term precluding the formation of a contract on the basis of lack of mutual consent as to the principal term).

The Note at issue here purports to memorialize a transaction whereby Plaintiff loaned $1,000,000 to Defendant, but Plaintiff admits that only $880,000 was transferred. (FAC, ¶11; Grewal Depo. at 202:2-6.) When she wired $880,000, Plaintiff knew and had not forgotten that she and Defendant had discussed $1,000,000. (*Id.* at 202:18-203:13.) When she signed the Note, moreover, Plaintiff even questioned Defendant as to why it stated $1,000,000, instead of $880,000 – the amount she transferred. (*Id.* at 229:9-230:17; 240:2-11.) In her own handwritten notes made in the summer of 2007, Plaintiff also described the principal on the Note as $880,000. (Grewal Depo. at 249:21-250:15; 251:16-252:13; Deposition Ex. 55.) Clearly, the Note did not evidence Plaintiff's understanding of the key term of the parties' alleged agreement.

From Defendant's perspective, the Note also did not reflect the parties' agreement. At the time he received the $880,000, Defendant expected to receive an additional $120,000 to make up the sum of $1,000,000, as had been discussed. (Choudhury Decl. at ¶6.) Defendant prepared the Note before he received any money, and believed that the "value" referred to in the Note was the full sum of $1,000,000, which he had not yet received. (*Id.* ¶4.) Furthermore, although Note is dated January 2, 2001, it was signed by Defendant in late December 2000, when he still expected to receive $1,000,000, and was signed by Plaintiff after January 2, 2001. (*Id.* at ¶¶5, 7; Grewal Depo. at 223:10-18; 224:10-14.)

The undisputed evidence establishes that Defendant's consent to pay $1,000,000, as reflected in the Note, was premised on the understanding that Plaintiff would provide that amount. Plaintiff, in turn, admits that the Note did not reflect her understanding of the transaction either. In fact,

Plaintiff admitted in her filing with the San Mateo County Superior Court that the "Note" obligation was $880,000 – not $1,000,000. Her pre-litigation handwritten notes confirm her belief that the principal on the Note was not $1,000,000. (*See* Grewal Depo. at Ex. 55.) These statements constitute binding admissions against interest under Rule 801(d)(2), Federal Rules of Evidence. *California v. Green*, 399 U.S. 149, 164-165 (1970); *Lockwood v. Wolf Corp.*, 629 F.2d 603, 611 (9th Cir. 1980). The state court filing is further subject to judicial notice under Rule 201(b)(2). Plaintiff has offered no evidence to counter these conclusive admissions.

Plaintiff's argument that the Note is supported by consideration simply misses the point. Defendant does not dispute that a lender theoretically may transfer an amount to a borrower in return for a promise to pay a greater amount back. (Pl. Mot. at 8.) But consideration, like all terms of the contract, must be mutually agreed upon. *See* Civ. Code §§ 1550, 1565. Indeed, Plaintiff's own cited cases support this rule. *Gribble v. Mauerhan*, 188 Cal. App. 2d 221 (1961), for example, involved a transaction where two parties simply exchanged promissory notes: plaintiff executed a $35,000 demand note in exchange for a $45,000 promissory note, which the court held constituted a sufficient consideration. *Id.* at 225. The fact that the promissory note had been purchased at a substantial discount, "although a circumstance material to a determination whether his purchase was in good faith [citations], was not, of itself, sufficient to charge them with notice of any defense thereto [citations], and does not limit their recovery to the amount paid by them for the assignment." *Id.* at 225-226 (citations omitted).

Plaintiff leaps to the conclusion that the $880,000 she transferred to Defendant was adequate consideration for the $1,000,000 obligation stated in the Note. Plaintiff's logic fails for one simple reason: the parties never *agreed* that $880,000 would be consideration for a $1,000,000 obligation. In fact, Plaintiff questioned why the Note stated $1,000,000 instead of $880,000 (Grewal Depo. at 229:9-230:17), stated in court-filed papers that the principal – *not* the consideration – under the Note was $880,000 (Reidy Decl. ¶3, Ex. B, at 20008), and memorialized that obligation amount in her personal papers (Grewal Depo. at 249:21-250:15; 251:16-252:13; Depo. at Ex. 55).

The evidence therefore demonstrates that Defendant's consent to the Note was based on a mistake of fact concerning the amount at issue and, therefore, was "not real or free." Civ. Code

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

§1567(5). By contrast, there is simply *no evidence* that the parties intended $880,000 to be consideration for a $1,000,000 obligation. The Note therefore does not reflect the parties' mutual consent to create a $1,000,000 obligation and is unenforceable. *See* Civ. Code §§1567(5); 1568; 1577. Plaintiff's Motion should be denied as to the "Second Cause of Action" to enforce the Promissory Note.

### B. The Parties Dispute Whether the $880,000 Was "Money Lent"

In support of her Third "Cause of Action" for Money Lent, Plaintiff states that Defendant's actions in *investing* the money "as if [it] were his own ... is consistent with what a borrower does when he or she borrows money." (Pl. Mot. at 13.) But Plaintiff does not offer a single case or legal authority establishing the distinction between a loan and an investment. Moreover, Defendant's testimony concerning the transaction makes clear that he treated the money as an investment for Plaintiff, and not as a loan. The disputed evidence on this issue precludes summary judgment on Plaintiff's claim for Money Lent.

Defendant contends that, in or around September 2000, Plaintiff informed him that she had inherited money, and discussed with Defendant the possibility that he might assist Plaintiff in investing part of that money. (Choudhury Decl. ¶2.) Defendant believed that Plaintiff intended to transfer $1,000,000 to him to invest, and Defendant agreed to accept the funds. (*Id.* at ¶3.) Plaintiff's own testimony confirms that Defendant made a "pitch" to her of how to use the money, informing her that he could "legally put money offshore, outside the country." (Grewal Depo. at 184:17-21; 186:8-9.) Defendant confirmed that "the money was sent to my personal account, *so I was investing it as if I was investing it*." (Choudhury Depo. at 80:24-25 [emphasis added].) Defendant also confirmed that he felt a moral obligation to return Plaintiff's investment, but not that he treated it as a loan. (*Id.* at 127:18-21.)

Initially, Defendant invested the money in collateral to support the very business – Finexa, Inc. – in which Plaintiff herself had already invested just a few months before. (Supp. Choudhury Decl. ¶2; Grewal Depo. at 154:5-22.) Finexa was also Plaintiff's employer. (Grewal Depo. at 49:3-5.) Plaintiff was the Marketing Director of Finexa and it was her job to prepare marketing materials

in order to solicit investment capital for the company. She considered an investment in Finexa to be a good one. (Grewal Depo. at 139:25-140:22; 144:7-19; 146:17-148:9; 151:9-20; 154:5-22.)

Defendant and Plaintiff did not agree to a fixed rate of return on the transferred funds, but discussed the possibility that Plaintiff might receive "4 percent, possibly more." (*Id.* at 192:10-11). Plaintiff clearly understood that she was "parking" her money, and that the return, if any, would be determined by the results of Defendant's "*legal off shore investing.*" (*Id.* at 199:6-16 [emphasis added].) In fact, even the Note was prepared only to allow Plaintiff to have some way to prove she had transferred money to Defendant in case Defendant "died or something akin to that." (Choudhury Depo. at 94:18-21.) Plaintiff must have understood that Defendant was seeking investment, because she had previously responded to another "pitch" by Defendant, concerning a fund he was managing, by investing $100,000 in that fund. (*See id.* 120:9-15.) This testimony strongly suggests Plaintiff understood that the transaction was an investment, not a loan; at the very least, it raises a triable issue of fact sufficient to defeat summary judgment.

A party moving for summary judgment must establish that the opposing party does not possess evidence sufficient to raise an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Here, Plaintiff has not shown the absence of a triable issue of fact. On that basis, Plaintiff's motion for summary judgment on the Third "Cause of Action" necessarily fails, and the matter should proceed to trial.

### C. Plaintiff's Attempted Interest Calculation is Fatally Flawed

Plaintiff submits the Declaration of Gregory A. Pinsonneault ("Pinsonneault Decl.") in support of her claim that the total amount due to Plaintiff is $1,404,170. (Pl. Mot. at 13.) Mr. Pinsonneault (who claims to hold a masters degree but no professional credentials) posits the unsubstantiated *legal* conclusion that "because interest is not payable until maturity of the promissory note, it is appropriate to compound interest." (Pinsonneault Decl. ¶6.) Mr. Pinsonneault's calculations are based entirely upon this assumption. (*Id.* at ¶¶7-10.) Based on this testimony, Plaintiff argues that the "effective rate of interest on the note is 6.62%," even though the Note only states 4%.

It is statutory law in California that any agreement to pay compound interest must be expressed in writing: "[I]n the computation of interest upon any bond, note, or other instrument or agreement, *interest shall not be compounded, nor shall the interest thereon be construed to bear interest unless an agreement to that effect is clearly expressed in writing and signed by the party to be charged therewith.*" Civ. Code §1916.12-2 (emphasis added); *see McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 33 Cal. 3d 816 (1983).

Mr. Pinsonneault's calculations – and Plaintiff's conclusions – therefore contradict well-settled California law and are unfounded. Plaintiff does not, and cannot, allege that Defendant agreed to pay compound interest. Mr. Pinsonneault's calculation is also flawed because it assumes a principal due under the Note of $1,000,000 – not $880,000. In her Motion, however, Plaintiff expressly argues that this Court should treat the principal as $880,000, and that the additional $120,000 is not principal at all, but rather was "an increase in the effective rate of interest." (Pl. Mot. at 8.)[2] By Plaintiff's own admission, then, Mr. Pinsonneault's calculations are based on the wrong principal. In addition, Plaintiff may not charge interest on the $120,000 "interest," as a matter of law. *See* Civ. Code §1916.12-2.

Accordingly, Plaintiff has failed to establish the amount allegedly owed by Defendant.

## IV. CONCLUSION

As explained in Defendant's Motion for Summary Judgment and reiterated above, the *undisputed* evidence establishes that the Note fails for lack of mutual consent between the parties as to the stated principal of $1,000,000. Plaintiff is not entitled to summary judgment on her Second "Cause of Action" to enforce the Note.

Plaintiff also cannot establish that are no triable issues of fact as to the whether the $880,000 she transferred to Defendant was a loan or an investment, and therefore, Plaintiff is not entitled to summary judgment on her Third "Cause of Action" Common Count – Money Lent, as a matter of

---

[2] This argument alone defeats Plaintiff's Motion as to the Note.

law. Accordingly, Plaintiff's Motion fails and Defendant respectfully requests that this Court deny the Motion in its entirety.

DATED: May 2, 2008

REED SMITH LLP

By /s/
David S. Reidy
Attorneys for Defendant
AMIT CHOUDHURY