E. JEFFREY BANCHERO (SBN 93077)
ejb@kastnerbanchero.com
SCOTT R. RABER (SBN 194924)
srr@kastnerbanchero.com
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff and Counter-Defendant
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ELIZABETH GREWAL,<br><br>Plaintiff,<br><br>v.<br><br>AMIT CHOUDHURY,<br><br>Defendant. | CASE NO. C-07-4218 CRB<br><br>**DECLARATION OF ELIZABETH GREWAL IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FRAUD AND PROMISSORY NOTE CLAIMS**<br><br>Date: May 23, 2008<br>Time: 10:00 A.M.<br>Courtroom: 8, 19th Floor<br><br>(Before Hon. Charles R. Breyer) |
|---|---|
| AND RELATED COUNTERCLAIM | |

1

DECLARATION OF E. ELIZABETH GREWAL IN OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ON PLAINTIFF'S FRAUD AND PROMISSORY NOTE CLAIMS    Case No. C-07-4218 CRB

I, Elizabeth Grewal, hereby declare:

1. I am the plaintiff in this action. I submit this declaration in opposition to defendant's motion for summary judgment on fraud and promissory note claims. I have personal knowledge of each of the matters set forth herein, and if called upon I could testify competently to them.

2. My husband, Hardev Grewal, and I went through a divorce in 2005. In the divorce proceedings, we reached a settlement in mediation with the help of a mediating attorney. The settlement was set forth in a Marital Settlement Agreement, portions of which are attached as Exhibit B to the declaration of David Reidy in support of defendant's motion for summary judgment. Among other matters, the Marital Settlement Agreement identified the property that was to be awarded to my husband and to me, and it included a Parenting Agreement setting forth custody arrangements for our minor child, who was two years old. The mediating attorney wrote the Marital Settlement Agreement.

3. In the divorce proceedings, my husband acknowledged that the amount I loaned Amit Choudhury and the amount Choudhury promised to pay me in return was my property. I told the mediating attorney I had loaned Choudhury $880,000 and that he had given me a promissory note. I offered to show the promissory note to the mediating attorney. I believe she said this was not necessary, because all she needed to know was that one existed, so I did not show her the note. I did not think it was necessary to include the details of the loan in the settlement agreement, because the loan was not in dispute in the divorce proceedings and the details of the loan were in the note. I signed the Marital Settlement Agreement in November, 2005, which was before the promissory note came due and before I had any dispute with Choudhury.

4. On January 2, 2007, I sent Choudhury a demand for payment as follows: "Demand is hereby made of you for full payment by March 30, 2007, in the amount of $1,000,000 plus 4% interest, per the terms of the promissory note ***." (Dep. Ex. 11, Decl. of E. Jeffrey Banchero in

//
//
//

2

Support of Plaintiff's Motion for Summary Judgment on Promissory Note and Common Count for Money Lent, filed April 18, 2008.) I sent this letter one year after the note came due. The letter to Choudhury states the correct amount due on the promissory note, including interest.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of May, 2008 in Chicago, Illinois.

_Elizabeth Grewal_
Elizabeth Grewal

---

DECLARATION OF E. ELIZABETH GREWAL IN OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ON PLAINTIFF'S FRAUD AND PROMISSORY NOTE CLAIMS    Case No. C-07-4218 CRB