E. Jeffrey Banchero (SBN 93077)
ejb@kastnerbanchero.com
Scott R. Raber (SBN 194924)
srr@kastnerbanchero.com
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff and Counter-Defendant
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL,<br><br>        Plaintiff,<br><br>    v.<br><br>AMIT CHOUDHURY,<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIM | CASE NO. C-07-4218 CRB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND ANSWER**<br><br>Date:          June 27, 2008<br>Time:         10:00 A.M.<br>Courtroom:  8, 19th Floor<br><br>(Before Hon. Charles R. Breyer) |

Plaintiff Elizabeth Grewal ("Grewal" or "plaintiff") submits this memorandum in support of her motion for leave to file an amended Answer to add a statute-of-limitations defense barring Choudhury's counterclaim for "promissory fraud." The omission of this defense from the Answer was inadvertent. Rule 15 of the Federal Rules of Civil Procedure and well-known case authority provide that an answer may be amended before trial where, as here, an amendment will cause no prejudice or undue delay. The amendment will not delay the proceedings, and because the statute-of-limitations defense is dispositive of defendant's counterclaim, he can demonstrate no prejudice, as we now show.

## THE PROCEEDINGS TO DATE

Following motion practice by defendant Amit Choudhury ("Choudhury" or "defendant"), Grewal filed a First Amended Complaint ("complaint") on November 9, 2007.

In the complaint, Grewal alleges that on "December 13, 2008, plaintiff caused $880,000 to be wired from her brokerage account to a bank account in the name of, or controlled by, Choudhury" (First Amended Compl., ¶ 5), and that the money was a loan. (*Id.*, ¶¶ 8, 20, 21.) She also alleges that in January, 2001, Choudhury executed a "Term Promissory Note" in the amount of $1,000,000, which he made payable to her, plus 4% interest per annum, in five years. (*Id.*, ¶6.) Grewal's complaint asserts claims on the promissory note and in fraud, and four common counts, including a common count for money had and received for money lent. (*Id.*, pp. 3-6.)

On December 3, 2007, Choudhury filed an Answer to the complaint and a "Counter-Claim for Promissory Fraud" ("counterclaim"). In the counterclaim, Choudhury alleges that "[o]n or before January 2, 2001, Grewal asked Choudhury to sign the Note based on the express representation that [an additional] $120,000 would be forthcoming, and Choudhury signed the Note in reliance on that promise." (Counterclaim, ¶ 12.) Choudhury alleges that he "is informed and believes" that "unbeknownst to him at the time, Grewal did not have the additional $120,000 in investible [sic] funds and, further, that she did not intend to transfer the promised additional $120,000 in investment capital to Choudhury when she asked him to sign the Note." (*Id.* at 13.) Because, Choudhury alleges, Grewal made the representation to advance an additional $120,000

"with specific, malicious intent of fraudulently inducing Choudhury to sign the Note," he seeks "compensatory, general and exemplary damages" for fraud.

On December 21, 2007, Grewal filed "Plaintiff's Answer to Counterclaim." In the answer, Grewal asserted several affirmative defenses, including "Failure to State a Claim," "Estoppel," and "Laches" (*id.*, p. 4). She neglected, however, to assert an affirmative defense stating that the fraud claim is barred by the statute of limitations. By this motion, Grewal seeks leave of Court to file an amended answer that includes this defense.[1]

Choudhury's deposition was conducted on January 10, 2008. Plaintiff filed the transcript of the deposition with the Court on April 30, 2008. Grewal has no need to reopen Choudhury's deposition if, as we request, leave to amend is granted.

The deposition of Grewal was conducted on January 11, 2008. Defendant filed the transcript of her deposition with the Court on April 30, 2008. Grewal's deposition lasted more than seven hours and the transcript covers 317 pages. Choudhury's lawyer thoroughly questioned her about the transfer of the $880,000; the promissory note and how she came to possess the note with Choudhury's signature in place; what she said to Choudhury about the money she transferred to him and about the promissory note, and what he said to her; the state of her investment portfolio; what demands she made of Choudhury to pay the amount stated in the note or to repay the $880,000; and what he said to her in reply.

On April 3, 2008, Choudhury filed a motion for summary judgment on plaintiff's fraud and promissory note claims. On April 18, 2008, Grewal filed a motion for summary judgment on her claims to enforce the promissory note and on the common count for money lent. The Court is scheduled to hear both motions on May 30, 2008.

Discovery in this case remains open. Trial is scheduled to commence on August 18, 2008.

---

[1] In accord with Local Rule 10-1, plaintiff files herewith the proposed Amended Answer to Counterclaim that she seeks leave to file.

# ARGUMENT

## LEAVE TO AMEND SHOULD BE GRANTED, BECAUSE AN AMENDMENT WILL NOT PREJUDICE DEFENDANT OR CAUSE DELAY

Federal Rule of Civil Procedure 15(a), "Amendments Before Trial," provides that, "leave [to amend] shall be freely given when justice so requires."

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court in *Foman* construed Rule 15 as a "mandate" "to be heeded." *Ibid.* The policy of liberal amendment is based on "the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities' [citation]," *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987), and on the principles of notice pleading. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend") (emphasis in original); *Union Pacific Railroad Company v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) ( the policy of allowing amendments is to be applied with 'extreme liberality'). "Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *United States v. Webb* 655 F.2d 977, 980 (citation and internal quotation marks omitted); *see also In re Rogstad*, 126 F.3d 1224, 1228 (9th Cir. 1997) (error to deny leave to amend where no bad faith, undue delay, or prejudice is shown).

An answer, of course, is a pleading that may be amended under Rule 15. *See, e.g., Perry v. Kunz*, 672 F.Supp. 1205, 1207 (E. D. Mo. 1987) ("An answer, like any pleading, may be amended to incorporate affirmative defenses which are inadvertently omitted"), *rev'd on other grounds,* 878 F.2d 1056 (8th Cir. 1989); *Material Supply International, Inc. v. Sunmatch Industrial Co.*, 146 F.3d 983, 991 (D.C. Cir. 1998) (affirming district court's decision to permit defendant to amend answer to add statute-of-limitations defense eighteen days before trial).

Here, the grant of this motion will not prejudice defendant. The sole amendment to the answer is an affirmative defense that does not expand the litigation. The amendment is no new theory of recovery, nor is it a defense to the merits of the counterclaim that might cause defendant to embark upon a new course of discovery. Although this is by no means the test for the granting of a motion for leave to amend an answer – leave should be granted in any event – the pleadings have put at issue facts relating to a statute-of-limitations defense. Who said what, and when with respect to the $1,000,000 Choudhury promised in the note to pay, and whether Choudhury, for example, had knowledge in January, 2001, that he would not be receiving an additional $120,000 from Grewal have been the subject of discovery, because these facts relate to the complaint and counterclaim. Grewal's Fourth Affirmative Defense is that the counterclaim is "barred by the doctrine of laches," a doctrine close in substance to a statute-of-limitations defense. (Plaintiff's Answer to Counterclaim, p. 4.)

Far from futile, the amendment, we believe, is dispositive of Choudhury's counterclaim. California Code of Civil Procedure § 338(d) provides for a three-year statute of limitations on fraud. The gist of the counterclaim is that Grewal promised Choudhury that she would transfer an additional $120,000 to Choudhury, and that "Choudhury signed the Note in reliance on that promise." (Counterclaim, ¶ 12.) Choudhury has filed a declaration stating that he "signed the note in late December, 2000." (Declaration of Amit Choudhury in Support of Defendant's Motion for Summary Judgment on Plaintiff's Fraud and Promissory Note Claims, ¶ 5, attached to the Declaration of E. Jeffrey Banchero in Support of Plaintiff's Motion for Leave to Amend Answer, filed herewith.) It is obvious that Choudhury knew, or should have known within three years of "late December, 2000" that Grewal had no intention of transferring an additional $120,000 to him. In fact, Choudhury admitted this at deposition:

> Q. Did there come a time in 2001 when you realized that you were not going to receive the additional $120,000 from Ms. Grewal?
>
> A. *I guess I did.* I mean, it's not something I gave active thought to at that time.
>
> Q. Did you discuss that with Ms. Grewal [in 2001]?
> \*\*\*\*\*

        A.      I know I asked for the additional 120,000. I don't know what the dates were, if it was the end of 2000, early 2001. I don't remember.

        Q.      Did there come a time when Ms. Grewal refused to provide the additional $120,000 to you?

        A.      I think the topic just sort of disappeared. It just wasn't discussed.

(Deposition of Amit Choudhury, pp. 107:24-108:14.) Because Choudhury knew in "early 2001" that Grewal had no intention of transferring an additional $120,000 to him, his fraud claim was barred by the statute of limitations in 2004. This lawsuit was filed in 2007 – more than three years after the statute of limitations had run. For this reason, Choudhury can demonstrate no prejudice to the assertion of a statute-of-limitations defense in an amended Answer. *See Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (holding appellants "may not demonstrate prejudice based solely on the untimely assertion of *res judicata* because this affirmative defense would have been dispositive had [defendant] asserted it when the action was filed"); *Wyshak v. City National Bank*, 607 F.2d 824, 826 (9th Cir. 1979) (same).

     Nor will leave to amend cause undue delay. This case was removed to this Court in August, 2007. Trial is scheduled to commence on August 18, 2008 – a period of one year, which is not an unduly long time on a Federal-court calendar. Although plaintiff does not believe that the granting of this motion should cause the trial to be delayed, she would not object to a postponement if defendant requested one in light of the amended answer. As noted, discovery in this case remains open.

## CONCLUSION

     For all the foregoing reasons, plaintiff, Elizabeth Grewal, respectfully requests that the Court grant leave to amend the answer to the counterclaim to include a statute-of-limitations defense.

DATED: May 23, 2008                   KASTNER | BANCHERO LLP

                                         By: _____/S/_____
                                              E. Jeffrey Banchero
                                              Scott R. Raber

                                         Attorneys for Plaintiff and Counter-Defendant
                                         ELIZABETH GREWAL