E. Jeffrey Banchero (SBN 93077)
ejb@kastnerbanchero.com
Scott R. Raber (SBN 194924)
srr@kastnerbanchero.com
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff and Counter-Defendant
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL,<br><br>       Plaintiff,<br><br>   v.<br><br>AMIT CHOUDHURY,<br><br>       Defendants.<br><br>AND RELATED COUNTERCLAIM | CASE NO. C-07-4218 CRB<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIM FOR PROMISSORY FRAUD**<br><br>Date:         July 22, 2008<br>Time:        10:00 A.M.<br>Courtroom:  8, 19th Floor<br><br>(Before Hon. Charles R. Breyer) |

**I.     Choudhury's Belief As To Whether Grewal Would Enforce The Promissory Note, And The Date He Formed This Belief, Are Irrelevant To The Accrual Of The Statute Of Limitations Barring Prosecution Of The Counterclaim.**

In the face of evidence that Choudhury knew in 2000 or 2001 that Grewal had no intention of transferring additional monies to him, Choudhury argues that because he "did not believe prior to [December 31, 2006], and indeed had no reason to believe, that Plaintiff would attempt to treat the note as an enforceable obligation and recover $1,000,000" (Memo. in Opp., p. 3:27-41), his "discovery of the fraud occurred on or after December 31, 2006." (*Id.*, p. 6:3.)  It strains credulity that Choudhury, a shrewd entrepreneur, would require five years to form a belief that the holder of a promissory note (Grewal) would seek to enforce it.  But, conceding this as truthful for purposes of this motion, Choudhury's belief has nothing to do with *when* the three-year statute of limitations for fraud began to accrue.

In the counterclaim, Choudhury alleges that Grewal "did not intend to transfer the promised additional $120,000 in investment capital to Choudhury when she asked him to sign the Note." (Counterclaim, ¶13, p. 4:14.)  If Grewal committed fraud because she had no intention of transferring these additional monies, Choudhury had a "suspicion of wrongdoing, and therefore an incentive to sue," *Garamendi v. SDI Vendome,* 276 F. Supp.2d 1030, 1039 (Memo. in Supp., p. 6), at the moment he realized Grewal had no intention of sending these monies or was not going to send them.  Choudhury was under an affirmative obligation to sue Grewal for fraud within three years of that date.

Choudhury had an obligation to sue in fraud within three years of when he knew, or should have known, that Grewal committed fraud regardless of whether (or when) Grewal chose to enforce the promissory note, because fraud is *independent* claim.  *Cf. Metz v. CCCC Information Services, Inc.*, 149 Cal.App.4th 402, 415-416 (inquiry-notice rule designed to prohibit litigants from "undue delay and opportunistic behavior that would tend to result from a rule that required awareness of every fact necessary for a fraud claim"); see additional authorities cited in plaintiff's supporting memorandum, pp. 5-6.  In other words, Choudhury's prosecution of a fraud claim did not depend on Grewal filing suit to enforce the note.

As we demonstrate in our moving papers, Choudhury alleges that "[a]fter signing the Note, he again asked Grewal to provide the remaining $120,000 in investment capital, *but Grewal refused.*" (Counterclaim ¶ 15, p. 5:8-9; emphasis added.) In its opposition to this motion, Choudhury's lawyers write, "*Later in 2001*, Choudhury realized that he was not going to receive the additional $120,000 from Plaintiff, and the topic 'disappeared.'" (Memo. in Opp., p. 3:21-22; citing Choudhury Dep., p. 107:24-108:14; emphasis added.) These are judicial admissions by Choudhury that he knew, or should have known, shortly after signing the promissory note or at the latest "[l]ater in 2001," that Grewal had no intention of transferring additional monies to him. *See Soo Line Railroad Co., v. St. Louis southwestern Railway Co.,* 125 F.3d 481, 483 (7th Cir. 1997) ("[Plaintiff] has fallen victim to the well-settled rule that a party is bound by what it states in its pleadings. Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them") (citation omitted); *Freedom National Bank v. Northern Illinois Corp.,* 202 F.2d 601, 605 (7th Cir. 1953) ("A plaintiff can plead himself out of court by alleging facts which show that he has no claim \*\*\*); *see generally* 30B M. Graham, *Federal Practice and Procedure: Evidence* § 7026, p. 270 (Interim Edition 2000) (judicial admissions include "pleadings in the case \*\*\*").

Because Choudhury filed the counterclaim in 2007, which was more than three years after he alleges Grewal "refused" to pay the additional 120,000, the counterclaim is barred by the statute of limitations.

**II.     Grewal's Alleged Refusal To Transfer Additional Monies to Choudhury Did Not Cause Choudhury To Lose Money Or Otherwise Suffer Damages.**

Choudhury concedes that the issue here is whether "Plaintiff's concealment of her intent not to provide $1 million \*\*\* proximately caused Choudhury's damages." (Memo. in Opp., p. 6:12-21.) "The recipient of a fraudulent misrepresentation is entitled to recover as damages in an action of deceit against the maker the pecuniary loss to him of which the misrepresentation is a *legal cause*." 5 B. Witkin, *Summary of California Law* § 816 at 1179 (10th ed. 2005) (quoting Restatement 2d Torts § 549(1) (emphasis added)). The rule has been stated as follows:

-2-

> "Assuming *** a claimant's reliance on the actionable misrepresentation, no liability attaches if the damages sustained were otherwise inevitable or due to *unrelated causes.*"

*Goehring v. Chapman University*, 121 Cal.App.4th 364, 365 (2004), quoting *Kruse v. Bank of America*, 202 Cal.App.3d 38, 60 (1988) (emphasis in original) (holding that defendant law school was entitled to summary judgment because plaintiff's damages were caused by poor academic performance rather than school's alleged misrepresentations about its accreditation).

Here, Choudhury complains he lost $120,000 because, unbeknownst to Grewal, he transferred this amount of money to Finexa, Inc. If this money was lost, however, it was because Choudhury decided to transfer the money to Finexa, and because Finexa (according to Choudhury) was not profitable and did not repay its loan to Golden Gate Bank. As in *Goehring,* the loss was, as a matter of law, "unrelated" and not proximately caused by Grewal's alleged misrepresentation.[1]

It should be noted that Choudhury produced no evidence in opposition to this motion demonstrating that the $120,000 was in fact lost. The record indicates that Golden Gate Bank executed on the $1 million certificate of deposit that served as its collateral for the $1 million loan that it made to Finexa. (5/30/08 Order, p. 3:7-23). This fact, however, does *not* prove Choudhury lost $120,000 of his capital, because as the president and controlling executive of the privately-held Finexa, he could have withdrawn these monies from Finexa in a separate transaction. There is no evidence in this record that he did not do so. *See generally Agnew v. Parks*, 172 Cal.App.2d 756, 768 (1959) (allegations of damages insufficient were damages are speculative).

### III.  The Attorneys' Fees Choudhury Incurred Defending This Action Are Not Compensable In Damages.

In arguing that he has suffered legally compensable damages because of Grewal's alleged misrepresentation, Choudhury asserts that "[i]n addition [to the $120,000, he] has incurred the cost of defending against Plaintiff's effort to enforce the note." In California, as elsewhere in the United States, however, this "cost" of defense is not recoverable in damages.

---

[1] *Persson v. Smart Inventions, Inc.*, 125 Cal.App.4th 1165, 1167 (2005), cited by Choudhury (Memo. in Opp. 6-7), is not to the contrary. In *Perrson,* the Court held that "it is reasonable to conclude the concealment was a proximate cause of the damages." Here, there can be no such conclusion.

The rule, which Witkin calls the "California version of the 'American rule,'" 7 B. Witkin, *California Procedure* § 145, p. 659 (4th ed. 1997), is codified in Code of Civil Procedure section 1021, set forth in the margin.[2] "The general rule is that attorneys' fees are not a proper item of recovery from the adverse party, either as costs, *damages* or otherwise, unless there is express statutory authority or contractual liability therefor." *Russell v. United Pacific Insurance Co.*, 214 Cal.App.2d 78, 91 (1963) (citations omitted; emphasis added).

There is no attorneys' fees provision in the promissory note and certainly no statutory authority for an award of attorneys' fees to a plaintiff who succeeds in proving a fraud claim. For these reasons, Choudhury is not entitled to an award of damages that includes his attorneys' fees.

## CONCLUSION

Plaintiff, Elizabeth Grewal, respectfully requests that the Court enter judgment on her behalf on the counterclaim.

Dated: July 11, 2008                                  KASTNER | BANCHERO LLP

                                                                     By:  _____/S/_____
                                                                          E. Jeffrey Banchero
                                                                          Scott R. Raber

                                                        Attorneys for Plaintiff and Counter-Defendant
                                                        ELIZABETH GREWAL

---

[2] **§ 1021. Attorney's fees; determination by agreement; right to costs**
Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided. (*Enacted 1872. Amended by Stats. 1933, c. 744, p. 1899, § 180; Stats. 1986, c. 377, § 2.*)