IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL,<br><br>    Plaintiff,<br><br>  v.<br><br>AMIT CHOUDHURY,<br><br>    Defendant.<br>_____/ | No. C 07-04218 CRB<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

    Now pending before the Court is Plaintiff Grewal's motion for summary judgment on Defendant Choudhury's counterclaim for promissory fraud. Because Choudhury's claim is time-barred by the three-year statute of limitations, the motion for summary judgment is GRANTED.

## BACKGROUND

    The facts that underlie this case were set forth in the Court's order dated May 30, 2008 and need not be chronicled in great detail here. For purposes of the pending motion however, it is important to note that Choudhury concedes that although Grewal allegedly promised to transfer him $1,000,000 in late 2000, he realized by at least late 2001 that Grewal did not intend to transfer more than $880,000. See Choudhury Depo. 107-108; Opp. at 3.

## STANDARD OF REVIEW

Summary judgment is not warranted if a material fact exists for trial. See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995). The underlying facts are viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). This can be done by either producing evidence negating an essential element of the plaintiff's claim, or by showing that plaintiff does not have enough evidence of an essential element to carry its ultimate burden at trial. See Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1103 (9th Cir. 2000).

Once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. See id. at 324. In considering a motion for summary judgment, however, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Anderson, 477 U.S. at 250-51.

## DISCUSSION

In his first and only count of his counter-claim, Choudhury alleges promissory fraud. Grewal moves for summary judgment on two grounds: (1) the claim is barred by the applicable three-year statute of limitations; and (2) Choudhury has not suffered any lawful damages as a result of the alleged false promise. The Court does not reach Grewal's second argument because it agrees that Choudhury's claim is time-barred.

2

Choudhury's claim of promissory fraud is governed by a three-year statute of limitations. See Cal. Code Civ. P. § 338(d). Under § 338, the three-year period begins to run either when the aggrieved party discovers: (1) the facts constituting the fraud; or (2) the "facts that would lead a reasonably prudent person to suspect fraud." Deveny v. Entropin 139 Cal. App. 4th 408, 421 (2006) (citing Miller v. Bechtel Corp. 33 Cal.3d 868, 875 (1983)) (emphasis in original). Under California law, the date of discovery of facts constituting fraud is "is the date the complaining party learns, or at least is put on notice, that a representation was false." Brandon G. v. Gray, 111 Cal. App. 4th 29, 35 (2003). Here, Choudhury concedes that he learned that Grewal's representation – namely, that Grewal would transfer $1,000,000 – was false in late 2001. Choudhury therefore was required to file his suit by late 2004 in order to satisfy § 338(d).

In an effort to salvage his claim, Choudhury argues that he was not put on notice of Plaintiff's fraud until December 31, 2006 when he discovered that Plaintiff intended to enforce the note through litigation. Essentially, Choudhury contends that he did not comprehend that he had been defrauded until he realized that Plaintiff both (a) never intended to transfer the full $1 million and (b) intended to attempt to enforce the note for the full amount.

Choudhury's reasoning is misguided. "[I]t is the discovery of facts, not their legal significance, that starts the statute." Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1113 (1988) (citation omitted). Because Choudhury realized that Grewal did not intend to fulfill her promise in 2001, it is immaterial that he did not also know until 2007 that Grewal would attempt to enforce the note for the full amount.

**IT IS SO ORDERED.**

Dated: July 23, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE