1    Harvey L. Leiderman (SBN 55838)
      HLeiderman@ReedSmith.com
2    David S. Reidy (SBN 225904)
      DReidy@ReedSmith.com
3    REED SMITH LLP
      Two Embarcadero Center, Suite 2000
4    San Francisco, CA  94111-3922

5    **Mailing Address:**
      P.O. Box 7936
6    San Francisco, CA  94120-7936

7    Telephone:     (415) 543-8700
      Facsimile:      (415) 391-8269
8

9    Attorneys for Defendant and
      Counter-Claimant
      AMIT CHOUDHURY

10

11

12                 UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14

15    ELIZABETH GREWAL, an individual,       Case No.: C-07-4218 CRB

16              Plaintiff,       **DEFENDANT'S MOTION IN LIMINE NUMBER 1:**

17       vs.       **TO EXCLUDE IMPROPER CHARACTER EVIDENCE**

18    AMIT CHOUDHURY, an individual,

19              Defendant.       Pretrial Conf.:     August 1, 2008
      Time:            2:00 p.m.

20       Place:           Courtroom 8, 19th Floor

21    AMIT CHOUDHURY, an individual,

22              Counter-Claimant,       Compl. Filed:      July 19, 2007
      Trial Date:         August 4, 2008

23       vs.

24    ELIZABETH GREWAL, an individual,       *Honorable Charles R. Breyer*

25              Counter-Defendant.

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

I.    **MOTION IN LIMINE TO EXCLUDE IMPROPER CHARACTER EVIDENCE**

Pursuant to the Court's Pretrial Order, Defendant and Counter-Claimant Amit Choudhury ("Defendant") hereby moves to exclude all evidence of or relating to Defendant's personal character.[1]

II.    **PLAINTIFF'S ALLEGATIONS**

The First Amended Complaint ("FAC") states that Defendant used his relationship with Plaintiff "to convince plaintiff to lend him a large sum of money." FAC ¶4. Plaintiff also alleges that Defendant asked to borrow money from others. *Id.* On December 13, 2000, Plaintiff "caused $880,000 to be wired from her brokerage account to a bank account in the name of, or controlled by, [Defendant]." *Id.* at ¶5. In support of her claim for fraud, Plaintiff alleges that Defendant had no intention of repaying her. *Id.* at ¶13. Defendant disputes the allegations, and disputes that he acted with fraudulent intent.

III.    **POINTS AND AUTHORITIES**

A.    **Character Evidence is Generally Inadmissible**

Character evidence means evidence probative of a pertinent trait of a person's character, such as honesty, temperance or peacefulness. Fed. R. Evid. 406, Adv. Comm. Notes. Except as otherwise provided by the Federal Rules of Evidence, character evidence is not admissible when offered to prove a person acted "in conformity therewith on a particular occasion." Fed. R. Evid. 404(a); *See United States v. Lynch*, 367 F. 3d 1148, 1159–1161 (9th Cir. 2004). Likewise, evidence of other crimes, wrongs or acts is inadmissible to prove a person's character in order to show that the person acted in conformity with his or her character. Fed. R. Evid. 404(b).

The Rules of Evidence recognize that while character evidence may have probative value, there is a high risk that a jury may misuse it. *See United States v. Curtin*, 489 F. 3d 935, 944 (9th Cir. 2007) (en banc) (character evidence "subtly permits the trier of fact to reward the good man and punish the bad man … despite what the evidence ... shows actually happened"). In an action alleging fraud, evidence of a defendant's prior "bad acts" may involve character evidence, but may

---

[1]    Defendant does not move to exclude evidence required to impeach or rehabilitate the credibility of a witness pursuant to Federal Rules of Evidence 607, 608 or 609.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  be offered to prove something other than character.  Fed. R. Evid. 404(b) (character evidence

2  admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence

3  of mistake or accident."); *Huddleston v. United States*, 485 U.S. 681, 687 (1988); *United States v.*

4  *Urie*, 183 Fed. Appx. 608, 609-610 (9th Cir. 2006).  No such evidence has been adduced by Plaintiff

5  in this case.

6        **B.**    **Evidence of Defendant's Character Is Irrelevant and Unduly Prejudicial**

7        Even when character evidence falls into one of the exceptions above, the court must exclude

8  the evidence if its probative value "is substantially outweighed by the danger of unfair prejudice,

9  confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or

10  needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Moreover, evidence of "prior

11  bad acts" may not be too remote in time and, if knowledge or intent is at issue, must be similar to the

12  offense charged.  *See United States v. Vo*, 413 F. 3d at 1018; *United States v. Verduzco*, 373 F. 3d

13  1022, 1027 (9th Cir. 2004).

14        Plaintiff alleges in essence that Defendant borrowed money from her but lied to her about his

15  intent to repay her.  Defendant anticipates that Plaintiff may attempt to introduce evidence

16  questioning Defendant's veracity in other circumstances.  Defendant is not aware of any such

17  circumstances and Plaintiff has adduced none during discovery.  Out of an abundance of caution,

18  however, Defendant moves to exclude any such evidence Plaintiff attempts to introduce at trial.

19  Evidence of loans or transactions with other people offered solely to impugn Defendant's good

20  character for the purpose of proving that Defendant acted in conformity therewith should be

21  excluded.  Fed. R. Evid. 403, 404(a) and (b).  Such evidence would be irrelevant and unduly

22  prejudicial, and therefore inadmissible as a matter of law.  Accordingly, this Court should exclude all

23  such evidence regarding Defendant's character, to the extent Plaintiff seeks to introduce such

24  evidence at trial.

25  ///

26  ///

27  ///

28  ///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

MOTION IN LIMINE:  CHARACTER EVIDENCE            Case No. C-07-4218 CRB

1

## IV.    CONCLUSION

2        Defendant requests that improper evidence of his character be excluded from trial.

3

4        DATED:  July 11, 2008                    REED SMITH LLP

5

6                                                 By
                                                    _____

7                                                    David S. Reidy
                                                    Attorneys for Defendant and
8                                                    Counter-Claimant
                                                    AMIT CHOUDHURY

9

10       DOCSSFO-12520909.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION IN LIMINE:  CHARACTER EVIDENCE                    Case No. C-07-4218 CRB

REED SMITH LLP

A limited liability partnership formed in the State of Delaware