```
 1  Harvey L. Leiderman (SBN 55838)
    HLeiderman@ReedSmith.com
 2  David S. Reidy (SBN 225904)
    DReidy@ReedSmith.com
 3  REED SMITH LLP
    Two Embarcadero Center, Suite 2000
 4  San Francisco, CA  94111-3922

 5  Mailing Address:
    P.O. Box 7936
 6  San Francisco, CA  94120-7936

 7  Telephone:    (415) 543-8700
    Facsimile:    (415) 391-8269
 8
    Attorneys for Defendant and
 9  Counter-Claimant
    AMIT CHOUDHURY
10
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>AMIT CHOUDHURY, an individual,<br><br>　　　　　Defendant.<br><hr>AMIT CHOUDHURY, an individual,<br><br>　　　　　Counter-Claimant,<br><br>　vs.<br><br>ELIZABETH GREWAL, an individual,<br><br>　　　　　Counter-Defendant. | Case No.: C-07-4218 CRB<br><br>**DEFENDANT'S MOTION IN LIMINE NUMBER 2:**<br>**TO EXCLUDE EVIDENCE OF DEFENDANT'S PERSONAL FINANCIAL INFORMATION**<br><br>Pretrial Conf.:　August 1, 2008<br>Time:　　　　　2:00 p.m.<br>Place:　　　　　Courtroom 8, 19th Floor<br><br>Compl. Filed:　July 19, 2007<br>Trial Date:　　August 4, 2008<br><br>*Honorable Charles R. Breyer* |

---

MOTION IN LIMINE: FINANCIAL INFORMATION　　　　　　　　　　　　　　　　　　Case No. C-07-4218 CRB

## I. MOTION IN LIMINE TO EXCLUDE PERSONAL FINANCIAL INFORMATION

Defendant and Counter-Claimant Amit Choudhury ("Defendant") hereby moves to exclude all evidence of or relating to Defendant's personal finances or financial condition from any liability phase of the trial in this action.

## II. BACKGROUND

Plaintiff asserts a fraud claim against Defendant based on the allegation that Defendant borrowed money from her and had no intention of repaying it. *Id.* at ¶13. Defendant disputes these allegations. Pursuant to her fraud claim, Plaintiff seeks punitive damages against Defendant.

On June 20, 2008, Plaintiff propounded on Defendant written discovery requests, including interrogatories and requests for production of documents, related solely to Defendant's personal finances and net worth. Plaintiff included a cover letter with the discovery admitting that the discovery seeks evidence "relating to punitive damages." Defendant's responses to the discovery are due on July 21, 2008.

## III. POINTS AND AUTHORITIES

### A. Personal Financial Information Is Protected by the Right to Privacy

Both federal and state courts in California recognize a right of privacy which can be raised to exclude evidence. In diversity actions, such as this one, state law supplies the basis for asserted privacy rights. Fed. R. Evid. 501; *Oakes v. Halvorsen Marine Ltd.*, 179 FRD 281, 284 (C.D. Cal. 1998). A defendant's personal financial information is considered protected private information. *See Rawnsley v. Super. Ct. (Pioneer Theaters)*, 183 Cal. App. 3d 86, 90 (1986).

### B. Evidence of Defendant's Personal Finances or Net Worth Is Irrelevant and Must Also Be Excluded from Trial Unless and Until a Jury Returns a Verdict for Plaintiff on Her Fraud Claim

Pursuant to the California Civil Code, upon motion of a defendant, the court must "preclude the admission of evidence of that defendant's profits or financial condition until after the trier of fact returns a verdict for plaintiff awarding actual damages and finds that a defendant is guilty of malice, oppression, or fraud." Cal. Civ. Code § 3295(d). Because this is a diversity action, the privacy right recognized and protected by Section 3295 applies here. *See* Schwarzer, et al., Federal Civil Procedure Bef. Tr. (Rutter), Ch. 11:992-993 (2006).

Plaintiff's discovery requests demonstrate her intent to obtain and introduce evidence of Defendant's personal finances. Plaintiff has also issued supboenas to financial institutions requesting Defendant's personal financial information, to which Defendant has or will object. Such personal financial information is irrelevant to the claims asserted in the complaint and cross-complaint in this action and, further, is protected by Defendant's right of privacy. Defendant therefore moves this Court to exclude any evidence of his financial condition, unless and until such time as the jury returns a verdict for Plaintiff on her fraud claim.

## IV. CONCLUSION

Defendant requests that evidence of his financial condition be excluded from the liability phase of the trial.

DATED: July 11, 2008

REED SMITH LLP

By _____
David S. Reidy
Attorneys for Defendant and
Counter-Claimant
AMIT CHOUDHURY

DOCSSFO-12520974.1

—2—

MOTION IN LIMINE: CHARACTER EVIDENCE                    Case No. C-07-4218 CRB