RECEIVED JUL 2 4 2008

1  E. Jeffrey Banchero (SBN 93077)
   ejb@kastnerbanchero.com
2  Scott R. Raber (SBN 194924)
   srr@kastnerbanchero.com
3  KASTNER | BANCHERO LLP
4  20 California Street, Seventh Floor
   San Francisco, California 94111
5  Telephone: (415) 398-7000
   Facsimile: (415) 616-7000
6
7  Attorneys for Plaintiff and Counter-Defendant
   ELIZABETH GREWAL
8
9
10              UNITED STATES DISTRICT COURT
11              NORTHERN DISTRICT OF CALIFORNIA
12
13 ELIZABETH GREWAL,                    CASE NO. C-07-4218 CRB
14        Plaintiff,
15    v.                                OPPOSITION TO DEFENDANT'S
                                        MOTION IN LIMINE NUMBER 2: TO
16 AMIT CHOUDHURY,                      EXCLUDE EVIDENCE OF
                                        DEFENDANT'S PERSONAL
17        Defendants.                   FINANCIAL INFORMATION
18
                                        Pretrial Conf.:  August 1, 2008
19                                      Time:            2:00 P.M.
                                        Place:           Courtroom 8, 19th Floor
20
21 AND RELATED COUNTERCLAIM             Compl. Filed:    July 19, 2007
                                        Trial Date:      August 4, 2008
22
                                        (Before Hon. Charles R. Breyer)
23
24
25
26
27
28
-1-
OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NUMBER 2: TO EXCLUDE EVIDENCE OF DEFENDANT'S PERSONAL
FINANCIAL INFORMATION
Case No. C-07-4218 CRB

## I. INTRODUCTION

Defendant's motion to exclude all evidence of net worth is curious: on the one hand, Choudhury fails to point to any particular "personal financial" evidence he wishes to exclude, and even acknowledges that discovery of his financial information is ongoing as of the deadline for the parties' motions in limine.[1] On the other hand, by suggesting that California's statutory scheme for the discovery of punitive damages applies here, his motion suggests, in effect, bifurcating trial of this matter. However, the federal rules afford no basis for the wholesale advance exclusion of Choudhury's financial records from discovery or trial, nor for bifurcating the proceedings simply because of the conflicting procedural provisions of California Civil Code § 3295 ("Section 3295").

## II. RELEVANT BACKGROUND

Plaintiff alleges that Choudhury fraudulently induced Grewal to lend him a large sum of money, based on false representations, and had no intention of repaying the money at the time he made the promises and they entered into the promissory note between them. At the time Choudhury solicited funds from Grewal, Choudhury represented that he would invest the money that she loaned him in overseas funds, to take advantage of his investor visa status and provide tax-free returns. However, immediately after receiving the monies, Choudhury used the money for entirely different purposes – putting the funds into a personal account and using them to purchase a certificate of deposit; using the CD as collateral for his company's line of credit; and ultimately paying off the company's debt with the loaned funds, unbeknownst to Grewal. Within three months after Grewal and Choudhury had executed the promissory note, the money was apparently lost. Nevertheless, Choudhury persisted in his misrepresentations: from 2001 up to the time of this litigation, Choudhury continued to tell Grewal, falsely, that her money resided in a London bank account held by one of his family's businesses.

---

[1] Choudhury has failed to respond to requests for production which were due July 21, 2008, and pertained to Choudhury's net worth and punitive damages. In this motion in limine, Choudhury also states that he intends to object to several outstanding subpoenas issued to financial institutions where he held accounts and to entities he controls (or controlled). On these facts alone, this motion to exclude evidence is thus premature, as Grewal anticipates that further motion practice will be required to compel compliance with legitimate, relevant discovery.

OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NUMBER 2: TO EXCLUDE EVIDENCE OF DEFENDANT'S PERSONAL FINANCIAL INFORMATION
Case No. C-07-4218 CRB

In conjunction with her fraud claim and punitive damages prayer, Grewal has sought – and intends to introduce – evidence relating to Choudhury's financial condition and various assets. Plaintiff has further subpoenaed financial information from third-parties pertaining to Choudhury's personal bank accounts, and the books and accounts of Choudhury-controlled companies that were apparently deployed in furtherance of the fraud (or that presently have documents pertaining to Choudhury's finances and net worth in their possession, custody, and control).

Choudhury's personal financial information is plainly relevant to Grewal's fraud cause of action: namely, to (i) demonstrate what actually happened to Grewal's money; (ii) demonstrate Choudhury's motive(s) in deceiving Grewal; and (iii) prove that Choudhury deliberately misrepresented to Grewal what he intended to do with the monies she lent him.

Secondly, the information that Choudhury seeks to exclude is also relevant to punitive damages claimed by Grewal in connection with her fraud claim against Choudhury. It is hornbook law that evidence of a party's net worth is germane to the amount of punitive damages that might be set by the trier of fact. In effect, Choudhury motion belatedly asks the Court to bifurcate the proceedings instead of having made a proper motion under Fed. R. Civ. P. 42. In any event, bifurcation would only further complicate the proceedings and prejudice Grewal.

Choudhury's motion offers no basis for excluding all evidence of his personal finances and net worth in advance of trial, and his motion should be denied.

### III. ARGUMENT

#### A. No Federal Procedure Requires Excluding Defendant's Financial Information Until After A Finding Of Liability; Section 3295 Is A Procedural Statute That Conflicts With This Court's Prerogatives Under Federal Rule of Civil Procedure 42

Choudhury's motion both misstates and oversimplifies the procedural rules applicable to punitives damages-related proceedings federal diversity actions. This matter has not been bifurcated pursuant to Fed R. Civ. Proc. 42(b), nor must the Court do so under Section 3295 simply because the case is founded upon diversity jurisdiction.

A district court sitting in a diversity case applies federal procedural law and state substantive law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). When determining whether a conflict exists between a state law which is arguably substantive, and a federal which is arguably procedural, the first step of the analysis is to determine whether there is a Federal Rule of Civil Procedure that governs the matter at issue. *Hanna*, 380 U.S. at 469-70.

Federal district courts in the Ninth Circuit that have considered whether California's scheme for punitive damages under Section 3295 requires federal courts sitting in diversity to preclude evidence of financial net worth until after the trier of fact returns a verdict for plaintiff, and finds a basis for punitive damages, have uniformly concluded that they are not bound to follow such procedures. Thus, in *Hamm v. American Home Products Corp.*, 888 F. Supp. 1037, 1038 (E.D. Cal. 1995), the court held that bifurcation of proceedings was a procedural issue governed by Fed. R. Civ. P. 42, not Section 3295, and declined to follow the California state scheme for bifurcating the proceedings. *See also, Naranjo v. Salvation Army*, 2006 WL 271690, at *3 (N.D. Cal. 2006) (holding that Cal. Code Civ. P. § 425.14, requiring a plaintiff to make a showing of a *prima facie* case and obtaining court approval before including a claim for punitive damages in a complaint against a religious organization, was procedural and inapplicable to federal actions.)

Likewise, in the principal case relied upon by Choudhury in his motion in limine—*Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 285 (C.D. Cal. 1998)—the court held that Civil Code § 3295(a)-(c) is "clearly a procedural law," in conflict with Fed. R. Civ. P. 26(b) in that it "establishes a discovery scheme fundamentally inconsistent with the discovery rules under the Federal Rules of Civil Procedure." *Id.*, at 286. Accordingly, it held that the pretrial discovery of financial information relevant to a punitive damages claim is permissible under the Federal Rules of Civil Procedure. *Id.*, citing *CEH, Inc. v. FV "Seafarer,"* 153 F.R.D. 491, 499 (D.R.I. 1994). To the extent that Choudhury seeks to delay discovery of his finances through this Motion In Limine, the *Oakes* case squarely holds that such delay conflicts directly with the discovery scheme set forth in the Federal Rules of Civil Procedure.

Furthermore, it is undisputed that to obtain punitive damages, Grewal bears the burden of proving the facts giving rise to punitive damages in her case-in-chief. Evidence of Choudhury's net worth is relevant to the amount of the punitive damages award that the jury might fix. *See, e.g., White v. Ford Motor Co.*, 500 F.3d 963, 976 (9th Cir. 2007), *citing TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 462 n.28 (1993) (noting that it is "well settled" that a defendant's net worth is a factor that is typically considered in assessing punitive damages); *Housing Rights Center v. Sterling*, 2004 WL 3610229, at *4 (C.D. Cal. 2004) (pretrial order to disclose evidence of net worth deemed "manifestly appropriate" and relevant to determining punitive damages).

There is no reason to believe "that the jury in this case will be unable or unwilling to distinguish between evidence pertaining to liability or culpability and evidence pertaining to the measure of damages." *Hamm*, 888 F. Supp. at 1039 (noting the prejudice to plaintiffs and procedural problems arising from "artificially bifurcating" punitive damages and liability issues). Moreover, evidence subpoenaed from various financial institutions (where Choudhury held personal and business accounts) is relevant to assessing the veracity of statements Choudhury made regarding the Grewal loan. For example, Grewal anticipates that Choudhury's personal and business bank records will affirmatively disprove Choudhury's deposition testimony about the loan and his subsequent actions; help establish his fraudulent intent and motives; and support Grewal's misrepresentation claims.

Choudhury offers no support for the proposition that his purported privacy rights preclude the admission of his personal financial information in the first instance, where plaintiff has evidence sufficient to support a punitive damages claim. Nor does he offer any reason why his privacy interests cannot be accommodated through a protective order or appropriate jury instruction. *See, e.g., Oakes*, 179 F.R.D. at 284-85; *Hamm*, 888 F. Supp. at 1039.

-5-

OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NUMBER 2: TO EXCLUDE EVIDENCE OF DEFENDANT'S PERSONAL FINANCIAL INFORMATION
Case No. C-07-4218 CRB

**B.  At Best This Motion In Limine Is Premature And Any Evidentiary Ruling Regarding Choudhury's Personal Finances Should Be Reserved Until After All Outstanding Discovery Has Been Obtained, And Made Only With Reference To Particular Evidence At Trial**

Even if the Court were inclined to delay the introduction of Choudhury's financial information, any ruling in that respect is, at best, not ripe for consideration until after trial has commenced and plaintiff has had the opportunity to introduce evidence in support of the rest of her case in chief – including her fraud claim. As noted above, defendant failed to produce on July 21, 2008 – the due date for his responses to plaintiff's discovery – any information regarding his personal finances. In addition, the response dates for other subpoenas to third-parties regarding Choudhury's finances (and the finances of Choudhury-controlled companies whose finances are germane to these proceedings) are forthcoming. The information to be obtained from those subpoenas bears directly on Grewal's fraud claims, and Choudhury's siphoning of plaintiff's monies into Finexa, the company he controlled. Accordingly, at a minimum any determination on the "personal finances" of Choudhury should be reserved until such time as that information has actually been received by Grewal.

DATED: July 22, 2008                    KASTNER | BANCHERO LLP

                                        By: _____
                                           E. Jeffrey Banchero
                                           Scott R. Raber

                                        Attorneys for Plaintiff and Counter-Defendant
                                        ELIZABETH GREWAL

## PROOF OF SERVICE

I am over eighteen years old, not a party in this litigation, and my business address is 20 California Street, 7th Floor, San Francisco, California 94111. On July 22, 2008, I caused to be served a true copy of the attached on the parties in said action as follows:

**OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NUMBER 2: TO EXCLUDE EVIDENCE OF DEFENDANT'S PERSONAL FINANCIAL INFORMATION**

☑ (BY REGULAR MAIL) by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing at my place of business following ordinary business practices. Said documents will be deposited with the United States Post Office mailbox at San Francisco, California, addressed as follows:

☐ (BY OVERNIGHT DELIVERY/FEDERAL EXPRESS) by placing a true copy thereof enclosed in a sealed envelope, with delivery fees prepaid, deposited with the authorized overnight/Federal Express carrier/box at San Francisco, California, addressed as follows:

☐ (BY PERSONAL SERVICE) by causing to be personally delivered by hand and leaving a true copy with the person(s) named below and/or a person having charge of the office at the address shown below:

☐ (BY FACSIMILE) by transmitting the foregoing document(s) by facsimile to the party(ies) identified below by using the facsimile number(s) indicated. Said transmission(s) were verified as complete and without error.

Harvey Leiderman, Esq.
David Reidy, Esq.
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Tel: 415.543.8700
Fax: 415.391.8269

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July 22, 2008.

*Lana Nemirovsky*
Lana Nemirovsky

-7-
OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NUMBER 2: TO EXCLUDE EVIDENCE OF DEFENDANT'S PERSONAL FINANCIAL INFORMATION
Case No. C-07-4218 CRB