Harvey L. Leiderman (SBN 55838)
HLeiderman@ReedSmith.com
David S. Reidy (SBN 225904)
DReidy@ReedSmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    (415) 543-8700
Facsimile:    (415) 391-8269

Attorneys for Defendant and
Counter-Claimant
AMIT CHOUDHURY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMIT CHOUDHURY, an individual,<br><br>Defendant.<br><br>—————————————————<br><br>AMIT CHOUDHURY, an individual,<br><br>Counter-Claimant,<br><br>vs.<br><br>ELIZABETH GREWAL, an individual,<br><br>Counter-Defendant. | Case No.: C-07-4218 CRB<br><br>**DEFENDANT'S MOTION IN LIMINE NUMBER 4:<br>TO EXCLUDE EXPERT OPINION EVIDENCE OFFERED BY GREGORY A. PINSONNEAULT**<br><br>Pretrial Conf.:   August 1, 2008<br>Time:             2:00 p.m.<br>Place:            Courtroom 8, 19th Floor<br><br>Compl. Filed:   July 19, 2007<br>Trial Date:      August 4, 2008<br><br>*Honorable Charles R. Breyer* |

I.  **MOTION IN LIMINE TO EXCLUDE IMPROPER EXPERT OPINION EVIDENCE OFFERED BY MR. PINSONNEAULT**

Pursuant to the Court's Pretrial Order, Defendant and Counter-Claimant Amit Choudhury ("Defendant") hereby moves to exclude any testimony or written reports of Plaintiff's "expert" Gregory A. Pinsonneault, and to prevent Plaintiff, its counsel, and witnesses from commenting upon, referring to, or attempting to identify such evidence at trial.

II.  **POINTS AND AUTHORITIES**

A.  **Introduction**

Plaintiff has disclosed Gregory A. Pinsonneault as an expert witness in this action. Mr. Pinsonneault has been retained by Plaintiff and designated to provide an "expert" opinion regarding "the amount due [Plaintiff] upon the maturity of the promissory note (January 1, 2006); the effective rate of interest provided under the terms of the promissory note; and the amount of prejudgment interest due from the maturity of the promissory note through April 30, 2008." *See* Declaration of Gregory A. Pinsonneault In Support of Plaintiff's Motion for Summary Judgment on Promissory Note and Common Count for Money Lent ("Pinsonneault Decl."), ¶2, filed in this action on April 18, 2008. Doc. 42. Subsequently, Plaintiff served a report prepared by Mr. Pinsonneault concerning the same subjects addressed in his declaration. On June 11, 2008, Defendant served objections to the report.

B.  **Expert Opinion Evidence Offered by Mr. Pinsonneault Is Inadmissible**

Pursuant to the Federal Rules of Evidence, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. Expert testimony is admissible pursuant to Rule 702 if it is both relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

Encompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury, which is the "central concern" of Rule 702. *United States v. Rahm*, 993 F.2d 1405, 1413 (9th Cir. 1993); see also *Daubert*, 509 U.S. at 591. Expert testimony is not helpful to the jury, and thus must be excluded, when the jury will not received "appreciable help" from expert testimony, including where the matter testified to is within the knowledge of the jurors. *United States v. Christophe,* 833 F. 2d 1296, 1299 (9th Cir. 1987), quoting *United States v. Amaral,* 488 F. 2d 1148, 1152 (9th Cir. 1973).

Plaintiff offers Mr. Pinsonneault in the current matter to offer expert evidence regarding calculating simple interest, including "[t]he amount due Ms. Grewal upon the maturity o the promissory note;" "[t]he effective rate of interest provided under the terms of the promissory note; and "[t]he amount of prejudgment interest due." See Pinsonneault Decl., generally. Simple interest calculations do not reflect "scientific, technical, or other specialized knowledge," and thus, will not "assist the trier of fact" as required by Federal Rule of Evidence 702. Instead, simple interest calculations fall well within the knowledge of jurors to understand and determine. Therefore, the Court should prevent Plaintiff from introducing into evidence the testimony and any related written reports of Mr. Pinsonneault, and to prevent Plaintiff, her counsel, and/or witnesses from commenting upon, referring to, or attempting to identify such evidence at trial.

### C. Evidence offered by Expert Is Irrelevant and Unduly Prejudicial

Even if the expert opinion evidence offered by Mr. Pinonneault is determined to be helpful to the jury, the court must exclude the evidence if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; see *Amaral*, 488 F. 2d at 1153.

Plaintiff's offered expert opinion has no virtually probative value, will confuse and mislead the jury regarding the complexity of the calculations at issue, and could further confuse and mislead the jury concerning the legitimacy of Plaintiff's claims under the alleged promissory note. Accordingly, this Court should exclude all the testimony and any related written reports of Plaintiff's

MOTION IN LIMINE: EXPERT OPINION EVIDENCE                    Case No. C-07-4218 CRB

expert Gregory A. Pinsonneault, and to prevent Plaintiff, her counsel, and/or witnesses from commenting upon, referring to, or attempting to identify such evidence at trial.

### III. CONCLUSION

Defendant requests that improper "expert" evidence offered by Mr. Pinsonneault be excluded from trial, including testimony and any related written reports of Mr. Pinsonneault.

DATED: July 14, 2008

REED SMITH LLP

By_____
David S. Reidy
Attorneys for Defendant and
Counter-Claimant
AMIT CHOUDHURY

DOCSSFO-12521190.1

# PROOF OF SERVICE

Re: *Grewal v. Choudhury*, USDC Northern District, Case No. C-07-4218 CRB

　　　I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On **July 14, 2008**, I served the following document(s) by the method indicated below:

**DEFENDANT'S MOTION IN LIMINE NUMBER 4: TO EXCLUDE EXPERT OPINION EVIDENCE OFFERED BY GREGORY A. PINSONNEAULT**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

<u>**For Plaintiff, Elizabeth Grewal**</u>

E. Jeffrey Banchero, Esq.
Kastner / Banchero LLP
20 California Street, 7th Floor
San Francisco, CA 94111
Tel: (415) 398-7000

　　　I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on **July 14, 2008**, at San Francisco, California.

*/s/ Donna Borja*
Donna Borja