Tab E

# Tab 1

Case 3:07-cv-04218-CRB    Document 21    Filed 11/09/2007    Page 1 of 7

E. JEFFREY BANCHERO (SBN 93077)
KASTNER BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000
Email: ejb@kastnerbanchero.com

Attorneys for Plaintiff
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual, | CASE NO. C-07-4218 CRB |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT FOR FRAUD AND DECEIT, RECOVERY ON A PROMISSORY NOTE, AND COMMON COUNTS** |
| AMIT CHOUDHURY, an individual, | |
| Defendant. | JURY TRIAL DEMANDED |
| | (Before Hon. Charles R. Breyer) |

Plaintiff alleges:

EXHIBIT NO. 6
DATE: 1-10-08
WITNESS Choudhury
COLLEEN REDAMONTI, CSR 7012

## BACKGROUND ALLEGATIONS

1.     Plaintiff Elizabeth Grewal is an individual who resides in the San Francisco Bay Area. She was born in California and is a U.S. Citizen.

2.     Defendant Amit Choudhury ("Choudhury") is an individual with residences in Chicago, Illinois and San Francisco, California.

3.     Plaintiff met Choudhury in the early 1990s while the two of them were enrolled at the Kellogg School of Management (Northwestern University) in Chicago, Illinois. After receiving his MBA from the Kellogg School, Choudhury founded several companies, including Fineva, Inc.

First Amended Complaint                                                        CASE NO. C-07-4218 CRB

1  a company that developed application software for portfolio-management reporting, and Pinnacle

2  Partners Capital, L.P., a "hedge fund." Both companies operated in San Francisco.

3       4.     In the late 1990s, Choudhury learned that plaintiff had inherited a substantial amount

4  of stocks and bonds from her mother when plaintiff's mother died. Choudhury provided advice to

5  plaintiff on which securities to hold and which to sell and, in June 2000, Choudhury hired plaintiff

6  to work at Finexa, Inc. Choudhury developed this employment relationship and a close friendship

7  with plaintiff and used these relationships to convince plaintiff to lend him a large sum of money, as

8  further described, below. Plaintiff is informed and believes, and on that basis alleges, that

9  Choudhury approached other friends and persons with whom he did business with requests that they

10  lend him money.

11       5.     On or about December 13, 2000, plaintiff caused $880,000.00 to be wired from her

12  brokerage account to a bank account in the name of, or controlled by, Choudhury.

13       6.     On or about January 2, 2001, Choudhury executed a "Term Promissory Note" in

14  which he promised to pay plaintiff "the sum of $1,000,000 USD (One Million US Dollars)." The

15  promissory note provides for interest at an annual rate of 4%, and that such interest "shall be

16  calculated and payable upon maturity of this Note upon expiration of the term, which is deemed to

17  be Five years" i.e. January 2, 2006. The promissory note provides that it was "[m]ade at San

18  Francisco, California, this 2nd day of January, 2001." Choudhury was a resident of San Francisco

19  when he executed the promissory note. Performance under the terms of the promissory note was to

20  take place in San Francisco. A true copy of the promissory note is attached hereto as Exhibit A and

21  incorporated herein by this reference.

22       7.     Although Choudhury has promised plaintiff on several occasions — most recently in

23  May, 2007 — that he would repay plaintiff the money that she lent to him, he has not done so. To the

24  contrary, plaintiff is informed and believes, and on that basis alleges, that he is winding down his

25  companies in San Francisco. For example, Finexa, Inc. and Pinnacle Partners Capital, L.P.,

26  Choudhury's "hedge fund," are no longer active companies in good standing. Choudhury is a

27  Canadian citizen of Indian descent with family ties in Canada and India. On many occasions,

28  Choudhury has boasted to plaintiff that he holds assets "off-shore" and can easily move assets

First Amended Complaint                                                    CASE NO. C 07-4218 CRB

1   offshore." In 2006, Choudhury was married to a woman who resides in Chicago, Illinois.
2   Choudhury should be considered a flight risk from California and the United States.

3       8.   Choudhury promised to repay plaintiff the money that she loaned him, orally and in
4   writing, but at the time he made these promises, he had no intention of keeping them. The promises
5   were false when made. Plaintiff has demanded that Choudhury repay the money that she lent to him
6   and otherwise that he perform under the terms of the promissory note. Choudhury has refused to
7   repay the money or otherwise perform under the terms of the promissory note.

8

9                          **FIRST CAUSE OF ACTION**

10              (Fraud and Deceit – Promise Without Intent to Perform)

11      9.   Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if
12   set forth at length herein.

13      10.  On September 1, 2000, plaintiff and her husband, Hardev Grewal, had dinner with
14   Choudhury at the Millennium restaurant, which was located on McAllister Street in San Francisco,
15   California. At this dinner, Choudhury stated that if plaintiff loaned him money, he would repay the
16   money to her with interest that would "come back to her tax free." Choudhury stated to plaintiff that
17   he was residing in the United States on the authority of an "investor visa" and that, because he was
18   not a citizen of the United States, he would place the money plaintiff loaned to him "offshore."
19   Because the money was "outside the country," Choudhury explained, he would repay whatever
20   principal plaintiff loaned to him and "gift" her the interest directly from a non-U.S. citizen, which
21   would mean plaintiff would receive the money "tax free." This idea, or scheme, of transferring
22   money from the United States to an offshore entity and returning it to a lender "tax free" was an idea
23   that Choudhury discussed with Emexa, Inc.'s CEO. At this September 1, 2000, dinner with plaintiff
24   at Millennium restaurant, Choudhury stated he could "guarantee" plaintiff "4% interest," but that it
25   could be more."

26      11.  In reliance on these promises by Choudhury, during the period from September to
27   early December, 2000, plaintiff sold certain of the securities that she had inherited from her mother
28   to raise cash for the loan to Choudhury. In reliance on these promises by Choudhury, on or about

1     December 15, 2000, plaintiff caused $880,000 to be transferred by wire from her Charles Schwab &

2     Co., Inc. account to a bank account in Choudhury's name or controlled by Choudhury. This transfer

3     of money was expressly made in reliance on Choudhury's promises (as set forth in ¶10, above,) that

4     he would repay the money to plaintiff, with interest.

5         12.     At the time Choudhury made the promises to plaintiff set forth in paragraph 10,

6     above, he had no intention of performing them. Specifically, when Choudhury spoke to plaintiff on

7     September 1, 2000, he had no intention of repaying money plaintiff would lend to him, no intention

8     of paying plaintiff interest on the money, and no intention of setting up an account or other loan

9     vehicle that would allow plaintiff to earn interest "tax free."

10         13.     In furtherance of a scheme to defraud plaintiff, Choudhury executed a promissory

11     note to plaintiff on or about January 2, 2001, and presented the note (¶6, above) to plaintiff. At the

12     time Choudhury executed the promissory note and presented it to plaintiff, he had no intention of

13     paying plaintiff the amount stated in the promissory note.

14         14.     Choudhury's promises without any intention of performance were made in bad faith

15     and with the intent to defraud and induce plaintiff to rely upon them. Choudhury's promises

16     induced plaintiff to loan him $880,000. At the time plaintiff made the loan, plaintiff was unaware of

17     Choudhury's intention not to perform on the promises.

18         15.     Plaintiff's reliance on defendant's promises was justifiable. As a result, plaintiff has

19     suffered damages in the amount of $880,000 plus interest thereon according to proof.

20         16.     In doing the acts alleged herein, Choudhury acted in conscious and intentional

21     disregard for plaintiff's rights and acted with oppression, fraud, and malice so as to entitle plaintiff

22     to recover punitive and exemplary damages against Choudhury in an amount deemed by the trier of

23     fact to be sufficient to punish, deter, and make an example of Choudhury.

24

25                    <u>SECOND CAUSE OF ACTION</u>

26                       (Promissory Note)

27         17.     Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if

28     set forth at length herein.

18.   Choudhury failed to pay the principal and interest due under the promissory note attached hereto as Exhibit A at its maturity, and has failed and refused to pay any portion of this indebtedness since that time. By the terms of the promissory note, there is now due, owing, and unpaid from Choudhury to plaintiff the sum of one million dollars ($1,000,000), together with interest on the unpaid principal balance according to proof from January 2, 2004, until paid.

## THIRD CAUSE OF ACTION

### (Common Count – Money Had and Received for Money Lent)

19.   Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if set forth at length herein.

20.   Defendant became indebted to plaintiff within the last two years for money lent by plaintiff to defendants at defendant's request. The amount lent was $880,000.

21.   No part of the above sum has been paid although demand has been made therefore, and there is now due, owing, and unpaid from defendant the amount of $880,000 plus interest thereon at the legal rate.

## FOURTH CAUSE OF ACTION

### (Common Count – Money Had and Received by Defendant for the Use and Benefit of Plaintiff)

22.   Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if set forth at length herein.

23.   Defendant became indebted to plaintiff within the last two years for money had and received by defendant for the use and benefit of plaintiff. The amount of indebtedness is $880,000.00.

24.   No part of the above sum has been paid although demand has been made therefore and there is now due, owing, and unpaid from defendants the amount of $880,000 plus interest thereon at the legal rate.

First Amended Complaint                                                        CASE NO. C 07-4218 CRB

### FIFTH CAUSE OF ACTION

(Common Count – Account Stated)

25    Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if set forth at length herein

26    Within the last four years, an account was stated in writing and orally by and between plaintiff and defendant and on such statement a balance of $880,000 was found due to plaintiff from defendant. Defendant agreed to pay plaintiff this balance

27    No part of the above sum has been paid although demand has been made therefore, and there is now due, owing, and unpaid from defendant the amount of $880,000 plus interest thereon at the legal rate.

### SIXTH CAUSE OF ACTION

(Common Count – Open Book Account)

28    Plaintiff repeats and re-alleges each of the allegations in paragraphs 1 through 8 as if set forth at length herein

29    Within the last four years, defendant became indebted to plaintiff on an open book account for money due in the sum of $880,000 for money plaintiff lent to defendant, which defendant agreed to repay

30    No part of the above sum has been paid although demand has been made therefore, and there is now due, owing, and unpaid from defendant the amount of $880,000 plus interest thereon at the legal rate.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff Elizabeth Grewal prays for judgment against defendants as follows

a.    For compensatory and general damages according to proof.

b.    For punitive and exemplary damages according to proof.

First Amended Complaint

1          c.      For the costs of suit herein, and

2          J.      For such other and further relief as the Court may deem just and proper.

3

4    Dated: November 9, 2007            KASTNER | BANCHERO LLP

5

6
                                        By
7                                          F. Jeffrey Banchero

8                                          Attorneys for Plaintiff
9                                          Elizabeth Grewal

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Complaint                                    CASE NO. C07-4218 CRB

Case 3:07-cv-04218-CRB     Document 21-2     Filed 11/09/2007     Page 1 of 1

## TERM PROMISSORY NOTE

FOR VALUE RECEIVED Amit Choudhury ("Debtor") unconditionally promises to pay to the order of Elizabeth Eilert Grewal, ("Lender") on demand at San Francisco, California, the sum of $1,000,000 USD (One Million US Dollars). Debtor agrees to pay interest from the date of this Term Promissory Note on the said sum or the amount from time to time remaining unpaid at the rate per annum (calculated based on a 365 day year), which is equal to 4.0%. Such interest shall be calculated and payable upon maturity of this Note upon expiration of the term, which is deemed to be Five years.

The principal and interest of this Term Promissory Note shall be paid in US dollars without set-off or counterclaim.

Made at San Francisco, California, this 2nd day of January, 2001.

Debtor                                          Lender:

_____                       _____
(Amit Choudhury)                                (Elizabeth Eilert Grewal)

EXHIBIT A

# Tab 2

**CharlesSchwab**

December 13, 2000    (MG72)

OFFICE SERVING YOUR ACCOUNT:

    800 EL CAMINO REAL   SUITE 100
    MENLO PARK CA
    **MAIL TO:    P.O. BOX 52114
     PHOENIX, AZ 85072
    800-435-4000

ELIZABETH EILERT TTEE
ELIZABETH EILERT TRUST
U/A DTD 03/14/00
775 ROBLE AVE APT 4
MENLO PARK CA          94025

Re: Account Number   MP 30730366

Dear Customer:

Per your instructions, Charles Schwab & Co., Inc., has sent a wire
transfer in the amount of $880,000.00 on December 13, 2000 from your
account.

If you have any questions concerning this matter, please call
Charles Schwab & Co., Inc., at 1-800-435-4000.

Sincerely,

Charles Schwab & Co., Inc.

 CONFIDENTIAL

100007



Member SIPC/New York Stock Exchange, Inc. and
Other Principal Stock and Option Exchanges

# Tab 3

003 01 01

*Golden Gate Bank*

EXHIBIT NO. 1
DATE 1-10-08
WITNESS Choadhwy
COLLEEN REDAMONTI, CSR 7012

30-1
1
6

NOW ACCOUNT:    2241161

12/01/00 THRU 12/29/00
DOCUMENT COUNT:    7
PAGE    1

NOW ACCOUNT 2241161

| | | | |
|---|---|---|---|
| LOW BALANCE | 6,981.33 | LAST STATEMENT 11/30/00 | 21,189.54 |
| AVAILABLE BALANCE | 465,963.42 | 8 CREDITS | 1,148,712.29 |
| RATE BALANCE | 465,970.31 | 17 DEBITS | 1,129,815.33 |
| | | THIS STATEMENT 12/29/00 | 40,106.50 |

DEPOSITS

AMOUNT REF #.....DATE.....AMOUNT REF #.....DATE.....AMOUNT

OTHER CREDITS

| | DATE | AMOUNT |
|---|---|---|
| WIRE OUT TRAILING CREDIT | 12/01 | 5,216.43 |
| MASTER ARP SURCHARGE | 12/09 | .10 |
| E TRANSFER CREDIT | 12/13 | 880,900.00 |
| WIRE IN TRANSFER CREDIT | 12/19 | 12,300.00 |
| ONLINE WIRE OUT TRAILING | 12/22 | 2.50 |
| E TRANSFER CREDIT | 12/22 | 250,000.00 |
| CREDIT | 12/29 | 462.0 |

CHECKS

CHECK #...DATE.....AMOUNT  CHECK #...DATE.....AMOUNT  CHECK #...DATE.....AMOUNT

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | 1373 12/22 | 90.00 | 1375*12/05 | 9,000.00 |
| 1371 12/21 | 1,500.00 | 1374 12/05 | 241.54 | 1932 12/05 | 3,601.50 |

*INDICATES A GAP IN CHECK NUMBER SEQUENCE

OTHER DEBITS

| | DATE | AMOUNT |
|---|---|---|
| OPEN TO PRINCIPAL N INTEREST ACCOUNT 2241161 | 12/01 | 74.00 |
| TRANSFER DEBIT (MEMO) | 12/01 | 4,000.00 |
| WIRE TRANS FR N THE/FIN 15135 PACIFIC PALISADES PAC | 12/04 | 361.60 |
| WIRE FR VAL FR N THE/FIN 15135 PACIFIC PALISADES PAC | 12/04 | 101.00 |
| MASTER TRANS BILLING | | |
| OPEN TO PRINCIPAL N INTEREST ACCOUNT 2241161 | 12/06 | 25.00 |
| TRANS FR N THE/FIN EMBARCADERO SAN FRANCISCO | 12/06 | 101.00 |
| WIRE IN FEE TRANS | 12/19 | 4,000.00 |

. . . CONTINUED . . .

AC-001

003 01 01

## Golden Gate Bank
OF PRIVATE BANK

AMIT CHOUDHURY
2200 LEAVENWORTH #305
SAN FRANCISCO CA  94133

30 1
1
6

NOW ACCOUNT.    2241161

12/01/00 THRU 12/29/00
DOCUMENT COUNT:              7
PAGE   2

NOW ACCOUNT 2241161

- OTHER DEBITS -

| SCRIPTION | DATE | AMOUNT |
|---|---|---|
| I WITHDRAWAL FROM CHECKING POLK-GREEN SAN FRANCISCO | 12/20 | 121.50 |
| CA000035507070708 | | |
| EPHONE TRANSFER DEBIT | 12/22 | 100,000.00 |
| NSFER TO CD 209593 | | |
| WITHDRAWAL FROM CHECKING LAX TRML 7 DEPARTURES LOS | 12/27 | 1000,000.00 |
| ANGELES CA000036321295400 | 12/29 | 131.00 |

## I N T E R E S T

| | | | |
|---|---|---|---|
| LEDGER BALANCE: | 465,970.31 | INTEREST EARNED: | 462.77 |
| RAGE AVAILABLE BALANCE: | 465,963.42 | DAYS IN PERIOD: | |
| EREST PAID THIS PERIOD: | 462.77 | ANNUAL PERCENTAGE YIELD EARNED: | 1 |
| EREST PAID 2000: | 647.70 | | |

## DAILY BALANCE

| E.........BALANCE | DATE.........BALANCE | DATE.........BALANCE |
|---|---|---|
| )1      23,327.02 | 12/08       7,034.83 | 12/22   1,039,824.83 |
| )4      22,624.02 | 12/13     887,034.83 | 12/27      39,824.83 |
| )5       7,125.21 | 12/15     896,034.83 | 12/29      40,105.68 |
| )6       6,983.33 | 12/19     895,944.83 | |
| )7       7,033.33 | 12/20     895,823.33 | |

A MEMBER OF THE GENTLER BAY BANCORP FAMILY

4 PINE STREET • SAN FRANCISCO, CA 94104 • TEL 415 781-9000 • 12

AC-002

# Tab 4

ELIZABETH GREWAL    January 11, 2008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

--oOo--

ELIZABETH GREWAL, an
individual,

          Plaintiff,

                    )Case No.
     vs.             )C-07-4218 CRB

AMIT CHOUDHURY, an
individual, AMISIL HOLDINGS,
LTD, a Cyprus corporation; and
DOES ONE to FORTY,

          Defendants.

AND RELATED COUNTER CLAIM

VIDEOTAPED DEPOSITION OF

ELIZABETH GREWAL

Friday, January 11, 2008

REPORTED BY: SHERRI STARR, CSR# 10245 (01-404617)

0e3ca77f-3087-43c2-8173-954a570ec1e5

ELIZABETH GREWAL          January 11, 2008

Page 222

16:44:19 1   MR. BANCHERO:  Objection.
16:44:20 2   MR. LEIDERMAN:  Q:  Is that your best
16:44:22 3   explanation --
16:44:22 4   MR. BANCHERO:  Objection.  Argumentative.
16:44:23 5   MR. LEIDERMAN:  Q:  -- of where the 880
16:44:25 6   came from?
16:44:27 7   MR. BANCHERO:  Same objection.  Asked and
16:44:28 8   answered.
16:44:29 9   MR. LEIDERMAN:  You can answer.
16:44:29 10  MR. BANCHERO:  Object to the form of the
16:44:29 11  question.  What's the question?
16:44:30 12  MR. LEIDERMAN:  Please read the question
16:45:30 13  back.
16:44:34 14  (The record was read as
16:44:34 15  follows:
16:44:34 16  "Question:  Is that your best
16:44:34 17  explanation of where the 880
16:44:34 18  came from?")
16:44:41 19  THE WITNESS:  What do you mean by "best"?
16:44:58 20  MR. LEIDERMAN:  Q:  What you just
16:44:58 21  explained, adding $813,000 to 25,000 and 65,000, and
16:44:58 22  I thought you said one other item there, you think
16:45:08 23  I mean, that's what you're telling me is where the
16:45:12 24  880 came from?
16:45:13 25  A:  You can see on this statement here where

Page 223

16:45:15 1   the money came from, yes.
16:45:18 2   Q:  And I'm asking you is that your best
16:45:19 3   testimony as to where the 880 came from?  Or do you
16:45:24 4   have any other testimony that you'd like to add to
16:45:27 5   that?
16:45:29 6   A:  No.
16:45:28 7   Q:  "No" being you have nothing else to add?
16:45:30 8   A:  I have no further testimony.
16:45:32 9   Q:  Okay.  Thank you.
16:45:43 10  Would you look at the first amended
16:45:46 11  complaint, which I think is marked as Exhibit 6?
16:45:48 12  Look at Exhibit A to the first amended complaint.
16:45:55 13  Do you see that, the Term Promissory Note?
16:45:59 14  A:  Yes.
16:46:00 15  Q:  Is that a true and correct copy of your
16:46:02 16  signature that appears on the original of that
16:46:05 17  document?
16:46:07 18  A:  It appears to be.
16:46:08 19  Q:  Do you have any reason to doubt that it
16:46:11 20  is?
16:46:11 21  A:  No.
16:46:11 22  Q:  Where is the original?
16:46:15 23  A:  I believe my attorney has that.
16:46:15 24  MR. BANCHERO:  He does.
16:46:26 25  MR. LEIDERMAN:  Q:  When did it come

Page 224

16:46:37 1   into your possession, this Term Promissory Note,
16:46:41 2   Exhibit A?
16:46:41 3   MR. BANCHERO:  I'd like to make one
16:46:42 4   comment -- I just think it's relevant -- which is
16:46:45 5   that Mr. Leiderman's colleague, Mr. Reidy, a lawyer
16:46:49 6   here, asked to inspect the original of the
16:46:52 7   Promissory Note.  And we did make it available to
16:46:54 8   him and he came to my offices and looked at it.
16:47:01 9   THE WITNESS:  Thank you.
16:47:01 10  MR. LEIDERMAN:  Q:  Okay.  So when did you
16:47:03 11  first receive the original of this note?
16:47:06 12  A:  I believe it was mid-January.
16:47:08 13  Q:  Of what year?
16:47:12 14  A:  2001.
16:47:12 15  Q:  Okay.  So at the time you were transferred
16:47:16 16  $880,000 to Mr. Choudhury, you did not have this
16:47:17 17  note?
16:47:22 18  A:  I did not.
16:47:23 19  Q:  What did you have, if anything, to
16:47:26 20  evidence whatever your understanding of this
16:47:28 21  transaction was?
16:47:35 22  A:  (Indicating.)
16:47:35 23  Q:  And you're showing us Exhibit 49, the
16:47:37 24  document that confirms a wire transfer.
16:47:40 25  A:  The Schwab document confirming the wire

Page 225

16:47:44 1   transfer.
16:47:45 2   Q:  Okay.  What evidence did you have in
16:47:48 3   writing --
16:47:49 4   A:  I'm sorry, and my Schwab statement that we
16:47:51 5   just looked at.
16:47:53 6   Q:  Did you have -- up until the time that you
16:47:55 7   received Exhibit A, the Term Promissory Note, did
16:47:58 8   you have anything in writing to evidence whatever
16:48:02 9   the terms of the transaction was between you and
16:48:07 10  Mr. Choudhury?
16:48:08 11  A:  No.
16:48:08 12  Q:  Did you ask for anything in writing?
16:48:11 13  A:  Repeatedly.
16:48:13 14  Q:  But you had nothing.
16:48:14 15  A:  No.
16:48:14 16  Q:  And when you wired the money, you had
16:48:17 17  nothing?
16:48:18 18  A:  I was given nothing.
16:48:20 19  Q:  Okay.  And you didn't create anything?
16:48:21 20  A:  I did not.
16:48:22 21  Q:  When you wired the money, what was your
16:48:25 22  understanding of what obligation Mr. Choudhury had
16:48:24 23  to you, if any?
16:48:24 24  A:  If any?
16:48:25 25  Q:  Yes.

Merrill Legal Solutions
(800) 869-9132

0e3ca77f-3087-43c2-8173-954a570ec1e5

# Tab 5

AMIT CHOUDHURY

2001 VAN NESS AVENUE, SUITE 950 · SAN FRANCISCO, CALIFORNIA 94109 · TEL 415 364 1400 · FAX 415 364 1760

## TERM PROMISSORY NOTE

FOR VALUE RECEIVED Amit Choudhury ("Debtor") unconditionally promises to pay to the order of Elizabeth Eilert Grewal, ("Lender") on demand at San Francisco, California, the sum of $1,000,000 USD (One Million US Dollars). Debtor agrees to pay interest from the date of this Term Promissory Note on the said sum or the amount from time to time remaining unpaid at the rate per annum (calculated based on a 365 day year), which is equal to 4.0%. Such interest shall be calculated and payable upon maturity of this Note upon expiration of the term, which is deemed to be Five years.

The principal and interest of this Term Promissory Note shall be paid in US dollars without set-off or counterclaim.

Made at San Francisco, California, this 2nd day of January, 2001

Debtor:                                    Lender:

_____                      _____
(Amit Choudhury)                           (Elizabeth Eilert Grewal)

EXHIBIT NO. 7
DATE: 1-10-08
WITNESS: Choudhury
COLLEEN REDAMONTI, CSR 7421

AC-018

Tab 6

**Amit Choudhury**

From:           elizabeth eilert [eeilert@earthlink.net]
                Monday, July 17, 2006 10:30 AM
To:             Amit Choudhury
Subject:        Re: Got your v mail


OK, thanks. I really need the $. There is a lot of inventory suddenly coming on the market in Menlo Park, so chances are better that I'll find something I like and need to be in a position to move fast.

As for Brian Birney, I had sent him a short email thanking him for covering the dive blues place a few of us went to in Evanston and saying what a pleasure it was spending time with him (he's funny!). Got a reply in half an hour saying he was serious about going dancing with me. He called Fri. night and sure seems interested. Ana reminds me not to get my hopes up. So...dish! Do tell!

Thanks, and love to beautiful Karen.


Buff


    -Original Message-
        r: Amit Choudhury <Amit Choudhury@pinnaclepartners.com>
    -Sent: Jul 17, 2006 6:20 AM
    -To: Elizabeth E Grewal <eeilert@earthlink.net>
    -Subject: Got your v mail
    >
    >Buff,
    >
    >
    >
    >Got your v-mail. Thanks for the compliments. Glad you enjoyed the
    >events. Was up till late last night with lawyers drafting latest
    >revision to Agreement. Still pushing hard. Can call when in NYC late
    >tonight.
    >
    >
    >
    >FYC

EXHIBIT NO. 22
DATE: 1-10-08
WITNESS Choudhury
COLLEEN REDAMONTI, CSR 70

AC-071