|   |   |
|---|---|
| 1 | Harvey L. Leiderman (SBN 55838) |
|   | HLeiderman@ReedSmith.com |
| 2 | David S. Reidy (SBN 225904) |
|   | DReidy@ReedSmith.com |
| 3 | REED SMITH LLP |
|   | Two Embarcadero Center, Suite 2000 |
| 4 | San Francisco, CA 94111-3922 |
| 5 | **Mailing Address:** |
|   | P.O. Box 7936 |
| 6 | San Francisco, CA 94120-7936 |
| 7 | Telephone:   (415) 543-8700 |
|   | Facsimile:    (415) 391-8269 |
| 8 |   |
| 9 | Attorneys for Defendant and |
|   | Counter-Claimant |
|   | AMIT CHOUDHURY |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ELIZABETH GREWAL, an individual, | Case No.: C-07-4218 CRB |
|---|---|
| Plaintiff, | **DEFENDANT'S MOTION IN LIMINE NUMBER 3:** |
| vs. | **TO EXCLUDE EVIDENCE OF ANY PRIOR CIVIL JUDGMENT ENTERED AGAINST DEFENDANT** |
| AMIT CHOUDHURY, an individual, |   |
| Defendant. |   |
|   | Pretrial Conf.:   August 1, 2008 |
|   | Time:                2:00 p.m. |
|   | Place:               Courtroom 8, 19th Floor |
| AMIT CHOUDHURY, an individual, | Compl. Filed:    July 19, 2007 |
| Counter-Claimant, | Trial Date:         August 4, 2008 |
| vs. | *Honorable Charles R. Breyer* |
| ELIZABETH GREWAL, an individual, |   |
| Counter-Defendant. |   |

---

MOTION IN LIMINE: PRIOR CIVIL JUDGMENT                                                                                          Case No. C-07-4218 CRB

### I. MOTION IN LIMINE TO EXCLUDE IMPROPER EVIDENCE REGARDING ANY PRIOR CIVIL JUDGMENT ENTERED AGAINST DEFENDANT

Pursuant to the Court's Pretrial Order, Defendant and Counter-Claimant Amit Choudhury ("Defendant") hereby moves to exclude all evidence of or relating to any prior civil judgments entered against Defendant.

### II. POINTS AND AUTHORITIES

#### A. Evidence of Any Prior Civil Judgment Inadmissible

Evidence of any prior civil judgment entered against Defendant must be excluded as it is irrelevant, prejudicial and impermissible hearsay evidence. *See* Fed. R. Evid. 401, 402, 403, and 802. Pursuant to Rule 802, hearsay evidence is not admissible, except with an exception provided for in the rules. Fed. R. Evid. 802. Evidence of any prior civil judgment against Defendant is only admissible pursuant to Federal Rule of Evidence 803(23), which admits court judgments offered to prove matters essential to them, only if they relate to personal, family or general history, or boundaries, and are matters that would be "provable by reputation evidence." Fed. R. Evid. 803(23); *See Loy v. Cahill,* 81 F. 2d 809, 813 (9th Cir. 1936). Under these exceptions, a judgment is only admissible to prove matters that are "essential" to that judgment. Fed. R. Evid. 803(23). A judgment may not be used to prove character. Fed. R. Evid. 803, Adv. Comm. Notes.

#### B. Evidence of Prior Civil Judgments, If Any, Is Irrelevant and Unduly Prejudicial

Even when the evidence of prior civil judgments fall into the narrow exception above, the court must exclude the evidence if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Further, only relevant evidence is admissible. Fed. R. Evid. 401. Evidence is relevant if it tends to make the existence of any fact that is of consequence to the determination of the action more or less probably than it would be without the evidence. Fed. R. Evid. 402.

Plaintiff has failed to adduce any evidence of any prior civil judgments against Defendant that are essential to the matter or that relate to personal, family or general history, or boundaries, as allowed by the limited hearsay exception. Further, to the extent Plaintiff attempts to demonstrate

–1–

conformity with character, evidence of any judgment would be irrelevant and unduly prejudicial, and therefore inadmissible as a matter of law. Accordingly, this Court should exclude all evidence regarding any civil judgment entered against Defendant.

### III. CONCLUSION

Defendant requests that improper evidence of any prior civil judgment entered against Defendant be excluded from trial.

DATED: July 11, 2008

REED SMITH LLP

By _____
David S. Reidy
Attorneys for Defendant and
Counter-Claimant
AMIT CHOUDHURY

DOCSSFO-12520993.1