E. Jeffrey Banchero (SBN 93077)
ejb@kastnerbanchero.com
Scott R. Raber (SBN 194924)
srr@kastnerbanchero.com
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff and Counter-Defendant
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, <br><br> Plaintiff, <br><br> v. <br><br> AMIT CHOUDHURY, <br><br> Defendants. <br><br>———————————————— <br><br> AND RELATED COUNTERCLAIM | CASE NO. C-07-4218 CRB <br><br> **PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR AGREEMENT OR CONTEMPORANEOUS ORAL AGREEMENT CONTRADICTING THE TERMS OF THE PROMISSORY NOTE** <br><br> Trail Date:   August 4, 2008 <br> Time:        9:30 A.M. <br> Courtroom:  8, 19th Floor <br><br> (Before Hon. Charles R. Breyer) |

1    Plaintiff, Elizabeth Grewal, moves this Court *in limine* to exclude from trial, including the

2    opening statement of defendant's attorney, evidence or statements of prior agreement or

3    contemporaneous oral agreement contradicting the terms of the promissory note on grounds that the

4    evidence is inadmissible under the parol evidence rule.

5    The inadmissible evidence would include:

6    • Testimony by the defendant (if any) that Grewal, prior to the issuance of the promissory

7    note, promised or otherwise agreed that the note would not be enforceable unless she transferred a

8    total of $1,000,000 to defendant;

9    • Any discussions, statements, or other alleged representations to this effect, including

10   testimony as to Choudhury's beliefs; and

11   • Any prior writings or electronic messages allegedly to this effect, including the chain of

12   email messages (AC-039-40) attached as an exhibit hereto.

13   ## ARGUMENT

14   In California, the parol evidence rule bars evidence of prior or contemporaneous statements

15   that contradict the terms of a written agreement. *E.g., BMW of North America, Inc. v. New Motor*

16   *Vehicle Board* (1984) 162 Cal.App.3d 980, 990.

17   > Terms set forth in a writing intended by the parties as a final expression of their
   agreement with respect to such terms as are included therein may not be
18   contradicted by evidence of any prior agreement or of a contemporaneous oral
   agreement.
19

20   Code of Civil Procedure § 1856(a). *See Oakland Medical Building Corp. v. Aureguy* (1953) 41

21   Cal.2d 521, 523-24 ("prior or contemporaneous oral agreement that a promissory note is not to be

22   payable according to its terms constitutes no defense to an action on the note")(discussed in

23   Plaintiff's Reply in Support of Motion for Summary Judgment on Promissory Note and Common

24   Count for Money Lent, dated 5/9/08, p. 2); *Bank of America v. Goldstein* (1938) 25 Cal.App.2d 37,

25   44 (maker of promissory note is "estopped from contradicting the plain language of the note").

26

27   "The execution of a contract in writing *** supersedes all the negotiations or stipulations

28

1   concerning its matter which preceded or accompanied the execution of the instrument." Calif.

2   Civil Code § 1625.

3       Here, the Term Promissory Note reads:

4       FOR VALUE RECEIVED Amit Choudhury ("Debtor") unconditionally

5   promises to pay to the order of Elizabeth Eilert Grewal, ("Lender") on demand at
    San Francisco, California, the sum of $1,000,000 USD (One Million US Dollars).

6   Debtor agrees to pay interest from the date of [the note] on the said sum or the
    amount from time to time remaining unpaid at the rate per annum (calculated based

7   on a 365 day year), which is equal to 4.0%. Such interest shall be calculated and
    payable upon maturity of this Note upon expiration of the term, which is deemed to

8   be Five years.

9       The principal and interest of this Term Promissory Note shall be paid in US

10   dollars without set-off or counterclaim.

11   The note, as the record in this case demonstrates, was prepared and signed by Choudhury,

12   not claiming to be *non compos mentis*. It states "For Value Received" not "For $1,000,000

13   Received," and it states that the amount due, $1,000,000 plus interest at 4% per annum, "shall be

14   paid" "without set-off or counterclaim." The note constitutes a written, integrated contract that

15   Grewal, no less than Choudhury, signed.

16

17   Choudhury in this lawsuit is attempting to accomplish the very thing that the promissory

18   note expressly prohibits – *i.e.,* recover by set-off and by counterclaim $120,000 of the amount due.

19   We urge the Court to consider closely the terms in the note prohibiting set-off and counterclaim,

20   because they align perfectly with the parol evidence rule. The note does not state, "Choudhury

21   shall pay Grewal $1,000,000 plus interest at 4% per annum once Grewal transfers an additional

22   $120,000 to him." It states that Choudhury shall pay Grewal $1,000,000 plus interest at 4% per

23   annum *without set-off or counterclaim*. To similar effect, the parol evidence rule bars Choudhury

24

25   from introducing prior agreements, statements, or other communications or any contemporaneous

26   oral agreements that vary the terms of the note. Such evidence is barred because it contradicts the

27   signed writing. Code of Civil Procedure § 1856.

28
                                        -2-

The parol evidence rule bars Choudhury from introducing evidence that contradicts the promissory note regardless of his intentions at trial; for example, he may not introduce such evidence to support promissory fraud or fraud in the inducement of the note.  The rule was articulated by the court in *Kitt v. Graeser,* 241 Cal.App.2d 571 (1966), which held that promises that contradict a subsequent agreement are inadmissible under the parol evidence rule *for any purpose*, be it to support an action in contract for breach, or one in tort for fraud.  If the rule were otherwise

> one party to a written contract could change its terms, adding to the promises made by the other party, *** and alleging an inducing promise made without intention of performance.

*Id.* at 574; *see Bank of America v. Pendergrass* (1935) 4 Cal.2d 258 263; *Glendale Federal Savings and Loan Association v. Marina View Heights Development, Inc.* (1977) 66 Cal.App.3d 101, 160 (confirming, and applying, the rule of *Pendergrass*);  *Bank of America v. Lamb Finance Co.* (1960) 179 Cal.App.2d 498, 502.

To support fraudulent inducement of a contract, a party must show evidence of

> some independent fact or representation, some fraud in the procurement of the instrument or some breach of confidence concerning its use, and *not a promise directly at variance with the promise of the writing.*

*Pendergrass,* 4 Cal.2d at 263 (emphasis added).  "Parol evidence to show fraud is permitted in such cases on the theory that it does not, in fact, change or contradict the terms of the contract but rather shows that no binding contract has been legally made."  *Cobbs v. Cobbs* (1942) 53 Cal.App.2d 780, 783.

We expect Choudhury to offer evidence that he wrote the promissory note expecting to receive $120,000 in additional funds from Grewal.  For example, in a pretrial filing, he claimed that "[b]ased on our discussions, I believed that Plaintiff intended to transfer $1,000,000 to me to invest, and I agreed to accept the funds."  (Declaration of Amit Choudhury in Support of Defendant's

-3-

1   Motion for Summary Judgment on Plaintiff's Fraud and Promissory Note Claims, p. 2:8-9.)

2   Testimony to this effect, offered to vary the terms of the promissory note or prove fraud in the

3   inducement of the note, is inadmissible.  *See Tenzer v. Superscope, Inc.*, 39 Cal.3d 18, 31

4   (1985)("[I]f plaintiff adduces no further evidence of fraudulent intent than proof of nonperformance

5   of an oral promise, he will never reach a jury").  If Choudhury were to offer evidence of a breach of

6   confidence or some "independent fact," *Pendergrass*, 4 Cal.2d at 263, that suggests bad faith, the

7   evidence might be admissible; but, the parol evidence rule prohibits him from introducing evidence

8   of a mere statement, "belief," or "expectation" that varies the terms of the note.

9

## CONCLUSION

For the foregoing reasons, plaintiff, Elizabeth Grewal, respectfully requests that the Court

grant her motion *in limine* to exclude evidence of prior agreement or contemporaneous oral

agreement contradicting the terms of the promissory note.

Dated:  July 11, 2008

                                        KASTNER | BANCHERO LLP

                                        By: _____
                                             E. Jeffrey Banchero
                                             Scott R. Raber

                                        Attorneys for Plaintiff and Counter-Defendant
                                        ELIZABETH GREWAL

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR AGREEMENT OR CONTEMPORANEOUS ORAL AGREEMENT
CONTRADICTING THE TERMS OF THE PROMISSORY NOTE
Case No. C-07-4218 CRB

**Amit Choudhury**

| | |
|---|---|
| From: | eeilert@earthlink.net |
| Sent: | Wednesday, January 17, 2001 10:01 PM |
| To: | Amit Choudhury |
| Subject: | Re: November Results & Tax implications for 2000 |

Thanks, but I meant the OTHER stuff, the BIG thing...

Hope NY is going great.  Congrats on getting into Morgan!

Buff

> From: Amit Choudhury <Amit.Choudhury@PinnaclePartners.com>
> Date: Tue, 16 Jan 2001 21:16:06 -0800
> To: eeilert@earthlink.net
> Subject: RE: November Results & Tax implications for 2000
>
> This was more an FYI for you.  Your K-1's should be out in the next
> few weeks once the accountants deal with the data.  Will let you when
> they are ready.
>
> AC
>
> -----Original Message-----
> From: eeilert@earthlink.net [mailto:eeilert@earthlink.net]
> Sent: Tuesday, January 16, 2001 9:04 PM
> To: Amit Choudhury
> Subject: Re: November Results & Tax implications for 2000
>
>
>
> Hi,
>
> Not sure if I answered this or not -- I don't check it too often anymore.
> Sounds fine.  Looking for info/receipt for the other stuff....
>
> I know you're extremely busy.  Just give me an update.
>
> Thanks,
>
> Buff
>
>> From: Amit Choudhury <Amit.Choudhury@PinnaclePartners.com>

1

AC-039

\>\> Date: Sat, 23 Dec 2000 16:3?  -0800
\>\> To: "'eeilert@earthlink.net'" <eeilert@earthlink.net>
\>\> Subject: RE: November Results & Tax implications for 2000
\>\>
\>\> Here's an alternative. I can send you the balance between the year
\>\> end networth and $120K (the diff. we discussed),  That should put you
\>\> within a stone's throw of the tax implication.  Also, please take
\>\> into account any gains/losses in your Schwab account.  If your gains
\>\> are too high, you may want to sell some big losers and balance the
\>\> gains for the year.  I know
\> you
\>\> don't like selling at a loss, but this is the one time it actually
\>\> makes financial sense - and lets you clear out the cobwebs from your portfolio.
\>\>
\>\> AC
\>\>
\>\>
\>

AC-040

**PROOF OF SERVICE**

I am over eighteen years old, not a party in this litigation, and my business address is 20 California Street, 7th Floor, San Francisco, California 94111.  On July 11, 2008, I caused to be served a true copy of the attached on the parties in said action as follows:

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR AGREEMENT OR CONTEMPORANEOUS ORAL AGREEMENT CONTRADICTING THE TERMS OF THE PROMISSORY NOTE**

☒ (BY REGULAR MAIL) by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing at my place of business following ordinary business practices.  Said documents will be deposited with the United States Post Office mailbox at San Francisco, California, addressed as follows:

☐ (BY OVERNIGHT DELIVERY/FEDERAL EXPRESS) by placing a true copy thereof enclosed in a sealed envelope, with delivery fees prepaid, deposited with the authorized overnight/Federal Express carrier/box at San Francisco, California, addressed as follows:

☐ (BY PERSONAL SERVICE) by causing to be personally delivered by hand and leaving a true copy with the person(s) named below and/or a person having charge of the office at the address shown below:

☐ (BY FACSIMILE) by transmitting the foregoing document(s) by facsimile to the party(ies) identified below by using the facsimile number(s) indicated.  Said transmission(s) were verified as complete and without error.

Harvey Leiderman, Esq.
David Reidy, Esq.
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922
Tel:  415.543.8700
Fax:  415.391.8269

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July 11, 2008.

E. Jeffrey Banchero

-1-

Harvey L. Leiderman (SBN 55838)
HLeiderman@ReedSmith.com
David S. Reidy (SBN 225904)
DReidy@ReedSmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA  94120-7936

Telephone:     (415) 543-8700
Facsimile:      (415) 391-8269

Attorneys for Defendant
AMIT CHOUDHURY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual,<br><br>       Plaintiff,<br><br>    vs.<br><br>AMIT CHOUDHURY, an individual,<br><br>       Defendant. | Case No.: C-07-4218 CRB<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR AGREEMENT OR CONTEMPORANEOUS ORAL AGREEMENT CONTRADICTING THE TERMS OF THE PROMISSORY NOTE**<br><br>Pretrial Conf.:   August 1, 2008<br>Time:          2:00 p.m.<br>Place:         Courtroom 8, 19th Floor<br><br>Compl. Filed:   July 19, 2007<br>Trial Date:     August 4, 2008<br><br>***Honorable Charles R. Breyer*** |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Defendant Amit Choudhury ("Defendant") hereby opposes Plaintiff's Motion in Limine to

2    Exclude Evidence of Prior Agreement or Contemporaneous Oral Agreement Contradicting the

3    Terms of the Promissory Note ("Motion").

4

5    **I.    INTRODUCTION**

6    Plaintiff attempts by this Motion to exclude evidence of the parties' prior and

7    contemporaneous discussions related to the transfer of $880,000 from Defendant to Plaintiff.

8    Defendant intends to offer evidence of those discussions, among other evidence, not to contradict the

9    stated terms on the face of the promissory note ("Note"), which are undisputed, but to prove his

10   defenses to contract *formation*.  To the extent the evidence sheds light on the transaction at issue,

11   including by demonstrating lack of mutual consent and fraud, it is not parol evidence aimed at

12   rewriting a contract and, therefore, falls under well-recognized exceptions to the parol evidence rule

13   and is admissible.  Accordingly, Plaintiff's Motion should be denied.

14

15   **II.   ARGUMENT**

16   **A.    Defendant's Evidence Does Not Contradict the Terms of the Note**

17   While Plaintiff is correct that, "[t]erms set forth in a writing intended by the parties as a final

18   expression of their agreement with respect to such terms as are included therein may not be

19   contradicted by evidence of any prior agreement or of a contemporaneous oral agreement" (Code

20   Civ. Proc. § 1856(a)), she is wrong in arguing that Defendant's evidence should be excluded for that

21   reason.

22   The parol evidence rule "does not exclude other evidence of the circumstances under which

23   the agreement was made or to which it relates… or to explain an extrinsic ambiguity or otherwise

24   interpret the terms of the agreement, or to establish illegality or fraud."  Code Civ. Proc.§ 1856(g);

25   *see also Chastain v. Belmont,* 43 Cal. 2d 45, 52 (1954) ( "Although a contract has been reduced to

26   writing by the parties, parol evidence is admissible to show fraud, accident or mistake.").  Evidence

27   offered to prove fraud in the inducement of a contract therefore falls within a well-established

28   exception to the parol evidence rule.  *See Edwards v. Centex Real Estate Corp.,* 53 Cal. App. 4th 15,

**REED SMITH LLP**
A limited liability partnership formed in the State of Delaware

—1—

1    52 (1997) (finding trial court erred in granting motion in limine excluding parol evidence of fraud

2    "because it does not go to contradict the terms of the parties' integrated agreement, but to show

3    instead that the purported instrument has no legal effect."); *Goldberg v. Underhill,* 95 Cal. App. 2d

4    700, 702 (1950) (holding it is "well-established" that parol evidence is admissible for the purpose of

5    proving fraud). The same applies to evidence showing mistake of fact. Code Civ. Proc. § 1856(e);

6    *see Sapin v. Security First Nat'l Bank,* 243 Cal. App. 2d 201, 206 (1966) ("parol evidence may be

7    used to show a mistake in a written instrument."). Similarly, where the "validity of the agreement is

8    the fact in dispute," the parol evidence rule does not apply. *See* Code Civ. Proc. § 1856(f).

9        The Note states essentially three terms: the principal ($1,000,000), interest rate (4%), and

10   payment due date (5 years hence). The parol evidence rule does not apply here because Defendant

11   does not dispute that these are the basic terms of the Note as written; nor does Defendant argue that

12   the note is ambiguous. *See* Code Civ. Proc. § 1856(a) (stating general parol evidence rule). Here,

13   Defendant rather seeks to introduce evidence probative of his defenses disputing the *validity* of the

14   Note, based on lack of mutual consent and fraud in the inducement. Specifically, Defendant has

15   testified that the Note reflects a principal of $1,000,000 because that was the amount the parties

16   agreed would change hands in the transaction. It is undisputed that only $880,000 was transferred,

17   however, and that during and after tendering the Note, Defendant continued to suggest a way for

18   Plaintiff to come up with an additional $120,000 to make up the agreed upon sum of $1,000,000 –

19   and plaintiff agreed to do so.

20       Defendant is entitled to introduce this evidence to show that he was operating under the

21   mistaken belief that Plaintiff intended to provide him with the additional $120,000 to make up the

22   full $1,000,000 at the time he signed the Note, and also to prove that Plaintiff secretly never intended

23   to transfer the full amount but in fact was attempting to turn an $880,000 investment into a

24   $1,000,000 loan. Defendant will also introduce evidence that Plaintiff admitted in her divorce

25   settlement papers filed with a state Superior Court that the only obligation she believed was

26   outstanding was for the return of $880,000. None of this evidence contradicts the stated terms of the

27   Note, but rather goes to questions of whether a contract was formed in the first place, and whether

28   Plaintiff had fraudulent intent. As such the evidence is admissible. *See, id.,* at subd. (f), (g).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Defendant argues that at the time he signed the Note, he was operating under the mistaken

2    belief that Plaintiff would tender to him the full amount of the stated principal, and that the parties

3    never formed the requisite mutual consent fundamental to enforceability of any contract. In fact, this

4    Court recognized in its order denying the summary judgment motions that a reasonable juror could

5    find such a unilateral mistake, which would preclude a finding that a contract was formed when the

6    Note was made. As demonstrated by the fact that this Court has already considered the evidence at

7    issue, evidence supporting Defendant's claims of mistake and fraud clearly fall beyond the scope of

8    the parol evidence rule and should not be excluded.

9    **B.    Plaintiff Has Relied on Evidence That Would Be Excluded Under Her Motion**

10    Plaintiff attempts by her Motion to exclude evidence Defendant will rely on to challenge

11    formation of the Note. But Plaintiff's Motion is silent as to the extrinsic evidence that Plaintiff

12    herself to this Court in support of her own motions for summary judgment, as well as in opposition

13    to Defendant's motion for summary judgment.

14    Evidencing the contradiction, Plaintiff presented prior and contemporaneous evidence

15    outside the four corners of the Note in her first motion for summary judgment on the Note and on

16    her common count for money lent. *See* Pl. Mtn. S.J. at 3 (Plaintiff transferred $880,000 to

17    Defendant); *id.* at 6 ("Grewal recalls vividly that Choudhury made no such request" for Grewal to

18    loan him the additional $120,000). Plaintiff showed no restraint in proffering extrinsic evidence to

19    the Court in making her case for summary judgment, and indeed much of the evidence is cited in this

20    Court's May 30, 2008, Order Denying Cross-Claims for Summary Judgment. *See* Doc. 62, May 30,

21    2008 at 2: ("Although Choudhury asked for one million dollars, Grewal could only come up with

22    $880,000"); ("Although Choudhury had only received $880,000, he made the note out for $1 million

23    because he believed that Grewal would eventually invest an additional $120,000"); ("Grewal

24    contends that … she asked Choudhury why he made the note out for $1 million rather than

25    $880,000").

26    Under Plaintiff's construction, this evidence, too, would be inadmissible, but apparently she

27    believes it goes to the core of her allegations and should be treated as admissible evidence.

28

–3–

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

III.    **CONCLUSION**

If evidence extrinsic to an alleged contract can always be excluded as "parol," no parties would ever be able to challenge the predicates to enforceability of a contract – capacity, mutual consent, lack of mistake, fraud, duress, and the like.  *See, e.g.*, Civ. Code § 1657 (stating grounds for invalidating written agreement).  In this particular case, with these facts, Defendant's evidence going to the formation of the contract and Plaintiff's fraudulent inducement of the Note are material, probative and admissible, and not barred by the "parol evidence rule."

For the foregoing reasons, Defendant requests that Plaintiff's Motion in Limine be denied.


DATED:  July 22, 2008                    REED SMITH LLP


                                          By_____
                                             David S. Reidy
                                             Attorneys for Defendant
                                             AMIT CHOUDHURY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PROOF OF SERVICE**

Re:  *Grewal v. Choudhury*, USDC Northern District, Case No. C-07-4218 CRB

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA  94111-3922.  On **July 22, 2008**, I served the following document(s) by the method indicated below:

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR AGREEMENT OR CONTEMPORANEOUS ORAL AGREEMENT CONTRADICTING THE TERMS OF THE PROMISSORY NOTE**

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

**For Plaintiff, Elizabeth Grewal**

E. Jeffrey Banchero, Esq.
Kastner / Banchero LLP
20 California Street, 7th Floor
San Francisco, CA 94111
Tel:  (415) 398-7000

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on **July 22, 2008**, at San Francisco, California.

_____
Victoria Fedoroff

REED SMITH LLP
A limited liability partnership formed in the State of Delaware