E. Jeffrey Banchero (SBN 93077)
ejb@kastnerbanchero.com
Scott R. Raber (SBN 194924)
srr@kastnerbanchero.com
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff and Counter-Defendant
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, | CASE NO. C-07-4218 CRB |
| Plaintiff, | |
| v. | **JOINT PROPOSED JURY INSTRUCTIONS** |
| AMIT CHOUDHURY, | Trial Date:   August 4, 2008 |
| Defendants. | Time:        8:30 A.M. |
| | Courtroom:   8, 19th Floor |
| AND RELATED COUNTERCLAIM | (Before Hon. Charles R. Breyer) |

The parties hereby submit the attached Proposed Jury Instructions.  In submitting these instructions, the parties reserve the right to modify and supplement all proposed jury instructions due to changes in the issues to be tried and otherwise as may be necessary or appropriate.

Pursuant to this Court's February 29, 2008, pretrial order (Doc. 31), the parties hereby request by citation the following proposed form preliminary instructions, general instructions, and concluding jury instructions as contained in the current version of the *Ninth Circuit Manual of Model Jury Instructions (Civil) ("Manual"),* (2007 Ed.):

| Instruction | Given As Proposed | Refused | Modified | Withdrawn |
|---|---|---|---|---|
| **Instructions on the Trial Process** | | | | |
| 1.1A Duty of Jury (Court Reads and Provides Written Set of Instructions) | | | | |
| 1.3 Burden of Proof – Preponderance of the Evidence | | | | |
| 1.4 Burden of Proof – Clear and Convincing Evidence | | | | |
| 1.6 What is Evidence | | | | |
| 1.7 What is not Evidence | | | | |
| 1.8 Evidence for Limited Purpose | | | | |
| 1.9 Direct and Circumstantial Evidence | | | | |
| 1.10 Ruling on Objections | | | | |
| 1.11 Credibility of Witnesses | | | | |
| 1.12 Conduct of the Jury | | | | |
| 1.13 No Transcript Available to Jury | | | | |
| 1.14 Taking Notes | | | | |
| 1.18 Bench Conference and Recesses | | | | |
| 1.19 Outline of Trial | | | | |

| Instruction | Given As Proposed | Refused | Modified | Withdrawn |
|---|---|---|---|---|
| **Instructions on Types of Evidence** | | | | |
| 2.2 Stipulations of Fact | | | | |
| 2.4 Deposition in Lieu of Live Testimony | | | | |
| 2.8 Impeachment Evidence - Witness | | | | |
| 2.10 Use of Interrogatories of a Party | | | | |
| **Instructions Concerning Deliberations** | | | | |
| 3.1 Duty to Deliberate | | | | |
| 3.2 Communications with Court | | | | |
| 3.3 Return of Verdict | | | | |
| **Damages** | | | | |
| 5.1 Damages - Proof | | | | |

The parties also hereby submit the following joint set of proposed jury instructions on substantive issues of law.

DATED: July 25, 2008                    KASTNER | BANCHERO LLP


By: _____/S/_____
     E. Jeffrey Banchero
     Scott R. Raber

Attorneys for Plaintiff and Counter-Defendant
ELIZABETH GREWAL

DATED: July 25, 2008                    REED SMITH


By: _____/S/_____
     Harvey Leiderman
     David S. Reidy

Attorneys for Defendant and Counter-Claimant
AMIT CHOUDHURY

JOINT PROPOSED JURY INSTRUCTIONS
Case No. C-07-4218 CRB

**DISPUTED INSTRUCTION NO. 1 OFFERED BY PLAINTIFF**

**RE: CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff's Claims:

Ms. Grewal claims that Mr. Choudhury is liable for: (1) promissory fraud; (2) breach of written contract; (3) common count for money had and received for money lent; (4) common count for money had and received by Mr. Choudhury for the use and benefit of Ms. Grewal; and (5) common count, account stated.  The plaintiff has the burden of proving these claims.

Defendant's Defenses:

Mr. Choudhury denies those claims.  He denies the fraud claim; denies that the promissory note constitutes an enforceable written contract; and denies Ms. Grewal's common counts.

SOURCE:  Ninth Circuit Manual of Model Jury Instructions (Civil ) ("Manual") 1.2 (2007 ed.) (modified).

**DISPUTED INSTRUCTION NO. 1 OFFERED BY DEFENDANT**

**RE: CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff's Claims:

Grewal claims that Choudhury is liable for: (1) promissory fraud; (2) breach of written contract; (3) common count for money lent; (4) common count for money had and received by Choudhury for the use and benefit of Grewal; and (5) common count, account stated. The plaintiff has the burden of proving these claims.

Defendant's Defenses:

Choudhury denies those claims.  Choudhury denies the fraud claim and contends that he never made the alleged misrepresentations and never acted with fraudulent intent towards Grewal. Choudhury denies that the promissory note constitutes an enforceable written contract.  Choudhury contends that Grewal misrepresented her intentions in order to induce Choudhury to sign the promissory note and that the promissory note is therefore invalid for that reason.  Choudhury also contends that no written contract was formed between the parties because there was no mutual consent to all the terms of the promissory note, due to a mistake of fact.  Finally, Choudhury contends that no contract was formed to support Grewal's "common counts," because the money transferred from Grewal to Choudhury was meant as an investment and not as a loan.

SOURCE: Ninth Circuit Manual of Model Jury Instructions (Civil ) ("Manual") 1.2 (2007 ed.) (modified).

1

2

**STIPULATED INSTRUCTION NO. 2**

**RE: FRAUD AND DECEIT—INTRODUCTION**

Grewal seeks to recover damages based on a claim of fraud and deceit.  One who willfully deceives another, with intent to induce her to alter her position to her injury or risk, is liable for any damage which she thereby suffers.

Conduct may be fraudulent because of a false promise, which means a promise made without any intention of performing it.

SOURCE:  BAJI 12.30 (Spring 2008 ed.); Calif. Civil Code §§ 1709, 1710

**STIPULATED INSTRUCTION NO. 3**

**RE: FRAUD AND DECEIT—FALSE PROMISE**

Grewal claims that she was harmed because Choudhury made a false promise.  To establish this claim, Grewal must prove all of the following:

    1.  That Choudhury made a promise to Grewal;

    2.  That this promise was important to the transaction;

    3.  That Choudhury did not intend to perform this promise when he made it;

    4.  That Choudhury intended that Grewal rely on this promise;

    5.  That Grewal reasonably relied on Choudhury's promise;

    6.  That Choudhury did not perform the promised acts;

    7.  That Grewal was harmed:

    8.  That Grewal's reliance on Choudhury's promise was a substantial factor in causing her harm.

SOURCE:  CACI 1902 (Feb. 2008 ed.)

**STIPULATED INSTRUCTION NO. 4**

**RE: FRAUD AND DECEIT—INTENTION NOT TO PERFORM**

You may consider the conduct of a party making a promise, either before or after the promise was made, in determining whether there was an intention not to perform the promise when made.

Source BAJI 12.41 (Spring 2008 ed.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED INSTRUCTION NO. 5**

**RE: FRAUD AND DECEIT—IMPORTANT PROMISE**

A promise is important if it would influence a reasonable person's judgment or conduct.  A promise is also important if the person who makes it knows that the person to whom the promise is made is likely to be influenced by it even if a reasonable person would not.

SOURCE:  CACI 1905 (Feb. 2008 ed.)

**DISPUTED INSTRUCTION NO. 6 OFFERED BY PLAINTIFF**

**RE: FRAUD AND DECEIT—RELIANCE**

Grewal relied on Choudhury's promise if it caused her to transfer money and if she would probably not have done so without such promise.

It is not necessary that Choudhury's promise be the only reason for Grewal's conduct. It is enough if a promise substantially influenced Grewal's choice, even if it was not the only reason for her conduct.

You must determine the reasonableness of Grewal's reliance by taking into account her mental capacity, knowledge, and experience.

SOURCE:  CACI 1907, 1908 (June 2008 ed.)

**DISPUTED INSTRUCTION NO. 6A OFFERED BY DEFENDANT**

**RE: FRAUD AND DECEIT—RELIANCE**

Grewal relied on Choudhury's misrepresentation if it caused her to transfer money, and if she would probably not have done so without such misrepresentation.

It is not necessary that Choudhury's misrepresentation be the only reason for Grewal's conduct.  It is enough if a misrepresentation substantially influenced Grewal's choice, even if it was not the only reason for her conduct.

SOURCE:  CACI 1907 (June 2008 ed.)

**DISPUTED INSTRUCTION NO. 6B OFFERED BY DEFENDANT**

**RE: FRAUD AND DECEIT—REASONABLE RELIANCE**

You must determine the reasonableness of Grewal's reliance by taking into account her mental capacity, knowledge, and experience.

SOURCE:  CACI 1908 (June 2008 ed.)

**DISPUTED INSTRUCTION NO. 7 OFFERED BY PLAINTIFF**

**RE: FRAUD AND DECEIT—DAMAGES**

If you find that Grewal is entitled to a verdict against Choudhury, you must then award Grewal damages, if any, caused by the fraud upon which you base your finding of liability.

The amount of the award should include:

1.  The difference, if any, between the actual value of that with which Grewal parted and the actual value of that which was received.  This is sometimes referred to as the "out of pocket loss."

2.  In addition to "out of pocket loss," if any, Grewal is entitled to recover any additional damage arising from the particular transaction, including any of the following:

        a.  Amounts actually and reasonably expended in reliance upon the fraud.

        b.  An amount which will compensate Grewal for profits or other gains which might reasonably have been earned by use of the money had Grewal retained it.

SOURCE:  BAJI 12.56 (Spring 2008 ed.)

1

2

**DISPUTED INSTRUCTION NO. 7 OFFERED BY DEFENDANT**

**RE: FRAUD AND DECEIT—DAMAGES**

3    If you find that Grewal is entitled to a verdict against Choudhury, you must then award

4   Grewal damages in an amount that will reasonably compensate for all the loss suffered by Grewal

5   and caused by the fraud upon which you base your finding of liability.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   SOURCE: BAJI 12.57; *Gagne v. Bertran,* 43 Cal.2d 481, 490 (1954).

26

27

28

1

**DISPUTED INSTRUCTION NO. 8 OFFERED BY PLAINTIFF**

2

**RE: BREACH OF CONTRACT/PROMISSORY NOTE—INTRODUCTION**

3

*[Grewal contends that no evidence exists to support mistake and therefore objects to*

4

*submission of this issue to the jury.  If the Court determines nonetheless to submit a mistake*

5

*issue to the jury, Grewal requests that the following instruction be given.]*

6

Grewal claims that she and Choudhury entered into a contract, namely, a promissory note,

7

under which she loaned, and Choudhury agreed to repay with interest, a specified sum of money.

8

Grewal claims that Choudhury breached this contract by failing to repay the loan in

9

accordance with its terms.

10

Grewal also claims that Choudhury's breach of this contract caused harm to her for which

11

Choudhury should pay.

12

Choudhury denies that he and Grewal entered into a contract.  He claims that when he

13

signed the promissory note he was acting under a mistake of fact.

14

15

16

17

18

19

20

21

22

23

24

25

SOURCE:  CACI 300 (June 2008 ed.)

26

27

28

**DISPUTED INSTRUCTION NO. 8 OFFERED BY DEFENDANT**

**RE: BREACH OF CONTRACT/PROMISSORY NOTE—INTRODUCTION**

Grewal claims that she and Choudhury entered into a written contract where Choudhury promised to repay monies, plus interest thereupon, upon maturity of the contract.

Grewal claims that Choudhury breached this contract by failing to repay her all monies owed.

Grewal also claims that Choudhury's breach of this contract caused harm to Grewal for which Choudhury should pay.

Choudhury denies he breached a contract, and denies he caused any damage to Grewal. Choudhury also claims that Grewal is not entitled to any recovery because no contract was formed; there was no contract because the parties did not mutually consent to the terms; and that Choudhury was fraudulently induced to enter into the contract.

SOURCE:  CACI 300 (June 2008 ed.)

1

2

**STIPULATED INSTRUCTION NO. 9**

**RE: CONTRACT FORMATION—ESSENTIAL FACTUAL ELEMENTS**

Grewal claims that the parties entered into a contract, namely, the promissory note.  To prove that a contract was created, Grewal must prove all of the following:

1.  That the contract terms were clear enough that the parties could understand what each was required to do;

2.  That the parties agreed to give each other something of value; and

3.  That the parties agreed to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement.  You may not consider the parties' hidden intentions.

If Grewal did not prove all of the above, then a contract was not created.

SOURCE:  CACI 302 (Feb. 2008 ed.)

1

**STIPULATED INSTRUCTION NO. 10**

2

**RE: BREACH OF CONTRACT—ESSENTIAL FACTUAL ELEMENTS**

3      To recover damages from Choudhury for breach of contract, Grewal must prove all of the

4  following:

5          1.  That Grewal and Choudhury entered into a contract;

6          2.  That Grewal did all, or substantially all, of the significant things that the contract

7  required her to do;

8          3.  That Choudhury failed to do something that the contract required him to do; and

9          4.  That Grewal was harmed by that failure.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  SOURCE:  CACI 303 (June 2008 ed.)

26

27

28

1

2

**DISPUTED INSTRUCTION NO. 11 OFFERED BY PLAINTIFF**

**RE: CONTRACT FORMATION—CONSENT**

3

4

5

*[Grewal contends that no evidence exists to support mistake and therefore objects to submission of this issue to the jury.  If the Court determines nonetheless to submit a mistake issue to the jury, Grewal requests that the following instruction be given.]*

6

Ms. Grewal claims that the parties entered into a written contract.

7

The consent of Ms. Grewal and Mr. Choudhury to a contract must be:

8

1.     Free;

9

2.     Mutual; and

10

3.     Communicated by each to the other.

11

An apparent consent is not real or free when obtained through mistake.

12

13

Consent is not mutual, unless Ms. Grewal and Mr. Choudhury all agree upon the same thing in the same sense.

14

15

16

17

18

19

20

21

22

23

24

25

SOURCE:  Cal. Civ. Code §§ 1565, 1567 and 1580.

26

27

28

1

**DISPUTED INSTRUCTION NO. 11 OFFERED BY DEFENDANT**

2

**RE: CONTRACT FORMATION—CONSENT**

3      Grewal claims that the parties entered into a written contract. To prove that a written

4  contract was created, Grewal must prove that the parties consented to all the terms of the contract.

5      The consent of Grewal and Choudhury must be:

6      1.      Free;

7      2.      Mutual; and

8      3.      Communicated by each to the other.

9      An apparent consent is not real or free when obtained through:

10      1.      Fraud; or

11      2.      Mistake.

12      Consent is not mutual, unless Grewal and Choudhury all agree upon the same thing in the

13  same sense.

14      If Grewal did not prove all of the above, then a written contract was not created.

15

16

17

18

19

20

21

22

23

24

25  SOURCE:  Cal. Civ. Code §§ 1565, 1567 and 1580.

26

27

28

1

2

**DISPUTED INSTRUCTION NO. 12  OFFERED BY PLAINTIFF**

**RE: MISTAKE—DEFINITION**

3

4

5

*[Grewal contends that no evidence exists to support mistake and therefore objects to submission of this issue to the jury.  If the Court determines nonetheless to submit a mistake issue to the jury, Grewal requests that the following instruction be given.]*

6

7

8

Choudhury claims the promissory note is not a contract because it was signed under a mistake of fact, namely, the mistaken belief that Choudhury was to receive $120,000 in addition to the $880,000 Grewal had already paid to him.  Grewal denies any mistake was made.

9

10

11

12

A mistake of fact is a mistake, not caused by gross negligence or excessive carelessness on the part of the person making the mistake, consisting either of an unconscious ignorance or forgetfulness of a fact, past or present, material to the contract, or a belief in the present existence of a thing material to the contract which does not exist.

13

14

15

Because experience teaches that mistakes are the exception and not the rule, you should examine with particular care the evidence relating to a party's assertion of mistake as the basis for his defense.  Care is all the more necessary when the asserted mistake relates to a writing.

16

17

18

19

20

21

22

23

24

25

26

SOURCE:  Calif. Civil Code § 1577; *Van Meter v. Bent Construction Co.*, 46 Cal.2d 588, 594-95 (1956); Restatement (Second) of Contracts § 155 (1981), comment *c.*

27

28

1

**DISPUTED INSTRUCTION NO. 12  OFFERED BY DEFENDANT**

2

**RE: MISTAKE—DEFINITION**

3

Defendant disputes Plaintiff's proposed instruction number 12, "Mistake-Definition."

4

Plaintiff's formulation is <u>not</u> a recognized jury instruction.  Moreover, Plaintiff has merely cobbled

5

together language from other sources that does not necessarily apply.  The "instruction" is

6

unnecessary and duplicative of CACI 300, "Affirmative Defense – Unilateral Mistake of Fact" (see

7

Disputed Instruction No. 13, offered by Defendant).  Defendant also contends that Plaintiff's

8

disputed instruction is misleading, as it uses language from the Restatement of Contracts, Section

9

155, regarding <u>mutual</u> mistake, a defense not asserted by Defendant.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**DISPUTED INSTRUCTION NO. 13 OFFERED BY PLAINTIFF**

**RE: MISTAKE—UNILATERAL MISTAKE OF FACT**

3

4

5

*[Grewal contends that no evidence exists to support unilateral mistake and therefore objects to submission of this issue to the jury.  If the Court determines nonetheless to submit a unilateral mistake issue to the jury, Grewal requests that the following instruction be given.]*

6

7

8

Choudhury claims the promissory note is not a contract because he was mistaken about whether he would receive an additional $120,000 from Grewal.  To succeed in his claim, Choudhury must prove all of the following:

9

1.  That he was mistaken about whether Grewal would pay him an additional $120,000;

10

11

2.  That Grewal knew Choudhury was mistaken and used that mistake to take advantage of him;

12

3.  That Choudhury's mistake was not caused by his own excessive carelessness; and

13

14

4.  That Choudhury would not have agreed to enter into the contract if he had known about the mistake.

15

If you decide that Choudhury has proved all of the above, then no contract was created.

16

17

18

19

20

21

22

23

24

25

26

27

SOURCE:  CACI 330 (June 2008 ed.)

28

**DISPUTED INSTRUCTION NO. 13 OFFERED BY DEFENDANT**

**RE: MISTAKE—UNILATERAL MISTAKE OF FACT**

Mr. Choudhury claims that the promissory note is not a valid contract because he believed that he would receive $1 million, the amount stated in the promissory note, from Ms. Grewal. To succeed, Mr. Choudhury must prove all of the following:

1.    That Mr. Choudhury was mistaken about the amount of money he would receive;

2.    That Ms. Grewal knew Mr. Choudhury was mistaken and used that mistake to take advantage of him;

3.    That Mr. Choudhury's mistake was not caused by his excessive carelessness; and

4.    That Mr. Choudhury would not have agreed to enter into the contract if he had known about the mistake.

If you decide that Mr. Choudhury has proved all of the above, then no contract was created.

SOURCE: CACI 330 (June 2008 ed.).

1     **DISPUTED INSTRUCTION NO. 14 OFFERED BY DEFENDANT**

2     **RE: AFFIRMATIVE DEFENSE—FRAUD**

3          Choudhury claims that no written contract was created because his consent was obtained by

4     fraud.  To succeed, Choudhury must prove all of the following:

5          1.     That Grewal represented that she was going to deliver $1 million to Choudhury, as

6     stated in the promissory note;

7          2.     That Grewal knew that the representation was not true;

8          3.     That Grewal made the representation to persuade Choudhury to agree to the

9     contract;

10         4.     That Choudhury reasonably relied on this representation; and

11         5.     That Choudhury would not have entered into the contract if he had known that the

12    representation was not true.

13         If you decide that Choudhury has proved all of the above, then no written contract was

14    created.

25    SOURCE: CACI 335 (June 2008 ed.).

1

2

**DISPUTED INSTRUCTION NO. 14 OFFERED BY PLAINTIFF**

**RE: AFFIRMATIVE DEFENSE—FRAUD**

3

4

5

6

7

Plaintiff submits that no instruction should be given on this affirmative defense, or otherwise referencing it, as no valid evidence of fraud by Grewal has been adduced, and defendant's counterclaim for fraud has been dismissed by the Court. *See also* Plaintiff's Memorandum of Law Regarding Plaintiff Elizabeth Grewal's Disputed Jury Instructions, submitted concurrently.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

**DISPUTED INSTRUCTION NO. 15**

**RE: AFFIRMATIVE DEFENSE—UNJUST ENRICHMENT**

**OFFERED BY DEFENDANT**

4   A person who has been unjustly enriched at the expense of another is required to make

5   restitution to the other.  A person is enriched if he has received a benefit.  A person is unjustly

6   enriched if the retention of the benefit would be unjust

7   Choudhury claims that if Grewal is awarded $1 million in damages under the promissory

8   note, she will be unjustly enriched in the amount of $120,000, plus interest, because she only

9   delivered $880,000 to Choudhury.  To succeed, Choudhury must prove all of the following:

10   1.   Grewal only delivered $880,000 to Choudhury; and

11   2.   If Grewal is awarded $1 million under the terms of the note, she would be unjustly

12   enriched in the amount of $120,000 plus any interest thereon.

13

14

15

16

17

18

19

20

21

22

23

24

25   SOURCE: Restatement (2d) Restitution § 1, comm. a, b and c.

26

27

28

**DISPUTED INSTRUCTION NO. 15 OFFERED BY PLAINTIFF**

**RE: AFFIRMATIVE DEFENSE—UNJUST ENRICHMENT**

Plaintiff submits that no instruction should be given on this affirmative defense, or otherwise referencing it, as no valid evidence of unjust enrichment has been adduced by defendant. *See also* Plaintiff's Memorandum of Law Regarding Disputed Jury Instructions, submitted concurrently.

1

2

**STIPULATED INSTRUCTION NO. 16**

**RE: COMMON COUNT—INTRODUCTION**

Grewal in the alternative asserts several claims against Choudhury under a "common count" theory, which allows the recovery of money based on proof of a variety of forms of monetary indebtedness.

SOURCE: *Title Ins. Co. v. Bd. of Equalization* (1992) 4 Cal.4[th] 715, 731; *McBride v. Houghton* (2004) 123 Cal.App.4[th] 379, 394.

1

**DISPUTED INSTRUCTION NO. 17 OFFERED BY PLAINTIFF**

2

**RE: COMMON COUNT—MONEY HAD AND RECEIVED FOR MONEY LENT**

3

Grewal makes a common-count claim that Choudhury owes her money that she loaned to

4

him.  To establish this claim, Grewal must prove all of the following:

5

    1.  That Choudhury received money from Grewal intended as a loan;

6

    2.  That Choudhury has not repaid any of the money; and

7

    3.  The amount of the money lent.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SOURCE:  *Moya v. Northrup*, 10 Cal.App.3d 276 (1970); see 4 Witkin, *California Procedure* (4th

26

ed. 1997), Pleading § 525.

27

28

1    **DISPUTED INSTRUCTION NO. 17 OFFERED BY DEFENDANT**

2    **RE: COMMON COUNT—MONEY LENT**

3        Under California law, a loan of money is defined as a contract by which one delivers a sum

4    of money to another, and the latter agrees to return at a future time a sum equivalent to that which

5    he borrowed.

6        To prove a claim for damages for the common count of money lent, Grewal must prove that

7    she and Choudhury entered into a contract whereby she delivered $880,000 to Choudhury, and he

8    agreed to return that amount at a future time but failed to do so.

25   SOURCE:  Cal. Civ. Code § 1912; *see* Court's May 30, 2008, Order Denying Cross-Motions for

26   Summary Judgment (Doc. 62) at 8.

**DISPUTED INSTRUCTION NO. 18 OFFERED BY PLAINTIFF**

**RE: COMMON COUNT—MONEY HAD AND RECEIVED,**

**FOR USE AND BENEFIT OF PLAINTIFF**

Grewal claims that Choudhury owes her money.  To establish this claim, Grewal must prove all of the following:

1. That Choudhury received money that was intended to be used for the benefit of Grewal;

2. That the money was not used for the benefit of Grewal; and

3. That Choudhury has not given the money to Grewal.

SOURCE:  CACI 370 (June 2008 ed.)

1    **DISPUTED INSTRUCTION NO. 18 OFFERED BY DEFENDANT**

2    **RE: COMMON COUNT—MONEY HAD AND RECEIVED**

3        To prove a claim for damages for common count money had and received, Grewal must

4    prove all of the following:

5                    1.    That Choudhury received money that was intended to be used

6                         for the benefit of Grewal;

7                    2.    That the money was not used for the benefit of Grewal; and

8                    3.    That Choudhury has not given the money to Grewal.

25    SOURCE: CACI 370 (June 2008 ed.) (modified).

**DISPUTED INSTRUCTION NO. 19 OFFERED BY PLAINTIFF**

**RE: COMMON COUNT—ACCOUNT STATED**

Grewal makes a common-count claim that Choudhury owes her money on an account stated. To establish this claim, Grewal must prove all of the following:

1. That Choudhury owed Grewal money from a financial transaction;

2. That Choudhury and Grewal, by words or conduct, agreed that the amount stated in the account was the correct amount owed to Grewal;

3. That Choudhury, by words or conduct, promised to pay the stated amount to Grewal;

4. That Choudhury has not paid Grewal any of the amount owed under this account; and

5. The amount of money Choudhury owes Grewal.

Source: CACI 373 (June 2008 ed.)

**DISPUTED INSTRUCTION NO. 19 OFFERED BY DEFENDANT**

**RE:  COMMON COUNT—ACCOUNT STATED**

Grewal claims that Choudhury owes her money on an account stated. To establish this claim, Grewal must prove all of the following:

        1.     That Choudhury owed Grewal money from previous financial transactions;

        2.     That Grewal and Choudhury, by words or conduct, agreed that the amount stated in the account was the correct amount owed to Grewal;

        3.     That Choudhury, by words or conduct, promised to pay the stated amount to Grewal;

        4.     That Choudhury has not paid Grewal any of the amount owed under this account; and

        5.     The amount of money Choudhury owes Grewal.

SOURCE: CACI 373 (June 2008 ed.).

1    **DISPUTED INSTRUCTION NO. 20 OFFERED BY PLAINTIFF**

2    **RE: DAMAGES—PROOF**

3    It is the duty of the Court to instruct you about the measure of damages. By instructing you

4    on damages, the Court does not mean to suggest for which party your verdict should be rendered.

5    If you find for Ms. Grewal on her fraud, breach of contract claim, and/or common counts

6    claims, you must determine Ms. Grewal's damages. Ms. Grewal has the burden of proving

7    damages by a preponderance of the evidence. Damages means the amount of money that will

8    reasonably and fairly compensate the plaintiff for any injury you find was caused by Mr.

9    Choudhury.

10    It is for you to determine what damages, if any, have been proved.  Your award must be

11    based upon evidence and not upon speculation, guesswork or conjecture.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    SOURCE: Manual 5.1 and 5.2 (2007 ed.) (modified).

27

28

1

2                    **DISPUTED INSTRUCTION NO. 20 OFFERED BY DEFENDANT**

3                                   **RE: DAMAGES—PROOF**

4          It is the duty of the Court to instruct you about the measure of damages. By instructing you

5   on damages, the Court does not mean to suggest for which party your verdict should be rendered.

6          If you find for Grewal on her breach of contract claim, common counts, and/or promissory

7   fraud claim, you must determine Grewal's damages.  Grewal has the burden of proving damages by

8   a preponderance of the evidence. Damages means the amount of money that will reasonably and

9   fairly compensate the plaintiff for any injury you find was caused by Choudhury. You should

10  consider the following:

11          1.       the amount of monies lost by Grewal;

12          2.       the interest, if any, on such amounts.

13          It is for you to determine what damages, if any, have been proved.  Your award must be

14  based upon evidence and not upon speculation, guesswork or conjecture.

15

16

17

18

19

20

21

22

23

24

25

26  SOURCE: Manual 5.1 and 5.2 (2007 ed.) (modified).

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED INSTRUCTION NO. 21**

**RE: DUPLICATE DAMAGES**

Grewal has made claims against Choudhury for fraud and deceit, breach of contract, and common count.  If you decide that Grewal has proved multiple claims, the same damages that resulted from more than one claim can be awarded only once.

SOURCE:  CACI 361 (February 2008 ed.)

**DISPUTED INSTRUCTION NO. 22 OFFERED BY PLAINTIFF**

**RE: PUNITIVE DAMAGES—FRAUD AND DECEIT**

If you decide that Grewal has proved her claim for fraud and deceit and that Choudhury's conduct caused Grewal harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if Grewal proves by clear and convincing evidence that Choudhury engaged in that conduct with malice, oppression, or fraud.

"Malice" means that Choudhury acted with intent to cause injury or that Choudhury's conduct was despicable and was done with a willful and knowing disregard of the rights or safety or another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Choudhury's conduct was despicable and subjected Grewal to cruel and unjust hardship in knowing disregard of her rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that Choudhury made a false promise, namely, a promise made without any intention of performing it, and that he did so intending to harm Grewal.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a) How reprehensible was Choudhury's conduct? In deciding how reprehensible Choudhury's conduct was, you may consider, among other factors:

      1. Whether the conduct caused physical harm;

      2. Whether Choudhury disregarded the health or safety of others;

      3. Whether Grewal was financially weak or vulnerable and Choudhury knew Grewal was financially weak or vulnerable and took advantage of her;

4.  Whether Choudhury's conduct involved a pattern or practice; and

5.  Whether Choudhury acted with trickery or deceit.

(b)  Is there a reasonable relationship between the amount of punitive damages and Grewal's harm?

(c)  In view of Choudhury's financial condition, what amount is necessary to punish him and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because Choudhury has substantial financial resources. Any award you impose may not exceed Choudhury's ability to pay.

SOURCE:  CACI 3940 (February 2008 ed.); Civil Code § 1710

**DISPUTED INSTRUCTION NO. 22 OFFERED BY DEFENDANT**

**RE: PUNITIVE DAMAGES—FRAUD AND DECEIT**

*[In addition to an objection to the form of the proposed disputed instruction regarding punitive damages offered by Plaintiff, Defendant argues that this instruction is only appropriate to give to the jury after they make a finding for Plaintiff on her fraud claim, if they indeed do find for Plaintiff.]*

If you find for Grewal on her fraud claim, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Grewal has the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that Choudhury's conduct that harmed Grewal was malicious, oppressive or in reckless disregard of Grewal's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of Grewal's rights if, under the circumstances, it reflects complete indifference to Grewal's safety or rights, or if Choudhury acts in the face of a perceived risk that its actions will violate the Grewal's rights under state or federal law. An act or omission is oppressive if Choudhury injures or damages or otherwise violates the rights of Grewal with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Grewal.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of Choudhury's conduct

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on Grewal.

SOURCE: Manual 5.5 (2007 Ed.) (modified).