E. Jeffrey Banchero (SBN 93077)
ejb@kastnerbanchero.com
Scott R. Raber (SBN 194924)
srr@kastnerbanchero.com
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff and Counter-Defendant
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ELIZABETH GREWAL, | CASE NO. C-07-4218 CRB |
|---|---|
| Plaintiff, | **PLAINTIFF ELIZABETH GREWAL'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING DISPUTED JURY INSTRUCTIONS** |
| v. | |
| AMIT CHOUDHURY, | |
| Defendants. | Trial Date:   August 4, 2008<br>Time:         8:30 A.M.<br>Courtroom:  8, 19th Floor |
| AND RELATED COUNTERCLAIM | (Before Hon. Charles R. Breyer) |

Pursuant to the Court's Guidelines for Trial In Civil Jury Cases, plaintiff Elizabeth Grewal hereby submits this Memorandum of Points and Authorities Regarding Disputed Jury Instructions. The disputed instructions are addressed separately below, as denominated in the parties' joint proposed jury instructions filed herewith.[1]

---

[1] Late on the afternoon of July 25, 2008, defendant belatedly reversed his position with respect to language in contained in several previously agreed-upon instructions. Accordingly, plaintiff reserves her rights to supplement or renew objections to defendant's proposed instructions prior to or at the August 1, 2008 pretrial conference.

-1-
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING DISPUTED JURY INSTRUCTIONS**
Case No. C-07-4218 CRB

**1. Disputed Instruction No. 1 Offered By Plaintiff Re: Claims and Defenses**

Defendant's proposed instruction improperly elaborates in detail upon defendant's defenses, while plaintiff's positions are not spelled out all. Plaintiff's proposed instruction is neutral and accurate.

**2. Disputed Instruction No. 6 Offered By Plaintiff Re: Fraud and Deceit—Reliance:**

Plaintiff's instruction accurately states form instructions CACI 1907 ("Reliance") and CACI 1908 ("Reasonable Reliance") *together*. Plaintiff objects to defendant's effort to separate these two instructions rotely and artificially. Omission of the 1907 language from the related language of 1908 results in an unbalanced and unfair instruction on reliance. *See, e.g., Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1239 (1995) ("Reliance exists when the misrepresentation or nondisclosure was an immediate cause of the plaintiff's conduct which altered his or her legal relations, and when without such misrepresentation or nondisclosure he or she would not, in all reasonable probability have entered into the contract or other transaction."); *Engalla v. Permanente Medical Group, Inc.*, 15 Cal.4th 951, 977 (1997) ("A misrepresentation is judged to be 'material' if a 'reasonable man would attach importance to its existence or non-existence in determining his choice of action in the transaction in question.'").

**3. Disputed Instruction No. 7 Offered By Plaintiff Re Fraud and Deceit—Damages:**

Plaintiff submits that this instruction is proper, and tracks the form instruction in light of the facts of this case. The only modification made was to eliminate the second paragraph of Paragraph 1 of BAJI 12.56, to avoid unnecessary confusion. Plaintiff is entitled to recover her out-of-pocket and consequential losses as a matter of law. *See, e.g.,* Civ. Code § 3343; 6 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, §§ 1710-1712. Defendant's proposed instruction is under-inclusive of recoverable damages.

### 4. Disputed Instruction No. 8 Offered By Plaintiff Re: Breach of Contract/Promissory Note—Introduction:

Plaintiff's proposed instruction faithfully recites form instruction CACI 300; defendant's proposed instruction does not. For example, the form instruction does not, as defendant proposes, include the phrase "written contract." Inclusion of the word "written" will unnecessarily confuse the jury into thinking that the common count claims must be found to be oral contracts; however, they are not, as a matter of law, contract claims. In addition, there is no valid evidence of fraudulent inducement by the plaintiff, so the form instruction should not misleadingly refer to such a defense.

### 5. Disputed Instruction No. 11 Offered By Plaintiff Re: Contract Formation—Consent:

Plaintiff objects to this proposed instruction which is unsupported by valid evidence. Defendants have adduced no evidence that Grewal procured the promissory note by "fraud," as Choudhury contended in his recently-dismissed counterclaim. Likewise, Grewal contends that no evidence exists to support mistake and therefore objects to submission of that issue to the jury.

### 6. Disputed Instruction No. 12 Offered By Plaintiff Re: Mistake—Definition:

Grewal contends that no evidence exists to support mistake and therefore objects to submission of this issue to the jury. If the Court determines nonetheless to submit a mistake issue to the jury, Grewal requests that plaintiff's version be given. Defendant's objections are without merit. The instruction will assist the jury in understanding what, as a matter of law, constitutes a "mistake." The second paragraph of the instruction cites Cal. Civ. Code § 1577 virtually verbatim, while the third paragraph quotes from the Restatement (Second) of Contracts § 155 (1981), comment c.

### 7. Disputed Instruction No. 13 Offered By Plaintiff Re: Mistake—Unilateral Mistake of Fact:

Plaintiff contends that no evidence exists to support unilateral mistake and therefore objects to submission of this issue to the jury. In any event, plaintiff's version of CACI 330 is more faithful

1  to the form instruction than the form proposed by defendant, which inaccurately reflects the facts
2  and purported "mistake."

### 8. Disputed Instruction No. 14 Offered By Defendant Re: Affirmative Defense—Fraud:

Plaintiff objects to this proposed instruction which is unsupported by proper evidence. Defendant has adduced no evidence that Grewal procured the promissory note by "fraud," as Choudhury contended in his recently-dismissed counterclaim. Accordingly, an instruction on this point has no relevance, and will only confuse and mislead the jury.

### 9. Disputed Instruction No. 15 Offered By Defendant Re: Affirmative Defense—Unjust Enrichment:

Plaintiff objects to this proposed instruction on the ground that it is not supported by the evidence adduced in this case. Unjust enrichment "is based on the idea that 'one person should not be permitted unjustly to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly." *County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, *citing Dinosaur Development, Inc. v. White*, 216 Cal. App.3d 1310, 1315 (1989). To the extent there is evidence of "unjust enrichment," it is Choudhury who has been unjustly enriched at Grewal's expense. Furthermore, awarding Grewal her damages would not amount to unjust enrichment: for Grewal to receive $1 million plus 4% interest (per the terms of the promissory note) would provide an effective rate of interest of approximately 7.19%, as detailed in plaintiff's expert's report. As a matter of law, that is not an "unjust" return; rather, it would restore plaintiff to the position she formerly occupied. Rest. 1st (Restitution) § 1 Comment a.

### 10. Disputed Instruction No. 17 Offered By Plaintiff Re: Common Count—Money Had And Received For Money Lent Offered by Defendant:

Plaintiff submits that Choudhury's proposed instruction on this claim is wrong as a matter of law. Proof of a common count claim for money lent does not require the same degree of proof required to establish a breach of contract claim, as indicated by the cases cited in plaintiff's

-4-
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING DISPUTED JURY INSTRUCTIONS**
Case No. C-07-4218 CRB

"Common Count-Introduction" instruction. *See Title Ins. Co. v. Bd. of Equalization,* 4 Cal.4th 715, 731 (1992); *McBride v. Houghton*, 123 Cal.App.4th 379, 394 (2004).

**11.  Disputed Instruction No. 18 Offered By Plaintiff Re:  Common Count—Money Had And Received For Use And Benefit Of Plaintiff:**

Plaintiff's proposed instruction recites nearly verbatim the form instruction.  Defendant's introductory statement does not faithfully capture CACI 370.

**12.  Disputed Instruction No. 19 Offered By Plaintiff Re:  Common Count—Account Stated:**

Plaintiff's proposed instruction more faithfully recites the form instruction, whereas defendant's introductory statement and item no. 1 does not faithfully capture CACI 373.

**13.  Disputed Instruction No. 20 Offered By Plaintiff Re: Damages—Proof:**

Plaintiff submits that her proposed instruction is more faithful to the form instruction.  Fraud should be mentioned first as the bulk of the evidence will relate to the fraud claim.  Also, defendant's itemization of the elements to be considered deals only with contract/common count damages, not damages for fraud, which plaintiff spelled out in her "Fraud and Deceit – Damages" instruction.

**14.  Disputed Instruction No. 22 Offered By Plaintiff Re: Punitive Damages—Fraud and Deceit:**

Defendant offered no timely alternative to the wording of this instruction, which is taken directly from CACI 3990 and Cal. Civ. Code § 1710.  As detailed in plaintiff's opposition to Choudhury's Motion In Limine No. 2, plaintiff is entitled to introduce evidence at trial, in her case-in-chief, in support of her fraud claim and punitive damages prayer.  Moreover, trial of this matter has not been bifurcated pursuant to Fed. R. Civ. P. 42(b).

DATED: July 25, 2008                    KASTNER | BANCHERO LLP

                                        By:  _____/S/_____
                                             E. Jeffrey Banchero
                                             Scott R. Raber

                                        Attorneys for Plaintiff and Counter-Defendant
                                        ELIZABETH GREWAL