1  Harvey L. Leiderman (SBN 55838)
   HLeiderman@ReedSmith.com
2  David S. Reidy (SBN 225904)
   DReidy@ReedSmith.com
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA  94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA  94120-7936

7  Telephone:    (415) 543-8700
   Facsimile:    (415) 391-8269
8
   Attorneys for Defendant
9  AMIT CHOUDHURY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual, | Case No.: C-07-4218 CRB |
| Plaintiff, | **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S DISPUTED PROPOSED JURY INSTRUCTIONS** |
| vs. | |
| AMIT CHOUDHURY, an individual, | |
| Defendant. | Trial Date: August 4, 2008<br>Time:        8:30 A.M.<br>Courtroom: 8, 19th Floor |
| | *Honorable Charles R. Breyer* |

Pursuant to this Court's February 29, 2008, Final Pretrial Conference Order, Defendant Amit Choudhury hereby submits the following memorandum of law in support of his proposed disputed jury instructions.

**Disputed Instruction No. 1, Re: Claims and Defenses**

Defendant disputes Plaintiff's characterization of Defendant's defenses and contentions in this introductory instruction. Plaintiff attempts to prevent Defendant from including instructions related to his Affirmative Defenses. Accordingly, Defendant has no option but to submit a disputed instruction that accurately and completely states his defenses in the case. Defendant has not attempted to limit Plaintiff's ability to list her claims, and Plaintiff should therefore not be permitted to limit Defendant's contentions.

**Disputed Instruction No. 6A and 6B – Reliance and Reasonable Reliance**

Defendant's only dispute with this instruction is that it should be given to the jury as two separate instructions, which is the format outlined in the Judicial Council of California, Civil Jury Instructions ("CACI") sections 1907, 1908. Plaintiff has refused to separately list these instructions, and has refused to provide Defendant with an explanation for her position. Defendant believes that Instruction No. 1908 should not be deemphasized by being included, without a heading, under Instruction No. 1907.

**Disputed Instruction No. 7, Re: Fraud and Deceit – Damages**

Plaintiff is mistaken regarding the applicable jury instruction regarding possible damages available for fraud, where the alleged fraud is related to monies delivered. Defendant proposes the California Jury Instructions, Civil ("BAJI") number 12.57, which gives jurors instructions on the benefit of the bargain rule of damages. This rule "applies to fraudulently induced transactions other than the purchase, sale or exchange of property, real or personal." *See* BAJI 12.57, Use Note, citing *Gagne v. Bertran,* 43 Cal. 2d 481, 490 (1954). BAJI 12.56 – the instruction Plaintiff seeks to use – specifies that the "out of pocket" rule of damages is limited to fraud in the purchase, sale or exchange of property, real or personal, none of which is at issue in this matter. *See BAJI* 12.56, Use Note, citing *Bagdasarian v. Gragnon*, 31 Cal. 2d 744, 759 (1948).

**Disputed Instruction No. 8, Re: Breach of Contract**

Defendant disputes Plaintiff's characterization of Defendant's defenses and contentions. Again, Plaintiff attempts, without justification, to pick and choose among Defendant's Affirmative Defenses. Defendant submits his instruction to include all Affirmative Defenses and contentions.

**Disputed Instruction No. 11, Re: Contract Formation – Consent**

Defendant disputes Plaintiff's characterization of Defendant's defenses, and seeks to have the instruction read with both fraud and mistake listed as appropriate defenses to the requisite apparent consent necessary to the formation of every contract. Cal. Civ. Code § 1567 ("An apparent consent is not real or free when obtained through: (1) Duress; (2) Menace; (3) Fraud; (4) Undue influence; or (5) Mistake.")

**Disputed Instruction No. 12, Re: Mistake – Definition**

Defendant disputes Plaintiff's proposed instruction number 12, "Mistake-Definition." Plaintiff's formulation is not a recognized jury instruction. Rather, Plaintiff has merely cobbled together language from other sources that do not necessarily apply. The "instruction" is unnecessary and duplicative of CACI 300, "Affirmative Defense – Unilateral Mistake of Fact" (see Disputed Instruction No. 13, offered by Defendant). Defendant also contends that Plaintiff's disputed instruction is misleading, as it uses language from the Restatement of Contracts, Section 155, regarding *mutual* mistake, a defense not asserted by Defendant.

**Disputed Instruction No. 13, Re: Affirmative Defense – Unilateral Mistake of Fact**

Plaintiff may not argue the merits of the case at this stage, and Defendant must be allowed to assert his affirmative defenses. Again, Plaintiff should not be permitted to limit jury instructions based on her perception of the merits. Defendant's proposed instruction tracks the suggested CACI jury instruction number 330. CACI 330 (June 2008 ed.).

**Disputed Instruction No. 14, Re: Affirmative Defense – Fraud**

Plaintiff may not argue the merits of the case at this stage, and Defendant must be allowed to assert his affirmative defenses to Plaintiff's contract claims, including his defense based on fraudulent inducement. This instruction tracks the suggested CACI jury instruction number 335. CACI 335 (June 2008 ed.).

**Disputed Instruction No. 15, Re: Affirmative Defense – Unjust Enrichment**

Plaintiff may not argue the merits of the case at this stage, and Defendant must be allowed to assert his affirmative defenses. Defendant's proposed instruction is supported by the Restatement (2d) Restitution section 1, which states that "[a] person who has been unjustly enriched at the

1  expense of another is required to make restitution to the other." Restatement (2d) Restitution § 1.

2  The additional language is verbatim from the supporting comments. *See Id.,* comm. a, b, and c.

3  **Disputed Instruction No. 17, Re: Common Count – Money Lent**

4  Defendant's proposed instruction tracks verbatim the language of this Court's May 30, 2008,

5  Order Denying Cross-Motions for Summary Judgment, in which the Court cited Section 1912 of the

6  Civil Code and set forth the elements of a common count for money lent. No jury instruction exists

7  on this count. Defendant therefore based his instruction on the Court's formulation, which is

8  consistent with California law.

9  **Disputed Instruction No. 18, Re: Common Count – Money Had and Received**

10 Defendant's proposed instruction tracks faithfully the language of the CACI 370 jury

11 instruction; Plaintiff's proposed instruction does not.

12 **Disputed Instruction No. 19, Re: Common Count – Account Stated**

13 Defendant's proposed instruction tracks faithfully the language of the CACI 373 jury

14 instruction; Plaintiff's proposed instruction does not. Plaintiff's proposed instruction changes the

15 phrase "previous financial transactions" to "*a* financial transaction." This change is significant, and

16 indeed misstates the nature of the cause of action. "The essential elements of an account stated are:

17 (1) previous transactions between the parties establishing the relationship of debtor and creditor; (2)

18 an agreement between the parties, express or implied, on the amount due from the debtor to the

19 creditor; (3) a promise by the debtor, express or implied, to pay the amount due." *Zinn v. Fred R.*

20 *Bright Co.*, 271 Cal. App. 2d 597, 600 (1969). There is no evidence, and indeed Plaintiff does not

21 allege, that the parties engaged in *previous* transactions establishing the relationship of debtor and

22 creditor. Only one transaction is at issue, and the jury should be properly instructed on the distinct

23 elements of the Account Stated claim.

24 **Disputed Instruction No. 20, Re: Damages – Proof**

25 Defendant's proposed instruction tracks the directive of the Ninth Circuit Manual Model Jury

26 Instructions – Civil ("Manual"), which states that Instruction 5.1 and 5.2 be combined to create an

27 instruction appropriate to the damages sought. Plaintiff's proposed instruction does not insert the

28 appropriate instruction on damages sought.

**Disputed Instruction No. 22, Re: Damages – Punitive Damages**

Defendant submits that an instruction on punitive damages is not appropriate unless and until Plaintiff establishes her entitlement to such damages by proving her fraud claim.

With regard to the form of the instruction, Defendant proposes Manual Instruction 5.5, while Plaintiff proposes CACI 3940. Defendant submits that the Manual Instruction is more appropriate. Defendant further objects to the inclusion of instructions on "malice," "oppression," "despicable conduct," "physical harm," "disregard[] [for] the health and safety of others," and the like, which plainly have no bearing on the case at hand.

Respectfully submitted,

DATED: July 25, 2008         REED SMITH LLP

By ____/s/_____
  David S. Reidy
  Attorneys for Defendant
  AMIT CHOUDHURY