E. Jeffrey Banchero (SBN 93077)
ejb@kastnerbanchero.com
Scott R. Raber (SBN 194924)
srr@kastnerbanchero.com
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff ELIZABETH GREWAL


Harvey L. Leiderman (SBN 55838)
HLeiderman@ReedSmith.com
David S. Reidy (SBN 225904)
DReidy@ReedSmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922
**Mailing Address:**
P.O. Box 7936
San Francisco, CA  94120-7936

Telephone:    (415) 543-8700
Facsimile:    (415) 391-8269

Attorneys for Defendant AMIT CHOUDHURY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL,<br><br>              Plaintiff,<br><br>     v.<br><br>AMIT CHOUDHURY,<br><br>              Defendants.<br><br>AND RELATED COUNTERCLAIM | CASE NO. C-07-4218 CRB<br><br>**JOINT PROPOSED FINAL PRETRIAL ORDER**<br><br>Trial Date:    August 4, 2008<br>Time:          8:30 A.M.<br>Courtroom:  8, 19th Floor<br><br>(Before Hon. Charles R. Breyer) |

## I. STATEMENT OF THE SUBSTANCE OF CLAIMS AND DEFENSES THAT REMAIN TO BE DECIDED

The claims in the First Amended Complaint that remain to be decided are in fraud and deceit – promise without intent to perform (First Cause of Action); promissory note (Second Cause of Action); and three common counts: money had and received for money lent (Third Cause of Action), money had and received by defendant for the use and benefit of plaintiff (Fourth Cause of Action), and account stated (Fourth Cause of Action). Plaintiff will withdraw the Sixth Cause of Action for common count-open book account, because under the evidence as it has developed, it is duplicative with the other common counts. A detailed description of these claims and the evidence that supports them is set forth in Plaintiff's Trial Brief, filed herewith.

**Plaintiff asserts:** On July 22, 2008, the Court, after hearing plaintiff's motion for summary judgment on the counterclaim, dismissed defendant's counterclaim on grounds defendant's claim on promissory fraud is barred by the three-year statute of limitations. There is nothing remaining to be tried on defendant's counterclaim.

**Defendant asserts:** Defendant denies Plaintiff's claims. With regard to Plaintiff's First Cause of Action, Defendant denies that he ever made the alleged misrepresentations or that he ever acted with fraudulent intent towards Plaintiff, or that Plaintiff can establish the elements of her fraud claim. With regard to Plaintiff's Second Cause of Action, Defendant denies that the promissory note constitutes an enforceable written contract. Defendant contends that Plaintiff misrepresented her intentions in order to induce Defendant to sign the promissory note and that the promissory note is therefore invalid for that reason. Defendant also contends that no written contract was formed between the parties because there was no mutual consent to all the terms of the promissory note, due to a mistake of fact. As to Plaintiff's Common Counts, Defendant contends that no agreements were formed to support Plaintiff's "common counts," because the money transferred from Plaintiff to Defendant was meant as an investment of risk capital and not as a loan.

-1-

**JOINT PROPOSED FINAL PRETRIAL ORDER**
Case No. C-07-4218 CRB

## II. STATEMENT OF RELIEF SOUGHT

Plaintiff seeks compensatory damages as follows:

On the fraud claim and the common counts: $1,552,899 as of August 4, 2008, plus daily interest from August 4 to the date of judgment in the amount of $241. See Expert Report of Gregory A. Pinsonneault, Schedule 3.3. Mr. Pinsonneault's Report is attached as an exhibit to Plaintiff's Opposition to Defendant's Motion in Limine No. 4.

On the promissory-note claim: $1,351,029 as of August 4, 2008, plus daily interest from August 4 to the date of judgment in the amount of $169. See Expert Report of Gregory A. Pinsonneault, Schedule 3.2.

In addition, plaintiff seeks an award of punitive damages.

**Plaintiff asserts:** Because the counterclaim was dismissed, defendant has no claims and seeks no affirmative relief.

**Defendant asserts:** Defendant seeks an offset of $120,000 from Plaintiff's damages, if any, and contests Plaintiff's damages calculations in fact and under applicable law.

## III. STIPULATED FACTS

The parties were unable to reach agreement as to the form of any stipulations as to facts. The parties believe, however, that with Court's guidance, factual stipulations concerning certain undisputed facts could be agreed to, which would reduce the trial time in this case.

## IV. STATEMENT OF FACTUAL ISSUES THAT REMAIN TO BE TRIED – CONTESTED ELEMENTS

**First Cause of Action: Fraud and Deceit – Promise Without Intent To Perform**

**Plaintiff asserts:**

The factual issues that remain to be tried on this claim are as follows:

1. Whether Choudhury promised Grewal to invest her money in an off-shore account, and whether he promised that the interest on the investment, or loan, would be returned to her tax-free;

-2-

**JOINT PROPOSED FINAL PRETRIAL ORDER**
Case No. C-07-4218 CRB

1      2.    Whether Choudhury had any intention to perform these promises when he made them;

3      3.    Whether Choudhury intended that Grewal rely on the promises;

4      4.    Whether Grewal reasonably relied on the promises; and

5      5.    The amount owed in damages.

Plaintiff maintains that the other elements of the fraud claim, namely, whether Choudhury performed the promised act, whether Grewal was harmed, and whether Grewal's reliance on Choudhury's promise was a substantial factor in causing her harm, cannot be seriously disputed and therefore should not be contested.

**Defendant asserts:**

The factual issues that remain to be tried are as follows:

1. Whether Defendant promised that if Plaintiff loaned him money, he would repay the money to her with interest that would come back to her tax free.  *See* FAC ¶ 10.

2. Whether the alleged promise was important to the transaction;

3. Whether Defendant did not intend to perform this promise when he made it;

4. Whether Defendant intended that Plaintiff rely on this promise;

5. Whether Plaintiff reasonably relied on Defendant's promise;

6. Whether Defendant did not perform the promised acts;

7. Whether Plaintiff was harmed; and

8. Whether Plaintiff's reliance on Defendant's alleged promise was a substantial factor in causing her harm.

Defendant maintains that Plaintiff cannot prove these elements by clear and convincing evidence as required by law.

**Second Cause of Action:  Promissory Note**

**Plaintiff asserts:**

Plaintiff maintains that none of the elements of the claim to enforce the promissory note are in dispute and therefore they need not be contested.  There is no factual dispute that the writing

-3-

**JOINT PROPOSED FINAL PRETRIAL ORDER**
Case No. C-07-4218 CRB

exists and was signed by the parties.  Nor is there a dispute that the terms of the writing were breached – Choudhury admits he did not pay Grewal $1 million plus 4% per annum interest on January 2, 2006, when the note came due.

Plaintiff does not expect defendant to present evidence at trial sufficient to support a unilateral mistake of fact (an affirmative defense), which means this defense should not be presented to the jury for decision.  Under Rule 50(a) of the Fed. Rules of Civ. P., plaintiff expects to request judgment on this claim as a matter of law.

**Defendant asserts:**

Defendant maintains that the promissory note is not an enforceable contract, and this Court has ruled that triable issues of fact exist as to whether the promissory note fails for lack of mutual consent, and whether Defendant was mistaken as to Plaintiff's intent to transfer only $880,000 and not $1 million as had been discussed.  Defendant also maintains that Plaintiff fraudulently induced him into signing the promissory note.

**Third Cause of Action:  Money Had and Received for Money Lent**

**Plaintiff asserts:**

The factual issues that remain to be tried on this common count are as follows:

1. Whether Choudhury received money from Grewal intended as a loan; and
2. The amount owed in damages.

Plaintiff maintains that the other elements of this common count, namely, the amount of money lent and whether Choudhury has repaid any of the money, cannot be seriously disputed and therefore should not be contested.

**Defendant asserts:**

The factual issues that remain to be tried are as follows:

1. Whether Plaintiff and Defendant entered into an agreement whereby Plaintiff delivered $880,000 to Defendant, and Defendant agreed to return that amount at a future time but failed to do so.

-4-

**JOINT PROPOSED FINAL PRETRIAL ORDER**
Case No. C-07-4218 CRB

Defendant maintains that Plaintiff has admitted that the money was meant as an investment – indeed her Fourth Cause of Action asserts as much – and therefore that Plaintiff cannot prove that money was lent under her Third Cause of Action.

**Fourth Cause of Action:  Money Had and Received by Defendant for the Use and Benefit of Plaintiff**

The factual issues that remain to be tried on this common count are as follows:

1. Whether Defendant received money that was intended to be used for the benefit of Plaintiff;

2. Whether Defendant failed to use the money for the benefit of Plaintiff; and

3. Whether Plaintiff suffered any damages as a result.

Plaintiff maintains that the other element of this common count, namely, whether Defendant gave the money to Plaintiff, cannot be seriously disputed and therefore should not be contested.

Defendant maintains that the elements of this cause of action are contested and disputed.

**Fifth Cause of Action:  Account Stated**

The factual issues that remain to be tried on this common count are as follows:

1. Whether Defendant owed Plaintiff money from previous financial transactions;

2. Whether Defendant and Plaintiff, by words or conduct, agreed that the amounts stated in the account were the correct amounts owed;

3. Whether Defendant, by words or conduct, promised to pay the stated amounts to Plaintiff; and

4. Whether Plaintiff suffered any damages as a result.

Plaintiff maintains that the other element of this common count, namely, whether Defendant has paid Plaintiff any of the amount owed under the account, cannot be seriously disputed and therefore should not be contested.

Defendant maintains that this Cause of Action is frivolous, as it plainly applies to factual situations not applicable here – namely, where the parties had an ongoing account of prior financial

-5-

**JOINT PROPOSED FINAL PRETRIAL ORDER**
Case No. C-07-4218 CRB

transactions that the debtor agreed to.  Plaintiff cannot prove this claim and the claim should be withdrawn.

## V.   JOINT EXHIBIT LIST

See Appendix A.

## VI.   WITNESS LIST

See Appendix B.

DATED:  July 25, 2008                           KASTNER | BANCHERO LLP


By:  _____/S/_____
      E. Jeffrey Banchero
      Scott R. Raber

Attorneys for Plaintiff and Counter-Defendant
ELIZABETH GREWAL


DATED:  July 25, 2008                           REED SMITH


By:  _____/S/_____
      Harvey Leiderman
      David S. Reidy

Attorneys for Defendant and Counter-Claimant
AMIT CHOUDHURY

-6-

**JOINT PROPOSED FINAL PRETRIAL ORDER**
Case No. C-07-4218 CRB