RECEIVED JUL 2 4 2008

E. Jeffrey Banchero (SBN 93077)
ejb@kastnerbanchero.com
Scott R. Raber (SBN 194924)
srr@kastnerbanchero.com
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff and Counter-Defendant
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH GREWAL,

Plaintiff,

v.

AMIT CHOUDHURY,

Defendants.

AND RELATED COUNTERCLAIM

CASE NO. C-07-4218 CRB

**OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NUMBER 3: TO EXCLUDE EVIDENCE OF ANY PRIOR CIVIL JUDGMENT ENTERED AGAINST DEFENDANT**

Pretrial Conf.: August 1, 2008
Time: 2:00 P.M.
Place: Courtroom 8, 19th Floor

Compl. Filed: July 19, 2007
Trial Date: August 4, 2008

(Before Hon. Charles R. Breyer)

Defendant Amit Choudhury's Motion In Limine No. 3 seeks to exclude evidence of any prior civil judgment entered against him, even though Choudhury's motion asserts that "[n]o such evidence has been adduced by Plaintiff in this case," and identifies no particular civil judgment that he wishes to exclude. Def. MIL No. 3, at 1:26-27. Accordingly, the motion improperly seeks little more than an advisory ruling concerning unspecified evidence, devoid of context.

Although evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith on a particular occasion, such evidence may, however, be admissible for other purposes – "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); *Heyne v. Caruso*, 69 F.3d 1475, 1480 (9th Cir. 1995) (holding that it was error to exclude evidence of employer's sexual harassment of other nonparty workers, and that such evidence was highly probative, and may be used to prove defendant's motive or intent in discharging plaintiff); *see also F.D.I.C. v. Refco Group, Ltd.*, 184 F.R.D. 623, 627 (D.Colo. 1999) (holding that evidence of transactions between other customers of bank's investment advisor and securities broker was admissible in action alleging the existence of a fraudulent scheme on the part of advisor and employees of broker, in that the evidence was relevant to the extent it might bear on the existence and perpetuation of the advisor's fraudulent scheme and knowledge).

Grewal is presently aware of one prior civil judgment entered against Choudhury in San Francisco Superior Court, in a case by former investors alleging breaches of contract and fiduciary duties by Choudhury and a hedge fund he controlled (Pinnacle Partners Capital L.P.). Evidence stemming from those proceedings, including evidence of the civil judgment entered against Choudhury, may be probative evidence of Choudhury's conduct in this case – and at a minimum might constitute legitimate impeachment evidence. For example, depending on the testimony adduced at trial, the judgment (and other facts) in that case may well be probative evidence of consistent fraudulent motive, conduct, or scheme in this case, germane to his dealings with plaintiff. Such evidence would neither be cumulative nor unduly prejudicial; rather it would be relevant to establishing Choudhury's fraudulent intent and conduct vis-à-vis Grewal.

Grewal thus opposes Choudhury's MIL No. 3 on the grounds that it is at best premature and improperly seeks to exclude potentially relevant evidence through a blanket pretrial order, absent any context for the introduction (or denial) of potentially relevant evidence.

DATED: July 22, 2008

KASTNER | BANCHERO LLP

By: ______________________
E. Jeffrey Banchero
Scott R. Raber

Attorneys for Plaintiff and Counter-Defendant
ELIZABETH GREWAL

**PROOF OF SERVICE**

I am over eighteen years old, not a party in this litigation, and my business address is 20 California Street, 7th Floor, San Francisco, California 94111. On July 22, 2008, I caused to be served a true copy of the attached on the parties in said action as follows:

**OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NUMBER 3: TO EXCLUDE EVIDENCE OF ANY PRIOR CIVIL JUDGMENT ENTERED AGAINST DEFENDANT**

☑ (BY REGULAR MAIL) by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing at my place of business following ordinary business practices. Said documents will be deposited with the United States Post Office mailbox at San Francisco, California, addressed as follows:

☐ (BY OVERNIGHT DELIVERY/FEDERAL EXPRESS) by placing a true copy thereof enclosed in a sealed envelope, with delivery fees prepaid, deposited with the authorized overnight/Federal Express carrier/box at San Francisco, California, addressed as follows:

☐ (BY PERSONAL SERVICE) by causing to be personally delivered by hand and leaving a true copy with the person(s) named below and/or a person having charge of the office at the address shown below:

☐ (BY FACSIMILE) by transmitting the foregoing document(s) by facsimile to the party(ies) identified below by using the facsimile number(s) indicated. Said transmission(s) were verified as complete and without error.

Harvey Leiderman, Esq.
David Reidy, Esq.
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922
Tel: 415.543.8700
Fax: 415.391.8269

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July 22, 2008.

Lana Nemirovsky