Harvey L. Leiderman (SBN 55838)
HLeiderman@ReedSmith.com
David S. Reidy (SBN 225904)
DReidy@ReedSmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA  94120-7936

Telephone:    (415) 543-8700
Facsimile:    (415) 391-8269

Attorneys for Defendant and
Counter-Claimant
AMIT CHOUDHURY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMIT CHOUDHURY, an individual,<br><br>Defendant. | Case No.: C-07-4218 CRB<br><br>**SUPPLEMENT TO DEFENDANT'S MOTION IN LIMINE NUMBER 3: TO EXCLUDE EVIDENCE OF ANY PRIOR CIVIL JUDGMENT ENTERED AGAINST DEFENDANT; AND ACCOMPANYING DECLARATION OF HARVEY L. LEIDERMAN** |
| | Pretrial Conf.:    August 1, 2008<br>Time:    2:00 p.m.<br>Place:    Courtroom 8, 19th Floor |
| AMIT CHOUDHURY, an individual,<br><br>Counter-Claimant,<br><br>vs.<br><br>ELIZABETH GREWAL, an individual,<br><br>Counter-Defendant. | Compl. Filed:    July 19, 2007<br>Trial Date:    August 4, 2008<br><br>*Honorable Charles R. Breyer* |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSSFO-125225922

1   Defendant's Motion in Limine No. 3 seeks to exclude improper evidence regarding any prior

2   civil judgment entered against Defendant.  In Plaintiff's Opposition to the Motion, Plaintiff refers to

3   "one prior civil judgment entered against Choudhury in San Francisco Superior Court, in a case by

4   former investors ..."  Opposition, 2:18-19.  Reference to such "judgment," however, is precisely

5   what the Motion in Limine was designed to prevent, because that "judgment" was extinguished as a

6   matter of law two days after it was filed by the Court in that action.

7   As more particularly described in the accompanying Declaration of Harvey L. Leiderman,

8   one of counsel of record in this case and formerly counsel to the defendants in the San Francisco

9   Superior Court action, three individuals had commenced an action against three defendants,

10  including Defendant Amit Choudhury in June 2001.  The case went to a mandatory settlement

11  conference and was settled in April, 2002.  Disputes arose over the drafting of the terms of the

12  written settlement agreement; a judgment was entered on September 4, 2002; but two days later, on

13  September 6, 2002, the case was finally settled and a Request for Dismissal with prejudice was filed

14  with the Court.  These are matters of public record in the Superior Court's file.  Because the

15  "judgment" was not final before the Dismissal was filed, the effect of the Dismissal was to

16  extinguish the judgment as a matter of law.

17  Entry of a judgment is not final until either the period in which an appeal may be filed has

18  expired or upon remittitur from the Court of Appeal.  *Neumann v. Melgar,* Cal. App. 121 4th 152,

19  166 (2004); *In re Matthew C.,* 6 Cal. 4th 386, 393 (1993).  During the period before the judgment is

20  final, it may be vacated due to the voluntary dismissal of the action by agreement of the parties.

21  *Armstrong v. Sacramento Valley Realty Co.,* 179 Cal. 648, 651 (1919) (granting motion to dismiss

22  action where parties entered settlement agreement before judgment became final);  *Ebensteiner Co.*

23  *v. Chadmar Group,* 143 Cal. App. 4th 1174, 1180 (2006) (dismissing pending appeal of judgment

24  where parties entered settlement agreement).  If a dismissal with prejudice is filed with the Court

25  before the judgment becomes final, the judgment is extinguished and, therefore, of no force or effect.

26  *Ebensteiner,* 143 Cal. App. at 1180.

27  Under these circumstances, allowing the Plaintiff in this case to reference a "judgment" in

28  the San Francisco Superior Court in an attempt to prove anything against Defendant in this case, or

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

–1–

1    to use it in an attempt to impeach Defendant's credibility, would be both factually and legally in

2    error and would be improperly prejudicial to the Defendant.

3        Defendant requests that improper evidence of any prior civil judgment entered against

4    Defendant be excluded from trial.

5

6        DATED:  July 29, 2008

7                                 REED SMITH LLP

8

9                                 By

10                                   Harvey L. Leiderman
                                     Attorneys for Defendant

11                                   Amit Choudhury

12   DOCSSFO-12522592.2

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENT TO MOTION IN LIMINE NO. 3:  PRIOR CIVIL JUDGMENT    Case No. C-07-4218 CRB

DOCSSFO-12522592.2

REED SMITH LLP
A limited liability partnership formed in the State of Delaware