# EXHIBIT A

# ReedSmith

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
+1 415 543 8700
Fax +1 415 391 8269
reedsmith.com

**David S. Reidy**
Direct Phone: +1 415 659 5933
Email: dreidy@reedsmith.com

July 29, 2008

**Via Messenger**

E. Jeffrey Banchero, Esq.
KASTNER BANCHERO LLP
20 California Street, 7th Floor
San Francisco, CA 94111

*Elizabeth Grewal v. Amit Choudhury*
**USDC Case No. C-07-4218 CRB**

Dear Mr. Banchero:

Enclosed please find two documents, bates labeled AC249-253, which are responsive to requests for production of documents propounded by Plaintiff and are relevant to this action. We understand the documents were located late yesterday among documents maintained by Pinnacle Partners, Inc., which were retrieved and apparently are being produced tomorrow in response to the deposition subpoena issued by your client. We received these documents today.

Please add these two documents to the Joint Exhibit List as Exhibits 84 and 85.

Sincerely,

David S. Reidy

DSR:ng

Enclosures

DOCSSFO-12522836.1

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH
OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

**Amit Choudhury**

| | |
|---|---|
| **From:** | eeilert@earthlink.net |
| **Sent:** | Tuesday, October 17, 2000 8:58 PM |
| **To:** | Amit Choudhury |
| **Subject:** | Re: September Results |

Thanks Amit,

As you can imagine, I'm especially glad that your returns keep going up and up, as I watch my portfolio slowly erode....I'm hoping for small miracles by mid-November....!!!  I know that making the big investment with you personally for 5 years has much more risk, but I desperately need my portfolio to grow.  I'm seriously considering it.

Buff

> From: Amit Choudhury <Amit.Choudhury@PinnaclePartners.com>
> Date: Tue, 17 Oct 2000 11:02:52 -0700
> Subject: September Results
>
> October 17, 2000
>
> Dear Limited Partner:
>
> September was a lousy month for the market.  The Dow was down 200
> points just for the last week, and down 5% for the month.  The Nasdaq
> was down 3.5% for the last week, 12.7% for the month and 7.4% for the
> quarter.  FORTUNATELY, our caution finally paid off (despite some of
> you wondering why we were being so conservative) and we ended the
> month UP 2.3 %. For the year, we are UP 34.6% net of all fees.
>
> You have several items coming up: The elections, earnings reports over
> the next few weeks, and the general nervousness that comes with the
> month of October.
>
> Thank you for your continued support.
>
> Amit Choudhury
> Pinnacle Partners Capital Management LLC.
>
>

AC-249

THIS CONVERTIBLE PROMISSORY NOTE AND THE SECURITIES ISSUABLE ON THE CONVERSION HEREOF HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "ACT"), AND MAY NOT BE SOLD OR OFFERED FOR SALE IN THE ABSENCE OF (i) AN EFFECTIVE REGISTRATION STATEMENT THEREFOR UNDER SUCH ACT, (ii) A "NO ACTION" LETTER OF THE SECURITIES AND EXCHANGE COMMISSION WITH RESPECT TO SUCH SALE OR OFFER, OR (iii) AN OPINION OR THE ADVICE OF COUNSEL SATISFACTORY TO FINEXA INC. THAT REGISTRATION UNDER SUCH ACT IS NOT REQUIRED WITH RESPECT TO SUCH SALE OR OFFER.

## FINEXA INC.
## CONVERTIBLE SECURED PROMISSORY NOTE

Principal Amount of:
$1,000,000.00

Foster City, California
April 1, 2001

FOR VALUE RECEIVED, Finexa Inc., a Delaware corporation (the "Company"), with its principal offices at 561C Pilgrim Drive, Foster City, CA, 94404, promises to pay the order of Amit Choudhury (the "Payee"), the principal amount of One Million dollars ($1,000,000.00). This Convertible Secured Promissory Note (this "Note") shall be secured by all of the tangible and intangible assets of the Company, including, without limitation, negotiable instruments, income, and revenue, under a California UCC-1 filing, subordinated only to ordinary course bank and lease line debt. The unpaid balance of the principal amount of this Note shall accrue simple interest at the rate of ten percent (10%) per annum.

Unless previously converted under Section 1 hereof, all principal and accrued interest hereunder shall become due and payable, in full, on Dec 15, 2001 (the "Maturity Date"), such payment shall be made in cash within fifteen (15) days after written demand therefore, by the Payee. The Maturity Date may be accelerated by a majority vote of the investors in the Company's bridge financing, voting in proportion to their participation, calculated in dollars. The entire principal balance and all unpaid accrued interest hereunder shall automatically become due and payable, without notice or demand, in the event of any bankruptcy, insolvency, receivership or other such event relating to the Company.

1.    **Automatic Conversion.** Upon the consummation of the Company's sale of Series B Preferred Stock ("Series B Preferred"), up to seventy-five percent of the outstanding principal and interest accrued to that date shall automatically be converted, without further action on the part of the Payee, into shares of the Company's Series B Preferred. The remaining twenty-five percent shall be paid to the Payee in cash including any accrued interest.

CA1-3X0117.1

1

AC-250

The conversion price per share (the "Conversion Price") and any related terms and conditions for the purpose of any such conversion and cancellation shall, in the case of the Series B Preferred financing, be the same as those established for the other investors in the Series B Preferred financing. In addition, at the time of such conversion, Payee shall receive warrants to purchase additional Series B Preferred, exercisable for five (5) years at the Conversion Price, with the number of shares subject to the warrant ("x") determined according to the following formula:

$$x = Y/Z$$

wherein "Y" is the principal amount of this Note and "Z" is the Conversion Price.

Upon conversion of this Note into shares of Series B Preferred, and the cash repayment, as the case may be, the Payee shall deliver this Note to the Company, and the Company shall deliver to the Payee a certificate representing that number of shares into which the Payee has converted the principal and interest at such date, along with the warrant described above. The principal and accrued interest so converted shall be deemed fully paid, and interest shall not thereafter accrue on such amounts.

2.    No Fractional Shares. No fractional shares of stock will be issued in connection with such conversion. In lieu of fractional shares that would otherwise be issuable, the number of shares issuable upon conversion shall be rounded up to the nearest whole share.

3.    Series B Financing Documents. Upon conversion of this Note into shares of Series B Preferred, the Payee shall enter into and execute such documents as the other purchasers in the Series B Preferred financing enter into or execute, and shall meet the reasonable conditions and shall be subject to the reasonable terms applicable to such other purchasers.

4.    Prepayment. This Note may be prepaid without penalty, in whole or in part, at any time.

5.    Assignment. All covenants, agreements and undertakings in this Note by or on behalf of any of the parties shall bind and inure to the benefit of the respective successors and permitted assigns of the parties whether so expressed or not. The Company may not assign this Note or any of its obligations hereunder.

6.    Notices. Any and all notices, requests, consents and demands required or permitted to be given hereunder shall be in writing and shall be deemed given and received (i) upon personal delivery, (ii) upon the next business day if sent by nationally-recognized overnight courier, freight prepaid, addressed as indicated below (iii) upon the first business day following the receipt of confirmation of facsimile transmission to the facsimile number as indicated below, or (iv) upon the third business day after deposit in the United States mail, by certified or registered mail, postage prepaid and addressed as follows:

CA1-300037.1

2

AC-251

If to Payee:                                    If to the Company:

Amit Choudhury                                  Finexa, Ino.
2200 Leavenworth Street                         561C Pilgrim Drive
Suite 305                                       Foster City, California 94404
San Francisco, California 94133

Either party may change by notice the address to which notices to it are to be addressed.

     7.    Waiver of Notice, Etc. The Company waives presentment for payment, demand, protest, and notice of protest for nonpayment of this Note, and consents to any extension or postponement of the time of payment or any other indulgence. The Company further waives the right to trial by jury in any action or proceeding in respect of this Note.

     8.    Amendment. This Note may be amended or modified only by agreement of Payee and the Company.

     9.    Interest. In the event any interest is paid on this Note which is deemed to be in excess of the then legal maximum rate, then that portion of the interest payment representing an amount in excess of the then legal maximum rate shall be deemed a payment of principal and applied against the principal of this Note.

     10.    Expenses. In the event that Payee brings a legal action against the Company, or the Company brings a legal action against Payee to enforce or otherwise determine the meaning or enforceability of this Note or any provision hereof, the party prevailing in such action shall recover from the opposing party all reasonable expenses, including attorneys' fees, directly attributable to such action.

     11.    Governing Law. This Note shall be construed and enforced in accordance with, and the rights of the parties shall be governed by, the laws of the State of California, without reference to conflict of laws principles.

     12.    Representations of Payee. In connection with the issuance of this Note (this Note, and securities issued upon conversion hereof, collectively, the "Securities"), Payee, by its acceptance hereof, hereby further agrees, represents and warrants as follows:

     (a)    Payee is acquiring the Securities solely for its own account for investment and not with a view to or for sale or distribution of the Securities or any portion thereof and not with any present intention of selling, offering to sell or otherwise disposing of or distributing the Securities or any portion thereof;

     (b)    the entire legal and beneficial interest of the Securities is being purchased for the account of Payee;

CA1 - 264157.1

3

AC-252

(c)     Payee either (i) has a prior business and/or personal relationship with the Company and/or its officers and directors, or (ii) by reason of its business or financial experience or the business or financial experience of its professional advisors who are unaffiliated with the Company, and who are not compensated by the Company, has the capacity to protect its own interests in connection with the purchase of the Securities; and

(d)     the transaction under which Payee is purchasing the Securities has not been registered under the Act, and the Securities must be held indefinitely unless subsequently registered under the Act or an exemption from such registration is available.

13.     <u>No Shareholder Rights</u>.  Nothing contained in this Note shall be construed as conferring upon the Payee or any other person the right to vote or to consent or to receive notice as a shareholder in respect of meetings of shareholders for the election of directors of the Company or any other matters or any rights whatsoever as a shareholder of the Company; and no dividends or interest shall be payable or accrued in respect of this Note or the interest represented hereby or the shares obtainable hereunder until, and only to the extent that, this Note shall have been converted.

IN WITNESS WHEREOF, this Note has been executed and by the duly authorized representatives of the Company and the Payee.

Finexa Inc.

David P. Hayford
Chief Financial Officer

Acknowledged and Agreed:     Amit Choudhury

By: _____

Its: _____

Print Name: _____

Date: Apr 24, 2001

CА1-2/3317.1

AC-253

# PROOF OF SERVICE

Re: *Grewal v. Choudhury*, USDC Northern District, Case No. C-07-4218 CRB

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA 94111-3922. On **July 29, 2008**, I served the following document(s) by the method indicated below:

**SUPPLEMENTAL DOCUMENT PRODUCTION OF DOCUMENTS PRODUCED BY DEFENDANT AMIT CHOUDHURY, Bates-Labeled AC249-253.**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

**For Plaintiff, Elizabeth Grewal**

E. Jeffrey Banchero, Esq.
Kastner / Banchero LLP
20 California Street, 7th Floor
San Francisco, CA 94111
Tel: (415) 398-7000

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on **July 29, 2008**, at San Francisco, California.

Mary Meyers

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

E. Jeffrey Banchero, Esq.
KASTNER BANCHERO LLP
20 California Street, 7th Floor
San Francisco, CA 94111

David S. Reidy

ReedSmith

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111

006883/360757/60002

# EXHIBIT B

AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
### Northern District of California

ELIZABETH GREWAL

**SUBPOENA IN A CIVIL CASE**

V.

AMIT CHOUDHURY

Case Number:[1] C-07-4218 CRB

TO:

Pinnacle Partners, Inc.
ATTN:  Custodian of Records

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kastner \| Banchero LLP, 20 California St., 7th Fl., San Francisco, CA 94111 | 7/30/08, 1:00 P.M. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Kastner \| Banchero LLP, 20 California St., 7th Fl., San Francisco, CA 94111 | 7/30/08, 1:00 P.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*    Attorney for Plaintiff | July 14, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Scott R. Raber, Esq., Kastner \| Banchero LLP, 20 California Street, 7th Floor, San Francisco, CA 94111
Telephone:  (415) 398-7000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

*Grewal v. Choudhury*
U.S.D.C., Northern District Of California, Case No. C-07-4218 CRB

## ATTACHMENT A TO SUBPOENA TO
## PINNACLE PARTNERS, INC.

### DEFINITIONS

A.      "Document(s)" means all documents or electronically stored information as defined by F. R. Civ. P. 34 in your possession, custody, or control, including but not limited to electronic communications, which are known or available to you, regardless of whether such documents are possessed directly by you or your agents, officers, directors, employees, representatives, or investigators, or by your attorneys or their agents, employees, representatives, or investigators.  "Document(s)" includes the original or, if the original is not within your custody or control, a duplicate of any and all written, printed, typed, drawn, recorded (electronically or otherwise), graphic or photographic matter of any kind or nature, however produced or reproduced, whether sent or received or neither, including all drafts and copies bearing notations, marks, or matter not found on the original and/or duplicate.  "Document(s)" shall not be limited in any way as to the form of storage (such as paper, microfiche, personal digital assistant (PDA's), magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other electronic storage device).

B.      "Communication" means any communication or attempted communication between two or more persons whether by act or omission, in writing, in person, or by telephone or other electronic medium.  "Communication" includes the transmittal of information or anything else (whether in the form of fax, ideas, comments, inquiries, or otherwise) and includes both written documents and electronic transmissions, including but not limited to letters, electronic mail communications and transcriptions of voice communications.  References to communications with business entities shall be deemed to include present and former officers, managers, supervisors, directors, employees, agents, attorneys or other representatives of such entities.

C.      "Grewal" means plaintiff, Elizabeth Grewal.

D.      "Choudhury" means defendant, Amit Choudhury.

E.      "Golden Gate Bank" means Golden Gate Bank and its parent Greater Bay Bancorp.

F.      "Account No. 2241161" means the bank account owned by defendant Amit Choudhury at Golden Gate Bank, as of 2000 to 2001, bearing the account number 2241161.

G.      "Finexa" means Finexa, Inc., including any of its parent entities, subsidiaries, affiliates, predecessors and successors in interest, agents, and anyone else acting on Finexa's behalf.

H.      "FXI Investments" means FXI Investments, LLC, including any of its members, parent entities, subsidiaries, affiliates, predecessors and successors in interest, agents, and anyone else acting on FXI Investments' behalf.

I.      The "Finexa, Inc. Promissory Note" means a promissory note in the amount of $1 million that Choudhury signed on behalf of Finexa, Inc. in or about December, 2000.

J.      The "Assignment of Deposit Account" means an assignment of deposit account Choudhury signed on behalf of Finexa, Inc. and on his own behalf in or about December, 2000.

K.      "Refer to, reflect or concern" means to constitute, relate to, discuss, show, evidence, pertain to, refer to, regard, demonstrate, or be in any way logically or factually connected with the matter discussed or identified.

L.      "All" and "any" mean both each and every; the plural includes the singular and vice-versa.

M.      The term "or," "and," or "and/or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

N.      The singular form of a word shall be interpreted as plural and the plural interpreted as singular whenever appropriate in order to bring within the scope of this request any documents that might otherwise be considered beyond their scope.

ATTACHMENT A TO SUBPOENA TO PINNACLE PARTNERS, INC.

## **INSTRUCTIONS**

A.      This request requires you to produce all documents that are in your actual or constructive possession, custody or control, or in the possession, custody or control of your attorneys, accountants, representatives, consultants, agents, or anyone else acting on your behalf.

B.      In producing documents, you must produce the original of each writing requested together with all non-identical copies and drafts of that document.

C.      All documents should be produced in the file, folder, envelope or other container in which the writings are kept or maintained by you.  Documents attached to each other should not be separated.

D.      If your response to a particular demand includes an objection, you must set forth in your response the extent of, and the specific ground for, the objection.  In your response, you must also identify with particularity any document responsive to the particular demand that is being withheld from production based upon a claim of privilege or other protection, state the particular privilege or protection being invoked, identify with particularity the documents withheld from production, and provide for each document withheld the following information if known or available to you:  (1) date composed or date appearing on the document; (2) author; (3) number of pages; (4) identity of all persons or entities who saw the original document or saw or received a copy of such document, including the job titles of each person; and (5) subject matter.

E.      This request requires the production of documents as they are kept in the usual course of business, or organized and labeled to correspond with the particular demands set forth below.  If you choose the method of producing the documents as they have been kept in the usual course, the documents are to be produced in the boxes, file folders, bindings or other containers in which documents are found.  The titles, labels or other descriptions of the boxes, file folders or other containers are to be left intact.

## DOCUMENT REQUESTS

1.      For the period from July 1, 2000, to September 30, 2001, the financial statements for Finexa.

2.      For the period from July 1, 2000, to September 30, 2001, the financial statements for FXI Investments.

3.      For the period from July 1, 2000, to September 30, 2001, all documents that refer to, reflect or concern contributions of capital made to or received by Finexa, including contributions of capital by shareholders, employees, officers, or other persons.

4.      All documents that refer to, reflect or concern the Certificate of Deposit (No. 209593) in the amount of $1 million that Choudhury purchased from Golden Gate Bank in December, 2000.

5.      All documents that refer to, reflect or concern the Finexa Promissory Note.

6.      All documents that refer to, reflect or concern the Assignment of Deposit Account.

7.      All Finexa business plans, business development materials or other documents that refer to, reflect or concern Finexa's operations, for the period from July 1, 2000 to September 30, 2001.

8.      All promotional or informational materials created by Finexa, for the period from July 1, 2000 to September 30, 2001.

9.      All documents that refer to, reflect or concern any planned or potential business activities by Finexa, for the period from July 1, 2000 to September 30, 2001.

10.     All documents used in, or created to be used, in connection with any fundraising by Finexa, for the period from July 1, 2000 to September 30, 2001.

11.     All documents that refer to, reflect or concern any bank account(s) held by Finexa, from October 1, 2000 to June 30, 2001.

12.     All documents that refer to, reflect or concern any deposits or transfers to any Finexa account(s), from October 1, 2000 to June 30, 2001 (including, without limitation, all

transfer instructions, check deposits, payee/payor information, check registers, and related authorizations and documentation).

13.    All documents that refer to, reflect or concern any checks drawn on, or withdrawals or transfers from, any Finexa account(s), from October 1, 2000 to June 30, 2001 (including, without limitation, all transfer instructions, payee/payor information, check registers, and related authorizations and documentation).

14.    All documents that refer to, reflect or concern any bank account(s) held by FXI Investments from October 1, 2000 to June 30, 2001.

15.    All documents that refer to, reflect or concern any deposits or transfers to any FXI Investments account(s), from October 1, 2000 to June 30, 2001 (including, without limitation, all transfer instructions, check deposits, payee/payor information, check registers, and related authorizations and documentation).

16.    All documents that refer to, reflect or concern any checks drawn on, or withdrawals or transfers from, any FXI Investments account(s), from October 1, 2000 to June 30, 2001 (including, without limitation, all transfer instructions, payee/payor information, check registers, and related authorizations and documentation).

17.    All documents that refer to, relate or concern any loan(s) made by Golden Gate Bank to Finexa, FXI Investments and/or Choudhury.

18.    All documents that refer to, reflect or concern the corporate structure and/or organization of Finexa.

19.    All documents that refer to, reflect or concern the capitalization of Finexa.

20.    All documents that refer to, reflect or concern the corporate structure and/or organization of FXI Investments.

21.    All documents that refer to, reflect or concern the capitalization of FXI Investments.

22.    All documents that refer to, reflect or concern the acquisition of Sycomex S.A. by Finexa.

23.     All documents that refer to, reflect or concern board of directors meetings for Finexa, from July 2000 to June 30, 2001.

24.     All documents that refer to, reflect or concern the bylaws and/or articles of incorporation for (i) FXI Investments and (ii) Finexa.

25.     All documents that refer to, reflect or concern any investments in FXI Investments by any person, including, without limitation, Elizabeth Grewal and John Treat.

26.     All documents that refer to, reflect or concern any European customers of Finexa, for the period 2000 to 2001.

27.     All documents that refer to, reflect or concern Finexa's sales and marketing office in Paris, for the period 2000 to 2001.

28.     All documents that refer to, reflect or concern Finexa's Eastern European development center, for the period 2000 to 2001.

29.     All documents that refer to, reflect or concern any strategic alliances formed or planned by Finexa, for the period 2000 to 2001.

ATTACHMENT A TO SUBPOENA TO PINNACLE PARTNERS, INC.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER
_____

ADDRESS OF SERVER
_____

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

| | | | FOR COURT USE ONLY |
|---|---|---|---|

Attorney Or Party Without Attorney (Name and Address):
SCOTT R. RABER, ESQ. (194924)   (415) 398-7000
KASTNER BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, CA 94111

Attorneys for:   PLAINTIFF

Ref. No. Or File No.
W2499622

Insert name of court, judicial district and branch court, if any:
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff:
ELIZABETH GREWAL

Defendant:
AMIT CHOUDHURY, et al.

| **PROOF OF SERVICE** | Date: 7/30/2008 | Time: 1:00 p.m. | Dept/Div: KASTNER | Case Number: C07-4218 CRB |
|---|---|---|---|---|

I,  William E. Galdamez                       , Under penalty of perjury, hereby declare that I am and was on the dates herein mentioned, over the age of eighteen, and not a party to the within action;

I served the: SUBPOENA IN A CIVIL CASE

in this action by personally delivering to and leaving with the following defendant or person on the date set opposite their respective names, a true copy thereof:

Witness                    : PINNACLE PARTNERS INC.
                             ATTN: CUSTODIAN OF RECORDS
By Serving            :   KAREN CHOUDHURY, Employee - Authorized to Accept Sevice of Process.

Address                 : 2000 Van Ness Avenue, Suite 500 , San Francisco, California  94109
Date & Time        : Wednesday, July 16, 2008 @ 10:25 a.m.
Witness fees were  : Paid in the amount of  $42.02

Person serving:                          a. Fee for service:
William E. Galdamez                 d. Registered California Process Server
**Wheels of Justice, Inc.**              (1) Employee or independent contractor
657 Mission Street, Suite 502           (2) Registration No.: 716
San Francisco, California  94105        (3) County: Contra Costa
Phone: (415) 546-6000                   (4) Expires:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  July 16, 2008

Signature: _William E. Galdamez_
                William E. Galdamez


Printed on recycled paper

# EXHIBIT C

1  Harvey L. Leiderman (SBN 55838)
   HLeiderman@ReedSmith.com
2  David S. Reidy (SBN 225904)
   DReidy@ReedSmith.com
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA  94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA  94120-7936

7  Telephone:     (415) 543-8700
   Facsimile:     (415) 391-8269
8
   Attorneys for Defendant
9  AMIT CHOUDHURY

10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13

14  ELIZABETH GREWAL, an individual,          Case No.: C-07-4218 CRB

15              Plaintiff,                     **DEFENDANT AMIT CHOUDHURY'S
                                               RESPONSES TO PLAINTIFF'S FIRST SET
16       vs.                                   OF REQUESTS FOR PRODUCTION OF
                                               DOCUMENTS**
17  AMIT CHOUDHURY, an individual; AMISIL
    HOLDINGS, LTD., a Cyprus corporation; and
18  DOES ONE to FORTY,                         Compl. Filed:    July 19, 2007
                                               Trial Date:      None
19              Defendants.
                                               *Honorable Charles R. Breyer*
20

21

22

23  **PROPOUNDING PARTY: Plaintiff ELIZABETH GREWAL**

24  **RESPONDING PARTY:     Defendant AMIT CHOUDHURY**

    **SET NUMBER:            ONE**
25
    ///
26
    ///
27
    ///
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Defendant Amit Choudhury ("Choudhury") responds and/or objects as follows to the

2    Requests for Production of Documents, Set One, served by plaintiff Elizabeth Grewal ("Plaintiff"):

3              **I.    PRELIMINARY STATEMENT**

4              Choudhury responds to the Requests based upon the investigation conducted in the time

5    available since service of the Requests. As of the date of this Response, discovery is ongoing and,

6    therefore, Choudhury has had an insufficient opportunity to review all documents, interview all

7    witnesses and otherwise obtain information which may prove relevant in this case, including,

8    without limitation, through discovery of Plaintiff and/or third parties. As a consequence,

9    Choudhury's Response is based upon information now known to Choudhury and which he believes

10   to be relevant to the subject matter covered by the Requests. Choudhury reserves his right in the

11   future to: (a) make subsequent revision, supplementation or amendment to this Response based upon

12   any information, evidence, documents, facts and things which hereafter may be discovered, or the

13   relevance of which hereafter may be discovered; and/or (b) produce, introduce or rely upon

14   additional or subsequently acquired or discovered writings, evidence and information at trial or in

15   any pretrial proceedings held herein.

16             **II.    RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

17             **REQUEST FOR PRODUCTION NO. 1**:  All DOCUMENTS that REFER OR RELATE to

18   the TERM PROMISSORY NOTE, Exhibit A to the COMPLAINT.

19             **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

20             Choudhury incorporates by reference his Preliminary Statement as though the same were set

21   forth in full herein. Choudhury objects to this Request on the grounds that it: (i) does not specify the

22   documents sought with reasonable particularity; (ii) is overbroad as to time and scope; and (iii) seeks

23   confidential documents or information in which Choudhury and/or third parties may have privacy,

24   trade secret, or proprietary rights. Choudhury further objects to the Request to the extent that it

25   seeks documents protected by the attorney client privilege or work product protection. Without

26   waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections,

27   Choudhury responds as follows:

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    To the extent that Choudhury possesses any responsive, non-privileged documents,

2    Choudhury will produce such documents.

3        **REQUEST FOR PRODUCTION NO. 2**:  All DOCUMENTS that REFER OR RELATE to

4    any agreements, oral or written, between YOU and GREWAL.

5        **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

6        Choudhury incorporates by reference his Preliminary Statement as though the same were set

7    forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) does not specify the

8    documents sought with reasonable particularity; (ii) is overbroad as to time and scope; and (iii) seeks

9    confidential documents or information in which Choudhury and/or third parties may have privacy,

10   trade secret, or proprietary rights.  Choudhury further objects to the Request to the extent that it

11   seeks documents protected by the attorney client privilege or work product protection.  Without

12   waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections,

13   Choudhury responds as follows:

14       To the extent that Choudhury possesses any responsive, non-privileged documents,

15   Choudhury will produce such documents.

16       **REQUEST FOR PRODUCTION NO. 3**:  All DOCUMENTS that REFER OR RELATE to

17   the $880,000 that YOUR account at Golden Gate Bank received on December 13, 2000.

18       **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**:

19       Choudhury incorporates by reference his Preliminary Statement as though the same were set

20   forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) does not specify the

21   documents sought with reasonable particularity; (ii) is overbroad as to time and scope; and (iii) seeks

22   confidential documents or information in which Choudhury and/or third parties may have privacy,

23   trade secret, or proprietary rights.  Choudhury further objects to the Request to the extent that it

24   seeks documents protected by the attorney client privilege or work product protection.  Without

25   waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections,

26   Choudhury responds as follows:

27       To the extent that Choudhury possesses any responsive, non-privileged documents,

28   Choudhury will produce such documents.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  **REQUEST FOR PRODUCTION NO. 4**:  All COMMUNICATIONS between YOU and

2  GREWAL that REFER OR RELATE to the TERM PROMISSORY NOTE, Exhibit A to the

3  COMPLAINT.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**:

5  Choudhury incorporates by reference his Preliminary Statement as though the same were set

6  forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) does not specify the

7  documents sought with reasonable particularity.  Without waiving and subject to the rights reserved

8  in the Preliminary Statement and the foregoing objection, Choudhury responds as follows:

9  To the extent that Choudhury possesses any responsive, non-privileged documents,

10  Choudhury will produce such documents:

11  **REQUEST FOR PRODUCTION NO. 5**:  All COMMUNICATIONS between YOU and

12  GREWAL that REFER OR RELATE to the $880,000 that YOUR account at Golden Gate Bank

13  received on December 13, 2000.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

15  Choudhury incorporates by reference his Preliminary Statement as though the same were set

16  forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) does not specify the

17  documents sought with reasonable particularity.  Without waiving and subject to the rights reserved

18  in the Preliminary Statement and the foregoing objection, Choudhury responds as follows:

19  To the extent that Choudhury possesses any responsive, non-privileged documents,

20  Choudhury will produce such documents.

21

22  DATED:  November/ 2, 2007

23  REED SMITH LLP

24  By

25  David S. Reidy
   Attorneys for Defendant
26  AMIT CHOUDHURY

27

28