# EXHIBIT D

Harvey L. Leiderman (SBN 55838)
HLeiderman@ReedSmith.com
David S. Reidy (SBN 225904)
DReidy@ReedSmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA  94120-7936

Telephone:    (415) 543-8700
Facsimile:    (415) 391-8269

Attorneys for Defendant
AMIT CHOUDHURY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual, | Case No.: C-07-4218 CRB |
| Plaintiff, | **DEFENDANT AMIT CHOUDHURY'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO** |
| vs. | |
| AMIT CHOUDHURY, an individual, | |
| Defendant. | Compl. Filed:    July 19, 2007 |
| | Trial Date:    None |
| | |
| | *Honorable Charles R. Breyer* |
| AMIT CHOUDHURY, an individual, | |
| Counter-Claimant, | |
| vs. | |
| ELIZABETH GREWAL, an individual, | |
| Counter-Defendant. | |

1    **PROPOUNDING PARTY:  Plaintiff ELIZABETH GREWAL**

2    **RESPONDING PARTY:     Defendant AMIT CHOUDHURY**

3    **SET NUMBER:                TWO**

4

5    Defendant Amit Choudhury ("Choudhury") responds and/or objects as follows to the

6    Requests for Production of Documents, Set Two, served by plaintiff Elizabeth Grewal ("Plaintiff"):

7                 **I.        PRELIMINARY STATEMENT**

8        Choudhury responds to the Requests based upon the investigation conducted in the time

9    available since service of the Requests.  As of the date of this Response, discovery is ongoing and,

10    therefore, Choudhury has had an insufficient opportunity to review all documents, interview all

11    witnesses and otherwise obtain information which may prove relevant in this case, including,

12    without limitation, through discovery of Plaintiff and/or third parties.  As a consequence,

13    Choudhury's Response is based upon information now known to Choudhury and which he believes

14    to be relevant to the subject matter covered by the Requests.  Choudhury reserves his right in the

15    future to: (a) make subsequent revision, supplementation or amendment to this Response based upon

16    any information, evidence, documents, facts and things which hereafter may be discovered, or the

17    relevance of which hereafter may be discovered; and/or (b) produce, introduce or rely upon

18    additional or subsequently acquired or discovered writings, evidence and information at trial or in

19    any pretrial proceedings held herein.

20        **II.       RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

21        **REQUEST FOR PRODUCTION NO. 6:**

22        All communications between Grewal and Choudhury during the period from 1994 to 2000

23    that refer or relate to Grewal's requests for informal advice on financial planning.  (Counterclaim,

24    ¶6.)

25        **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

26        Choudhury incorporates by reference his Preliminary Statement as though the same were set

27    forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) does not specify the

28    documents sought with reasonable particularity; and (ii) is overbroad as to time and scope.  Without

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections,

2   Choudhury responds as follows:

3       To the extent that Choudhury possesses any responsive, non-privileged documents that have

4   not already been produced, Choudhury will produce such documents.

5   **REQUEST FOR PRODUCTION NO. 7:**

6       All communications between Grewal and Choudhury during the period from 1994 to 2000

7   that refer or relate to Grewal's requests for informal advice on personal matters, including Grewal's

8   decision to marry Hardev Grewal.  (Counterclaim, ¶6.)

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

10      Choudhury incorporates by reference his Preliminary Statement as though the same were set

11  forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) does not specify the

12  documents sought with reasonable particularity; and (ii) is overbroad as to time and scope.  Without

13  waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections,

14  Choudhury responds as follows:

15      To the extent that Choudhury possesses any responsive, non-privileged documents that have

16  not already been produced, Choudhury will produce such documents.

17  **REQUEST FOR PRODUCTION NO. 8:**

18      All communications between Grewal and Choudhury that refer or relate to Grewal's

19  requesting advice from Choudhury on how to invest money.  (Counterclaim, ¶6.)

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

21      Choudhury incorporates by reference his Preliminary Statement as though the same were set

22  forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) does not specify the

23  documents sought with reasonable particularity; and (ii) is overbroad as to time and scope.  Without

24  waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections,

25  Choudhury responds as follows:

26      To the extent that Choudhury possesses any responsive, non-privileged documents that have

27  not already been produced, Choudhury will produce such documents.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

**REQUEST FOR PRODUCTION NO. 9:**

All communications between Grewal and Choudhury that refer or relate to Choudhury's sharing his views with Grewal on ways she might invest money.  (Counterclaim, ¶6.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) does not specify the documents sought with reasonable particularity; and (ii) is overbroad as to time and scope.  Without waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections, Choudhury responds as follows:

To the extent that Choudhury possesses any responsive, non-privileged documents that have not already been produced, Choudhury will produce such documents.

**REQUEST FOR PRODUCTION NO. 10:**

All communications between Grewal and Choudhury that refer or relate to Choudhury's sharing his views with Grewal on ways she might decide on different types of investments. (Counterclaim, ¶6.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) does not specify the documents sought with reasonable particularity; and (ii) is overbroad as to time and scope.  Without waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections, Choudhury responds as follows:

To the extent that Choudhury possesses any responsive, non-privileged documents that have not already been produced, Choudhury will produce such documents.

**REQUEST FOR PRODUCTION NO. 11:**

All documents that refer or relate to Grewal's becoming a limited partner in Pinnacle Partners Capital, L.P.  (Counterclaim, ¶7.)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein. Choudhury objects to this Request on the grounds that it: (i) does not specify the documents sought with reasonable particularity; and (ii) is overbroad as to time and scope. Without waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections, Choudhury responds as follows:

To the extent that Choudhury possesses any responsive, non-privileged documents that have not already been produced, Choudhury will produce such documents.

**REQUEST FOR PRODUCTION NO. 12:**

All documents that refer or relate to Grewal's limited-partnership interest in Pinnacle Partners Capital, L.P. (Counterclaim, ¶7.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein. Choudhury objects to this Request on the grounds that it: (i) does not specify the documents sought with reasonable particularity; (ii) is overbroad as to time and scope; and (iii) is duplicative of prior document requests, and propounded for purposes of harassment. Without waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections, Choudhury responds as follows:

To the extent that Choudhury possesses any responsive, non-privileged documents that have not already been produced, Choudhury will produce such documents.

**REQUEST FOR PRODUCTION NO. 13:**

All documents that refer or relate to Grewal's investing $50,000 in FXI Investments. LLC. (Counterclaim, ¶7.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein. Choudhury objects to this Request on the grounds that it: (i) does not specify the documents sought with reasonable particularity; and (ii) is overbroad as to time and scope. Without

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections, Choudhury responds as follows:

To the extent that Choudhury possesses any responsive, non-privileged documents that have not already been produced, Choudhury will produce such documents.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and communications that refer or relate to the allegation that Grewal "told Choudhury that she wanted to give him $1,000,000 to invest as he saw fit." (Counterclaim, ¶8.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein. Choudhury objects to this Request on the grounds that it: (i) does not specify the documents sought with reasonable particularity; and (ii) is overbroad as to time and scope. Without waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections, Choudhury responds as follows:

All documents responsive to this Request have already been produced.

**REQUEST FOR PRODUCTION NO. 15:**

All documents that refer or relate to all investments Choudhury made on Grewal's behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein. Choudhury objects to this Request on the grounds that it: (i) does not specify the documents sought with reasonable particularity; (ii) is overbroad as to time and scope. Without waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections, Choudhury responds as follows:

All documents responsive to this Request have already been produced.

**REQUEST FOR PRODUCTION NO. 16:**

All documents that refer or relate to the use Choudhury made of the $880,000 he received from Grewal, or of any portion of those funds.

///

///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein. Choudhury objects to this Request on the grounds that it: (i) does not specify the documents sought with reasonable particularity; (ii) is overbroad as to time and scope. Without waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections, Choudhury responds as follows:

All documents responsive to this Request have already been produced.

**REQUEST FOR PRODUCTION NO. 17:**

All documents and communications that refer or relate to the allegation that Grewal told Choudhury that $120,000 "would be forthcoming" in addition to the $880,000 Choudhury received from Grewal (Counterclaim, ¶12.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein. Choudhury objects to this Request on the grounds that it: (i) does not specify the documents sought with reasonable particularity; (ii) is overbroad as to time and scope. Without waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections, Choudhury responds as follows:

All documents responsive to this Request have already been produced.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications that refer or relate to the allegation that "[a]fter signing the note," Choudhury "asked Grewal to provide the remaining $120,000 in investment capital, but Grewal refused." (Counterclaim, ¶15.)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein. Choudhury objects to this Request on the grounds that it: (i) does not specify the documents sought with reasonable particularity; (ii) is overbroad as to time and scope. Without waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections, Choudhury responds as follows:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    All documents responsive to this Request have already been produced.

2    **REQUEST FOR PRODUCTION NO. 19:**

3    All licenses that you hold or have held authorizing you to invest or otherwise manage money

4    for residents of California.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

6    Choudhury incorporates by reference his Preliminary Statement as though the same were set

7    forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) is compound; (ii)

8    does not specify the documents sought with reasonable particularity; and (iii) is overbroad as to time

9    and scope.  Without waiving and subject to the rights reserved in the Preliminary Statement and the

10   foregoing objections, Choudhury responds as follows:

11   To the extent that Choudhury possesses any responsive, non-privileged documents that have

12   not already been produced, Choudhury will produce such documents.

13   **REQUEST FOR PRODUCTION NO. 20:**

14   For the period from 2000 to the present, your Form ADV and any other documents that refer

15   or relate to your registration status as an investment adviser under state or federal law.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

17   Choudhury incorporates by reference his Preliminary Statement as though the same were set

18   forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) is compound; (ii) is

19   vague and ambiguous, in particular as to the definition of "registration status," (iii) does not specify

20   the documents sought with reasonable particularity; and (iv) overbroad as to time and scope.

21   **REQUEST FOR PRODUCTION NO. 21:**

22   For the period from 2000 to the present, all documents that refer or relate to your status (if

23   any) as a broker-dealer, broker, money manager, financial planner, or other investment adviser.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

25   Choudhury incorporates by reference his Preliminary Statement as though the same were set

26   forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) is vague and

27   ambiguous; (ii) is compound; (iii) does not specify the documents sought with reasonable

28   particularity; and (iv) is overbroad as to time and scope.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

**REQUEST FOR PRODUCTION NO. 22:**

For the period from 2000 to the present, all documents that refer or relate to your status as a registered securities representative under the Financial Industry Regulatory Authority ("FINRA").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein. Choudhury objects to this Request on the grounds that it: (i) is vague and ambiguous, in particular as to the definition of "registered securities representative"; (ii) is compound; (iii) does not specify the documents sought with reasonable particularity; and (iv) is overbroad as to time and scope.

DATED:  January 23 2008

REED SMITH LLP

By _____
David S. Reidy
Attorneys for Defendant
AMIT CHOUDHURY

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PROOF OF SERVICE**

Re:  *Grewal v. Chodhury*, USDC Northern District, Case No. C-07-4218 CRB

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA  94111-3922.  On **January 23, 2008,** I served the following document(s) by the method indicated below:

**DEFENDANT AMIT CHOUDHURY'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET TWO**

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

**For Plaintiff, Elizabeth Grewal**

E. Jeffrey Banchero, Esq.
Kastner / Banchero LLP
20 California Street , 7th Floor
San Francisco, CA 94111
Tel:  (415) 398-7000

      I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on **January 23, 2008,** at San Francisco, California.

*Patricia Giatis*
Patricia Giatis

DOCSSFO-12487794.8

# EXHIBIT E

1   E. JEFFREY BANCHERO (SBN 93077)
    KASTNER | BANCHERO LLP
2   20 California Street, Seventh Floor
    San Francisco, California 94111
3   Telephone: (415) 398-7000
    Facsimile: (415) 616-7000
4   Email: ejb@kastnerbanchero.com
5
    Attorneys for Plaintiff
6   ELIZABETH GREWAL
7
8                   UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
10
11  ELIZABETH GREWAL, an individual,        CASE NO. C-07-4218 CRB
12              Plaintiff,
                                            **PLAINTIFF'S THIRD REQUEST FOR**
13          v.                              **PRODUCTION OF DOCUMENTS TO**
                                            **DEFENDANT, AMIT CHOUDHURY**
14  AMIT CHOUDHURY, an individual,
15              Defendant.
16  _____        (Before Hon. Charles R. Breyer)

17  PROPOUNDING PARTY:   ELIZABETH GREWAL

18  RESPONDING PARTY:    AMIT CHOUDHURY

19  SET NUMBER:          THIRD

20

21      TO:    DEFENDANT AMIT CHOUDHURY AND HIS COUNSEL OF RECORD:

22      Plaintiff, Elizabeth Grewal, submits the following request to produce documents and

23  electronically stored information pursuant to F. R. Civ. P. 34.  In accord with the rule, plaintiff

24  requests that defendant produce and permit plaintiff to inspect and copy the documents or

25  electronically stored information – including writings, drawings, graphs, charts, photographs,

26  sound recordings, images, and other data or data compilations stored in any medium from which

27  information can be obtained – translated, if necessary, by the defendant into reasonably usable

28  form, as specifically described below.

                                        -1-

1       The copying or inspecting shall take place at the offices of plaintiff's counsel at 9:30 A.M.

2  on February 6, 2008, or at such other reasonable time and place as agreed to by the attorneys for

3  the parties.

4  **DEFINITIONS**

5      A.    "Document(s)" means all documents or electronically stored information as defined

6  by F. R. Civ. P. 34 in your possession, custody, or control, including but not limited to electronic

7  communications, which are known or available to you, regardless of whether such documents are

8  possessed directly by you or your agents, officers, directors, employees, representatives, or

9  investigators, or by your attorneys or their agents, employees, representatives, or investigators.

10  "Document(s)" includes the original or, if the original is not within your custody or control, a

11  duplicate of any and all written, printed, typed, drawn, recorded (electronically or otherwise),

12  graphic or photographic matter of any kind or nature, however produced or reproduced, whether

13  sent or received or neither, including all drafts and copies bearing notations, marks, or matter not

14  found on the original and/or duplicate. "Document(s)" shall not be limited in any way as to the

15  form of storage (such as paper, microfiche, personal digital assistant (PDA's), magnetic tape,

16  magnetic disk, CD-ROM, DVD, optical disk, or other electronic storage device).

17      B.    "Communication" means any communication or attempted communication between

18  two or more persons whether by act or omission, in writing, in person, or by telephone or other

19  electronic medium. "Communication" includes the transmittal of information or anything else

20  (whether in the form of fax, ideas, comments, inquiries, or otherwise) and includes both written

21  documents and electronic transmissions, including but not limited to letters, electronic mail

22  communications and transcriptions of voice communications. References to communications with

23  business entities shall be deemed to include present and former officers, managers, supervisors,

24  directors, employees, agents, attorneys or other representatives of such entities.

25      C.    "Grewal" means plaintiff, Elizabeth Grewal.

26      D.    "Choudhury" means defendant, Amit Choudhury.

27      E.    "You," "your" or "defendant" means defendant, Amit Choudhury.

28

-2-

F.      "Refer or relate" means to constitute, refer, reflect, discuss, show, evidence, concern or be in any way logically or factually connected with the matter discussed or identified.

G.      "Complaint" means plaintiff's First Amended Complaint, filed November 9, 2007.

H.      "Counterclaim" means defendant's counterclaim, filed December 3, 2007.

I.      "All" and "any" mean both each and every; the plural includes the singular and vice-versa.

J.      The term "or," "and," or "and/or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

K.      The singular form of a word shall be interpreted as plural and the plural interpreted as singular whenever appropriate in order to bring within the scope of this request any documents that might otherwise be considered beyond their scope.

## INSTRUCTIONS

A.      This request requires you to produce all documents that are in your actual or constructive possession, custody or control, or in the possession, custody or control of your attorneys, accountants, representatives, consultants, agents, or anyone else acting on your behalf.

B.      In producing documents, you must produce the original of each writing requested together with all non-identical copies and drafts of that document.

C.      All documents should be produced in the file, folder, envelope or other container in which the writings are kept or maintained by you.  Documents attached to each other should not be separated.

D.      If your response to a particular demand includes an objection, you must set forth in your response the extent of, and the specific ground for, the objection.  In your response, you must also identify with particularity any document responsive to the particular demand that is being withheld from production based upon a claim of privilege or other protection, state the particular privilege or protection being invoked, identify with particularity the documents withheld from production, and provide for each document withheld the following information if known or available to you:  (1) date composed or date appearing on the document; (2) author; (3) number of

-3-

1   pages; (4) identity of all persons or entities who saw the original document or saw or received a

2   copy of such document, including the job titles of each person; and (5) subject matter.

3       E.    This request requires the production of documents as they are kept in the usual

4   course of business, or organized and labeled to correspond with the particular demands set forth

5   below. If you choose the method of producing the documents as they have been kept in the usual

6   course, the documents are to be produced in the boxes, file folders, bindings or other containers in

7   which documents are found. The titles, labels or other descriptions of the boxes, file folders or

8   other containers are to be left intact.

9

10                          **REQUESTS**

11      23.    For the period from 2000 to the present, all capitalization tables for Finexa, Inc.

12      24.    For the period from 2000 to the present, all balance sheets for Finexa, Inc.

13      25.    For the period from 2000 to the present, all documents that refer or relate to any

14   investments by Grewal in Finexa, Inc.

15      26.    For the period from 2000 to the present, all documents that refer or relate to any

16   loans by Grewal to Finexa, Inc.

17      27.    For the period from 2000 to the present, all capitalization tables for FXI

18   Investments, LLC.

19      28.    For the period from 2000 to the present, all balance sheets for FXI Investments,

20   LLC.

21

22   DATED: January 2, 2008                    KASTNER | BANCHERO LLP

23

24                                      By: _____
25                                          E. JEFFREY BANCHERO
                                            Attorneys for Plaintiff
26                                          Elizabeth Grewal

27

28

---

Plaintiff's Third Set of Requests for Documents                    CASE NO. C-07-4218 CRB

1

## PROOF OF SERVICE

2      I am over eighteen years old, not a party in this litigation, and my business address is 20

3  California Street, 7th Floor, San Francisco, California 94111.  On January 2, 2008, I caused to be

4  served a true copy of the attached on the parties in said action as follows:

5

6  **PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, AMIT CHOUDHURY**

7

8

9  ☑    (BY REGULAR MAIL) by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing at my place of business following ordinary business practices.  Said documents will be deposited with the United States Post Office mailbox at San Francisco, California, addressed as follows:

10

11

12  ☐    (BY OVERNIGHT DELIVERY/FEDERAL EXPRESS) by placing a true copy thereof enclosed in a sealed envelope, with delivery fees prepaid, deposited with the authorized overnight/Federal Express carrier/box at San Francisco, California, addressed as follows:

13

14

15  ☐    (BY PERSONAL SERVICE) by causing to be personally delivered by hand and leaving a true copy with the person(s) named below and/or a person having charge of the office at the address shown below:

16

17  ☐    (BY FACSIMILE) by transmitting the foregoing document(s) by facsimile to the party(ies) identified below by using the facsimile number(s) indicated.  Said transmission(s) were verified as complete and without error.

18

19  Harvey Leiderman, Esq.

20  David Reidy, Esq.
   REED SMITH LLP

21  Two Embarcadero Center, Suite 2000
   San Francisco, CA  94111-3922

22  Tel:  415.543.8700
   Fax:  415.391.8269

23

24      I declare under penalty of perjury under the laws of the State of California that the foregoing

25  is true and correct and that this declaration was executed on January 2, 2008.

26

27  Lana Nemirovsky

28

Plaintiff's Third Set of Requests for Documents                    CASE NO. C-07-4218 CRB

1 | Harvey L. Leiderman (SBN 55838)
HLeiderman@ReedSmith.com
2 | David S. Reidy (SBN 225904)
DReidy@ReedSmith.com
3 | REED SMITH LLP
Two Embarcadero Center, Suite 2000
4 | San Francisco, CA  94111-3922

5 | **Mailing Address:**
P.O. Box 7936
6 | San Francisco, CA  94120-7936

7 | Telephone:     (415) 543-8700
Facsimile:     (415) 391-8269
8 |

Attorneys for Defendant
9 | AMIT CHOUDHURY

10

UNITED STATES DISTRICT COURT

11

NORTHERN DISTRICT OF CALIFORNIA

12

13

14 | ELIZABETH GREWAL, an individual,

| Case No.: C-07-4218 CRB

15 | Plaintiff,

| **DEFENDANT AMIT CHOUDHURY'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET THREE**

16 | vs.

17 | AMIT CHOUDHURY, an individual,

18 | Defendant.

| Compl. Filed:     July 19, 2007
Trial Date:     None

19

20 | | *Honorable Charles R. Breyer*

21 |

22 | AMIT CHOUDHURY, an individual,

23 | Counter-Claimant,

24 | vs.

25 | ELIZABETH GREWAL, an individual,

26 | Counter-Defendant.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  **PROPOUNDING PARTY:  Plaintiff ELIZABETH GREWAL**

2  **RESPONDING PARTY:    Defendant AMIT CHOUDHURY**

3  **SET NUMBER:          Three**

4

5       Defendant Amit Choudhury ("Choudhury") responds and/or objects as follows to the

6  Requests for Production of Documents, Set Three, served by plaintiff Elizabeth Grewal ("Plaintiff"):

7                    **I.       PRELIMINARY STATEMENT**

8       Choudhury responds to the Requests based upon the investigation conducted in the time

9  available since service of the Requests.  As of the date of this Response, discovery is ongoing and,

10  therefore, Choudhury has had an insufficient opportunity to review all documents, interview all

11  witnesses and otherwise obtain information which may prove relevant in this case, including,

12  without limitation, through discovery of Plaintiff and/or third parties.  As a consequence,

13  Choudhury's Response is based upon information now known to Choudhury and which he believes

14  to be relevant to the subject matter covered by the Requests.  Choudhury reserves his right in the

15  future to: (a) make subsequent revision, supplementation or amendment to this Response based upon

16  any information, evidence, documents, facts and things which hereafter may be discovered, or the

17  relevance of which hereafter may be discovered; and/or (b) produce, introduce or rely upon

18  additional or subsequently acquired or discovered writings, evidence and information at trial or in

19  any pretrial proceedings held herein.

20       **II.      RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

21       **REQUEST FOR PRODUCTION NO. 23:**

22       For the period from 2000 to the present, all capitalization tables for Finexa, Inc.

23       **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

24       Choudhury incorporates by reference his Preliminary Statement as though the same were set

25  forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents

26  not in Choudhury's possession, custody or control;  (ii) seeks documents that are not relevant or

27  calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   documents sought with reasonable particularity; (iv) is vague and ambiguous, in particular with

2   regard to the term "capitalization tables"; and (v) is overbroad as to time and scope.

3   **REQUEST FOR PRODUCTION NO. 24:**

4   For the period from 2000 to the present, all balance sheets for Finexa, Inc.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

6   Choudhury incorporates by reference his Preliminary Statement as though the same were set

7   forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents

8   not in Choudhury's possession, custody or control;  (ii) seeks documents that are not relevant or

9   calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the

10  documents sought with reasonable particularity; (iv) is vague and ambiguous, in particular with

11  regard to the term "balance sheets"; and (v) is overbroad as to time and scope.

12  **REQUEST FOR PRODUCTION NO. 25:**

13  For the period from 2000 to the present, all documents that refer or relate to any investments

14  by Grewal in Finexa, Inc.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

16  Choudhury incorporates by reference his Preliminary Statement as though the same were set

17  forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents

18  not in Choudhury's possession, custody or control;  (ii) seeks documents that are not relevant or

19  calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the

20  documents sought with reasonable particularity; and (iv) is overbroad as to time and scope.

21  **REQUEST FOR PRODUCTION NO. 26:**

22  For the period from 2000 to the present, all documents that refer or relate to any loans by

23  Grewal to Finexa, Inc.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

25  Choudhury incorporates by reference his Preliminary Statement as though the same were set

26  forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents

27  not in Choudhury's possession, custody or control;  (ii) seeks documents that are not relevant or

28

1  calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the

2  documents sought with reasonable particularity; and (iv) is overbroad as to time and scope.

3  **REQUEST FOR PRODUCTION NO. 27:**

4  For the period from 2000 to the present, all capitalization tables for FXI Investments, LLC.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

6  Choudhury incorporates by reference his Preliminary Statement as though the same were set

7  forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents

8  not in Choudhury's possession, custody or control;  (ii) seeks documents that are not relevant or

9  calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the

10  documents sought with reasonable particularity; (iv) is vague and ambiguous, in particular with

11  regard to the term "capitalization tables"; and (v) is overbroad as to time and scope.

12  **REQUEST FOR PRODUCTION NO. 28:**

13  For the period from 2000 to the present, all balance sheets for FXI Investments, LLC.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

15  Choudhury incorporates by reference his Preliminary Statement as though the same were set

16  forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents

17  not in Choudhury's possession, custody or control;  (ii) seeks documents that are not relevant or

18  calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the

19  documents sought with reasonable particularity; (iv) is vague and ambiguous, in particular with

20  regard to the term "balance sheets"; and (v) is overbroad as to time and scope.

22  DATED:  February 7, 2008

    REED SMITH LLP

24  By

    David S. Reidy
    Attorneys for Defendant
    AMIT CHOUDHURY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

**PROOF OF SERVICE**

2

Re:  *Grewal v. Chodhury*, USDC Northern District, Case No. C-07-4218 CRB

3

        I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, Two Embarcadero Center, Suite 2000, San Francisco, CA  94111-3922.  On **February 8, 2008**, I served the following document(s) by the method indicated below:

4

5

**DEFENDANT AMIT CHOUDHURY'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET THREE**

6

7

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

8

9

10

11

☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

12

13

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below.

14

15

**For Plaintiff, Elizabeth Grewal**

16

E. Jeffrey Banchero, Esq.
Kastner / Banchero LLP
20 California Street , 7th Floor
San Francisco, CA 94111
Tel:  (415) 398-7000

17

18

19

20

        I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on **February 8, 2008**, at San Francisco, California.

21

22

*Patricia Giatis*
Patricia Giatis

23

DOCSSFO-12487794.8

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware