# EXHIBIT F

1  E. JEFFREY BANCHERO (SBN 93077)
   KASTNER | BANCHERO LLP
2  20 California Street, Seventh Floor
   San Francisco, California 94111
3  Telephone: (415) 398-7000
   Facsimile: (415) 616-7000
4  Email: ejb@kastnerbanchero.com
5
   Attorneys for Plaintiff
6  ELIZABETH GREWAL
7
8              UNITED STATES DISTRICT COURT
9            NORTHERN DISTRICT OF CALIFORNIA
10
11 ELIZABETH GREWAL, an individual,        CASE NO. C-07-4218 CRB

12            Plaintiff,
                                           **PLAINTIFF'S FOURTH REQUEST FOR**
13        v.                               **PRODUCTION OF DOCUMENTS TO**
                                           **DEFENDANT, AMIT CHOUDHURY**
14 AMIT CHOUDHURY, an individual,
15
              Defendant.
16                                         (Before Hon. Charles R. Breyer)

17 PROPOUNDING PARTY:    ELIZABETH GREWAL

18 RESPONDING PARTY:     AMIT CHOUDHURY

19 SET NUMBER:           FOUR

20

21     TO:    DEFENDANT AMIT CHOUDHURY AND HIS COUNSEL OF RECORD:

22       Plaintiff, Elizabeth Grewal, submits the following request to produce documents and

23 electronically stored information pursuant to F. R. Civ. P. 34.  In accord with the rule, plaintiff

24 requests that defendant produce and permit plaintiff to inspect and copy the documents or

25 electronically stored information – including writings, drawings, graphs, charts, photographs,

26 sound recordings, images, and other data or data compilations stored in any medium from which

27 information can be obtained – translated, if necessary, by the defendant into reasonably usable

28 form, as specifically described below.

                                    -1-

1    The copying or inspecting shall take place at the offices of plaintiff's counsel at 9:30 A.M.

2    on February 20, 2008, or at such other reasonable time and place as agreed to by the attorneys for

3    the parties.

4    **DEFINITIONS**

5    A.    "Document(s)" means all documents or electronically stored information as defined

6    by F. R. Civ. P. 34 in your possession, custody, or control, including but not limited to electronic

7    communications, which are known or available to you, regardless of whether such documents are

8    possessed directly by you or your agents, officers, directors, employees, representatives, or

9    investigators, or by your attorneys or their agents, employees, representatives, or investigators.

10   "Document(s)" includes the original or, if the original is not within your custody or control, a

11   duplicate of any and all written, printed, typed, drawn, recorded (electronically or otherwise),

12   graphic or photographic matter of any kind or nature, however produced or reproduced, whether

13   sent or received or neither, including all drafts and copies bearing notations, marks, or matter not

14   found on the original and/or duplicate.  "Document(s)" shall not be limited in any way as to the

15   form of storage (such as paper, microfiche, personal digital assistant (PDA's), magnetic tape,

16   magnetic disk, CD-ROM, DVD, optical disk, or other electronic storage device).

17   B.    "Communication" means any communication or attempted communication between

18   two or more persons whether by act or omission, in writing, in person, or by telephone or other

19   electronic medium.  "Communication" includes the transmittal of information or anything else

20   (whether in the form of fax, ideas, comments, inquiries, or otherwise) and includes both written

21   documents and electronic transmissions, including but not limited to letters, electronic mail

22   communications and transcriptions of voice communications.  References to communications with

23   business entities shall be deemed to include present and former officers, managers, supervisors,

24   directors, employees, agents, attorneys or other representatives of such entities.

25   C.    "Grewal" means plaintiff, Elizabeth Grewal.

26   D.    "Choudhury" means defendant, Amit Choudhury.

27   E.    "You," "your" or "defendant" means defendant, Amit Choudhury.

28

-2-

Plaintiff's Fourth Set of Requests for Documents                                    CASE NO. C-07-4218 CRB

F.      "Refer or relate" means to constitute, refer, reflect, discuss, show, evidence, concern or be in any way logically or factually connected with the matter discussed or identified.

G.      "Complaint" means plaintiff's First Amended Complaint, filed November 9, 2007.

H.      "Counterclaim" means defendant's counterclaim, filed December 3, 2007.

I.      "All" and "any" mean both each and every; the plural includes the singular and vice-versa.

J.      The term "or," "and," or "and/or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

K.      The singular form of a word shall be interpreted as plural and the plural interpreted as singular whenever appropriate in order to bring within the scope of this request any documents that might otherwise be considered beyond their scope.

L.      "Financial statements" means documents that comprise or otherwise refer or relate to a company's revenues, income, expenses, profits, or losses, or any of these items, and they include formal, informal, audited, or unaudited documents.

M.      "Contribution(s) to capital" means the infusion of cash, the proceeds of a loan, funds from the issuance of debt or equity securities, or any other source of funds that a company receives.

N.      The "Finexa, Inc. Promissory Note" means a promissory note in the amount of $1 million that you signed on behalf of Finexa, Inc. in or about December, 2000, which you identified (Exhibit 2) during your deposition on January 10, 2008.

O.      The "Assignment of Deposit Account" means an assignment of deposit account you signed on behalf of Finexa, Inc. and on your own behalf in or about December, 2000, which you identified (Exhibit 3) during your deposition on January 10, 2008.

## INSTRUCTIONS

A.      This request requires you to produce all documents that are in your actual or constructive possession, custody or control, or in the possession, custody or control of your attorneys, accountants, representatives, consultants, agents, or anyone else acting on your behalf.

B.      In producing documents, you must produce the original of each writing requested together with all non-identical copies and drafts of that document.

-3-

C.     All documents should be produced in the file, folder, envelope or other container in which the writings are kept or maintained by you. Documents attached to each other should not be separated.

D.     If your response to a particular demand includes an objection, you must set forth in your response the extent of, and the specific ground for, the objection. In your response, you must also identify with particularity any document responsive to the particular demand that is being withheld from production based upon a claim of privilege or other protection, state the particular privilege or protection being invoked, identify with particularity the documents withheld from production, and provide for each document withheld the following information if known or available to you:  (1) date composed or date appearing on the document; (2) author; (3) number of pages; (4) identity of all persons or entities who saw the original document or saw or received a copy of such document, including the job titles of each person; and (5) subject matter.

E.     This request requires the production of documents as they are kept in the usual course of business, or organized and labeled to correspond with the particular demands set forth below. If you choose the method of producing the documents as they have been kept in the usual course, the documents are to be produced in the boxes, file folders, bindings or other containers in which documents are found. The titles, labels or other descriptions of the boxes, file folders or other containers are to be left intact.

## REQUESTS

29.     For the period from July 1, 2000, to September 30, 2001, the financial statements for Finexa, Inc.

30.     For the period from July 1, 2000, to September 30, 2001, the financial statements for FXI Investments, Inc.

31.     For the period from July 1, 2000, to September 30, 2001, all documents that refer or relate to contributions of capital made to or received by Finexa, Inc., including contributions of capital by shareholders, employees, officers, or other persons.

-4-

1      32.    All documents that refer or relate to the Certificate of Deposit (No. 209593) in the

2  amount of $1 million you purchased from Golden Gate Bank in December, 2000.

3      33.    All documents that refer or relate to the Finexa, Inc. Promissory Note.

4      34.    All documents that refer or relate to the Assignment of Deposit Account.

5

6  DATED:  January 15, 2008          KASTNER | BANCHERO LLP

7

8                    By: _____

9                        E. JEFFREY BANCHERO
                         Attorneys for Plaintiff

10                       Elizabeth Grewal

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff's Fourth Set of Requests for Documents          CASE NO. C-07-4218 CRB

**PROOF OF SERVICE**

I am over eighteen years old, not a party in this litigation, and my business address is 20 California Street, 7th Floor, San Francisco, California 94111.  On January 15, 2008, I caused to be served a true copy of the attached on the parties in said action as follows:

**PLAINTIFF'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, AMIT CHOUDHURY**

☑ (BY REGULAR MAIL) by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing at my place of business following ordinary business practices.  Said documents will be deposited with the United States Post Office mailbox at San Francisco, California, addressed as follows:

☐ (BY OVERNIGHT DELIVERY/FEDERAL EXPRESS) by placing a true copy thereof enclosed in a sealed envelope, with delivery fees prepaid, deposited with the authorized overnight/Federal Express carrier/box at San Francisco, California, addressed as follows:

☐ (BY PERSONAL SERVICE) by causing to be personally delivered by hand and leaving a true copy with the person(s) named below and/or a person having charge of the office at the address shown below:

☐ (BY FACSIMILE) by transmitting the foregoing document(s) by facsimile to the party(ies) identified below by using the facsimile number(s) indicated.  Said transmission(s) were verified as complete and without error.

Harvey Leiderman, Esq.
David Reidy, Esq.
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922
Tel:  415.543.8700
Fax:  415.391.8269

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on January 15, 2008.

*Lana Nemirovsky*
Lana Nemirovsky

Plaintiff's Fourth Set of Requests for Documents                    CASE NO. C-07-4218 CRB

1  Harvey L. Leiderman (SBN 55838)
   HLeiderman@ReedSmith.com
2  David S. Reidy (SBN 225904)
   DReidy@ReedSmith.com
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA 94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA 94120-7936

7  Telephone:    (415) 543-8700
   Facsimile:    (415) 391-8269
8
   Attorneys for Defendant / Counter-Claimant
9  AMIT CHOUDHURY

10            UNITED STATES DISTRICT COURT

11          NORTHERN DISTRICT OF CALIFORNIA

12

13

14  ELIZABETH GREWAL, an individual,          Case No.: C-07-4218 CRB

15            Plaintiff,                       **DEFENDANT AMIT CHOUDHURY'S
                                               RESPONSES TO PLAINTIFF'S
16       vs.                                   REQUESTS FOR PRODUCTION OF
                                               DOCUMENTS, SET FOUR**
17  AMIT CHOUDHURY, an individual,

18            Defendant.                        Compl. Filed:    July 19, 2007
                                               Trial Date:      None
19

20                                             *Honorable Charles R. Breyer*

21  ─────────────────────────────────
22  AMIT CHOUDHURY, an individual,

23            Counter-Claimant,

24       vs.

25  ELIZABETH GREWAL, an individual,

26            Counter-Defendant.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  **PROPOUNDING PARTY:  Plaintiff ELIZABETH GREWAL**

2  **RESPONDING PARTY:    Defendant AMIT CHOUDHURY**

3  **SET NUMBER:          Four**

4

5  Defendant Amit Choudhury ("Choudhury") responds and/or objects as follows to the

6  Requests for Production of Documents, Set Four, served by plaintiff Elizabeth Grewal ("Plaintiff"):

7  ## I.       PRELIMINARY STATEMENT

8  Choudhury responds to the Requests based upon the investigation conducted in the time

9  available since service of the Requests.  As of the date of this Response, discovery is ongoing and,

10 therefore, Choudhury has had an insufficient opportunity to review all documents, interview all

11 witnesses and otherwise obtain information which may prove relevant in this case, including,

12 without limitation, through discovery of Plaintiff and/or third parties.  As a consequence,

13 Choudhury's Response is based upon information now known to Choudhury and which he believes

14 to be relevant to the subject matter covered by the Requests.  Choudhury reserves his right in the

15 future to: (a) make subsequent revision, supplementation or amendment to this Response based upon

16 any information, evidence, documents, facts and things which hereafter may be discovered, or the

17 relevance of which hereafter may be discovered; and/or (b) produce, introduce or rely upon

18 additional or subsequently acquired or discovered writings, evidence and information at trial or in

19 any pretrial proceedings held herein.

20 ## II.      RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

21 **REQUEST FOR PRODUCTION NO. 29:**

22 For the period from July 1, 2000, to September 30, 2001, the financial statements for Finexa,

23 Inc.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

25 Choudhury incorporates by reference his Preliminary Statement as though the same were set

26 forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents

27 not in Choudhury's possession, custody or control; (ii) seeks documents that are not relevant or

28 calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the

1    documents sought with reasonable particularity; (iv) is vague and ambiguous, in particular with

2    regard to the term "financial statements"; and (v) is overbroad as to time and scope.

3    **REQUEST FOR PRODUCTION NO. 30:**

4    For the period from July 1, 2000, to September 30, 2001, the financial statements for FXI

5    Investments, Inc.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

7    Choudhury incorporates by reference his Preliminary Statement as though the same were set

8    forth in full herein. Choudhury objects to this Request on the grounds that it: (i) seeks documents

9    not in Choudhury's possession, custody or control; (ii) seeks documents that are not relevant or

10   calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the

11   documents sought with reasonable particularity; (iv) is vague and ambiguous, in particular with

12   regard to the term "financial statements"; and (v) is overbroad as to time and scope.

13   **REQUEST FOR PRODUCTION NO. 31:**

14   For the period from July 1, 2000, to September 30, 2001, all documents that refer or relate to

15   contributions of capital made to or received by Finexa, Inc., including contributions of capital by

16   shareholders, employees, officers, or other persons.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

18   Choudhury incorporates by reference his Preliminary Statement as though the same were set

19   forth in full herein. Choudhury objects to this Request on the grounds that it: (i) seeks documents

20   not in Choudhury's possession, custody or control; (ii) seeks documents that are not relevant or

21   calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the

22   documents sought with reasonable particularity; (iv) is vague and ambiguous, in particular with

23   regard to the term "contributions of capital"; and (v) is overbroad as to time and scope.

24   **REQUEST FOR PRODUCTION NO. 32:**

25   All documents that refer or relate to the Certificate of Deposit (No. 209593) in the amount of

26   $1 million you purchased from Golden Gate Bank in December, 2000.

27   ///

28   ///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein. Choudhury objects to this Request on the grounds that it: (i) does not specify the documents sought with reasonable particularity. Without waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections, Choudhury responds to this Request as follows:

Choudhury has already produced all responsive, non-privileged documents in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 33:**

All documents that refer or relate to the Finexa, Inc. Promissory Note.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein. Choudhury objects to this Request on the grounds that it: (i) seeks documents not in Choudhury's possession, custody or control; (ii) seeks documents that are not relevant or calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the documents sought with reasonable particularity; (iv) is vague and ambiguous; and (v) is overbroad as to time and scope.

**REQUEST FOR PRODUCTION NO. 34:**

All documents that refer or relate to the Assignment of Deposit Account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein. Choudhury objects to this Request on the grounds that it: (i) seeks documents not in Choudhury's possession, custody or control; (ii) seeks documents that are not relevant or calculated to lead to the discovery of admissible evidence in this action; and (iii) does not specify the documents sought with reasonable particularity. Without waiving and subject to the rights reserved in the Preliminary Statement and the foregoing objections, Choudhury responds to this Request as follows:

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET FOUR

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Choudhury has already produced all responsive, non-privileged documents in his possession,

2  custody or control.

3

4    DATED:  February 18, 2008

5                                    REED SMITH LLP

6

7    By_____

                                    David S. Reidy
8                                    Attorneys for Defendant
                                    AMIT CHOUDHURY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS, SET FOUR

1

## PROOF OF SERVICE

2  Re: *Grewal v. Chodhury*, USDC Northern District, Case No. C-07-4218 CRB

3        I am a resident of the State of California, over the age of eighteen years, and not a
party to the within action.  My business address is REED SMITH LLP, Two Embarcadero Center,
4  Suite 2000, San Francisco, CA 94111-3922.  On **February 18, 2008**, I served the following
document(s) by the method indicated below:

5

## DEFENDANT AMIT CHOUDHURY'S RESPONSES TO PLAINTIFF'S
6  ## REQUESTS FOR PRODUCTION OF DOCUMENTS, SET FOUR

7  ☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully
prepaid, in the United States mail at San Francisco, California addressed as set forth below.
8  I am readily familiar with the firm's practice of collection and processing of
correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal
9  Service on that same day with postage thereon fully prepaid in the ordinary course of
business.  I am aware that on motion of the party served, service is presumed invalid if the
10  postal cancellation date or postage meter date is more than one day after the date of deposit
for mailing in this Declaration.

11

12  ☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an
express mail service for guaranteed delivery on the next business day following the date of
consignment to the address(es) set forth below.
13

14  ☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal
delivery of the envelope(s) to the person(s) at the address(es) set forth below.

15

16  **For Plaintiff, Elizabeth Grewal**

17  E. Jeffrey Banchero, Esq.
Kastner / Banchero LLP
20 California Street, 7th Floor
18  San Francisco, CA 94111
Tel:  (415) 398-7000

19

20        I declare under penalty of perjury under the laws of the United States that the above is
true and correct.  Executed on **February 18, 2008**, at San Francisco, California.
21

22                                              *Patricia Giatis*
                                              Patricia Giatis
23

DOCSSFO-12487794.9
24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT G

Harvey L. Leiderman (SBN 55838)
HLeiderman@ReedSmith.com
David S. Reidy (SBN 225904)
DReidy@ReedSmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA  94120-7936

Telephone:    (415) 543-8700
Facsimile:    (415) 391-8269

Attorneys for Defendant
AMIT CHOUDHURY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMIT CHOUDHURY, an individual,<br><br>Defendant. | Case No.: C-07-4218 CRB<br><br>**DEFENDANT AMIT CHOUDHURY'S SUPPLEMENTAL RESPONSES TO CERTAIN OF PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SETS THREE & FOUR**<br><br>Compl. Filed:    July 19, 2007<br>Trial Date:      None<br><br>*Honorable Charles R. Breyer* |
| AMIT CHOUDHURY, an individual,<br><br>Counter-Claimant,<br><br>vs.<br><br>ELIZABETH GREWAL, an individual,<br><br>Counter-Defendant. | |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1  **PROPOUNDING PARTY:  Plaintiff ELIZABETH GREWAL**

2  **RESPONDING PARTY:    Defendant AMIT CHOUDHURY**

3  **SET NUMBER(S):        Three & Four**

4

5      Defendant Amit Choudhury ("Choudhury") hereby supplements his responses to certain of

6  Plaintiff's Requests for Production of Documents ("Requests"), Sets Three and Four, as follows:

7                    **I.    PRELIMINARY STATEMENT**

8      Choudhury responds to the Requests based upon the investigation conducted in the time

9  available since service of the Requests.  As of the date of this Response, discovery is ongoing and,

10  therefore, Choudhury has had an insufficient opportunity to review all documents, interview all

11  witnesses and otherwise obtain information which may prove relevant in this case, including,

12  without limitation, through discovery of Plaintiff and/or third parties.  As a consequence,

13  Choudhury's Response is based upon information now known to Choudhury and which he believes

14  to be relevant to the subject matter covered by the Requests.  Choudhury reserves his right in the

15  future to: (a) make subsequent revision, supplementation or amendment to this Response based upon

16  any information, evidence, documents, facts and things which hereafter may be discovered, or the

17  relevance of which hereafter may be discovered; and/or (b) produce, introduce or rely upon

18  additional or subsequently acquired or discovered writings, evidence and information at trial or in

19  any pretrial proceedings held herein.

20      **II.    RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

21          **REQUEST FOR PRODUCTION NO. 23:**

22      For the period from 2000 to the present, all capitalization tables for Finexa, Inc.

23          **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

24      Choudhury incorporates by reference his Preliminary Statement as though the same were set

25  forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents

26  not in Choudhury's possession, custody or control;  (ii) seeks documents that are not relevant or

27  calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   documents sought with reasonable particularity; (iv) is vague and ambiguous, in particular with

2   regard to the term "capitalization tables"; and (v) is overbroad as to time and scope.

3       After a reasonable search and diligent inquiry, Choudhury is not in possession, custody, or

4   control of any documents responsive to this Request, and is informed and believes that no such

5   documents exist.

6   **REQUEST FOR PRODUCTION NO. 24:**

7       For the period from 2000 to the present, all balance sheets for Finexa, Inc.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

9       Choudhury incorporates by reference his Preliminary Statement as though the same were set

10  forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents

11  not in Choudhury's possession, custody or control;  (ii) seeks documents that are not relevant or

12  calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the

13  documents sought with reasonable particularity; (iv) is vague and ambiguous, in particular with

14  regard to the term "balance sheets"; and (v) is overbroad as to time and scope.

15      After a reasonable search and diligent inquiry, Choudhury is not in possession, custody, or

16  control of any documents responsive to this Request, and is informed and believes that no such

17  documents exist.

18  **REQUEST FOR PRODUCTION NO. 25:**

19      For the period from 2000 to the present, all documents that refer or relate to any investments

20  by Grewal in Finexa, Inc.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

22      Choudhury incorporates by reference his Preliminary Statement as though the same were set

23  forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents

24  not in Choudhury's possession, custody or control;  (ii) seeks documents that are not relevant or

25  calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the

26  documents sought with reasonable particularity; and (iv) is overbroad as to time and scope.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    After a reasonable search and diligent inquiry, Choudhury is not in possession, custody, or

2    control of any documents responsive to this Request, and is informed and believes that no such

3    documents exist.

4    **REQUEST FOR PRODUCTION NO. 26:**

5    For the period from 2000 to the present, all documents that refer or relate to any loans by

6    Grewal to Finexa, Inc.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

8    Choudhury incorporates by reference his Preliminary Statement as though the same were set

9    forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents

10    not in Choudhury's possession, custody or control; (ii) seeks documents that are not relevant or

11    calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the

12    documents sought with reasonable particularity; and (iv) is overbroad as to time and scope.

13    After a reasonable search and diligent inquiry, Choudhury is not in possession, custody, or

14    control of any documents responsive to this Request, and is informed and believes that no such

15    documents exist.

16    **REQUEST FOR PRODUCTION NO. 27:**

17    For the period from 2000 to the present, all capitalization tables for FXI Investments, LLC.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

19    Choudhury incorporates by reference his Preliminary Statement as though the same were set

20    forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents

21    not in Choudhury's possession, custody or control;  (ii) seeks documents that are not relevant or

22    calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the

23    documents sought with reasonable particularity; (iv) is vague and ambiguous, in particular with

24    regard to the term "capitalization tables"; and (v) is overbroad as to time and scope.

25    After a reasonable search and diligent inquiry, Choudhury is not in possession, custody, or

26    control of any documents responsive to this Request, and is informed and believes that no such

27    documents exist.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**REQUEST FOR PRODUCTION NO. 28:**

For the period from 2000 to the present, all balance sheets for FXI Investments, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents not in Choudhury's possession, custody or control;  (ii) seeks documents that are not relevant or calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the documents sought with reasonable particularity; (iv) is vague and ambiguous, in particular with regard to the term "balance sheets"; and (v) is overbroad as to time and scope.

After a reasonable search and diligent inquiry, Choudhury is not in possession, custody, or control of any documents responsive to this Request, and is informed and believes that no such documents exist.

**REQUEST FOR PRODUCTION NO. 29:**

For the period from July 1, 2000, to September 30, 2001, the financial statements for Finexa, Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents not in Choudhury's possession, custody or control; (ii) seeks documents that are not relevant or calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the documents sought with reasonable particularity; (iv) is vague and ambiguous, in particular with regard to the term "financial statements"; and (v) is overbroad as to time and scope.

After a reasonable search and diligent inquiry, Choudhury is not in possession, custody, or control of any documents responsive to this Request, and is informed and believes that no such documents exist.

**REQUEST FOR PRODUCTION NO. 30:**

For the period from July 1, 2000, to September 30, 2001, the financial statements for FXI Investments, Inc.

SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents not in Choudhury's possession, custody or control; (ii) seeks documents that are not relevant or calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the documents sought with reasonable particularity; (iv) is vague and ambiguous, in particular with regard to the term "financial statements"; and (v) is overbroad as to time and scope.

After a reasonable search and diligent inquiry, Choudhury is not in possession, custody, or control of any documents responsive to this Request, and is informed and believes that no such documents exist.

**REQUEST FOR PRODUCTION NO. 31:**

For the period from July 1, 2000, to September 30, 2001, all documents that refer or relate to contributions of capital made to or received by Finexa, Inc., including contributions of capital by shareholders, employees, officers, or other persons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Choudhury incorporates by reference his Preliminary Statement as though the same were set forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents not in Choudhury's possession, custody or control; (ii) seeks documents that are not relevant or calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the documents sought with reasonable particularity; (iv) is vague and ambiguous, in particular with regard to the term "contributions of capital"; and (v) is overbroad as to time and scope.

After a reasonable search and diligent inquiry, Choudhury is not in possession, custody, or control of any documents responsive to this Request, and is informed and believes that no such documents exist.

**REQUEST FOR PRODUCTION NO. 33:**

All documents that refer or relate to the Finexa, Inc. Promissory Note.

///

///

SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

2    Choudhury incorporates by reference his Preliminary Statement as though the same were set

3    forth in full herein.  Choudhury objects to this Request on the grounds that it: (i) seeks documents

4    not in Choudhury's possession, custody or control; (ii) seeks documents that are not relevant or

5    calculated to lead to the discovery of admissible evidence in this action; (iii) does not specify the

6    documents sought with reasonable particularity; (iv) is vague and ambiguous; and (v) is overbroad as

7    to time and scope.

8    Choudhury has already produced all responsive, non-privileged documents in his possession,

9    custody or control.

10

11    DATED:  March 24 2008

12                                                        REED SMITH LLP

13                                                        By

14                                                           David S. Reidy
                                                           Attorneys for Defendant
15                                                         AMIT CHOUDHURY

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## PROOF OF SERVICE

2    Re: *Grewal v. Chodhury*, USDC Northern District, Case No. C-07-4218 CRB

3            I am a resident of the State of California, over the age of eighteen years, and not a
party to the within action.  My business address is REED SMITH LLP, Two Embarcadero Center,
4    Suite 2000, San Francisco, CA 94111-3922.  On **March 24, 2008**, I served the following
document(s) by the method indicated below:

5

6    **DEFENDANT AMIT CHOUDHURY'S SUPPLEMENTAL RESPONSES
TO CERTAIN OF PLAINTIFF'S REQUESTS FOR PRODUCTION
OF DOCUMENTS, SETS THREE AND FOUR**

7

8    ☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully
prepaid, in the United States mail at San Francisco, California addressed as set forth below.
9    I am readily familiar with the firm's practice of collection and processing of
correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal
10    Service on that same day with postage thereon fully prepaid in the ordinary course of
business.  I am aware that on motion of the party served, service is presumed invalid if the
11    postal cancellation date or postage meter date is more than one day after the date of deposit
for mailing in this Declaration.

12    ☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an
express mail service for guaranteed delivery on the next business day following the date of
13    consignment to the address(es) set forth below.

14    ☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal
delivery of the envelope(s) to the person(s) at the address(es) set forth below.

15

16    **For Plaintiff, Elizabeth Grewal**

17    E. Jeffrey Banchero, Esq.
Kastner / Banchero LLP
18    20 California Street, 7th Floor
San Francisco, CA 94111
19    Tel:  (415) 398-7000

20

21            I declare under penalty of perjury under the laws of the United States that the above is
true and correct.  Executed on **March 24, 2008**, at San Francisco, California.

22

23                                          *Elaine Lew*
Elaine Lew

24    DOCSSFO-12487794.10-DSREIDY

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT H

# Kastner | Banchero LLP

L A W   O F F I C E S

t. 415.398.7000
f. 415.616.7000

20 California Street, 7th Floor
San Francisco, California 94111

WWW.KASTNERBANCHERO.COM

March 11, 2008

*By Facsimile & U.S. Mail*

David S. Reidy, Esq.
Reed Smith
Two Embarcadero Center, Suite 2000
San Francisco, California 94111

Re:    *Grewal v. Choudhury*
       U.S. District Court, N. D. of Cal., Case No. CV 07-04218 CRB

Dear Mr. Reidy:

On January 2, 2008, our client, plaintiff, Elizabeth Grewal, served Plaintiff's Third Request for Production of Documents to Defendant, Amit Choudhury. In the response to these requests, defendant objected and refused to produce documents in response to request nos. 23, 24, 25, 26, 27, and 28.

On January 15, 2008, plaintiff served Plaintiff's Fourth Request for Production of Documents. In his response, defendant objected and referred to produce documents in response to request nos. 29, 30, 31, and 33.

This letter is to request that we meet-and-confer on defendant's objections to these requests. You and I have scheduled a meet-and-confer session for 11:00 A.M. on March 12, 2008, to discuss other discovery issues. I suggest we add plaintiff's request for production of documents nos. 23-31 and 33 and defendant's objections thereto to the agenda for this discussion.

Very truly yours,

E. Jeffrey Banchero

EJB:ln

2465 East Bayshore Road, Suite 405
Palo Alto, California 94303

PALO ALTO OFFICE

t. 650.967.7854
f. 650.320.9640

# EXHIBIT I

# ReedSmith

Reed Smith LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111-3922
+1 415 543 8700
Fax +1 415 391 8269
reedsmith.com

Harvey L. Leiderman
Direct Phone: +1 415 659 5914
Email: HLeiderman@reedsmith.com

July 25, 2008

**By Hand Delivery**

E. Jeffrey Banchero
Kastner Banchero LLP
20 California Street, 7th Floor
San Francisco, CA  94111

**Grewal v. Choudhury**
**USDC ND California Case No. CV 07-04218 CRB**

Dear Mr. Banchero:

I received your letter of July 25, 2008 regarding certain Custodian of Records subpoenas.  This office is counsel of record to defendant Amit Choudhury in the captioned case.  We do not represent Mr. Choudhury in any other capacity, and we do not represent any Custodian of Records for any of the entities identified in the subject subpoenas.  We are not authorized by any of these entities to accept service on their behalf.  We have no use or responsibility for these papers, and are therefore returning them to you, with the attached checks.

As you are well aware, you did not serve these subpoenas on any Custodian of Records, or on Mr. Choudhury, on July 16, 2008.  In my presence and in front of other witnesses, you attempted forcibly to thrust these papers on my client during the course of a settlement conference in Judge Chen's courtroom.  Mr. Choudhury did not accept the papers and you apparently took them away with you when you left the courthouse.

I am certainly prepared to discuss these matters with Judge Breyer if that is your desire.

Very truly yours,

Harvey L. Leiderman

HLL:ad

Enclosures

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH
OAKLAND ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE