E. Jeffrey Banchero (SBN 93077)
ejb@kastnerbanchero.com
Scott R. Raber (SBN 194924)
srr@kastnerbanchero.com
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff and Counter-Defendant
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL,<br><br>            Plaintiff,<br><br>     v.<br><br>AMIT CHOUDHURY,<br><br>            Defendants.<br><br>AND RELATED COUNTERCLAIM | CASE NO. C-07-4218 CRB<br><br>**PLAINTIFF'S MOTION FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS DESCRIBED IN SUBPOENAS SERVED ON FINEXA, INC. AND FXI INVESTMENTS, LLC.**<br><br>Trial Date:   August 4, 2008<br>Time:         8:30 A.M.<br>Courtroom: 8, 19th Floor<br><br>(Before Hon. Charles R. Breyer) |

---

PLAINTIFF'S MOTION FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS DESCRIBED IN SUBPOENAS SERVED ON
FINEXA, INC. AND FXI INVESTMENTS, LLC
Case No. C-07-4218 CRB

As we will demonstrate at trial, and as we describe in plaintiff's trial brief, for seven years, the defendant, Amit Choudhury, did not disclose to Elizabeth Grewal that he had spent her money on Finexa's operations and that the money was lost. Choudhury's misstatements and dissembling continue to this day, because in this litigation he has refused to turn over Finexa, Inc. financial and banking records and related communications between the parties that would shed light on what he did with plaintiff's money.

For months, plaintiff has sought through discovery the financial and other banking records of Finexa because Choudhury took Grewal's money, purchased a $1 million certificate of deposit, and then pledged the CD to secure a $1 million loan that Golden Gate Bank made to Finexa. What Finexa did with Grewal's money – how it was spent, whether it was distributed, who may have received it – is central to Grewal's fraud claim. By this motion, plaintiff requests an order compelling production of banking records, communications between the parties, and other financial records of Finexa and its sister-company and fund-raising arm, FXI Investments, LLC.

These records are the subject of subpoenas Grewal served on these companies in mid-July, 2008. They had a return date, which Choudhury ignored, of July 30, 2008. Because Choudhury has custody of the records, he should be compelled to turn them over, as we now show.

**A.    The Subpoenas To Be Enforced And Choudhury's Wrongful Attempts To Refuse Service.**

Grewal moves this Court for an order enforcing two subpoenas served on Finexa, Inc. and FXI Investments, LLC. The subpoenas are attached as Exhibits J and K to the Supplemental Declaration of Scott R. Raber in Support of Motion For An Order Compelling Production Of Documents Described In Subpoenas Served on Finexa, Inc. and FXI Investments, LLC (the "Supp. Raber Decl."), Exhs. J & K. The subpoenas were delivered by hand on July 16, 2008, to Amit Choudhury's offices in San Francisco along with two additional subpoenas addressed to Pinnacle Partners Capital Management LLC and Pinnacle Partners, Inc. The representative at the offices, Karen Choudhury, the defendant's spouse, told the process server that she would accept service of the subpoenas directed to Finexa, Inc., Pinnacle Partners Capital Management LLC, and Pinnacle

-1-
PLAINTIFF'S MOTION FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS DESCRIBED IN SUBPOENAS SERVED ON FINEXA, INC. AND FXI INVESTMENTS, LLC
Case No. C-07-4218 CRB

Partners, Inc. She then told the process server that, after making a telephone call to Choudhury, she could not accept service of the subpoena directed to Finexa, Inc. She also refused service of the FXI Investments, LLC subpoena. (Declaration of E. Jeffrey Banchero in Support of Motion For An Order Compelling Production Of Documents Described In Subpoenas Served on Finexa, Inc. and FXI Investments, LLC, ¶ 2, filed herewith.)

Later that day, counsel for plaintiff served the Finexa, Inc. and FXI Investments, LLC subpoenas by handing them to Choudhury at this Courthouse following the conclusion of a settlement conference with Magistrate Judge Chen. Choudhury, prompted by his lawyers, refused to accept the subpoenas when they were handed to him. (*Id.*, ¶ 3.)

Finexa, Inc., which is organized under the laws of the State of Delaware, is a company in good standing. (Supp. Raber Decl., Exh. L.) Choudhury is its CEO and (we believe) sole shareholder. FXI Investments, LLC was suspended by Delaware in 2003 for failing to pay taxes. (Supp. Raber Decl., Exh. M.) Choudhury founded FXI Investments, LLC, contributed a significant amount of money to the company, and was its majority owner.

### B.     The Events Of July 30, 2008: Five Days Prior To Trial, A Pinnacle Entity, But Not Finexa, Inc. Or FXI Investments LLC, Responds To The Subpoenas.

On July 30, 2008, defendant's lawyer and Ms. Choudhury arrived at plaintiff's counsel's offices with eight boxes of documents. Ms. Choudhury testified that Pinnacle Partners, Inc. was producing documents pursuant to the July 16, 2008, subpoena. She testified that she and Choudhury had retrieved the records a week before the deposition from a storage facility on Indiana Street in San Francisco, to which Choudhury had access. It was from these documents, Ms. Choudhury testified, that Choudhury had hand-selected the two documents that he produced for the first time on July 29, 2008, and which are the subject of plaintiff's Motion in Limine No. 2 to Exclude Belatedly Produced Documents and All References Thereto at Trial, filed July 31, 2008. Although Pinnacle Partners, Inc. was the Choudhury entity making the production, *the boxes of documents contained Finexa, Inc. and FXI Investments, LLC records.* This was no surprise, as these companies – Finexa, the many Pinnacle entities, and FXI – are essentially vehicles for

-2-
PLAINTIFF'S MOTION FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS DESCRIBED IN SUBPOENAS SERVED ON FINEXA, INC. AND FXI INVESTMENTS, LLC
Case No. C-07-4218 CRB

Choudhury's complex business dealings, and he personally controls their records and their archives.

The records produced on July 30, 2008, however, did *not* include *all* of the records covered in the Finexa, Inc. and FXI Investments, LLC subpoenas. For example, the records did not include Finexa's banking records for the relevant period of this lawsuit – October 1, 2000, to June 30, 2001. (Supp. Raber Decl., Exh. J, ¶¶11-13) or records reflecting Grewal's interest in FXI Investments, LLC (*id.*, ¶ 25).

At deposition, Choudhury could point to *no* verbal or written communications between him and Grewal for the three and one-half month period in 2000 prior to Grewal's loan of money to him on December 12, 2000. Yet, five days before trial, Choudhury produced a purported email message dated October 17, 2000, directly on point – and no other communications. Grewal is entitled to see *all* communications between the parties in Choudhury's (or in Finexa's or FXI's) control.

### C. The Relief Requested And Grounds Therefor.

In responding to the Pinnacle Partners, Inc. subpoena on July 30, 2008, Choudhury demonstrated what plaintiff, through her lawyers' efforts, had recently discovered: Choudhury controls the records and record-archives of Finexa, Inc. and FXI Investments, LLC. Yet, despite this control, Choudhury (i) attempted to avoid service on behalf of these entities, and (ii) failed to produce the records called for in the subpoenas.

The documents sought by the subpoenas served on Finexa, Inc. and FXI Investments, LLC are relevant to this trial, because Grewal invested $50,000 in FXI Investments, LLC before transferring $880,000 to Choudhury, and because Choudhury used Grewal's $880,000 to fund Finexa's operations. The sole purpose of FXI Investments, LLC was to raise money for the purchase of the French company that became Finexa, Inc. and to fund Finexa's operations. Grewal served the Finexa, Inc. and FXI Investments, LLC subpoenas in order to demonstrate what

-3-
PLAINTIFF'S MOTION FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS DESCRIBED IN SUBPOENAS SERVED ON FINEXA, INC. AND FXI INVESTMENTS, LLC
Case No. C-07-4218 CRB

Choudhury did with her money – to confirm, in other words, that he took it, converted it, and secretly used it to fund Finexa.

As noted in plaintiff's motion in limine to exclude two of the documents from the July 30, 2008, production, plaintiff has been seeking Finexa, Inc. records from the outset of this litigation. (Declaration of Scott R. Raber In Support Of Plaintiff's Motion In Limine No. 2 To Exclude Belatedly Produced Documents And All References Thereto At Trial, Exhs. E & F.) Choudhury's production of Finexa, Inc.'s records, however, has been piece-meal, selective, and self-serving. The record in this case amply demonstrates that Choudhury has access to Finexa, Inc. and FXI Investments, LLC records central to the issues in this litigation and that he has failed to disclose them. If, to the contrary, Choudhury has produced *all* of the relevant Finexa, Inc. and FXI Investments, LLC records – as described in the subpoenas – he should so state. At this point, Choudhury has made no such representation.

For all the foregoing reasons, Grewal respectfully requests an order compelling Choudhury to turn over documents called for by the subpoenas to Finexa, Inc. and FXI Investments, LLC.

DATED: August 1, 2008                KASTNER | BANCHERO LLP


By: _____/S/_____
    E. Jeffrey Banchero
    Scott R. Raber

Attorneys for Plaintiff and Counter-Defendant
ELIZABETH GREWAL