# EXHIBIT J

AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
### Northern District of California

ELIZABETH GREWAL

V.

AMIT CHOUDHURY

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C-07-4218 CRB

TO:

Finexa Inc.
ATTN:  Custodian of Records

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kastner | Banchero LLP, 20 California St., 7th Fl., San Francisco, CA 94111 | 7/30/08, 3:00 P.M. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Kastner | Banchero LLP, 20 California St., 7th Fl., San Francisco, CA 94111 | 7/30/08, 3:00 P.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Plaintiff | DATE   July 14, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Scott R. Raber, Esq., Kastner | Banchero LLP, 20 California Street, 7th Floor, San Francisco, CA 94111
Telephone:  (415) 398-7000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

*Grewal v. Choudhury*
U.S.D.C., Northern District Of California, Case No. C-07-4218 CRB

## ATTACHMENT A TO SUBPOENA TO
## FINEXA, INC.

### DEFINITIONS

A.    "Document(s)" means all documents or electronically stored information as defined by F. R. Civ. P. 34 in your possession, custody, or control, including but not limited to electronic communications, which are known or available to you, regardless of whether such documents are possessed directly by you or your agents, officers, directors, employees, representatives, or investigators, or by your attorneys or their agents, employees, representatives, or investigators. "Document(s)" includes the original or, if the original is not within your custody or control, a duplicate of any and all written, printed, typed, drawn, recorded (electronically or otherwise), graphic or photographic matter of any kind or nature, however produced or reproduced, whether sent or received or neither, including all drafts and copies bearing notations, marks, or matter not found on the original and/or duplicate. "Document(s)" shall not be limited in any way as to the form of storage (such as paper, microfiche, personal digital assistant (PDA's), magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other electronic storage device).

B.    "Communication" means any communication or attempted communication between two or more persons whether by act or omission, in writing, in person, or by telephone or other electronic medium. "Communication" includes the transmittal of information or anything else (whether in the form of fax, ideas, comments, inquiries, or otherwise) and includes both written documents and electronic transmissions, including but not limited to letters, electronic mail communications and transcriptions of voice communications. References to communications with business entities shall be deemed to include present and former officers, managers, supervisors, directors, employees, agents, attorneys or other representatives of such entities.

C.    "Grewal" means plaintiff, Elizabeth Grewal.

D.    "Choudhury" means defendant, Amit Choudhury.

E.    "Golden Gate Bank" means Golden Gate Bank and its parent Greater Bay Bancorp.

F.    "Account No. 2241161" means the bank account owned by defendant Amit Choudhury at Golden Gate Bank, as of 2000 to 2001, bearing the account number 2241161.

G.    "Finexa" means Finexa, Inc., including any of its parent entities, subsidiaries, affiliates, predecessors and successors in interest, agents, and anyone else acting on Finexa's behalf.

H.    "FXI Investments" means FXI Investments, LLC, including any of its members, parent entities, subsidiaries, affiliates, predecessors and successors in interest, agents, and anyone else acting on FXI Investments' behalf.

I.    The "Finexa, Inc. Promissory Note" means a promissory note in the amount of $1 million that Choudhury signed on behalf of Finexa, Inc. in or about December, 2000.

J.    The "Assignment of Deposit Account" means an assignment of deposit account Choudhury signed on behalf of Finexa, Inc. and on his own behalf in or about December, 2000.

K.    "Refer to, reflect or concern" means to constitute, relate to, discuss, show, evidence, pertain to, refer to, regard, demonstrate, or be in any way logically or factually connected with the matter discussed or identified.

L.    "All" and "any" mean both each and every; the plural includes the singular and vice-versa.

M.    The term "or," "and," or "and/or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

N.    The singular form of a word shall be interpreted as plural and the plural interpreted as singular whenever appropriate in order to bring within the scope of this request any documents that might otherwise be considered beyond their scope.

## INSTRUCTIONS

A.    This request requires you to produce all documents that are in your actual or constructive possession, custody or control, or in the possession, custody or control of your attorneys, accountants, representatives, consultants, agents, or anyone else acting on your behalf.

B.    In producing documents, you must produce the original of each writing requested together with all non-identical copies and drafts of that document.

C.    All documents should be produced in the file, folder, envelope or other container in which the writings are kept or maintained by you.  Documents attached to each other should not be separated.

D.    If your response to a particular demand includes an objection, you must set forth in your response the extent of, and the specific ground for, the objection.  In your response, you must also identify with particularity any document responsive to the particular demand that is being withheld from production based upon a claim of privilege or other protection, state the particular privilege or protection being invoked, identify with particularity the documents withheld from production, and provide for each document withheld the following information if known or available to you:  (1) date composed or date appearing on the document; (2) author; (3) number of pages; (4) identity of all persons or entities who saw the original document or saw or received a copy of such document, including the job titles of each person; and (5) subject matter.

E.    This request requires the production of documents as they are kept in the usual course of business, or organized and labeled to correspond with the particular demands set forth below.  If you choose the method of producing the documents as they have been kept in the usual course, the documents are to be produced in the boxes, file folders, bindings or other containers in which documents are found.  The titles, labels or other descriptions of the boxes, file folders or other containers are to be left intact.

## DOCUMENT REQUESTS

1.      For the period from July 1, 2000, to September 30, 2001, the financial statements for Finexa.

2.      For the period from July 1, 2000, to September 30, 2001, the financial statements for FXI Investments.

3.      For the period from July 1, 2000, to September 30, 2001, all documents that refer to, reflect or concern contributions of capital made to or received by Finexa, including contributions of capital by shareholders, employees, officers, or other persons.

4.      All documents that refer to, reflect or concern the Certificate of Deposit (No. 209593) in the amount of $1 million that Choudhury purchased from Golden Gate Bank in December, 2000.

5.      All documents that refer to, reflect or concern the Finexa Promissory Note.

6.      All documents that refer to, reflect or concern the Assignment of Deposit Account.

7.      All Finexa business plans, business development materials or other documents that refer to, reflect or concern Finexa's operations, for the period from July 1, 2000 to September 30, 2001.

8.      All promotional or informational materials created by Finexa, for the period from July 1, 2000 to September 30, 2001.

9.      All documents that refer to, reflect or concern any planned or potential business activities by Finexa, for the period from July 1, 2000 to September 30, 2001.

10.      All documents used in, or created to be used, in connection with any fundraising by Finexa, for the period from July 1, 2000 to September 30, 2001.

11.      All documents that refer to, reflect or concern any bank account(s) held by Finexa, from October 1, 2000 to June 30, 2001.

12.      All documents that refer to, reflect or concern any deposits or transfers to any Finexa account(s), from October 1, 2000 to June 30, 2001 (including, without limitation, all

4

transfer instructions, check deposits, payee/payor information, check registers, and related authorizations and documentation).

13.    All documents that refer to, reflect or concern any checks drawn on, or withdrawals or transfers from, any Finexa account(s), from October 1, 2000 to June 30, 2001 (including, without limitation, all transfer instructions, payee/payor information, check registers, and related authorizations and documentation).

14.    All documents that refer to, reflect or concern any bank account(s) held by FXI Investments from October 1, 2000 to June 30, 2001.

15.    All documents that refer to, reflect or concern any deposits or transfers to any FXI Investments account(s), from October 1, 2000 to June 30, 2001 (including, without limitation, all transfer instructions, check deposits, payee/payor information, check registers, and related authorizations and documentation).

16.    All documents that refer to, reflect or concern any checks drawn on, or withdrawals or transfers from, any FXI Investments account(s), from October 1, 2000 to June 30, 2001 (including, without limitation, all transfer instructions, payee/payor information, check registers, and related authorizations and documentation).

17.    All documents that refer to, relate or concern any loan(s) made by Golden Gate Bank to Finexa, FXI Investments and/or Choudhury.

18.    All documents that refer to, reflect or concern the corporate structure and/or organization of Finexa.

19.    All documents that refer to, reflect or concern the capitalization of Finexa.

20.    All documents that refer to, reflect or concern the corporate structure and/or organization of FXI Investments.

21.    All documents that refer to, reflect or concern the capitalization of FXI Investments.

22.    All documents that refer to, reflect or concern the acquisition of Sycomex S.A. by Finexa.

ATTACHMENT A TO SUBPOENA TO FINEXA, INC.

23.    All documents that refer to, reflect or concern board of directors meetings for Finexa, from July 2000 to June 30, 2001.

24.    All documents that refer to, reflect or concern the bylaws and/or articles of incorporation for (i) FXI Investments and (ii) Finexa.

25.    All documents that refer to, reflect or concern any investments in FXI Investments by any person, including, without limitation, Elizabeth Grewal and John Treat.

26.    All documents that refer to, reflect or concern any European customers of Finexa, for the period 2000 to 2001.

27.    All documents that refer to, reflect or concern Finexa's sales and marketing office in Paris, for the period 2000 to 2001.

28.    All documents that refer to, reflect or concern Finexa's Eastern European development center, for the period 2000 to 2001.

29.    All documents that refer to, reflect or concern any strategic alliances formed or planned by Finexa, for the period 2000 to 2001.

ATTACHMENT A TO SUBPOENA TO FINEXA, INC.

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT K

AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

ELIZABETH GREWAL

**SUBPOENA IN A CIVIL CASE**

V.

AMIT CHOUDHURY

Case Number:[1]  C-07-4218 CRB

TO:

FX1 Investments LLC
    ATTN:   Custodian of Records

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | **DATE AND TIME** |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kastner \| Banchero LLP, 20 California St., 7th Fl., San Francisco, CA 94111 | 7/30/08, 4:00 P.M. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Kastner \| Banchero LLP, 20 California St., 7th Fl., San Francisco, CA 94111 | 7/30/08, 4:00 P.M. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _(signature)_     Attorney for Plaintiff | July 14, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Scott R. Raber, Esq., Kastner \| Banchero LLP, 20 California Street, 7th Floor, San Francisco, CA 94111
Telephone:  (415) 398-7000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

*Grewal v. Choudhury*
U.S.D.C., Northern District Of California, Case No. C-07-4218 CRB

## ATTACHMENT A TO SUBPOENA TO
## FXI INVESTMENTS, LLC

### DEFINITIONS

A.      "Document(s)" means all documents or electronically stored information as defined by F. R. Civ. P. 34 in your possession, custody, or control, including but not limited to electronic communications, which are known or available to you, regardless of whether such documents are possessed directly by you or your agents, officers, directors, employees, representatives, or investigators, or by your attorneys or their agents, employees, representatives, or investigators.  "Document(s)" includes the original or, if the original is not within your custody or control, a duplicate of any and all written, printed, typed, drawn, recorded (electronically or otherwise), graphic or photographic matter of any kind or nature, however produced or reproduced, whether sent or received or neither, including all drafts and copies bearing notations, marks, or matter not found on the original and/or duplicate.  "Document(s)" shall not be limited in any way as to the form of storage (such as paper, microfiche, personal digital assistant (PDA's), magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other electronic storage device).

B.      "Communication" means any communication or attempted communication between two or more persons whether by act or omission, in writing, in person, or by telephone or other electronic medium.  "Communication" includes the transmittal of information or anything else (whether in the form of fax, ideas, comments, inquiries, or otherwise) and includes both written documents and electronic transmissions, including but not limited to letters, electronic mail communications and transcriptions of voice communications.  References to communications with business entities shall be deemed to include present and former officers, managers, supervisors, directors, employees, agents, attorneys or other representatives of such entities.

1

C.   "Grewal" means plaintiff, Elizabeth Grewal.

D.   "Choudhury" means defendant, Amit Choudhury.

E.   "Golden Gate Bank" means Golden Gate Bank and its parent Greater Bay Bancorp.

F.   "Account No. 2241161" means the bank account owned by defendant Amit Choudhury at Golden Gate Bank, as of 2000 to 2001, bearing the account number 2241161.

G.   "Finexa" means Finexa, Inc., including any of its parent entities, subsidiaries, affiliates, predecessors and successors in interest, agents, and anyone else acting on Finexa's behalf.

H.   "FXI Investments" means FXI Investments, LLC, including any of its members, parent entities, subsidiaries, affiliates, predecessors and successors in interest, agents, and anyone else acting on FXI Investments' behalf.

I.   The "Finexa, Inc. Promissory Note" means a promissory note in the amount of $1 million that Choudhury signed on behalf of Finexa, Inc. in or about December, 2000.

J.   The "Assignment of Deposit Account" means an assignment of deposit account Choudhury signed on behalf of Finexa, Inc. and on his own behalf in or about December, 2000.

K.   "Refer to, reflect or concern" means to constitute, relate to, discuss, show, evidence, pertain to, refer to, regard, demonstrate, or be in any way logically or factually connected with the matter discussed or identified.

L.   "All" and "any" mean both each and every; the plural includes the singular and vice-versa.

M.   The term "or," "and," or "and/or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

N.   The singular form of a word shall be interpreted as plural and the plural interpreted as singular whenever appropriate in order to bring within the scope of this request any documents that might otherwise be considered beyond their scope.

# INSTRUCTIONS

A.     This request requires you to produce all documents that are in your actual or constructive possession, custody or control, or in the possession, custody or control of your attorneys, accountants, representatives, consultants, agents, or anyone else acting on your behalf.

B.     In producing documents, you must produce the original of each writing requested together with all non-identical copies and drafts of that document.

C.     All documents should be produced in the file, folder, envelope or other container in which the writings are kept or maintained by you.  Documents attached to each other should not be separated.

D.     If your response to a particular demand includes an objection, you must set forth in your response the extent of, and the specific ground for, the objection.  In your response, you must also identify with particularity any document responsive to the particular demand that is being withheld from production based upon a claim of privilege or other protection, state the particular privilege or protection being invoked, identify with particularity the documents withheld from production, and provide for each document withheld the following information if known or available to you:  (1) date composed or date appearing on the document; (2) author; (3) number of pages; (4) identity of all persons or entities who saw the original document or saw or received a copy of such document, including the job titles of each person; and (5) subject matter.

E.     This request requires the production of documents as they are kept in the usual course of business, or organized and labeled to correspond with the particular demands set forth below.  If you choose the method of producing the documents as they have been kept in the usual course, the documents are to be produced in the boxes, file folders, bindings or other containers in which documents are found.  The titles, labels or other descriptions of the boxes, file folders or other containers are to be left intact.

## DOCUMENT REQUESTS

1.    For the period from July 1, 2000, to September 30, 2001, the financial statements for Finexa.

2.    For the period from July 1, 2000, to September 30, 2001, the financial statements for FXI Investments.

3.    For the period from July 1, 2000, to September 30, 2001, all documents that refer to, reflect or concern contributions of capital made to or received by Finexa, including contributions of capital by shareholders, employees, officers, or other persons.

4.    All documents that refer to, reflect or concern the Certificate of Deposit (No. 209593) in the amount of $1 million that Choudhury purchased from Golden Gate Bank in December, 2000.

5.    All documents that refer to, reflect or concern the Finexa Promissory Note.

6.    All documents that refer to, reflect or concern the Assignment of Deposit Account.

7.    All Finexa business plans, business development materials or other documents that refer to, reflect or concern Finexa's operations, for the period from July 1, 2000 to September 30, 2001.

8.    All promotional or informational materials created by Finexa, for the period from July 1, 2000 to September 30, 2001.

9.    All documents that refer to, reflect or concern any planned or potential business activities by Finexa, for the period from July 1, 2000 to September 30, 2001.

10.    All documents used in, or created to be used, in connection with any fundraising by Finexa, for the period from July 1, 2000 to September 30, 2001.

11.    All documents that refer to, reflect or concern any bank account(s) held by Finexa, from October 1, 2000 to June 30, 2001.

12.    All documents that refer to, reflect or concern any deposits or transfers to any Finexa account(s), from October 1, 2000 to June 30, 2001 (including, without limitation, all

ATTACHMENT A TO SUBPOENA TO FXI INVESTMENTS, LLC

transfer instructions, check deposits, payee/payor information, check registers, and related authorizations and documentation).

13.     All documents that refer to, reflect or concern any checks drawn on, or withdrawals or transfers from, any Finexa account(s), from October 1, 2000 to June 30, 2001 (including, without limitation, all transfer instructions, payee/payor information, check registers, and related authorizations and documentation).

14.     All documents that refer to, reflect or concern any bank account(s) held by FXI Investments from October 1, 2000 to June 30, 2001.

15.     All documents that refer to, reflect or concern any deposits or transfers to any FXI Investments account(s), from October 1, 2000 to June 30, 2001 (including, without limitation, all transfer instructions, check deposits, payee/payor information, check registers, and related authorizations and documentation).

16.     All documents that refer to, reflect or concern any checks drawn on, or withdrawals or transfers from, any FXI Investments account(s), from October 1, 2000 to June 30, 2001 (including, without limitation, all transfer instructions, payee/payor information, check registers, and related authorizations and documentation).

17.     All documents that refer to, relate or concern any loan(s) made by Golden Gate Bank to Finexa, FXI Investments and/or Choudhury.

18.     All documents that refer to, reflect or concern the corporate structure and/or organization of Finexa.

19.     All documents that refer to, reflect or concern the capitalization of Finexa.

20.     All documents that refer to, reflect or concern the corporate structure and/or organization of FXI Investments.

21.     All documents that refer to, reflect or concern the capitalization of FXI Investments.

22.     All documents that refer to, reflect or concern the acquisition of Sycomex S.A. by Finexa.

23.    All documents that refer to, reflect or concern board of directors meetings for Finexa, from July 2000 to June 30, 2001.

24.    All documents that refer to, reflect or concern the bylaws and/or articles of incorporation for (i) FXI Investments and (ii) Finexa.

25.    All documents that refer to, reflect or concern any investments in FXI Investments by any person, including, without limitation, Elizabeth Grewal and John Treat.

26.    All documents that refer to, reflect or concern any European customers of Finexa, for the period 2000 to 2001.

27.    All documents that refer to, reflect or concern Finexa's sales and marketing office in Paris, for the period 2000 to 2001.

28.    All documents that refer to, reflect or concern Finexa's Eastern European development center, for the period 2000 to 2001.

29.    All documents that refer to, reflect or concern any strategic alliances formed or planned by Finexa, for the period 2000 to 2001.

AO88  (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT L

# Delaware

PAGE    1

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THAT "FINEXA INC." IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE NOT HAVING BEEN CANCELLED OR DISSOLVED SO FAR AS THE RECORDS OF THIS OFFICE SHOW AND IS DULY AUTHORIZED TO TRANSACT BUSINESS.

THE FOLLOWING DOCUMENTS HAVE BEEN FILED:

CERTIFICATE OF INCORPORATION, FILED THE TWENTIETH DAY OF JULY, A.D. 2000, AT 9 O'CLOCK A.M.

CERTIFICATE OF CHANGE OF REGISTERED AGENT, FILED THE TWELFTH DAY OF MAY, A.D. 2005, AT 8 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID CORPORATION, "FINEXA INC.".

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE BEEN PAID TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL REPORTS HAVE BEEN FILED TO DATE.

_Harriet Smith Windsor_
Harriet Smith Windsor, Secretary of State

3262941    8310

080828501

AUTHENTICATION: 6759807

DATE: 07-30-08

You may verify this certificate online
at corp.delaware.gov/authver.shtml

# EXHIBIT M

# Delaware

PAGE   1

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE DO HEREBY CERTIFY THAT THE CERTIFICATE OF FORMATION OF
"FXI INVESTMENTS, LLC", WAS RECEIVED AND FILED IN THIS OFFICE
THE EIGHTH DAY OF DECEMBER, A.D. 2000.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID LIMITED
LIABILITY COMPANY IS NO LONGER IN EXISTENCE AND GOOD STANDING
UNDER THE LAWS OF THE STATE OF DELAWARE HAVING BECOME CANCELLED
THE SECOND DAY OF APRIL, A.D. 2003, BY REASON OF ITS NEGLECT,
REFUSAL, OR FAILURE TO PAY THE ANNUAL TAXES.

3327020  8420

080828501

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Harriet Smith Windsor

Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 6759798

DATE: 07-30-08