Harvey L. Leiderman (SBN 55838)
HLeiderman@ReedSmith.com
David S. Reidy (SBN 225904)
DReidy@ReedSmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA  94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA  94120-7936

Telephone:     (415) 543-8700
Facsimile:     (415) 391-8269

Attorneys for Defendant
AMIT CHOUDHURY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMIT CHOUDHURY, an individual,<br><br>Defendant. | Case No.: C-07-4218 CRB<br><br>**OPPOSITION OF DEFENDANT AMIT CHOUDHURY TO PLAINTIFF'S MOTION FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS DESCRIBED IN SUBPOENAS SERVED ON FINEXA, INC., AND FXI INVESTMENTS, LLC**<br><br>Trial Date:     August 4, 2008<br>Time:            8:30 a.m.<br>Place:           Courtroom 8, 19th Floor<br><br>***Honorable Charles R. Breyer*** |

1    Defendant Amit Choudhury ("Defendant") hereby opposes Plaintiff's Motion for an order

2    compelling production of documents described in subpoenas served on Finexa, Inc., and FXI

3    Investments, LLC ("Motion").

4    **I.    INTRODUCTION**

5    This Court should not consider, on the first day of trial, discovery issues that should have

6    been raised and resolved months ago.  By her Motion, Plaintiff seeks an order directing defendant

7    Amit Choudhury, an individual, to produce "financial and other banking records" of Finexa, Inc.

8    ("Finexa"), and its "fund-raising arm" FXI Investments, LLC ("FXI").  But Plaintiff admits that the

9    documents were sought in subpoenas *issued to those entities* just three weeks ago, and in fact she

10   specifically "moves this Court for an order enforcing [the] two subpoenas."  Plaintiff fails to explain

11   how or why this Court should order Defendant to comply with subpoenas purportedly served on two

12   non-parties.

13   Defendant has responded to all discovery propounded on him in this action over the past

14   year, and *Plaintiff has never moved to compel Defendant to further respond to discovery or to*

15   *produce additional documents.*  Defendant is not the agent for service of process for Finexa or FXI,

16   and those entities have not been properly served and are not before this Court.  Thus, no reasonable

17   basis exists to order Defendant to comply with the subpoenas.  Indeed, when viewed in combination

18   with Plaintiff's second motion in limine – which was also served on Friday and seeks to *exclude*

19   Finexa documents – Plaintiff's Motion appears designed only to pressure Defendant, and prejudice

20   this Court against Defendant on the eve of trial.  The Motion should be denied.

21   **II.    ARGUMENT**

22   **A.    The Subpoenas Are Not Directed at Defendant and Have Not Been Served**

23   Plaintiff seeks an order directing *Defendant* to comply with subpoenas directed to Finexa and

24   FXI.  Plaintiff contends this is justified because Defendant is the agent for service of process for

25   those entities.  This is simply not true.

26   According to the Secretary of State's website, Mr. Choudhury is not the listed agent for

27   service of process for FXI.  *See* Declaration of David S. Reidy filed concurrently ("Reidy Decl."),

28   Ex. A.  While Mr. Choudhury was at one time named as the agent for service of process for Finexa,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

–1–

1   Finexa is listed in "surrendered" status.  The Secretary of State's instruction included below the

2   listing states that if "the status of a corporation is 'Surrender', the agent for service of process *is*

3   *automatically revoked*."  *Id*. (emphasis added).  The reader is further referred to "California

4   Corporations Code Section 2114 for information relating to service upon corporations that have

5   surrendered."  *Id*.  Section 2114 of the Corporations Code provides, in pertinent part, that

6   corporations in surrendered status may be served "by delivery of the process to the Secretary of

7   State, or an assistant or a deputy to the Secretary of State pursuant to this chapter and no court order

8   authorizing this service shall be required."  Cal. Corp. Code § 2114(b).

9        As such, Defendant Choudhury is neither the agent for service of process for Finexa or FXI,

10  and cannot be forced to accept service of the subpoenas.  In any event, even if the subpoenas had

11  been properly served (which they have not), any motion to compel compliance therewith would have

12  to provide notice to the "commanded person."  *See* Fed. R. Civ. Proc. 45(c)(2)(B)(i).  Notice of this

13  Motion would therefore have to go to Finexa, Inc. and FXI Investments, LLC – and not to

14  Defendant.  Needless to mention, adequate notice of at least thirty-five days would also have to be

15  given.  *See* L.R. 7-2(a).  Plaintiff has not met even one of these due process requirements.

16       Plaintiff offers absolutely no legal justification for ordering Defendant to comply with the

17  subpoenas.  Plaintiff has failed to adequately serve the subpoenas, just as she has failed to adequately

18  notice or serve her Motion.  Accordingly, the Motion should be denied.

19       **B.     Defendant Has Complied with His Discovery Obligations in this Action**

20       Defendant is sued in this action not as a corporate officer, but as an individual.  On

21  November 19, 2007, in response to written discovery propounded on him by Plaintiff, Defendant

22  produced all Finexa-related documents in his personal possession, custody or control.  The discovery

23  at issue was propounded on Amit Choudhury, as an individual, and not in any other capacity.  *See*

24  Raber Decl., Ex. E at 2 ("Definitions… E. 'You,' 'Your' or 'Defendant' means defendant, Amit

25  Choudhury.")

26       In January, 2008, Plaintiff propounded two further rounds of discovery on Defendant seeking

27  Finexa-related documents.  *See* Raber Decl. Ex. E.  This discovery *was expressly directed at*

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

–2–

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  *Defendant personally.  See, id.*  Defendant objected to the discovery to the extent that the requests

2  did not seek documents in his personal possession, among other grounds.  *Id*; Reidy Decl., ¶ 2.

3         In March, 2008, following a meet and confer discussion, Defendant supplemented his

4  responses to Plaintiff's discovery seeking Finexa-related documents, to clearly state that he did not

5  individually possess any Finexa-related documents that had not already been produced.  Reidy Decl.,

6  ¶ 3.  Defendant did not waive his objections to the discovery, and *Plaintiff never moved to challenge*

7  *Defendant's objections, or to compel any further production or response*. *Id*., ¶¶ 3-4.  As such,

8  Defendant has fully complied with his discovery obligations in this action.

9         During the March, 2008, meet and confer discussion, Plaintiff's counsel clearly indicated his

10  intent to subpoena documents directly from Finexa and FXI.  *Id*., ¶ 3.  But no action was taken for

11  four months until Plaintiff finally issued subpoenas to third party entities, including Finexa and FXI,

12  calling for documents to be produced on July 30, 2008.  The subpoenas were not properly served on

13  Finexa and FXI,[1] but Plaintiff did obtain Finexa-related documents held by another entity.  Still,

14  Plaintiff is not satisfied, and now brings this Motion without having properly served the subpoenas

15  or given notice to the entities at issue.  The Motion fails to certify (as indeed it could not) that a good

16  faith effort was made to resolve this dispute prior to seeking court intervention as required by the

17  federal rules.  *See* Fed. R. Civ. Proc. 37(a)(1).  Plaintiff's Motion is therefore totally unjustified,

18  improper and untimely, and should be denied.

19         **C.    Plaintiff's Motion Is Unnecessary and Prejudicial to Defendant**

20         Plaintiff's Motion is clearly prejudicial to Defendant:  it was filed *after* Friday's pretrial

21  conference and seeks a hearing *on the first day of trial*, thereby forcing Defendant and his attorneys

22  to waste valuable trial preparation time and work over the weekend to try to respond to Plaintiff's

23  unfounded and vague accusations.  Despite a total lack of due process, clear prejudice to Defendant,

24  and the fact that the ostensible justifications for the Motion are false, Plaintiff nonetheless expects

25

26

27  [1]     On July 16, 2008, Plaintiff's counsel Mr. Banchero took the opportunity presented by the presence of Defendant at a settlement conference in the courtroom of Magistrate Judge Chen, to try to serve Defendant *and his counsel* with subpoenas for various corporate entities, including presumably Finexa and FXI.  Defendant properly refused to accept service and Mr. Banchero left the settlement conference with the documents in his possession, unserved.  Reidy Decl. ¶5.

28

–3–

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    this Court, on the first day of trial, to open a discovery can of worms that could take weeks to

2    resolve.

3    　　Plaintiff attempts to justify all of this by claiming that the documents are required to

4    determine what "Finexa did with Grewal's money."  But the documents demonstrating how the

5    money was invested have been produced and are featured extensively in Plaintiff's motions for

6    summary judgment filed months ago.  Furthermore, one of Plaintiff's trial witnesses is David

7    Hayford, Finexa's former CFO, who has issued a sworn declaration describing how the money was

8    spent by Finexa to cover its operating expenses; and how the certificate of deposit containing

9    Plaintiff's money was used to repay Finexa's bank loan.  In short, Plaintiff has everything she needs

10   to present her case to the jury.

11   　　Plaintiff admits that the documents at issue in her Motion were sought by means of

12   subpoenas issued to Finexa and FXI, and not to Defendant.  As set forth above, Defendant is not the

13   agent for service of process for Finexa or FXI – a fact Plaintiff wants this Court to ignore – and

14   therefore properly declined to accept service of the subpoenas.  Although Plaintiff claims to have

15   been seeking to obtain these records "for months," she only attempted to serve the subpoenas three

16   weeks ago, and only sought production of the documents three business days before trial.  Now,

17   having caused the delay of which she now complains, Plaintiff asks this Court to ignore due process

18   and order Defendant Amit Choudhury, an individual, to respond to subpoenas that were not served

19   on him, to locate vaguely described documents that may or may not exist, and to produce these

20   unknown documents – all this, on the first day of trial.

21   　　Plaintiff fails to establish why such drastic relief is justified after a year of discovery in which

22   she propounded forty Requests for Admissions, fifty-eight Requests for Production of Documents,

23   and Interrogatories in excess of the maximum allowed under the federal rules on Defendant.

24   Plaintiff has contacted numerous of her, and Defendant's, mutual friends and business associates,

25   has taken Defendant's deposition, has contacted and obtained the declaration testimony of Finexa's

26   CFO David Hayford, and has subpoenaed three banks for Defendant's personal financial records.  In

27   this context, Plaintiff's shrill claim that this trial cannot go ahead without yet another round of third

28   party discovery is dubious to say the least.  Any discovery order or further delay at this stage would

–4–

1    be unfairly prejudicial to Defendant, and would accomplish nothing.  Plaintiff's Motion should be

2    denied.

3    **III.    <u>CONCLUSION</u>**

4      Plaintiff has never moved to compel Defendant to produce further documents, has failed to

5    properly serve the subpoenas at issue, and has failed to properly notice or serve her Motion.  All

6    relevant evidence has been adduced and Defendant is ready for trial.  This Court should not

7    countenance any further delay, and Plaintiff's Motion should be denied.

8

9       DATED:  August 3, 2008   REED SMITH LLP

10

11                By  /s/
               David S. Reidy

12                   Attorneys for Defendant
               AMIT CHOUDHURY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

–5–

OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL      Case No. C-07-4218 CRB