1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH GREWAL,

       Plaintiff,

  v.

AMIT CHOUDHURY,

      Defendant

                           /

No. C 07-04218 CRB

**JURY INSTRUCTIONS**

Dated:

_____

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**BURDEN OF PROOF–PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

**United States District Court**
For the Northern District of California

# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**United States District Court**
For the Northern District of California

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

# OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from a witness who, because of education or experience, is permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**United States District Court**
For the Northern District of California

# CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEPOSITION AS SUBSTANTIVE EVIDENCE

A deposition is the sworn testimony of a witness taken before trial.  The deposition of witnesses have been presented to you during the course of the trial.  Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.  In those instances where the deposition testimony has been read into the record, you should not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**United States District Court**
For the Northern District of California

## USE OF INTERROGATORIES OF A PARTY

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

# FRAUD AND DECEIT–FALSE PROMISE

To establish a claim of fraud by a false promise, the plaintiff must prove all of the following by a preponderance of the evidence:

1. That the defendant made a promise to plaintiff;

2. That this promise was important to the transaction;

3. That the defendant did not intend to perform this promise when he made it;

4. That the defendant intended that the plaintiff rely on this promise;

5. That the plaintiff reasonably relied on the defendant's promise;

6. That the defendant did not perform the promised act;

7. That the plaintiff was harmed; and

8. That the plaintiff's reliance on the defendant's promise was a substantial factor in causing her harm.

**United States District Court**
For the Northern District of California

**FRAUD AND DECEIT–DEFINITION OF IMPORTANT PROMISE**

A promise is important if it would influence a reasonable person's judgment or conduct.  A promise is also important if the person who makes it knows that the person to whom the promise is made is likely to be influenced by it even if a reasonable person would not.

United States District Court

For the Northern District of California

**FRAUD AND DECEIT–PROOF OF INTENT NOT TO PERFORM**

You may consider the conduct of a party making a promise, either before or after the promise was made, in determining whether there was an intention not to perform the promise when made.

United States District Court
For the Northern District of California

# FRAUD AND DECEIT–RELIANCE

The plaintiff relied on the defendant's promise if it caused her to transfer money and if she would probably not have done so without such promise.

It is not necessary for a promise to be the only reason for the plaintiff's conduct. It is enough if a promise substantially influenced the plaintiff's choice, even if it was not the only reason for her conduct.

You must determine the reasonableness of the plaintiff's reliance by taking into account her mental capacity, knowledge, and experience.

# CONTRACT FORMATION–ESSENTIAL FACTUAL ELEMENTS

The plaintiff claims that the parties entered into a contract.  To prove that a contract was created, the plaintiff must prove all of the following by a preponderance of the evidence:

1. That the contract terms were clear enough that the parties could understand what each was required to do;

2. That the parties agreed to give each other something of value; and

3. That the parties mutually consented to the terms of the contract.

When you examine whether the parties agreed to the terms of the contract, ask yourself if, under the circumstances, a reasonable person would conclude, from the words and conduct of each party, that there was an agreement.  You may not consider the parties' hidden intentions.

If the plaintiff did not prove all of the above, then a contract was not created.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CONTRACT FORMATION–CONSENT

One of the essential elements to the existence of a contract is the consent of the parties.  This consent must be freely given, mutual, and communicated by each party to the other.

Consent is not freely given if it is obtained by fraud or mistake.

Consent is not mutual, unless the parties all agree upon the same thing in the same sense.

# BREACH OF CONTRACT–ESSENTIAL FACTUAL ELEMENTS

To recover damages from the defendant for breach of contract, the plaintiff must prove all of the following by a preponderance of the evidence:

1. That the plaintiff and defendant entered into a contract;

2. That the plaintiff did all, or substantially all, of the significant things that the contract required her to do;

3. That the defendant failed to do something that the contract required him to do; and

4. That the plaintiff was harmed by that failure.

United States District Court
For the Northern District of California

**AFFIRMATIVE DEFENSE–UNILATERAL MISTAKE OF FACT**

The defendant claims that there was no contract because he was mistaken about whether he would receive an additional $120,000 from the plaintiff.  To succeed, the defendant must prove all of the following by a preponderance of the evidence:

1. That the defendant was mistaken about the amount of money he would receive;

2. That the plaintiff knew the defendant was mistaken and used that mistake to take advantage of him;

3. That the defendant's mistake was not caused by his excessive carelessness; and

4. That the defendant would not have entered into the contract if he had known about the mistake.

If you decide that the defendant has proved all of the above, then no contract was created.

United States District Court
For the Northern District of California

# AFFIRMATIVE DEFENSE–FRAUD

The defendant claims that no contract was created because his consent was obtained by fraud.  To succeed, the defendant must prove all of the following by a preponderance of the evidence:

1. That the plaintiff represented that she was going to deliver $1 million to the defendant;

2. That the plaintiff knew that the representation was not true;

3. That the plaintiff made the representation to persuade the defendant to agree to the contract;

4. That the defendant reasonably relied on this representation; and

5. That the defendant would not have entered into the contract if he had known that the representation was not true.

If you decide that the defendant has proved all of the above, then no contract was created.

United States District Court
For the Northern District of California

**COMMON COUNT–MONEY LENT**

The plaintiff makes a common-count claim that the defendant owes her money that she loaned to him.  To establish this claim, the plaintiff must prove all of the following by a preponderance of the evidence:

1. That the defendant received money from the plaintiff in the form of a loan;

2. That the defendant has not repaid the money;

3. The amount of money lent.

1

## COMMON COUNT–DEFINITION OF LOAN

2

3      A loan of money is a contract by which one delivers a sum of money to another,

4  and the latter agrees to return at a future time a sum equivalent to that which he borrowed.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# COMMON COUNT–MONEY HAD AND RECEIVED

The plaintiff claims that the defendant owes her money.  To establish this claim, the plaintiff must prove all of the following by a preponderance of the evidence:

1. That the defendant received money that was intended to be used for the benefit of the plaintiff;

2. That the money was not used for the benefit of the plaintiff; and

3. That the defendant has not given the money to the plaintiff.

United States District Court
For the Northern District of California

# COMMON COUNT–ACCOUNT STATED

The plaintiff claims that the defendant owes her money on an account stated.  To establish this claim, the plaintiff must prove all of the following by a preponderance of the evidence:

1. That the defendant owed the plaintiff money from previous financial transactions;

2. That the plaintiff and the defendant, by words or conduct, agreed that the amount stated in the account was the correct amount owed to the plaintiff;

3. That the defendant, by words or conduct, promised to pay the stated amount to the plaintiff;

4. That the defendant has not paid the plaintiff any of the amount owed under this account; and

5. The amount of money the defendant owes the plaintiff.

**United States District Court**
For the Northern District of California

**DAMAGES–PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on her fraud, breach of contract, and/or common count claims, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**DUPLICATE DAMAGES**

The plaintiff has made claims against the defendant for breach of contract, common count, and fraud.  If you decide that the plaintiff has proved multiple claims, the same damages that resulted from more than one claim can be awarded only once.

# DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

United States District Court
For the Northern District of California

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**United States District Court**
For the Northern District of California

# COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court clerk, Barbara, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone–including me– ow the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

# RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.