E. Jeffrey Banchero (SBN 93077)
ejb@kastnerbanchero.com
Scott R. Raber (SBN 194924)
srr@kastnerbanchero.com
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff and Counter-Defendant
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL,<br><br>       Plaintiff,<br><br>   v.<br><br>AMIT CHOUDHURY,<br><br>       Defendants.<br><br>AND RELATED COUNTERCLAIM | CASE NO. C-07-4218 CRB<br><br>**PROPOSED SUPPLEMENTAL JURY INSTRUCTION OFFERED BY PLAINTIFF**<br><br>Trial Date:   August 4, 2008<br>Time:       8:30 A.M.<br>Courtroom:  8, 19th Floor<br><br>(Before Hon. Charles R. Breyer) |

Plaintiff Elizabeth Grewal hereby submits the following Proposed Supplemental Jury Instruction to be provided to the jury.

DATED:  August 5, 2008                    KASTNER | BANCHERO LLP


By:  _____/S/_____
          E. Jeffrey Banchero
          Scott R. Raber

Attorneys for Plaintiff and Counter-Defendant
ELIZABETH GREWAL

PROPOSED SUPPLEMENTAL JURY INSTRUCTION
Case No. C-07-4218 CRB

**PROPOSED SUPPLEMENTAL JURY INSTRUCTION OFFERED BY PLAINTIFF**

**RE: CONSIDERATION**

In the preceding instruction [Contract Formation—Elements], you were instructed that in order to prove a contract was created Grewal must prove "the parties agreed to give each other something of value."  Choudhury claims a contract was not created because the promissory note states his promise to pay $1,000,000 but he received only $880,000 from Grewal.

The requirement that "the parties agreed to give each other something of value" is satisfied if Choudhury received a benefit to which he was not otherwise lawfully entitled in return for his promise to pay.  To be sufficient, a benefit must have some value.  There is no requirement that the benefit Choudhury received be equivalent in value to the promise he made in the promissory note.

Source: Calif. Civil Code § 1605; BAJI 10.61 (April 2006 ed.); Restatement (Second) Contracts § 79 (2008), comment *c* ("If the requirement of consideration is met, there is no additional requirement of ... equivalence in the values exchanged..."); *McNamara v. Oakland Building and Loan Assn.* (1901) 131 Cal. 336, 345; *Gribble v. Mauerhan* (1961) 188 Cal.App.2d 221, 225.