1  Harvey L. Leiderman (SBN 55838)
   HLeiderman@ReedSmith.com
2  David S. Reidy (SBN 225904)
   DReidy@ReedSmith.com
3  REED SMITH LLP
   Two Embarcadero Center, Suite 2000
4  San Francisco, CA  94111-3922

5  **Mailing Address:**
   P.O. Box 7936
6  San Francisco, CA  94120-7936

7  Telephone:     (415) 543-8700
   Facsimile:     (415) 391-8269
8
   Attorneys for Defendant
9  AMIT CHOUDHURY

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12

13
   ELIZABETH GREWAL, an individual,          Case No.: C-07-4218 CRB
14
                      Plaintiff,             **DEFENDANT AMIT CHOUDHURY'S**
15                                           **REQUEST FOR JURY INSTRUCTION ON**
         vs.                                 **CLEAR AND CONVINCING BURDEN OF**
16                                           **PROOF FOR FRAUD CLAIM**
   AMIT CHOUDHURY, an individual,
17
                      Defendant.             Trial Date:    August 4, 2008
18                                           Time:          8:30 a.m.
                                             Place:         Courtroom 8, 19th Floor
19
20                                           *Honorable Charles R. Breyer*

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REQUEST FOR INSTRUCTION ON CLEAR AND CONVINCING EVIDENCE            C-07-4218 CRB

1    Defendant Amit Choudhury ("Defendant") hereby requests that this Court instruct the jury on

2    the appropriate "clear and convincing" burden of proof specifically applicable to Plaintiff's fraud

3    claim.

4

5    **I.    FRAUD MUST BE ESTABLISHED BY CLEAR AND CONVINCING EVIDENCE**

6    On August 1, 2008, the parties filed their Joint Proposed Jury Instructions in this Action.

7    Doc. 93.  Among other proposed jury instructions, the parties stipulated to Ninth Circuit Model Jury

8    Instruction No. 1.4 entitled "Burden of Proof – Clear and Convincing Evidence."  That instruction

9    states:

10
> When a party has the burden of proving any claim or defense by clear
> and convincing evidence, it means you must be persuaded by the
11   > evidence that the claim or defense is highly probable. This is a higher
> standard of proof than proof by a preponderance of the evidence.
12
> You should base your decision on all of the evidence, regardless of
13   > which party presented it.

14   *See* Ninth Circuit Manual of Model Jury Instructions, No. 1.4.  On August 5, 2008, after Plaintiff

15   had presented her case-in-chief, this Court issued its proposed Jury Instructions.  Doc. 115.  The

16   Court's proposed instructions omit the instruction on the clear and convincing burden of proof.

17   Defendant requests that the "clear and convincing" instruction be given.

18   Plaintiff seeks punitive damages under her fraud claim, and therefore bears the burden of

19   proving all the elements of that claim by clear and convincing evidence.  *See* Cal. Civ. Code §

20   3294(a).  The clear and convincing standard imposes a higher burden on Plaintiff, and  requires "that

21   the evidence be sufficiently strong *to command the unhesitating asset of every reasonable mind*."

22   *See*, *In re AngeliaP*., 28 Cal. 3d 908, 919 (1981) (emphasis added).  This higher burden reflects a

23   long-standing public policy to protect a defendant's rights in actions involving serious allegations

24   and consequences:

25   > The function of a standard of proof is to instruct the fact finder
> concerning the degree of confidence our society deems necessary in
26   > the correctness of factual conclusions for a particular type of
> adjudication, to allocate the risk of error between the litigants, and to
27   > indicate the relative importance attached to the ultimate decision.
> Thus, ***the standard of proof may depend upon the gravity of the
28   > consequences that would result from an erroneous determination of***

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

–1–

*the issue involved*.  The default standard of proof in civil cases is the preponderance of the evidence.  Nevertheless, ***courts have applied the clear and convincing evidence standard when necessary to protect important rights***.

*Conservatorship of Wendland*, 26 Cal. 4th 519, 546 (2001) (citations and quotations omitted); *see also Colorado v. New Mexico*, 467 U.S. 310, 316 (1984).

Because the burden of proving a matter by clear and convincing evidence is "a heavier burden than the preponderance of the evidence standard," Defendant requests that the instruction be given so that the jury is properly informed on the quantum of proof applicable to Plaintiff's claim for punitive damages.  *See Murphy v. I.N.S.*, 54 F. 3d 605, 610 (9th Cir. 1995).  A failure to instruct the jury on the clear and convincing standard would be clearly prejudicial to Defendant, because of the nature of damages sought.  *See Wendland*, 26 Cal. 4th at 546.  Moreover, the parties have stipulated to the instruction.

## II.    FAILURE TO INSTRUCT ON CLEAR AND CONVINCING EVIDENCE IS REVERSIBLE ERROR

Plaintiff alleges promissory fraud, and contends that at the time Defendant promised to repay her money, he had no intention of keeping that promise.  Plaintiff seeks punitive damages under this claim, and therefore must prove Defendant's allegedly fraudulent intent by clear and convincing evidence, as set forth above.  Cal. Civ. Code § 3294(a).

Where an instruction is requested on a party's state of mind in connection with an intentional tort, failure to instruct the jury on that element is presumptively prejudicial and improper.  *See Ford Motor Co. v. Dallas Power & Light Co.*,  499 F.2d 400, 412 (5th Cir. 1974) (in action for property damage resulting from intentional acts, court's failure to give instructions specific to the intentional tort held reversible error); *see also Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992) ("An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless.")

This Court's failure to instruct the jury as to the heightened burdens of proving promissory fraud would unfairly prejudice Defendant and would be reversible error in light of the remedies sought.  *See Baxter v. Peterson*, 150 Cal. App. 4th 673, 678 (2007) (holding that instruction

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

–2–

1   providing that without consideration of other evidence, the failure to perform a promise can warrant

2   an inference of a lack of intent to perform the promise when made, constituted prejudicial error

3   requiring reversal as to liability).  Accordingly, Defendant requests that the clear and convincing

4   instruction be given to the jury, as stipulated by the parties.

5

6                                       Respectfully submitted,

7         DATED:  August 6, 2008           REED SMITH LLP

8

9                                   By    /s/
                                    David S. Reidy

10                                     Attorneys for Defendant
                                    AMIT CHOUDHURY

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR INSTRUCTION ON CLEAR AND CONVINCING EVIDENCE        C-07-4218 CRB

REED SMITH LLP
A limited liability partnership formed in the State of Delaware