E. Jeffrey Banchero (SBN 93077)
ejb@kastnerbanchero.com
Scott R. Raber (SBN 194924)
srr@kastnerbanchero.com
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff and Counter-Defendant
ELIZABETH GREWAL

FILED

AUG - 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ELIZABETH GREWAL, | CASE NO. C-07-4218 CRB |
|---|---|
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(a)** |
| AMIT CHOUDHURY, | |
| Defendants. | Trial Date: August 7, 2008<br>Time: 9:00 A.M.<br>Courtroom: 8, 19th Floor |
| AND RELATED COUNTERCLAIM | (Before Hon. Charles R. Breyer) |

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 50(a), plaintiff Elizabeth Grewal ("Grewal") hereby moves for an order entering judgment as a matter of law on plaintiff's claims for breach of the promissory note, common count claim for money lent, and common count claim for money had and received. Judgment in favor of plaintiff is appropriate because no reasonable jury could find in favor of defendant on these claims based on the evidence adduced at trial. Fed. R. Civ. P. 50(a)[1]; Wright & Miller, Fed. Prac. & Proc. § 2530 (2004 ed.) (standard for determining Rule 50 motion is "whether there is evidence on which reasonable people could find for the party opposing the motion.")

## II. JUDGMENT AS A MATTER OF LAW SHOULD BE GRANTED WITH RESPECT TO PLAINTIFF'S CLAIM FOR BREACH OF THE PROMISSORY NOTE

The evidence at trial indisputably establishes that the promissory note is a written, integrated agreement enforceable on its face. The contract terms are clear, the note embodies the mutual consent of the parties, and it is supported by consideration.

In an attempt to invalidate the promissory note, Choudhury claims that when he signed the promissory note and presented it to Grewal, he did so under a mistaken belief that Grewal would send him an additional $120,000. However, the doctrine of mistake has no applicability to this case since the only evidence Choudhury offers of "mistake" is his "expectation" that he was to receive an extra $120,000 from plaintiff.

Civil Code § 1577 defines mistake as follows:

> Mistake of Fact. Mistake of fact is a mistake, not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in:
>
> 1. An unconscious ignorance or forgetfulness of a fact past or present, material to the contract; or,
>
> 2. Belief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed.

---

[1] Rule 50(a)(1) provides, in pertinent part: "If a party has been fully heard on an issue during a jury trial and court finds that a reasonable jury would not have a *legally sufficient* evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against ht e party on a claim or defense tht, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."

-1-
PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(a)
Case No. C-07-4218 CRB

As the evidence adduced at trial shows, Choudhury's "expectation" was no mistake at all because it was not an "unconscious ignorance or forgetfulness" of a past or present *fact*, as Civil Code §1577 requires. Choudhury's expectation of further payment was a fully conscious thought at the time he signed the promissory note. There is also no evidence to suggest that Grewal knew Choudhury was mistaken *and* used that mistake to take advantage of him; nor is there any evidence to suggest that the defendant's mistake was *not* caused by his own excessive carelessness. Calif. Civil Code § 1577; *Van Meter v. Bent Construction Co.*, 46 Cal.2d 588, 594-95 (1956); Restatement (Second) of Contracts § 155 (1981), comment *c*. If Choudhury believed Grewal was intending to transfer more money to him, as he claims, he could have refrained from signing the promissory note, or he could have written a note that expressed an obligation on Grewal's part to do so.

The second prong of the definition set forth in Section 1577 is also wholly inapplicable, because Choudhury does not claim that at the time he signed the promissory note he believed in the existence of a "thing" which did not then exist. The existence of a "thing" is not the same as a "past or present" fact as set forth in the first prong of Section 1577. In any event, Choudhury has not demonstrated evidence of his mistaken belief in any particular "thing" that caused him to enter into the contract.

Likewise, defendant has adduced no evidence whatsoever supporting his affirmative defense of fraud. The evidence established at trial shows that Choudhury executed the promissory note *weeks* after receiving the $880,000 from Grewal, despite knowing that Grewal had not sent the additional $120,000. Thereafter Choudhury never raised the issue with her again, even as he converted the monies she had transferred to his own use. Choudhury has established no reasonable reliance on his part, nor any damages as he indisputably recouped the $120,000 he claims should have been forthcoming from Grewal. *Bowmer v. H.C. Louis, Inc.*, 243 Cal. App.2d 501, 503 (1966) ("The right to avoid for fraud, however, is lost if the injured party, after acquiring knowledge of the fraud, manifests an intention to affirm the contract."). In short, no reasonable trier of fact could conclude on the evidence established that Grewal fraudulently induced Choudhury to execute the promissory note.

1     Because Choudhury's affirmative defenses fail in light of the evidence, judgment should be
2 entered in plaintiff's favor on her claim for breach of the promissory note, in the amount of
3 $1,423,740, as established by plaintiff's damages expert (and not contradicted by Choudhury).

## III.  JUDGMENT AS A MATTER OF LAW SHOULD BE GRANTED WITH RESPECT TO PLAINTIFF'S COMMON COUNT CLAIMS

### A.  Plaintiff Is Entitled To Judgment On Her Common Count Claim For Money Lent

In her third cause of action, Grewal alleges a common count claim that Choudhury owes her money that she loaned to him. To establish this claim, Grewal must prove 1) that Choudhury received money from Grewal intended as a loan; 2) that Choudhury has not repaid any of the money; and 3) the amount of the money lent. *See Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 460 (1997); *Jones v. Re-Mine Oil Co.*, 47 Cal. App. 2d 832, 843 (1941); *see also* 51 Cal. Jur. 3d Restitution § 25 ("Where one person lends money to another, the law implies an obligation to repay it. An action in the form of a common count for money lent is recognized as an appropriate pleading to recover money so advanced.").

Choudhury admits to receiving $880,000 from plaintiff, and further admits not having repaid any portion of the monies lent by Grewal. Choudhury's assertion that the money was not given to him as a "loan," is simply neither credible nor supported by any reasonable the evidence. Under California law, "a transaction may be a loan although called something else by the parties there"; what matters is the "substance of the transaction", and not merely what the parties called the transaction. *Great American Insurance Co. v. National Health Services, Inc.*, 62 Cal. App. 3d 785, 791 (1976)

All of the evidence in this case points to the fact that the $880,000 wire transfer was a loan of money, as evidenced by the promissory note that Choudhury prepared and signed. Regardless of the note's enforceability, Choudhury's signature on the document establishes that at the time of the transaction, he *intended* to repay Grewal the entire sum as indicated in the note. The money was certainly not a gift. And, Choudhury admitted that he was not acting as an investment advisor when he received the funds. Choudhury did not segregate the funds into a trust account for Grewal,

-3-
PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(a)
Case No. C-07-4218 CRB

which a broker or other money manager would be obligated to do, removing any question that the funds were an "investment" that he was managing on Grewal's behalf. Choudhury acknowledged placing the money in his personal account, and investing it as if the monies were his own – consistent with what a borrower does when he or she borrows money. Furthermore, in the declaration Choudhury submitted in support of his motion for summary judgment, Choudhury stated that he "intended to make every effort to repay whatever funds were transferred to me" (Choudhury decl., ¶ 3) and that "he fully intended to repay Plaintiff any amount she transferred to me." (*Id.* at ¶ 10.) The admission that Choudhury intended to "repay" the $880,000 is indisputable evidence that the money was a loan. As no reasonable jury could find in favor of defendant on this point, judgment should be granted on plaintiff's behalf in the amount of $1,351,029, as set forth in the expert testimony of Gregory Pinnsoneault.

### B. Plaintiff Is Entitled To Judgment As A Matter of Law On Her Common Count Claim For Money Had And Received

To recover on her common count claim for money had and received, Grewal must prove 1) that Choudhury received money that was intended to be used for the benefit of Grewal; 2) that the money was not used for the benefit of Grewal; and 3) that Choudhury has not given the money to Grewal. CACI 370 (June 2008 ed.); *see also Utility Audit Co., Inc. v. City of Los Angeles,* 112 Cal. App. 4th 950, 958 (2003).

Here, Choudhury admits to having received $880,000 from Grewal. He further acknowledges that she sent it to him for *her* use and benefit. As demonstrated by the evidence regarding (i) Choudhury's purchase of a certificate of deposit from Golden Gate Bank; (ii) his subsequent assignment of the certificate of deposit to Golden Gate Bank as collateral for Finexa's line of credit; and (iii) Choudhury's ensuing loss of the money paying off the line of credit, the evidence conclusively establishes that the money was not used for the benefit of plaintiff. Choudhury further admits that he has not repaid any of the monies to Grewal. As with the damages suffered by plaintiff on her common count claim for money lent, plaintiff has suffered damages of $1,351,029 through August 4, 2008 (which continue to accrue at a rate of $169 per day.) Accordingly, judgment should be entered on behalf of plaintiff on her Fourth Cause of Action.

-4-
PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(a)
Case No. C-07-4218 CRB

## IV. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court enter judgment for her as a matter of law on her claims for breach of the promissory note (Second Cause of Action), and common count claims for money lent (Third Cause of Action) and money had and received (Fourth Cause of Action).

Dated: August 7, 2008                    KASTNER | BANCHERO LLP

                                         By: _____/S/_____
                                             E. Jeffrey Banchero
                                             Scott R. Raber

                                         Attorneys for Plaintiff and Counter-Defendant
                                         ELIZABETH GREWAL