**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH GREWAL,

    Plaintiff,

  v.

AMIT CHOUDHURY,

    Defendant.

_____/

No. C 07-04218 CRB

**JURY INSTRUCTIONS RE: PUNITIVE DAMAGES**

Dated: August 11, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2007\4218\Proposed Punitive Damage Instruction.wpd

# PUNITIVE DAMAGES

Because you have decided that the defendant's fraudulent conduct caused the plaintiff's harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if the plaintiff proves by clear and convincing evidence that the defendant engaged in that conduct with fraud.

When a party has the burden of proving any claim by clear and convincing evidence, it means you must be persuaded by the evidence that the claim is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence. You should base your decision on all of the evidence, regardless of which party presented it.

"Fraud" means that the defendant intentionally misrepresented or concealed a material fact, or made a promise without the intention to perform the promise when he made it, and did so intending to harm the plaintiff.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

1. How reprehensible was the defendant's conduct? In deciding how reprehensible the defendant's conduct was, you may consider, among other factors:

    i. Whether the conduct caused physical harm;

    ii. Whether the defendant disregarded the health or safety of others;

    iii. Whether the plaintiff was financially weak or vulnerable and the defendant knew the plaintiff was financially weak or vulnerable and took advantage of her;

    iv. Whether the defendant's conduct involved a pattern or practice; and

    v. Whether the defendant acted with trickery or deceit.

2. Is there a reasonable relationship between the amount of punitive damages and the plaintiff's harm that the defendant knew was likely to occur because of his conduct? Punitive damages may not be used to punish the defendant for the impact of his alleged misconduct on persons other than the plaintiff.

3. In view of the defendant's financial condition, what amount is necessary to punish him and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because the defendant has substantial financial resources.