E. Jeffrey Banchero (SBN 93077)
ejb@kastnerbanchero.com
Scott R. Raber (SBN 194924)
srr@kastnerbanchero.com
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff and Counter-Defendant
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMIT CHOUDHURY,<br><br>　　　　Defendants.<br><hr>AND RELATED COUNTERCLAIM | CASE NO. C-07-4218 CRB<br><br>**PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL**<br><br>Trial Date:　August 11, 2008<br>Time:　　　8:00 A.M.<br>Courtroom:　8, 19th Floor<br><br>(Before Hon. Charles R. Breyer) |

PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL
Case No. C-07-4218 CRB

## I. INTRODUCTION

In response to plaintiff's requests for documents concerning Choudhury's finances and net worth, defendant produced hundreds pages of information only after being compelled to do so by the Court, *after* the jury rendered its verdict on all counts against defendant. The records produced by Choudhury include tax returns, detailed balance sheets, bank statements, and credit card statements – all demonstrating an extremely complex array of interconnected holdings. To plaintiff's surprise, this is not a case where the defendant owns real property, cars, planes, boats or has readily available liquid assets in his own name. Instead, according to defendant's records, Choudhury apparently owns nothing; moreover, he testified that he has not paid any taxes for years. This narrative, though, is wholly at odds with the large sums of money that the records show routinely flow back and forth through his and his companies' accounts, and is at odds with Choudhury's admitted ability to make seven-figure loans to his businesses. Thus, demonstrating Choudhury's true net worth, the financial resources actually available to him, and the reasons why he has structured his business dealings the way he has will not be readily explainable to the jury in the absence of expert testimony.

The interests of due process and fundamental fairness demand that the Court allow a brief continuance so that plaintiff not be unnecessarily placed in the disadvantaged position of trying to explain defendant's finances to the jury with little more than twelve hours' lead time, and on the basis of incomplete, cumbersome, and confusing records.

## II. THE FACTS NECESSITATING A BRIEF CONTINUANCE OF TRIAL

In response to plaintiff's requests for information concerning Choudhury's net worth and financial condition, Choudhury produced over a *thousand* pages of documents late in the afternoon on Saturday, August 9, 2008. Many more key documents were not produced until Choudhury's deposition the following day. The records include tax returns, bank account statements, and other documents for defendant, his wife, and certain business entities which he controls. The bank records detail both deposits and disbursements from various entities with which Choudhury is affiliated or controls: Pinnacle Partners, Inc., Pinnacle Partners Systems, Inc., and Pinnacle

-1-

Partners, Inc. (Canada). Each of the bank accounts in turn contains a minimum of two sub-accounts, and in some cases more. The records also demonstrate hundreds of thousands of dollars going back and forth among Pinnacle Partners Systems, Inc., Pinnacle Partners, Inc., Pinnacle Partners, Inc. (Canada), and Amit Choudhury's personal bank account.

Choudhury was deposed for over eight hours on Sunday, August 10, 2008. Plaintiff's counsel started the deposition at noon, two hours later than originally requested, in order to accommodate Choudhury's desire to attend a religious service in the morning. Over thirty-five multi-page exhibits were marked at the deposition. Furthermore, Choudhury produced the documents in redacted form, so that in many instances the records do not indicate the source of funds, nor their destination upon disbursement. Although defendant testified about these facts, plaintiff had no way of verifying his representations. The redactions also made the elicitation of defendant's testimony significantly more cumbersome and time-consuming.

Included in the documents provided were self-serving "net worth" statements prepared by Choudhury specifically for his deposition, purporting to show that his net worth is a negative $18,000. According to the records Choudhury provided, the assets of Pinnacle Partners, Inc., Pinnacle Partners, Inc. (Canada), and Pinnacle Partners Capital total just $36,000.

While the cash flows detailed in the documents suggest that Choudhury is far from impecunious, the records produced all demonstrate a pattern and practice by Choudhury of running a variety of expenses through corporate entities he controls so as to show purported negative net worth. The overall financial picture of these documents is perfectly in line with Choudhury's self-proclaimed expertise: that is, as Choudhury himself explained on direct examination, defendant's business is centered on developing strategies to manage funds (*i.e.,* to minimize income and maximize losses to avoid tax.)

### III. A BRIEF CONTINUANCE OF THE TRIAL IS WARRANTED IN THE INTERESTS OF JUSTICE AND FUNDAMENTAL FAIRNESS

The record in this case demonstrates defendant's propensity for misrepresentation, concealment, and gamesmanship. Indeed, in the liability phase of the trial, the jurors were presented with completely divergent testimony by the parties on key issues. In order to reach the

-2-

verdict that it did, the jury necessarily had to reject defendant's testimony on those points (regarding, for example, whether Choudhury had full discretion to invest Grewal's $880,000.) On the current record, Choudhury is the only person who can explain the myriad records he belatedly produced – and yet, as demonstrated by the jury's verdict, he has repeatedly demonstrated that the truthfulness of his testimony is suspect.

Good cause thus exists for a continuance so that plaintiff can obtain the assistance of an expert to help explain the ramifications of Choudhury's elaborate web of holdings with respect to defendant's overall net worth. This will have the effect of streamlining and simplifying what will otherwise be extremely cumbersome and confusing testimony for the jury. Indeed, defendant's testimony and the documents provided thus far appear to demonstrate, at best, his adherence to complicated (and confusing) business practices and, at worst, deliberately deceptive methods of channeling funds through Choudhury-controlled entities. The interests of justice demand that Grewal be given a reasonable chance to prove an appropriate amount of punitive damages and not be prejudiced by defendant with incomplete, inaccurate and confusing information – provided at the last possible moment. Defendant would likewise benefit from a continuance inasmuch as a brief continuance would likely help improve the accuracy of information presented by plaintiff with respect to defendant's financial condition.

Dated: August 11, 2008                         KASTNER | BANCHERO LLP


                                               By: _____/S/_____
                                                   E. Jeffrey Banchero
                                                   Scott R. Raber

                                               Attorneys for Plaintiff and Counter-Defendant
                                               ELIZABETH GREWAL

-3-

PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL
Case No. C-07-4218 CRB