1   Harvey L. Leiderman (SBN 55838)
    HLeiderman@ReedSmith.com
2   David S. Reidy (SBN 225904)
    DReidy@ReedSmith.com
3   REED SMITH LLP
    Two Embarcadero Center, Suite 2000
4   San Francisco, CA 94111-3922

5   **Mailing Address:**
    P.O. Box 7936
6   San Francisco, CA 94120-7936

7   Telephone:    (415) 543-8700
    Facsimile:    (415) 391-8269
8
    Attorneys for Defendant
9   AMIT CHOUDHURY

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12

13  ELIZABETH GREWAL, an individual,          Case No.: C-07-4218 CRB

14                  Plaintiff,                **MEMORANDUM OF LAW IN SUPPORT
                                              OF DEFENDANT'S MOTION FOR
15          vs.                               JUDGMENT AS A MATTER OF LAW, TO
                                              AMEND THE JUDGMENT TO REMOVE
16  AMIT CHOUDHURY, an individual,            COMPOUND INTEREST, OR, IN THE
                                              ALTERNATIVE, FOR A NEW TRIAL**
17                  Defendant.
                                              **[FED. R. CIV. PROC. §§ 50(b); 59(a), (e)]**
18
                                              Compl. Filed:    July 19, 2007
19                                            Trial Date:      August 4, 2008

20                                            Hearing Date:    October 3, 2008
                                              Time:            10:00 a.m.
21                                            Courtroom:       8

22                                            ***Honorable Charles R. Breyer***

23

24

25              I.    INTRODUCTION

26          On August 8, 2008, the jury in this action entered a verdict against Defendant on Plaintiff's

27  common counts for money lent and money had and received, and on Plaintiff's claims for fraud and

28  breach of the promissory note. The jury awarded Plaintiff $1,423,740.00 in compensatory damages

                                        – 1 –                          DOCSSFO-12524729.2

and $500,000.00 in punitive damages. Doc. 143. The compensatory damages award, in the exact amount calculated by Plaintiff's expert, Mr. Gregory Pinsonneault ("Pinsonneault"), is improper as a matter of law.

Pinsonneault's compensatory damages calculation, adopted by the jury in its award, unlawfully includes a calculation based on an interest rate never agreed to between the parties, and further charges compound interest (interest upon interest) in violation of both California law and this Court's damages instructions to the jury. While this Motion focuses on the damages awarded under Plaintiff's claim for breach of the promissory note ("Note"), the award is improper and cannot be justified under any of Plaintiff's other claims either. Since there was no evidence presented at trial that the parties ever agreed to compound interest, or ever agreed to an interest rate other than 4%, the award is improper as a matter of law to the extent it relies on any interest calculation other than 4% simple interest. Defendant therefore requests that this Court vacate the jury's compensatory damages award and enter an award for the correct amount instead, which is $1,304,000.

## II.    ARGUMENT

### A.    Defendant is Entitled to Modify the Judgment as a Matter Of Law

Federal Rule of Civil Procedure 50(b) permits a party after entry of judgment to renew its pre-verdict motion for judgment as a matter of law (JMOL) made under Rule 50(a). Here, Defendant made a pre-verdict JMOL motion to prevent an award of compound interest on the grounds that Plaintiff failed to prove she was entitled to compound interest, and Defendant is entitled to, and hereby does, renew that motion now. Doc. 122; Trial Transcript ("TT") 622:5-623:7.

Like a pre-verdict JMOL motion under Rule 50(a), a postverdict motion under Rule 50(b) challenges the sufficiency of the evidence to support the judgment. Judgment as matter of law should be granted where, as here, "insufficient evidence exists to support the jury verdict and no reasonable juror could have returned a verdict for the non-moving party." Fed. R. Civ. Proc. § 50; *see also White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002) (postverdict motion for judgment under Fed. R. Civ. Proc. 50 is proper if "the evidence, together with all reasonable inferences in favor of the verdict, could lead a reasonable person to only one conclusion, namely, that the moving party was entitled to judgment").

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

-2-

DOCSSFO-12524729.2

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW, OR TO AMEND THE JUDGMENT, OR FOR NEW TRIAL

1    In evaluating a Rule 50(b) motion, courts must examine the entire record and give the

2  moving party the benefit of the uncontradicted evidence. *See Reeves v. Sanderson Plumbing*

3  *Products, Inc.*, 530 U.S. 133, 150-51 (2000) (holding that the standard for JMOL mirrors the

4  standard for summary judgment and that "the court should give credence to the evidence favoring

5  the nonmovant as well as that evidence supporting the moving party that is uncontradicted and

6  unimpeached") (internal quotation marks and citation omitted).  Under Rule 50, moreover, "a mere

7  scintilla of evidence" is generally insufficient to prevent entry of judgment as a matter of law. *James*

8  *v. Milwaukee County,* 956 F.2d 696, 698 (7th Cir. 1992).  Judgment as a matter of law likewise is

9  appropriate when the record contains no proof beyond speculation to support the verdict. *Wash*

10 *Solutions, Inc. v. PDQ Mfg., Inc.*, 395 F.3d 888 (8th Cir. 2005).  Alternatively, JMOL may be

11 granted on certain claims or issues in a case and denied on others. *Ace v. Aetna Life Ins. Co.*, 139

12 F.3d 1241, 1247 (9th Cir. 1998).

13   In this case, Plaintiff offered no evidence whatsoever to support her claim for compound

14 interest either under the Note, or under any of her other claims.  The jury's award is therefore

15 improper to the extent it includes such interest.

16 **B.    Plaintiff is Not Entitled to an Award That Includes Compound Interest**

17   **1.    Prejudgment Interest Accrues at the Contractual Rate After a Breach**

18 The promissory note states as follows:

19   "FOR VALUE RECEIVED Amit Choudhury ("Debtor") unconditionally promises to

20   pay to the order of Elizabeth Eilert Grewal, ("Lender") on demand at San Francisco,

21   California, the sum of $1,000,000 USD (One Million US Dollars).  Debtor agrees to

22   pay interest from the date of this Term Promissory Note on the said sum or the

23   amount from time to time remaining unpaid at the rate per annum (calculated based

24   on a 365 day year), which is equal to 4.0%.  Such interest shall be calculated and

25   payable upon maturity of this Note upon expiration of the term, which is deemed to

26   be Five years." (Trial Ex. 7).

27 Upon a finding of liability for breach of the promissory note, the jury was tasked to compute

28 damages payable to Ms. Grewal, to compensate her for her loss.  As stated above, the jury returned

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSSFO-12524729.2

1  an award of $1,423,740.00 in compensatory damages, the identical amount calculated by

2  Pinsonneault. Doc. 143; TT 396:18-19 ("… damages related to a promissory note claim… are

3  $1,423,740").

4        Pursuant to Civil Code Section 3289(a), "any legal rate of interest stipulated by a contract

5  remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or

6  other new obligation." Civ. Code § 3289(a); *Kohler v. Smith,* 2 Cal. 597, 597-598 (1852) ("This

7  language [in the act] is very explicit, and shows that the intention of the act was two-fold: first, that

8  money demands after maturity should draw interest; and second, that they should draw interest at

9  whatever rate was expressed in the written contract."). As a matter of law, therefore, the

10  prejudgment interest rate under the Note is the contractual rate of 4%.

11        At trial, Plaintiff's expert Pinsonneault testified that he calculated damages in two steps. TT

12  401:23-24. First, Pinsonneault calculated "the amount due under the terms of the promissory note,"

13  which he testified was $1,200,000, based the principle of $1 million and the 4% interest rate stated in

14  the Note. TT 401:24-25 and 402:24-403:1-6. Second, Pinsonneault calculated a separate interest

15  component for the period after the note reached maturity until trial, which he testified was 7.19%.

16  TT 408:15-17. This second "effective" rate of interest was not stated in the Note and, in fact, was

17  reached by subtracting a *different* principal – $880,000 – from $1,200,000, a calculation that was

18  also not specified in the Note, nor agreed to between the parties.

19        After the Note matured on January 1, 2006, interest continued to accrue on the stated $1

20  million principle at the contractual rate of 4%. Civ. Code §3298(a). The prejudgment interest on

21  any award of compensatory damages under the Note may only include interest at that rate. The

22  correct calculation is $1 million at 4% for 7.6 years, which comes to $1,304,000. TT 426:22-427:20.

23  The jury's award should be vacated and the correct amount entered.

24        **2.    The Award Improperly Includes Compound Interest**

25        The compensatory damages award is also improper as a matter of law because it contains

26  compound interest in violation of California law and this Court's explicit instructions to the jury.

27        It is statutory law in California that any agreement to pay compound interest must be

28  expressed in writing: "[I]n the computation of interest upon any bond, note, or other instrument or

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 4 –

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF
LAW, OR TO AMEND THE JUDGMENT, OR FOR NEW TRIAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   agreement, *interest shall not be compounded, nor shall the interest thereon be construed to bear*

2   *interest unless an agreement to that effect is clearly expressed in writing and signed by the party to*

3   *be charged therewith.*" Civ. Code §1916.12-2 (emphasis added); *see McConnell v. Merrill Lynch,*

4   *Pierce, Fenner & Smith, Inc.*, 33 Cal. 3d 816 (1983). This Court's instruction also admonished the

5   jury that "interest, to the extent you award it, should be calculated according to a 'simple interest'

6   formula." Doc. 123, pg. 24.

7          No evidence was introduced at trial that the parties agreed to compound interest. Instead, the

8   Note reflects an agreement between the parties for a loan of $1 million at 4% simple interest.

9   Plaintiff's expert admitted that he charged simple interest at 4% on $1,000,000, for the five-year

10  term of the Promissory Note, amounting to $1.2 million owed. TT 421:1-10; 422:17-18. Mr.

11  Pinsonneault then charged interest on the $1.2 million, which itself included interest. TT 424:12-

12  425:6. Since the jury adopted Mr. Pinsonneault's calculation, the award therefore includes interest

13  upon interest – which is compound interest. Civ. Code §1916.12-2. As a matter of law, the jury's

14  award includes a damages calculations based on improper compound interest in violation of

15  California law and contrary to the Court's instructions. As such, the award must be vacated.

16  **III.    IN THE ALTERNATIVE, DEFENDANT IS ENTITLED TO A NEW TRIAL ON THE**

17  **AWARD OF COMPOUND INTEREST**

18         If the Court finds substantial evidence to support the jury's award of compound interest, it

19  still should grant Defendant a new trial. The jury's award of compound interest is contrary to the

20  clear weight of the evidence that the parties did not explicitly agree to compound interest, as

21  required by California law.

22         Under Federal Rule of Civil Procedure 59(a), the Court has the power to grant a new trial "to

23  all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial

24  by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in

25  the courts of the United States . . . ." Fed. R. Civ. Proc. § 59(a). A new trial may be granted if "the

26  verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to

27  prevent, in the sound discretion of the trial court, a miscarriage of justice." *Silver Sage Partners,*

28  *Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001). Under this standard, a new

DOCSSFO-12524729.2

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF
LAW, OR TO AMEND THE JUDGMENT, OR FOR NEW TRIAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  trial may be ordered even if substantial evidence supports the jury's verdict. *Id.* A partial new trial

2  solely on damages may be ordered so long as it does not involve a tangled or complex fact situation

3  that makes it unfair to determine damages apart from liability. *Wharf v. Burlington Northern R.R.*

4  *Co.*, 60 F.3d 631, 638 (9th Cir. 1995) (no injustice resulting from retrial on damages only without

5  reopening liability issues).

6      The Court has broad discretion in deciding whether a verdict is against the weight of the

7  evidence, and may weigh the evidence and reach a conclusion opposite to the jury's to prevent a

8  miscarriage of justice. As the Ninth Circuit stated in *Moist Cold Refrigerator Co. v. Lou Johnson*

9  *Co.*, 249 F.2d 246, 256 (9th Cir. 1957), "having permitted the jury to come to its conclusion on the

10  facts, the trial judge then had the right, and indeed the duty, to weigh the evidence as he saw it, and

11  to set aside the verdict of the jury, even though supported by substantial evidence, where, in his

12  conscientious opinion, the verdict is contrary to the clear weight of the evidence, or is based upon

13  evidence which is false, or to prevent, in the sound discretion of the trial judge, a miscarriage of

14  justice" (emphasis added). In considering a motion for a new trial, the Court "is free to weigh the

15  evidence [itself] and need not view it in the light most favorable to the verdict winner." *United*

16  *States v. Landau*, 155 F.3d 93, 104 (2d Cir.1998).

17      For the reasons stated above, the award including compound interest is against the clear

18  weight of evidence adduced at trial, which did not include any evidence whatsoever of an agreement

19  between the parties that the interest due under the Note was anything other than 4% simple interest.

20    **IV.    DEFENDANT IS ENTITLED TO AMENDMENT TO THE JUDGMENT**

21      Under Federal Rule of Civil Procedure 59(e), a party may move to amend or alter a judgment

22  no later than 10 days after the entry of judgment. Fed. R. Civ. Proc. 59(e). Proper grounds for

23  amending or altering the judgment include such substantive errors in the judgment as an improper

24  award of prejudgment interest. *Linear Tech. Corp. v. Micrel, Inc.,* 2006 U.S. Dist. LEXIS 52131

25  (N.D. Cal. 2006) (granting motion to amend judgment to correct prejudgment interest calculation);

26  *see also SFH, Inc. v. Millard Refrigerated Servs.,* 339 F. 3d 738, 746 (8th Cir. 2003) (affirming

27  amendment of judgment where prevailing party was not entitled to prejudgment interest).

28

DOCSSFO-12524729.2

1    Accordingly, this Court may, in the alternative, simply amend the judgment to state the proper

2    amount of $1,304,000.

3                                        **V.    CONCLUSION**

4         The jury's award is unsupported by the evidence or the law to the extent it includes improper

5    interest calculations.  Defendant respectfully requests that his Motion be granted and that the

6    compensatory damages award be reduced to $1,304,000.

7

8         DATED:  August 25, 2008

9                                              REED SMITH LLP

10

11                                             By____/s/_____
                                                  David S. Reidy
12                                                Attorneys for Defendant
                                                  AMIT CHOUDHURY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCSSFO-12524729.2

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW, OR TO AMEND THE JUDGMENT, OR FOR NEW TRIAL

REED SMITH LLP
A limited liability partnership formed in the State of Delaware