Harvey L. Leiderman (SBN 55838)
HLeiderman@ReedSmith.com
David S. Reidy (SBN 225904)
DReidy@ReedSmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:    (415) 543-8700
Facsimile:    (415) 391-8269

Attorneys for Defendant
AMIT CHOUDHURY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, an individual,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>AMIT CHOUDHURY, an individual,<br><br>　　　　　　Defendant. | Case No.: C-07-4218 CRB<br><br>**DEFENDANT AMIT CHOUDHURY'S OBJECTION TO PLAINTIFF'S BILL OF COSTS; DECLARATION OF DAVID S. REIDY IN SUPPORT THEREOF**<br><br>Compl. Filed:　July 19, 2007<br>Trial Date:　　August 4, 2008<br><br>*Honorable Charles R. Breyer* |

### OBJECTION TO BILL OF COSTS

Defendant Amit Choudhury ("Defendant") hereby objects to Plaintiff's Bill of Costs on the grounds set forth below:

Defendant objects to the inclusion in Plaintiff's Bill of Costs of the item $5,598.72, paid on July 30, 2008, for daily trial transcripts. *See* Declaration of E. Jeffrey Banchero at ¶4, Doc. 150; *see also* Doc. 150-2 at 1. Pursuant to Northern District Local Rule 54-3, the cost of daily trial transcripts is ordinarily recoverable only when a statement by a Judge from the bench is to be reduced to a formal order, or where the transcripts are necessarily obtained for appeal. *See* L.R. 54-3(b)(1)-(2). Otherwise, the cost of transcripts is "not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel." *Id.* at subd. (b)(3).

Plaintiff's Bill of Costs is not supported by any statement that Plaintiff intends to use the transcripts for an appeal, and the transcripts were also not necessary to reduce any statement from the bench to a formal order. As such, Plaintiff required this Court's prior approval, or a stipulation by Defendant, in order to recover these costs. *Id.* Plaintiff received neither. As such, Plaintiff may not now recover the cost of obtaining trial transcripts and Defendant requests that those costs be stricken from the Bill of Costs.

This objection is made following meet and confer efforts with Plaintiff's counsel as required by Local Rule 54-2(b). *See* Declaration of David S. Reidy (below) at ¶¶ 2-3. In their discussions, the parties did not agree on a resolution of Defendant's objections, but both sides agreed to waive oral argument on this issue and submit the matter to the Court on the pleadings. *Id.* at ¶ 3.

DATED: September 8, 2008

REED SMITH LLP

By  /s/
David S. Reidy
Attorneys for Defendant
AMIT CHOUDHURY

## DECLARATION OF DAVID S. REIDY

I, David S. Reidy, declare as follows:

1. I am an attorney with Reed Smith LLP, counsel for Defendant in the above-reference action. I have personal knowledge of the facts stated herein and could competently testify thereto.

2. On September 3, 2008, prior to filing the above-stated objection, and as required by Northern District Local Rule 54-2(b), I sent an email to Plaintiff's counsel, E. Jeffrey Banchero, requesting that Plaintiff remove the objectionable item from her Bill of Costs, and offering to meet and confer to resolve any disagreements with respect to the Bill of Costs and Defendant's objection thereto. A true and correct copy of the correspondence is attached hereto as **Exhibit A**.

3. On September 5, 2008, I had a telephone conversation with Mr. Banchero in which we discussed Defendant's objection to Plaintiff's Bill of Costs. Mr. Banchero did not agree to remove the item, and we were unable to agree on a resolution of Defendant's objection to the Bill of Costs. We did agree, however, to waive oral argument on Defendant's objection, and submit the matter to the Court on the papers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed this 8th day of September 2008, at San Francisco, California.

/s/
_____
DAVID S. REIDY

# EXHIBIT A

**Taylor, Molly A.**

| | |
|---|---|
| **From:** | Reidy, David S. |
| **Sent:** | Wednesday, September 03, 2008 3:55 PM |
| **To:** | 'E. Jeffrey Banchero' |
| **Cc:** | Leiderman, Harvey L. |
| **Subject:** | Grewal v. Choudhury - Meet and Confer re Bill of Costs |

Jeff,

We have reviewed Plaintiff's Bill of Costs filed in this action, as well as your declaration in support. Defendant objects to the inclusion of $5,598.72 paid on July 30, 2008 for daily trial transcripts, and we write to request that Plaintiff withdraw the request for this item of costs, pursuant to our meet and confer obligations under Local Rule 54-2(b).

The cost of daily trial transcripts is ordinarily recoverable only when a statement by a Judge from the bench must be reduced to a formal order, or where the transcripts are necessarily obtained for appeal. See L.R. 54-3(b)(1)-(2). Otherwise, the cost of transcripts is "not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel." Id. at subd. (b)(3). Here, Plaintiff's Bill of Costs is not supported by any statement that she intends to use the transcripts for an appeal, or that the transcripts were necessary to reduce a statement from the bench to a formal order. Plaintiff also did not obtain prior Court approval, or a stipulation by Defendant, to recover this cost. As such, Plaintiff may not now recover the cost of obtaining daily trial transcripts.

Please let me know, by close of business on Monday, September 8, 2008, whether Plaintiff will agree to withdraw the request for reimbursement of costs to obtain daily trial transcripts.

Regards,

David S. Reidy, Esq.
**Reed Smith**LLP
Two Embarcadero Center
Suite 2000
San Francisco, CA 94111
**415.659.5933 Direct**
415.391.8269 Fax
*dreidy@reedsmith.com*

1