E. Jeffrey Banchero (SBN 93077)
ejb@kastnerbanchero.com
Scott R. Raber (SBN 194924)
srr@kastnerbanchero.com
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMIT CHOUDHURY,<br><br>　　　　Defendants. | CASE NO. C-07-4218 CRB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW OR TO AMEND THE JUDGMENT OR, IN THE ALTERNATIVE, FOR NEW TRIAL**<br><br>Hearing Date:　October 3, 2008<br>Time:　　　　　10:00 A.M.<br>Courtroom:　　8, 19th Floor<br><br>(Before Hon. Charles R. Breyer) |

-1-
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW OR TO AMEND THE JUDGMENT OR, IN THE
ALTERNATIVE, FOR NEW TRIAL
Case No. C-07-4218 CRB

E. Jeffrey Banchero (SBN 93077)
ejb@kastnerbanchero.com
Scott R. Raber (SBN 194924)
srr@kastnerbanchero.com
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMIT CHOUDHURY,<br><br>　　　　Defendants. | CASE NO. C-07-4218 CRB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW OR TO AMEND THE JUDGMENT OR, IN THE ALTERNATIVE, FOR NEW TRIAL**<br><br>Hearing Date:　October 3, 2008<br>Time:　　　　　10:00 A.M.<br>Courtroom:　　8, 19th Floor<br><br>(Before Hon. Charles R. Breyer) |

Following a full trial and an adverse jury verdict, defendant Amit Choudhury moves, pursuant to Fed. R. Civ. Proc. 50(b) and 59(a) and (e), for judgment as a matter of law, to amend the judgment "to remove compound interest," or, in the alternative, for a new trial. Defendant's motions misconceive both the evidence and the law and should be denied in their entirety.

Contrary to defendant's contention, plaintiff neither sought nor was awarded compound interest on her promissory-note claim (Count Two). Her damages expert, Gregory A. Pinsonneault, excluded compound interest in his computations, and the Court instructed the jury that only simple interest could be awarded. Further, defendant is wrong when he says that plaintiff was awarded prejudgment interest at a rate not authorized by the parties' contract. Rather, evidence credited by the jury shows that the parties agreed to an effective interest rate of 7.19% – *i.e.*, the $1,200,000 admittedly owed on the note at maturity provided a 7.19% interest rate on the $880,000 actually loaned by plaintiff. In any event, we will show, the jury's award of compensatory damages should independently be sustained as an award under Count One, plaintiff's successful claim for promissory fraud.

We emphasize at the outset the formidable burden faced by any Rule 50(b) movant. "Because a judgment as a matter of law intrudes upon the rightful province of the jury, it is highly disfavored." *Boodoo v. Cary*, 21 F.3d 1157, 1161 (D.C.Cir. 1994) (reversing trial court's grant of motion). A jury verdict may be overturned "only if there is no legally sufficient basis for a reasonable jury to find in favor" of the non-moving party; the court "may not make credibility determinations and must draw all inferences in [the non-moving party's] favor, disregarding all evidence favorable to [movant] that the jury was not required to believe." *Bell v. Clackamas County*, 341 F.3d 858, 865 (9th Cir. 2003); *Johnson v. Paradise Valley Unified School District*, 251 F.3d 1222, 1227 (9th Cir. 2001) (same). "The court must draw all reasonable inferences from the evidence that favor the party opposing the motion." McKee, Janssen & Corr, *Federal Civil Rules Handbook 2008*, at 890. It must "assume as true all facts which the prevailing party's evidence tended to prove." *Lopez v. Aramark Univorm & Career Apparel, Inc.*, 426 F.Supp.2d 914, 938 (N.D.Iowa 2006) (internal citations and quotation marks omitted). *See also McLean v. Runyan*,

-2-

222 F.3d 1150, 1153 (9th Cir. 2000) (judgment as a matter of law proper only if evidence requires a conclusion contrary to the jury's verdict) (reversing trial court's grant of motion); *Rivero v. City & Co. of San Francisco*, 316 F.3d 857, 863 (9th Cir. 2003).

### 1. The Jury's Award Of Compensatory Damages Did Not Include Compound Interest.

The jury awarded compensatory damages of $1,423,740, the same amount Pinsonneault testified was due plaintiff on her promissory-note claim (Count Two).  Defendant argues that Pinsonneault's calculation and the jury's award of damages "contains compound interest in violation of" Civil Code section 1916-2[1] and "must be vacated."  (Def. Mem. at 4:24-5:15.)

But defendant misunderstands Pinsonneault's two-part calculation.  The first part is not in dispute: both parties agree that when the note matured on January 2, 2006, the amount due plaintiff was $1,200,000.  With respect to the second part, his computation of prejudgment interest for the period January 2, 2006 to the date of the trial, defendant asserts that Pinsonneault "charged interest on the $1.2 million, which itself included interest" and "the award therefore includes interest upon interest – which is compound interest."  (Def. Mem. at 5:10-13.)  Pinsonneault, however, did no such thing.

Rather, Pinsonneault utilized as principal in his computation the $880,000 actually loaned (not $1.2 million, as defendant says) and he applied to it an interest rate of 7.19%, which is the effective rate the parties selected when plaintiff loaned, and defendant borrowed, $880,000 and agreed that plaintiff would be repaid $1,200,000 at maturity. Pinsonneault testified:

> [W]e know that it wasn't 1 million that was loaned; it was 880,000...[Y]ou have to calculate the essential rate of interest that's coming out of this transaction.  And that's what the 7.19 percent rate reflects.

---

[1] That section provides in pertinent part that "in the computation of interest on any ... note ... interest shall not be compounded...unless an agreement to that effect is clearly expressed in writing…"

(TTr. 410:8-12.)[2]  This "straightforward calculation," he said, "leads to 223,740 of interest due for that period," which he "calculated using the simple interest rate formula" (*id.* at 409:1-2, 24-25)."

Therefore, if, as plaintiff says, the jury adopted Pinsonneault's computation, then its $1,423,740 award did *not* include compound interest. The jury, moreover, should be presumed to have obeyed the Court's instruction that "[i]nterest, to the extent you award it, should be calculated according to a 'simple interest' formula" (Doc. 123 at 24:13-14).  *See, e.g.*, *Pelham v. Hendricks*, 132 F.Supp. 774, 775 (M.D. Pa. 1995) ("The Court must assume that this jury followed the Court's instructions").

### 2. The Jury Properly Found That Prejudgment Interest Accrued At The 7.19% Rate Agreed Upon By The Parties To The Loan Transaction.

Defendant also argues that Pinsonneault's computation of prejudgment interest, and thus the jury's award, violate Civil Code section 3289(a), which provides that "[a]ny legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation." This statute, defendant says, requires that prejudgment interest be computed at the 4% rate recited in the promissory note, not the 7.19% rate used by Pinsonneault.  (Def. Mem. at 3:17-4:23.)  Again, defendant is wrong.

Although a 4% rate is stated in the contract, 7.19% is the effective rate of interest agreed to by the parties. While defendant may claim he did not agree to the 7.19% rate because he expected to receive an additional $120,000, plaintiff testified to the contrary, and the jury credited her testimony concluding that the parties "mutually consented" (Doc. 123 at 16:10) to a transaction in which plaintiff loaned $880,000 and was to receive $1,200,000 at maturity. An interest rate is "stipulated by a contract" for purposes of section 3289(a) when the parties mutually agree to it.  As the Ninth Circuit stated, "Section 3289(a), by its terms, applies when two parties have agreed to a given interest rate." *Unocal Corp. v. U. S.*, 222 F.3d 528, 541-42 (9th Cir. 2000).  In *Unocal*, the

---

[2]  Again, on cross-examination, Pinsonneault stated: "we looked at the economics of the initial transaction, which was the 880,000 loan in return for 1.2 million as of January 1st, 2006.  You can calculate the rate of interest that comes out of that transaction, which is 7.19 percent" (TTr .at 420:15-19).

court refused to award interest at a 12% rate where "it appears that Unocal unilaterally chose the 12% rate which appears in the invoices" and "the 12% rate…by all indications, was not stipulated by both parties" (*id.* at 542).  If, moreover, there is ambiguity here as to which of the two rates is "stipulated by [the] contract," the jury's verdict resolved the ambiguity.  *See, e.g.*, *Altrichter v. Shell Oil Co.*, 161 F.Supp. 46, 50 (D. Minn. 1958) ("It must be assumed that the jury resolved all conflicts in favor of [nonmoving party]").

Nor is it unusual for the maker of a note to promise to repay a principal amount that is greater than the amount lent.  In such event, the additional amount is simply treated as interest, thereby increasing the agreed interest rate.[3]

The jury's verdict, finding mutual agreement on an effective 7.19% rate, forecloses defendant's contention.

**3.  In Any Event, The Jury's Award Of Compensatory Damages Should Be Sustained As An Award Under Count One, Plaintiff's Promissory-Fraud Claim.**

Although defendant does not mention the issue, it is by no means clear that the jury's $1,423,740 compensatory-damage award was in response to Count Two, plaintiff's promissory-note claim.  The jury decided all four damage claims in plaintiff's favor, but the verdict form provided only a single line for its award of compensatory damages.  (Doc. 127 at 1-2.)

The Court's instructions with respect to Count One, the promissory fraud claim, required proof by plaintiff that she "was harmed" and explained that "[d]amages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant."  (Doc. 123 at 12.)  Since the jury found in plaintiff's favor on Count One (even

---

[3] *See, e.g., Otis v. Eisner* (1935) 7 Cal.App.2d 496, 499 (enforcing $450,000 promissory note although borrower received $405,000 loan) ("[w]hen a bonus is paid for the making of a loan, it must be considered as interest and taken out of the principal at the time of the making of the loan, and interest then computed upon the remainder of the principal"); *Wilbur v. Griffins* (1922) 56 Cal.App. 668, 669 & 674 (enforcing $45,600 promissory note although borrower received $38,000 loan) ("[t]here being a consideration for the note, the note must be held valid[;] *** it is not necessary that the consideration of a note [*i.e*., the amount loaned] shall be equal in pecuniary value to the obligation incurred ***").

awarding punitive damages), it may well have intended to assign its award of compensatory damages to that claim. *See Ford Motor Co. v. Zahn*, 265 F.2d 729, 730 (8th Cir. 1959) (general rule "governing any plea to displace a jury verdict" is that "[a]ll disputed fact questions and permissible inferences must be viewed in the light most favorable to plaintiff").

To be sure, Pinsonneault opined that plaintiff's damages on her fraud claim were $1,351,029. (TTr. 396:13-14.) But the jury was not obligated to accept his estimate down to the last dollar; rather, it may well have concluded that he underestimated the amount necessary to "reasonably and fairly compensate the plaintiff" on her fraud claim. The jury, after all, was instructed to evaluate opinion testimony "just like any other testimony" and to "give it as much weight as you think it deserves, considering … all the other evidence in the case." (Doc. 123 at 8:5-8.) *See United States v. Sullivan*, 1 F.3d 1191, 1196 (11th Cir. 1993) ("[T]he jury enjoys substantial discretion in awarding damages within the range shown by the evidence, and while the jury may not pull figures out of a hat, its verdict does not fail for a lack of exhaustive or dispositive evidence so long as a rational basis exists for the calculation"); *cf. Magee v. U. S. Lines, Inc.*, 976 F.2d 821, 822 (2nd Cir. 1992) ("[W]here only a single award of damages, not segregated into separate components, is made, the preferable rule, we think, is that the successful plaintiff be paid under the theory of liability that provides the most complete recovery").

**4.      Defendant's Motion Seeking Relief Under Rule 59 (a) And (e) Should Be Denied For The Reasons Already Given.**

Asserting the very same arguments, defendant moves under Fed. R. Civ. Proc. 59 (a) and (e) for a new trial or, alternatively, to amend the judgment to reduce the compensatory damages award to $1,304,000 (which he claims is the correct amount). (Def. Mem. at 5:16-7:2.) Rule 59 relief should be denied, however, for the reasons already given.

Under Rule 59(a), a trial court may grant a new trial on "historically recognized grounds," *Molski v. MJ Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007), including that a verdict is against "the 'clear' or 'great' weight of the evidence, and a new trial is therefore necessary to prevent a

miscarriage of justice." *Federal Civil Rules Handbook 2008*, at 1020.  Defendant argues that "the jury's award of compound interest is contrary to the clear weight of the evidence that the parties did not explicitly agree to compound interest, as required by California law." (Def. Mem. 5:19-21.)

But, as already shown (pp. 3-4, *supra*), the evidence demonstrates that the jury's award *did not include* compound interest.  It is thus immaterial that the parties "did not explicitly agree to compound interest."  And whether the parties' agreement on the interest rate is deemed "explicit" or not, the evidence shows overwhelmingly that they agreed on a loan transaction in which plaintiff loaned defendant $880,000 and was to be paid $1,200,000 at maturity – a 7.19% interest rate (pp. 4-5, *supra*).

Finally, amendment of a court's judgment under Rule 59(e) may be warranted "where the court misunderstood the facts, a party's arguments, or the controlling law, where the original judgment failed to provide that relief which the court found a party entitled to receive…" *Federal Civil Rules Handbook 2008*, at 1027.  Here, however, there was no misunderstanding by the jury, and the amount of compensatory damages stated in the judgment is correct and fully supported by the evidence.

**Conclusion**

For the foregoing reasons, defendant's motions under Fed. R. Civ. Proc. 50(a) and 59(a) and (e) should be denied in their entirety.

DATED:  September 12, 2008                    Respectfully submitted,

                                      KASTNER | BANCHERO LLP


By:  _____/S/_____
       E. Jeffrey Banchero
       Scott R. Raber

Attorneys for Plaintiff
ELIZABETH GREWAL