E. Jeffrey Banchero (SBN 93077)
ejb@kastnerbanchero.com
Scott R. Raber (SBN 194924)
srr@kastnerbanchero.com
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff
ELIZABETH GREWAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL,<br><br>        Plaintiff,<br><br>v.<br><br>AMIT CHOUDHURY,<br><br>        Defendants. | CASE NO. C-07-4218 CRB<br><br>**EXCERPTS OF TRIAL TRANSCRIPTS RE: PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW OR TO AMEND THE JUDGMENT OR, IN THE ALTERNATIVE, FOR NEW TRIAL**<br><br>Hearing Date: October 3, 2008<br>Time:        10:00 A.M.<br>Courtroom:  8, 19th Floor<br><br>(Before Hon. Charles R. Breyer) |

```
 1    VOLUME 2

 2    PAGES 247 -459

 3                   UNITED STATES DISTRICT COURT

 4                  NORTHERN DISTRICT OF CALIFORNIA

 5               BEFORE THE HONORABLE CHARLES R. BREYER

 6                                          )
      ELIZABETH GREWAL,                     )
 7                                          )       COPY
                  PLAINTIFF,                )
 8                                          )
        VS.                                 )   NO. C07-4218 CRB
 9                                          )
      AMIT CHOUDHURY,                       )
10                                          )   SAN FRANCISCO, CALIFORNIA
                                            )
11                DEFENDANT.                )   TUESDAY
                                            )   AUGUST 5, 2008
12    _____)   9:00 O'CLOCK A.M.

13                      TRANSCRIPT OF PROCEEDINGS

14    APPEARANCES:

15    FOR PLAINTIFF:

16    KASTNER BANCHERO LLP
      20 CALIFORNIA STREET, SEVENTH FLOOR
17    SAN FRANCISCO, CALIFORNIA 94111
      BY:  MR. E. JEFFREY BANCHERO, ESQUIRE AND
18    SCOTT R. RABER, ESQUIRE

19    FOR DEFENDANT:

20    REED SMITH, LLP
      TWO EMBARCADERO CENTER
21    SUITE 2000
      SAN FRANCISCO, CALIFORNIA 94111
22    BY:  HARVEY LEWIS LEIDERMAN, ESQUIRE AND
           DAVID S. REIDY, ESQUIRE
23

24    REPORTED BY:      KATHERINE WYATT, CSR #9866, RMR
                        AND LYDIA ZINN
25                      OFFICIAL REPORTER S- U.S. DISTRICT COURT
```

1   THE CLERK: 101.

2   MR. BANCHERO: 101. THANK YOU, BARBARA.

3       (PLAINTIFF'S EXHIBIT 92 WAS

4       MARKED FOR IDENTIFICATION)

5   MR. LEIDERMAN: I'M SORRY, COUNSEL. MAY WE HAVE A

6   COPY OF THAT BEFORE YOU USE IT?

7   MR. BANCHERO: (INDICATING)

8   MR. LEIDERMAN: THANK YOU VERY MUCH.

9   BY MR. BANCHERO

10  Q. MR. PINSONNEAULT, WHAT DOES THIS DOCUMENT SHOW?

11  A. SO THIS SHOWS THIS IS A SUMMARY OF THE CALCULATIONS I'VE

12  PERFORMED. SO I CALCULATED DAMAGES FOR THE THREE DIFFERENT

13  COUNTS HERE. ONE IS FRAUD. AND YOU SEE THE TOTAL DAMAGES I

14  CALCULATED WERE $1,351,029.

15      I DID ANOTHER CALCULATION FOR THE COMMON COUNT

16  CLAIMS. AND THE DAMAGES INTEREST THERE ARE EXACTLY THE SAME

17  AS -- IT'S THE SAME ANALYSIS IN THOSE TWO.

18      AND THEN I ALSO DID DAMAGES RELATED TO A PROMISSORY

19  NOTE CLAIM. AND THERE, THE DAMAGES ARE $1,423,740.

20  Q. NOW YOU HAVE THE SAME NUMBER FOR FRAUD IN THE COMMON COUNTS.

21  WHY IS THAT?

22  A. YEAH. THE ANALYSIS IS EXACTLY THE SAME. THE DAMAGES FLOW

23  FROM A RETURN OF THE MONEY LENT ON DECEMBER 13TH, 2000, OF

24  $880,000. SO THE ANALYSIS IS EXACTLY THE SAME. SO IT'S THE

25  SAME MODEL; SAME DAMAGES.

1  THEN THERE'S THE SECOND INCREASE IN PRINCIPAL THAT IS BEING
2  TREATED WITH INTEREST HERE.
3  Q.  SO YOU HAVE THE PRINCIPAL AMOUNT, WHICH IS WHAT?
4  A.  WHICH IS 880,000, WHICH IS THE AMOUNT THAT WAS TRANSFERRED.
5  Q.  AND THE INTEREST RATE?
6  A.  SO THE INTEREST RATE HERE IS WHAT WE'RE ACTUALLY TRYING TO
7  CALCULATE.  SO WE DON'T -- WE'RE TRYING TO CALCULATE THE
8  INTEREST RATE THAT COMES OUT OF THIS TRANSACTION.
9         SO WHEREAS BEFORE WE ALWAYS HAD THE THREE LEFT BOXES
10 AND WE WERE CALCULATING THE RIGHT BOX -- INTEREST DUE -- HERE,
11 IT'S A LITTLE TURNED AROUND, WHERE WE HAVE THE PRINCIPAL AMOUNT
12 OF 880,000.  WE HAVE THE NUMBER OF YEARS, WHICH WE SAW IN THE
13 LAST SLIDE WAS 5.055.  AND WE KNOW THE AMOUNT OF INTEREST THAT'S
14 DUE, WHICH IS 320,000.
15        SO AGAIN, IT'S JUST -- YOU CAN SIMPLY SOLVE FOR THE
16 INTEREST RATE, WHICH IS THE EFFECTIVE RATE OF RETURN; THE RATE
17 FROM THIS TRANSACTION, WHICH IS 7.19 PERCENT.  SO THEN WE CAN
18 USE THIS 7.19 PERCENT TO CALCULATE THE AMOUNT OF INTEREST DUE
19 FOR THE PERIOD FROM THE MATURITY OF THE PROMISSORY NOTE ON
20 JANUARY 1ST, 2006, THROUGH THE START OF TRIAL.
21 Q.  LET ME ASK YOU TO DO THIS.  I THINK I UNDERSTOOD WHAT YOU
22 SAID, BUT LET ME JUST MAKE SURE.  YOU'RE SAYING THAT IF THE
23 INTEREST DUE AT THE END OF THE FIVE YEARS IS $320,000 --
24 A.  NO.
25 Q.  -- THAT REPRESENTS AN ANNUAL INTEREST RATE OF 7.19 PERCENT?

1  A.  THAT'S RIGHT, CALCULATED USING THE SIMPLE INTEREST RATE
2  FORMULA.
3  Q.  OKAY.  NOW, USING THESE NUMBERS, WERE YOU -- DID YOU
4  CALCULATE THE INTEREST DUE ON THE -- ON THE PROMISSORY NOTE FOR
5  THE PERIOD FROM JANUARY 2ND, 2006, WHEN THE NOTE WAS DUE, UNTIL
6  THE START OF TRIAL?
7  A.  YES, I DID.
8  Q.  THAT'S THE SLIDE ENTITLED, "INTEREST DUE ON $1,200,000"?
9  A.  THAT'S RIGHT.
10         MR. BANCHERO:  ALL RIGHT.  THIS WILL BE TRIAL
11 EXHIBIT 106.
12                    (PLAINTIFF'S EXHIBIT 106 WAS
13                    MARKED FOR IDENTIFICATION.)
14 BY MR. BANCHERO
15 Q.  COULD YOU EXPLAIN WHAT YOU'VE PREPARED HERE?
16 A.  YEAH.  AND LET ME FIRST SAY I PROMISE THIS IS THE LAST TIME
17 YOU'LL SEE THIS FORMULA.
18         SO AGAIN, WE'RE USING THE SAME FORMULA.  WE HAVE A
19 PRINCIPAL AMOUNT DUE FROM THE TERM PROMISSORY NOTE OF
20 1.2 MILLION.  WE JUST CALCULATED THE INTEREST RATE FROM THIS
21 TRANSACTION AS 7.19 PERCENT.  AND WE KNOW THE PERIOD OR WE CAN
22 CALCULATE THE PERIOD FROM JANUARY 2ND, 2006, TO AUGUST 4, 2008.
23 IT'S 2.592 YEARS.
24         AGAIN, A STRAIGHTFORWARD CALCULATION LEADS TO 223,740
25 OF INTEREST DUE FOR THAT PERIOD.

1  Q. WHY ARE YOU CONCLUDING THAT THE INTEREST RATE DUE ON THE
2  PROMISSORY NOTE AFTER IT WAS DUE IS 7.19 PERCENT, WHEN THE
3  PROMISSORY NOTE ITSELF SAYS 4 PERCENT?
4  A. SO THAT'S WHERE I WAS -- THAT'S EXACTLY WHY I DID THIS
5  CALCULATION. I JUST DID -- IF MS. GREWAL HAD LOANED $1 MILLION
6  FOR THIS PROMISSORY NOTE AND, YOU KNOW, LOANED IT FIVE YEARS
7  BEFORE THE AMOUNT WAS DUE, THEN IT WOULD BE THE 4 PERCENT UNDER
8  THE TERMS OF PROMISSORY NOTE; BUT WE KNOW THAT IT WASN'T
9  1 MILLION THAT WAS LOANED; IT WAS 880,000. THEREFORE, THE
10 4 PERCENT RATE DOESN'T APPLY. INSTEAD, YOU HAVE TO CALCULATE
11 THE ESSENTIAL RATE OF INTEREST THAT'S COMING OUT OF THIS
12 TRANSACTION. AND THAT'S WHAT THE 7.19 PERCENT RATE REFLECTS.
13 Q. SO DO YOU HAVE A SUMMARY OPINION OF HOW MUCH DAMAGES ARE DUE
14 ON THE NOTE TO ENFORCE THE PROMISSORY NOTE?
15 A. YEAH. SO THAT'S THIS SLIDE TITLED, "TOTAL DAMAGES,
16 PROMISSORY NOTES." AND AGAIN, THIS SIMPLY ADDS TOGETHER THESE
17 TWO NUMBERS. I JUST CALCULATED THE AMOUNTS DUE UNDER THE
18 PROMISSORY NOTE ITSELF OF 1.2 MILLION, AND THEN THE INTEREST DUE
19 OF 223,740.
20           MR. BANCHERO: I NEED ONE MORE EXHIBIT. THIS WOULD
21 BE EXHIBIT 107. THANK YOU.
22                    (PLAINTIFF'S EXHIBIT 107 WAS
23                    MARKED FOR IDENTIFICATION.)
24 BY MR. BANCHERO
25 Q. ALL RIGHT, MR. PINSONNEAULT. I'M SHOWING YOU TOTAL DAMAGES

1  JANUARY 2ND, 2006, UP TO THE BEGINNING OF THIS TRIAL DATE,
2  RIGHT?
3  A.  THAT'S CORRECT.
4  Q.  AND YOU'VE DETERMINED THAT THAT'S APPROXIMATELY 2.6 YEARS. I
5  THINK YOUR NUMBER WAS 2.5918 YEARS, RIGHT?
6  A.  SOMETHING -- YEAH.  2.592, YES.
7  Q.  SO WE'VE GOT INTEREST -- WE'RE CALCULATING INTEREST OVER A
8  PERIOD OF 7.6 YEARS THERE, OR THEREABOUTS, RIGHT?
9  A.  RIGHT.
10 Q.  AND THE AMOUNT OF INTEREST ASSESSED OVER THAT TIME IS
11 4 PERCENT, PER THE TERMS OF THE NOTE, RIGHT?
12 A.  FOR THE FIVE YEARS, COVERED BY THE TERMS OF THE TERM
13 PROMISSORY NOTE, YES.
14 Q.  BUT WHAT ABOUT THE OTHER 2.6 YEARS?
15 A.  WELL, THAT WAS THE CALCULATION THAT I DID THAT WE LOOKED AT.
16 THE ECONOMICS OF THE INITIAL TRANSACTION, WHICH WAS THE 880,000
17 LOAN IN RETURN FOR 1.2 MILLION AS OF JANUARY 1ST, 2006.  YOU CAN
18 CALCULATE THE RATE OF INTEREST THAT COMES OUT OF THAT
19 TRANSACTION, WHICH IS 7.19 PERCENT.
20 Q.  WELL, WE'LL GET TO YOUR THEORY ABOUT EFFECTIVE RATE OF
21 INTEREST, BUT I'M TALKING ABOUT THE PROMISSORY NOTE.  I'M
22 TALKING ABOUT THE -- THE ONE-PAGE DOCUMENT THAT'S THE SUBJECT OF
23 ONE OF THE CAUSES OF ACTION IN THIS LAWSUIT AND, IN FACT, THE
24 PLAINTIFF IS TRYING TO COLLECT ON.
25 A.  RIGHT, RIGHT.

# CERTIFICATE OF REPORTER

WE, LYDIA ZINN AND KATHY WYATT, OFFICIAL REPORTERS FOR THE UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, EREBY CERTIFY THAT THE FOREGOING PROCEEDINGS IN C07-4218-CRB, GREWAL V. CHOUDHURY, ET AL., WERE REPORTED BY US, CERTIFIED SHORTHAND REPORTERS, AND WERE THEREAFTER TRANSCRIBED UNDER OUR DIRECTION INTO TYPEWRITING; THAT THE FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID PROCEEDINGS AS BOUND BY US AT THE TIME OF FILING.

THE VALIDITY OF THE REPORTERS' CERTIFICATION OF SAID TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE COURT FILE.

_____
LYDIA ZINN, CSR 9223, RPR

_____
KATHY WYATT, CSR 9866, RMR

TUESDAY, AUGUST 5, 2008