E. Jeffrey Banchero (SBN 93077)
ejb@kastnerbanchero.com
KASTNER | BANCHERO LLP
20 California Street, Seventh Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 616-7000

Attorneys for Plaintiff/Judgment Creditor
ELIZABETH GREWAL

ORIGINAL FILED

DEC 2 2 2008

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL,<br><br>　　　　　Plaintiff/Judgment Creditor,<br><br>　v.<br><br>AMIT CHOUDHURY,<br><br>　　　　　Defendant/Judgment Debtor | CASE NO. C-07-4218 CRB<br><br>[~~PROPOSED~~] TURNOVER ORDER IN AID OF EXECUTION FOLLOWING JUDGMENT DEBTOR'S EXAMINATION<br><br>(Hon. James Larson, Magistrate Judge) |

WHEREAS, on September 11, 2008, this Court issued a writ of execution to enforce judgment in favor of Elizabeth Grewal ("Grewal") and against Choudhury in the amount of $1,923,740.00, with interest accruing from August 12, 2008 at the per diem rate of $117.53;

On November 20, 2008, this Court issued an Order Following Judgment Debtor's Failure to Appear at the Scheduled Judgment Debtors' Examination on November 12, 2008;

The Order of November 20, 2008, directed the judgment debtor, Amit Choudhury ("Choudhury"), to appear for a judgment-debtor examination in this Court on December 17, 2008, and, among other matters, prohibited Choudhury "(a) from transferring or assigning to any third-party any assets that he owns, possesses, or controls; and (b) from causing or permitting the transfer of any assets owned, possessed, or controlled by entities in which Choudhury holds an interest or controlling interest, whether in the United States, Canada, or elsewhere in the world[;]"

On December 17, 2008, Choudhury appeared in this Court and was subject to a judgment-debtor's examination conducted by counsel for the judgment creditor, Elizabeth Grewal.

NOW, the Court, having heard and considered arguments by counsel and the record in this matter, and FOR GOOD CAUSE APPEARING, hereby ORDERS as follows:

1. Pursuant to California Code of Civil Procedure § 708.205 and § 699.040 and in the interests of justice, Choudhury's interests in the property described in this order shall be applied toward the satisfaction of the money judgment in this action, subject to the terms of this Order.

2. Choudhury shall transfer the property described in this order to the United States Marshal, Northern District of California, U.S. Courthouse, Philip Burton Building, 450 Golden Gate Avenue, Room 15-2848, San Francisco, California 94102, or such other levying officer as the Court approves, not later than 5:00 P.M. on December 23, 2008.

3. Prior to levy on the property described in this Order by the judgment-creditor, Choudhury may file objections to levy by serving and filing these objections with the Court on or before January __, 2009. Grewal may file response to these objections on or before January __, 2009. The hearing on these objections shall take place in this Court at 9:30 A.M. on _____, 2009.

4. Pursuant to California Code of Civil Procedure § 700.130 and California Commercial Code § 8112, Choudhury, his agents, servants, employees, attorneys, and those active in concert or participation with them, shall be restrained and enjoined from transferring, disposing of, or otherwise encumbering any of the property described in this Order other than in compliance with ¶ 2, above, without further order of this Court.

5. The property to be turned over to the United States Marshall pursuant to this Order is as follows:

    a. Any and all stock certificates or other documents representing Choudhury's interests in the following entities:

        (i) Pinnacle Partners, Inc.;

        (ii) Pinnacle Partners (Canada);

        (iii) Pinnacle Partners ___ Systems, Inc.;

        (iv) Amisil Holdings;

        (v) Pinnacle Partners AG;

        (vi) PP Blue Licensing GmbH;

        (vii) PP Grey Licensing GmbH;

        (viii) PP DE, GmbH;

        (ix) PP CH, Gmbh;

        (x) Pinnacle Partners Capital Management LLC. *[handwritten]*

-3-

b. Any and all certificates, assignments or other documents representing the interest of Choudhury or any entity described in ¶1, above, to the settlement or proceeds of settlement between Pinnacle Partners, Inc. and Allante Corporation.

c. All proceeds of the settlement between Pinnacle Partners, Inc. and Allante Corporation.

d. Any and all monies held in trust by law firms representing Choudhury or any of the entities described in ¶1, above, including, but not limited to, the following law firms:

    (i) Schnader Harrison Segal & Lewis LLP;

    (ii) Manatt Phelps & Philips;

    (iii) Sideman & Bancroft.

6. Any and all documents of title to the Mercedes Benz, vehicle registration no. WDBHM36E9SF240755.

7. Any and all cash in Choudhury's possession at the time of the judgment-debtor's examination ($ 27.00.)

8. Any and all monies on deposit in the following accounts:

1 | NOTICE IS HEREBY GIVEN THAT FAILURE BY THE JUDGMENT DEBTOR CHOUDHURY
2 | TO COMPLY WITH THIS ORDER MAY SUBJECT THE JUDGMENT DEBTOR TO ARREST
3 | AND PUNISHMENT FOR CONTEMPT OF COURT.

Date: December 22, 2008

_____
Hon. James Larson, Chief Magistrate Judge