United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH GREWAL,

Plaintiff,

v.

AMIT CHOUDHURY,

Defendants.
_______________________________/

No. C 07-4218 CRB (JL)

**ORDER FOR DEFENDANT TO APPEAR BEFORE THE DISTRICT COURT AND SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT (Denying Docket # 203)**

**Introduction**

This matter has been referred by the district court (Hon. Charles R. Breyer), pursuant to 28 U.S.C. §636 (b) for post-judgment proceedings, most recently a hearing on Defendant debtor's objections to this Court's Amended Turnover Order issued December 23, 2008 (Docket # 201). Appearing for Judgment Creditor was E. Jeffrey Banchero, THE BANCHERO LAW FIRM LP. Appearing for Judgment Debtor was Kevin W. Coleman, SHADER, HARRISON, SEGAL & LEWIS LP. The Court carefully considered the pleadings and supporting declarations filed by counsel and arguments at the hearing and hereby overrules Debtor's objections and issues an Order pursuant to 28 U.S.C. §636(e) for Defendant to appear before the district court on February 27, 2009 at 10:00 a.m., in Courtroom # 8, 19th Floor of the federal courthouse at 450 Golden Gate Avenue, San Francisco, California, to show cause why he should not be held in contempt of court.

United States District Court
For the Northern District of California

**Magistrate Judge Jurisdiction to Certify Contempt**

Magistrate Judges' contempt authority is spelled out in 28 U.S.C. § 636(e)(6). Absent action in the presence of the Magistrate Judge, in a civil consent action, or a criminal misdemeanor case, a Magistrate Judge must certify contempt to the district court. The statute provides:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6).

**Factual Findings and Recommendation**

Some of the pertinent facts are these:

1. The jury at the trial of this matter found that Choudhury in 2000 defrauded Ms. Grewal of $880,000 by false promise, and awarded Ms. Grewal damages and interest in this amount. Finding that Choudhury's fraud was demonstrated by clear and convincing evidence, the jury awarded Ms. Grewal an additional $500,000 in punitive damages. This apparently has had little deterrent effect.

2. On November 20, 2008, this Court issued an Order Following Judgment Debtor's Failure to Appear at the Scheduled Judgment Debtor's Examination on November 12, 2008, which, among other provisions, ordered that "Choudhury is further prohibited from transferring or assigning the settlement or any proceeds of the settlement between Pinnacle Partners, Inc. and Allante Corporation … ." (11/20/08 Order, 4.) Yet, Choudhury did just that in violation of the order.

3. At the judgment debtor's examination, which was conducted on December 17 and 19, 2008, Choudhury testified that "Pinnacle Partners has pledged the settlement agreement [with Allante] to try and monetize it." A "$40,000 payment … went

United States District Court
For the Northern District of California

directly to [a] fund. …" that Choudhury created to advance his interests in a lawsuit. Choudhury signed the pledge agreement on behalf of Pinnacle Partners, testifying, "I'm the only person at Pinnacle Partners. There's nobody else." These monies from the settlement, and the settlement agreement itself, were ordered by this Court to be turned over to the U.S. Marshall's office. (See Excerpts of Choudhury's Testimony at Judgment Debtor's Examination, attached as Exh. B to the Declaration of Devon Warner in Support of Judgment Creditor's Response to Choudhury's Objections to Levy, ¶. 81-85, 86, 91-93.)

4. Choudhury is prosecuting a multi-million dollar lawsuit in San Francisco through his alleged alter-ego, Amisil Holdings, Ltd. Choudhury founded Amisil Holdings, Ltd. in Cyprus, set up its sole bank account in Bermuda, and capitalized the company - to the extent it is capitalized; it has never had any employees - by transferring funds he earned in the United States to Amisil's Bermuda bank account. Rather than paying the judgment in the instant case or complying with this Court's order of November 20, 2008 and the Amended Turnover Order, Choudhury caused $200,000 to be transferred to the Manatt, Phelps firm, which represents Amisil Holdings, Ltd. in the lawsuit Choudhury is prosecuting.

5. In addition, Choudhury testified that an "escrow account" maintained in Chicago contains an additional $300,000 - presumably for use by him or by his lawyers - again which, contrary to the Amended Turnover Order, he did not transfer to the U.S. Marshall's office. Choudhury does not mention any of this in his "Limited Objection to Levy." (Id., ¶. 21-22, 24, 35-36, 40-42, 45, 68, 97-99, 150-152, 157, 161-163.) At the judgment debtor's examination, Choudhury feigned ignorance of Amisil Holdings Ltds.'s structure, hid behind vague confidentiality concerns, and at other times simply refused to testify about his international currency transactions. (Id., ¶. 88-91, 150-152, 157.) For example (id., p. 157:8-18):

Q: What was the source of the $300,000 that Amisil Holdings used to purchase the interest in the Clarium Capital Fund? Where did that money come from?
A: From Amisil Holdings.
Q: Where did Amisil Holdings get it?
A: From its various sources of income.
Q: What were those sources?
A: That's Amisil Holdings' business.
Q: Are you refusing to answer my question?
A: Yes.

6. On December 23, 2008, this Court issued its Amended Turnover Order in Aid of Execution Following Judgment Debtor's Examination. The Amended Turnover Order was served personally on the judgment debtor on January 1, 2009.

7. The order provides that "Choudhury shall transfer the property described in this order to the United States Marshall" at this courthouse "not later than January 5, 2009." (Am. Turnover Order, 2, p. 1:19-22.) The property to be turned over to the U.S. Marshall included stock certificates or other documents representing Choudhury's interests in ten domestic and foreign companies (Am. Turnover Order, 5a); "[a]ny and all certificates, assignments or other documents representing the interest of Choudhury or any" of these ten companies "to the settlement or proceeds of settlement between Pinnacle Partners, Inc. and Allante Corporation" (Am. Turnover Order, 5c); "[a]ny and all monies held in trust by law firms representing Choudhury" or any of the ten companies, "including but not limited to" monies held by Schnader Harrison Segal & Lewis LLP; Manatt Phelps & Philips; Sideman and Bancroft" (Am. Turnover Order, 5d); and "any and all documents of title to the Mercedes Benz, vehicle registration no. WDBHM36E9SF240755" (Am. Turnover Order, 6).

United States District Court
For the Northern District of California

8. The order also provides that "Choudhury, his agents, servants, employees, attorneys, and those active in concert or participation with them, shall be restrained and enjoined from transferring, disposing of, or otherwise encumbering any of the property described in this Order …" (Am. Turnover Order 4, p. 2:2-5.)

9. According to the U.S. Marshall, Choudhury has turned over to the Marshall's office an expired registration statement from 2006 for the Mercedes automobile and $27.00 in cash (Am. Turnover Order, . 7), and no other property. (Declaration of Devon Warner in Support of Judgment Creditor's Response to Choudhury's Objections to Levy, 2-3, filed herewith.) This is not in compliance with the order, which provides that the "property described in the order" - that is, all of the property described in the order - "shall" be transferred to the U.S. Marshall's office - in effect, transferred subject to Choudhury's filing "objections to levy," which this Court heard on February 11, 2009 (Order, 2-3).

10. Rather than comply with the order, Choudhury filed an unsworn document prepared by his lawyers entitled "Limited Objection to Levy." In this document, Choudhury contends "he has no direct or indirect ownership interest" in six of the corporations listed in the Amended Turnover Order (Ltd. Obj. to Levy, p. 1:21-28); that certain stock certificates are "held in [a] Roth/IRA and therefore exempt" (id., p. 2:4-6); that he "is not, directly or indirectly, in possession of, nor does he have control over, any proceeds of the settlement between Pinnacle Partners, Inc. and Allante Corporation described in 5.b and 5.c of the Amended Turnover Order" (id., p. 2:7-3:2); that "he has no legal, equitable, or residual interest in any retainers paid to Schnader Harrison Segal & Lewis LLP, Manatt Phelps & Philips, or Sideman & Bancroft" (id., p. 3:3-7); and that he objects to levy upon his Mercedes because the value of the vehicle is below an amount that California law permits him to exempt (id., p. 3:8-13).

11. The day before the hearing on his objections to the Turnover Order, Choudhury filed the declaration under penalty of perjury of Mr. Xenios L. Xenopoulos in support of limited objection to Levy. Mr. Xenopoulos testified that he is the nominee of Amisil Holdings, Ltd., a Cyprus based corporation. He states that under Cyprus law, the identities of the beneficial owners are confidential, that he knows who the owners of Amisil Holdings are, and that 'Amit Choudhury is not an owner, either directly or indirectly, of any legal, beneficial, or equity interest in Amisil Holdings, Ltd." (Decl. At 1:18-24). The Court finds this Declaration to be suspect, at best, since there is no way to confirm its veracity.

12. At the hearing on Choudhury's objections to the Turnover Order, counsel for Elizabeth Grewal argued that Choudhury transferred money subject to the Turnover Order after the Order was issued, in direct violation of the Order. The Court granted Creditor's ex parte application to depose the Manatt Phelps law firm to determine when $200,000 was transferred to the law firm's trust account, on behalf of or from the assets of Amisil Holdings. That examination is scheduled for February 25.

13. On the same day, this Court will hear argument on Creditor's motion to amend the Judgment in this case to add Amisil Holdings, Ltd. as a judgment debtor, on the basis that it is the alter ego of Defendant/Debtor Choudhury. The Court in deciding this motion will consider a number of confidential documents filed by Plaintiff/Creditor, as exhibits to the Banchero Declaration In Support of the Motion to Amend the Judgment to Add Amisil Holdings, Ltd. As Defendant/Judgment Debtor's Alter Ego. The Court recommends that the district court also consider those documents in rendering its decision on contempt.

**Conclusion and Order**

This Court entertains none of Choudhury's objections, because none is supported by evidence. Evidence, and not a lawyer's document, is required under law to support claims of exemption and other objections in a proceeding to levy upon assets. See, e.g., Calif.

Code of Civil Proc. § 703.520 (b) ("The claim of exemption shall be executed under oath and shall include all of the following …")(emphasis added); Calif. Code of Civil Proc. § 703.580 (b) & (c) ("At a hearing under this section, the exemption claimant has the burden of proof")(claim of exemption must be "received in evidence"). The Court reviewed the late-filed Declarations submitted on Mr. Choudhury's behalf and finds them to be masterpieces of obfuscation, which in no way justify his failure to comply with the Turnover Order.

For example, Bernard Wasem, Chief Executive Office of Pinnacle Partners AW, a Switzerland-based corporation, in support of Choudhury's objections to the Turnover Order submitted a late-filed declaration under penalty of perjury, but also on knowledge and belief, that Mr. Choudhury "is not in possession, directly or indirectly, of any issued share certificates of Pinnacle Partners AG, P.P. DE GmbH, P.P. CH GmbH, P.P. Grey Licensing GmbH, or P.P. Blue Licensing GmbH, nor was he in possession of any issued share certificates on or about December 21, 2008. . ."

This Declaration is meaningless. Mr. Choudhury could have constructive possession, custody, and control of the share certificates without actual possession. The mere fact that he did not have the share certificates of one of these entities at the time of the Turnover Order does not mean he had no power to turn them over. Wasem's declaration also directly contradicts Choudhury's own statement, "I'm the only person at Pinnacle Partners. There's nobody else." (See Excerpts of Choudhury's Testimony at Judgment Debtor's Examination, attached as Exh. B to the Declaration of Devon Warner in Support of Judgment Creditor's Response to Choudhury's Objections to Levy, ¶. 81-85, 86, 91-93.)

Sultan Issa, the trustee of Bougainvillea Capital, LLC, an Illinois trust, also belatedly filed a declaration under penalty of perjury in support of Choudhury's objections to the Turnover Order. He avers that Bougainvillea Capital entered into a business agreement with Pinnacle Partners, Inc., related to the *Pinnacle Partners, Inc. et al. v. Allante Corporation, et al.* Settlement Agreement and Release. He further avers that Choudhury holds no legal or beneficial interest in Bougainvillea Capital, LLC. The Court finds this

United States District Court
For the Northern District of California

document provides no justification for Choudhury's failure both to turn over the assets listed in the Turnover Order, and to refrain from transferring assets subject to the judgment against him in favor of Creditor Grewal.

Choudhury's decision to submit neither a statement by himself "under oath," nor any other evidence sufficient to explain his refusal to comply with the Amended Turnover Order, his transfer of assets in violation of the Court's previous order, or his failure to support his objections with evidence should not be taken for mere carelessness or neglect. It appears to be part of a continuing effort to conceal assets from the reach of Elizabeth Grewal, the judgment-creditor.

For these reasons, the Court overrules each of Choudhury's objections to levy and certifies the above facts of this case to the district court to conduct further proceedings on February 27, 2009 at 10:00 a.m., to compel Choudhury to comply with the Amended Turnover Order and redress his violations of the Order and the Court's order of November 20, 2008, and for potential findings of contempt and appropriate civil or criminal sanctions.

IT IS SO ORDERED.

DATED: February 2009

JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\07-4218\CERTIFY CONTEMPT.wpd