IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH GREWAL, | No. C 07-04218 CRB |
| Plaintiff/Judgment Creditor, | **ORDER** |
| v. | |
| AMIT CHOUDHURY, | |
| Defendant/Judgment Debtor. | |

On September 11, 2008, the Court issued a writ of execution to enforce a judgment in favor of Elizabeth Grewal and against Amit Choudhury in the amount of approximately $1.9 million. See Dkt. #154. Shortly thereafter, Choudhury was ordered to appear at a Judgment Debtor's Examination in front of a Magistrate Judge. See Dkt. #169, 172. As a result, a lien was placed on Choudhury's personal property. See Cal. Civ. P. Code § 708.110(d).

At some point after the judgment was issued, Choudhury, on behalf of Amisil Holdings, entered into an agreement with Bougainvillea Capital LLC. Pursuant to this agreement, Bougainvillea agreed to transfer $500,000 into an Escrow Account. These funds were to be used to fund litigation brought by Amisil Holdings against Clarium Capital Management LLC. The firm of Manatt, Phelps & Phillips, LLP, represents Amisil in that matter. Bougainvillea's counsel, the firm of Barack Ferrazzano Kirschbaum & Nagelberg LLP, was designated as the Escrow Agent. Choudhury also pledged to the Escrow Account

funds from a settlement agreement achieved by one of his companies in the amount of $315,000 (the "Allante Settlement"). The Allante Settlement is paid in twice-yearly disbursements of $40,000. The parties dispute when the pledge agreement between Amisil and Bougainvillea was finalized. The agreement itself bears the date of November 10, 2008, but Grewal contends the agreement was not actually finalized until much later.

Choudhury failed to appear for his first scheduled Judgment Debtor's Examination. As a result, on November 20, 2008, the Magistrate Judge issued an order prohibiting Choudhury from transferring or assigning any of his own assets or the assets of entities in which he holds an ownership interest. See Dkt. #193.

After Choudhury appeared for an examination in mid-December, the Magistrate Judge issued an Amended Turnover Order. See Dkt. #201. The court ordered Choudhury to transfer his assets to the U.S. Marshal by January 5, 2009. See id. ¶ 2. The property Choudhury was ordered to turn over included stock certificates or other documents representing his interest in Amisil Holdings. See id. ¶ 5. Choudhury was also ordered to turn over the proceeds of the settlement between Pinnacle Partners, Inc. and Allante Corporation, and the monies held in trust by law firms representing Choudhury or any of his related entities. Id.

Choudhury then filed objections to the court's order. See Dkt. #203. The Magistrate Judge overruled Choudhury's objections and issued a Certification of Facts Constituting Contempt. See Dkt. #247. The matter was referred to this Court for contempt proceedings. See id. Meanwhile, Grewal filed a Motion to Add Amisil Holdings as a Judgment Debtor, see Dkt. #216, which was also referred to this Court. Grewal alleges that Amisil Holdings is the alter ego of Choudhury. Choudhury denies that he holds any ownership interest in Amisil. See Dkt. #271.

Before contempt proceedings began, the Magistrate Judge issued a Supplemental Order in Aid of Execution, which was proposed by Judgment Creditor. See Dkt. #262. This order prohibited Amisil Holdings from "executing, negotiating, or entering into any settlement agreement(s) whatsoever with any third-party, including but not limited to

Clarium Capital Management LLC, in any pending litigation or dispute." See id. The Magistrate Judge also granted Grewal's ex parte application to depose the Manatt Phelps firm, counsel to Amisil Holdings. See id. Manatt Phelps filed a motion to quash and the third-person examination of the firm was not held. See Dkt. #263.

On February 23, 2009, concerned about its stake in the litigation between Amisil and Clarium, Bougainvillea entered into a new pledge agreement with Amisil. The agreement purports to secure for Bougainvillea a superior interest in any recovery achieved in the litigation between Amisil and Clarium. In exchange, Bougainvillea obligated itself to disburse the remaining escrow funds. Bougainvillea has represented that all of the funds in the Escrow Account have now been disbursed. The Amisil-Clarium matter is set for arbitration in July.

The parties first appeared before this Court on an Order to Show Cause on February 27, 2009. The Court vacated the Supplemental Order in Aid of Execution to the extent it prohibited Amisil from negotiating a settlement with Clarium. See Dkt. #275. The Court also ordered that any proceeds of the litigation between Amisil and Clarium shall be deposited with the Court Clerk, and that no action should be taken to pledge or transfer any interests of Amisil Holdings. See id. That order remains in effect.

On March 5, 2009, the Court held an evidentiary hearing in the contempt proceeding. See Dkt. #284. Grewal contended that Choudhury committed contempt by (1) transferring proceeds in the Allante Settlement to the Escrow Account after a lien had already been placed on Choudhury's personal property, and (2) pledging to Bougainivillea Amisil's interest in the proceeds of the Clarium litigation. The Court took evidence and continued the matter.

A number of issues relating to discovery and privilege were raised both at and subsequent to the March 5 hearing. At the hearing, Manatt Phelps requested the return of documents inadvertently produced to Grewal by the Barack firm. The Court also requested that the parties brief the privilege issue and submit under-seal reports, as necessary. See Dkt. #284, 61:16-17, 62:23-25; 149:15-19 (referring to emails held by Sultan Issa). Since March

3

5, the parties (and non-parties) have submitted a flurry of briefs staking out their respective positions regarding discovery. <u>See</u> Dkt. #290, 300, 303, 306, 308. At the beginning of April, Grewal also issued subpoenas to many law firms requesting both documents and depositions. A number of objections to these requests have been lodged with the Court. <u>See</u> Dkt. #309 (Objection of Schnader, Harrison, Segal & Lewis LLP); #311 (Motion to Quash by Squire, Sanders & Dempsey, LLP); #314 (Motion to Quash by Reed Smith LLP); #316, 318 (Objections to Subpoena by Sideman & Bancroft LLP).

On April 13, 2009, the Court resumed contempt proceedings. As discussed at the hearing, the Court hereby orders the following:

1. The contempt proceedings are stayed until further notice by the Court.
2. All discovery requests are stayed. The parties are not required to produce any further documents at this time, either to the Court or to the Judgment Creditor. Of course, all parties are expected to preserve evidence related to this matter in line with their ethical duties.
3. Compliance with all subpoenas issued by Judgment Creditor is continued until further notice. All objections to the subpoenas are preserved and may be renewed at the time the Court determines the Judgment Creditor may proceed with discovery.
4. The Motions to Quash filed by Squire, Sanders & Demspey, LLP, and Reed Smith LLP, are hereby stayed. The hearings on those motions, set for May 15, 2009 and May 29, 2009, respectively, are vacated.
5. Amisil Holdings must seek Court approval before accepting a settlement proposal in the Clarium Capital Management LLC litigation. The Court aims to ensure that Amisil pursues a fair and reasonable disposition in that matter, without causing undue prejudice to any interest Judgment Creditor may assert in funds that are ultimately recovered.
6. The Court will not entertain challenges to the asserted interests in any settlement fund that may be created by the Amisil and Clarium litigation until such litigation is

4

resolved. No party has waived its right to assert its legal interest in a prospective settlement fund.

7. Judgment Creditor's Motion to Add Amisil Holdings as a Judgment Debtor is stayed until resolution of the litigation between Amisil Holdings and Clarium Capital Management LLC.

8. A Status Conference will be held on August 6, 2009, at 10 a.m. Choudhury is ordered to appear.

The Court is issuing a separate order, whereby Choudhury is directed to cause all future disbursements of the Allante Settlement to be deposited with the Court.

**IT IS SO ORDERED.**

Dated: April 13, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE