IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH GREWAL,

    Plaintiff,

v.

AMIT CHOUDHURY,

    Defendant.

No. C 07-4218 CRB

**ORDER AFFIRMING MAGISTRATE JUDGE**

Choudhury appeals to this Court Judge Larson's order denying his claims of exemption and declining to release property. Because this issue can be resolved without the aid of oral argument, the hearing currently scheduled for May 7 is hereby VACATED.

He makes three arguments, two of which intertwine and are based upon Illinois law. First, he argues that Judge Larson erred by failing to exempt from levy the monies found in Choudhury's Indian bank accounts. Second, he argues that Judge Larson–and by extension this Court, since this issue was previously appealed but not ruled upon–erred by failing to award an exemption based on the value of Choudhury's car. Choudhury asks this Court to allow him to keep his car, at which point he would agree not to challenge the levy on the bank funds. Third, Choudhury argues that Grewal improperly obtained money that had been held in a bank account in his wife's name. Choudhury argues that such a transfer was improper because the Debtor himself had no rights to that property.

As for Choudhury's argument with regard to his claimed exemptions under Illinois law, this Court AFFIRMS Judge Larson's orders. First, as for the automobile exemption, Judge Larson first rejected such an exemption in his Order to Show Cause issued on February 20, 2009. He held that Choudhury failed to present evidence sufficient to support <u>any</u> of his claimed exemptions, including the exemption based on the value of his car. Choudhury appealed that determination to this Court, but it appears this Court never ruled on it.[1] Choudhury asked Judge Larson to reconsider his ruling on remand, but Judge Larson declined to do so. Second, Choudhury argues that he is entitled to exempt $4000 of the assets found in the Indian bank accounts under Illinois law. Judge Larson rejected this argument, as he was unconvinced that Choudhury is, in fact, entitled to the protection of Illinois law.

The pivotal question as to these arguments concerns the application of Illinois law. Choudhury is only entitled to the protection of Illinois law if he is domiciled in that state, and he has presented only minimal evidence of this fact. Judge Larson concluded that Choudhury failed to meet his burden. For the reasons explained below, this Court agrees, and so AFFIRMS Judge Larson's order.

Choudhury's final argument concerns Grewal's acquisition of funds held in a First Republic bank account. Judge Larson concluded that it is improper to consider this issue at this time, and once again, this Court agrees. Therefore, Judge Larson's order is AFFIRMED in its entirety.

## BACKGROUND

On August 12, 2008, this Court entered a judgment in favor of Elizabeth Grewal and against Amit Choudhury of $423,740.00 in compensatory damages and $500,000.00 in punitive damages. In an attempt to collect on this Judgment, on October 15, 2008, Grewal caused to be issued a Levy and Writ of Execution to First Republic Bank, seeking transfer of the funds held in an account under the Choudhury name. On October 16, 2008, this Court

---

[1] The monetary value of this exemption is approximately $5000, but the other issues in the Order to Show Cause concerned claims worth many hundreds of thousands of dollars. It is therefore unsurprising that this Court, and the lawyers involved, were more focused on the more valuable claims.

referred to Judge Larson Ms. Grewal's application for a judgment debtor examination. After Judge Larson issued an amended turnover order, Choudhury filed his Limited Objection to Levy. Among other things, this objection included an argument that the value of Choudhury's car "was exempt pursuant to Section 12-1101(b)&(c) of the Illinois Compiled Statutes." Mot. at 3.

On February 20, 2009, Judge Larson issued an Order for Defendant to Appear Before District Court and Show Cause Why He Should Not Be Held in Contempt. The Contempt Certification overruled Choudhury's claimed exemptions, including that relating to his car. The certification did so in reliance on the fact that Choudhury had never submitted a declaration in support of his exemption claims, and so had failed to meet his evidentiary burden.

On August 11, 2009, this Court issued two orders resolving the Contempt Certification, but the orders did not focus any attention on Choudhury's claims of exemption in his automobile.

On September 30, 2009, Choudhury appeared for his second judgment debtor examination. Judge Larson issued his Turnover Order No. 2 in Aid of Execution that same day. This Turnover Order required Choudhury to turn over the contents of two bank accounts in India, which amounted to $4,017.65. Choudhury turned over that sum the next month. However, Choudhury filed an objection to this levy on the ground that $4,000 of those funds were exempt under Section 12-1101(b) of the Illinois Compiled Statutes. This objection also made clear that, as remains the case, Choudhury is "willing to waive any exemption claim in the funds held by the U.S. Marshal if he were instead allowed to assert that exemption in the [car]." Dkt. #356, ¶ 4. Choudhury also raised once again the issue of the money levied from the First Republic Bank Account two years earlier.

On March 22, 2010, Judge Larso overruled these objections. Choudhury now appeals.

## DISCUSSION

This Court reviews a magistrate's decision de novo.

//

### 1.  Karen Choudhury's Bank Account

Judge Larson gave two independent grounds for denying Choudhury's objection to the transfer of funds from the First Republic account: First, he noted that the same issue had previously been rejected by this Court. Second, he found that Karen Choudhury "failed to follow the proper procedure for filing a third-party claim, and therefore her claim has been extinguished, whether or not Judge Breyer expressly rejected it at the Show Cause hearing." Dkt. #364, at 2. This Court agrees with Judge Larson's second holding, and so does not need to reach the merits of the first.

This motion comes before the Court on an appeal from a turnover order. The most recent turnover order, issued on September 30, 2009, concerned the contents of two Indian bank accounts. See Dkt. #355. The prior turnover order, issued on December 23, 2008, ordered the transfer of various forms of stock, any assets relating to settlement or proceeds of settlement between Pinnacle Partners, Inc. and Allante Corporation, any monies held in trust by law firms who had represented Choudhury, the title to Choudhury's Mercedes Benz, and all cash in Choudhury's possession at the time of the judgment-debtor's examination. Importantly, neither of these Turnover Orders had anything to do with the First Republic bank account in question. Indeed, the writ of execution issued as to that account was issued two months before Judge Larson's first turnover order. Hence, this issue does not come within the scope of an appeal of the first turnover order, let alone an appeal of the second turnover order, issued in March of 2010.

On the contrary, California law provides a separate procedure by which a third party can assert her "rights in property levied upon by a judgment creditor." Karen Choudhury never availed herself of this procedure, and instead has tried to shoehorn the issue into an appeal of a turnover order that had no relation to the bank account in question. The procedure further provides that a person making a third-party claim must do so before the "levying officer . . . [d]elivers possession of the property to the creditor." Cal. Code Civ. Pro. § 720.120. That time has clearly passed. Karen Choudhury was given notice of the Levy on November 19, 2008, and the monies were delivered in mid-January 2009. Her

4

failure to initiate the proper proceedings despite having adequate notice cannot be remedied in this forum. This is not to say that Ms. Choudhury's rights, if she has any, have been extinguished. See Cal. Code Civ. Proc. § 720.120(b). But they cannot be resolved at this juncture, in this proceeding.

## 2.  The Car & The Indian Bank Accounts

While there is much procedural wrangling between the parties as to what was decided by whom, and why, and whether it remains binding, a threshold question is whether Choudhury is entitled to avail himself of the protections of Illinois law. The parties agree that the controlling law is the law of the debtor's domicile, see, e.g., In re Arrol, 170 F.3d 934 (9th Cir. 1999), but disagree as to whether Choudhury has established that he is domiciled in Illinois. Judge Larson, for his part, concluded that Choudhury had failed to meet his burden. Judge Larson noted that Choudhury "was born in India, is a citizen of Canada, and last year applied for a permit to reside in Switzerland. Domicile is determined by where one intends to stay. 'Residence' in Switzerland implies staying in Switzerland." Dkt. #364, at 7. This Court agrees. Given Choudhury's systematic failure to submit sworn statements in support of his claimed exemptions, and his failure to cite to any such evidentiary support in this appeal, he has failed to submit sufficient evidence to establish his entitlement to the protection of Illinois law. Therefore, Choudhury's arguments based upon exemptions available under Illinois law fail.

## CONCLUSION

In sum, Judge Larson's order below is AFFIRMED in its entirety.

**IT IS SO ORDERED.**

Dated: May 5, 2010

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE